# 25-3129 (L),
## 25-3132 (CON), 25-3135 (CON)

# United States Court of Appeals

*for the*

## Second Circuit

———— • ————

BRIAN PFAIL,

*Plaintiff-Appellee,*

– v. –

COUNTY OF NASSAU, POLICE OFFICER JONATHAN PANUTHOS, in his individual and official capacity, POLICE OFFICER KAREN C. O'BRIEN, in her individual and official capacity, JOHN DOES 1-10, in their individual and official capacities, NASSAU COUNTY POLICE DEPARTMENT, SERGEANT THOMAS IANNUCCI, in his individual and official capacity, POLICE OFFICER JOSEPH MASSARO, in his individual and official capacity,

*Defendants-Appellants.*

————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

## APPENDIX FOR DEFENDANTS-APPELLANTS
## VOLUME 16 OF 17 (PAGES A-4265 TO A-4548)

| | |
|---|---|
| MATTHEW A. CUOMO | LEO DORFMAN |
| CUOMO LLC | SOKOLOFF STERN LLP |
| *Attorneys for Defendant-Appellant* | *Attorneys for Defendant-Appellant* |
| *Thomas Iannucci* | *Joseph Massaro* |
| 200 Old Country Road, Suite 2 South | 179 Westbury Avenue, Suite 201 |
| Mineola, New York 11501 | Carle Place, New York 11514 |
| (516) 741-3222 | (516) 334-4500 |

*(For Continuation of Appearances See Inside Cover)*

 COUNSEL PRESS   (800) 4-APPEAL • (392582)

HELEN M. BENZIE
THE LAW OFFICE OF
  VINCENT D. MCNAMARA
*Attorneys for Defendants-Appellants*
  *Police Officer Jonathan Panuthos, in*
  *his individual and official capacity.*
  *Police Officer Karen C. O'Brien, in*
  *her individual and official capacity,*
  *Nassau County Police Department*
1045 Oyster Bay Road, Suite 1
East Norwich, New York 11732
(516) 922-9100
hbenzie@vdm-law.com

i

# TABLE OF CONTENTS

**Page**

U.S. District Court Docket Entries ............................ A-1

Complaint, dated February 1, 2016 ........................... A-37

Answer, by Defendants, dated April 1, 2016 ............. A-64

Order of the Honorable Cheryl L. Pollak, dated
    January 2, 2023 ...................................................... A-77

Order of the Honorable Cheryl L. Pollak, dated
    November 8, 2023 ................................................. A-88

Proposed Pretrial Order, dated May 10, 2024............ A-93

Proposed Pretrial Order with Comments, dated
    January 3, 2025...................................................... A-153

Proposed Pretrial Order, dated January 14, 2025 ...... A-195

Motions *In Limine*, by Plaintiff, dated
    March 21, 2025 ..................................................... A-234

Motions *In Limine*, by Plaintiff, dated
    March 21, 2025 ..................................................... A-243

Exhibit A to Motions In Limine -
(i) Certificate of Disposition Dismissal, in *The
People of the State of New York v. Pfail*, Nassau
County Court Case No. 00402B-2015, dated
December 21, 2018................................................ A-252

(ii) Certificate of Disposition Acquittal, in *The
People of the State of New York v. Pfail*, Nassau
County Court Case No. 00402N-2015, dated
December 20, 2018................................................ A-254

(iii) Certificate of Disposition Dismissal, in *The
People of the State of New York v. Pfail*, Nassau
County Court Case No. 00402A-2015, dated
December 21, 2018................................................ A-255

**ii**

|  | Page |
|---|---|
| (iv) Certificate of Disposition, in *The People of the State of New York v. Pfail*, Nassau District Court Docket No. CR-003681-17NA, dated December 21, 2018 | A-256 |
| (v) Certificate of Disposition, in *The People of the State of New York v. Pfail*, Queens Criminal Court Docket No. CR-016669-17QN, dated November 19, 2018 | A-257 |
| Request to Charge, by Plaintiff, dated March 21, 2025 | A-258 |
| Proposed Verdict Sheet, filed May 21, 2025 | A-304 |
| Motion *In Limine*, by Defendants, dated March 21, 2025 | A-309 |
| Notice of Motion I*n Limine*, by Defendant Police Officer Joseph Massaro, dated March 21, 2025 | A-316 |
| Declaration of Leo Dorfman, for Defendant Police Officer Joseph Massaro, in Support of Motion, dated March 21, 2025 | A-318 |
| Exhibit A to Dorfman Declaration - Neuropsychological Evaluation of N.G. Berrill, Ph.D., dated May 19, 2020 | A-320 |
| Exhibit B to Dorfman Declaration - Dr. N.G. Berrill's Amended Expert Report Disclosure Pursuant to FRCP Rule 26(A)(2)(a), by Plaintiff, dated December 10, 2024 | A-338 |
| Annexed to Disclosure - Updated Evaluation of N.G. Berrill, Ph.D., dated December 4, 2024 | A-342 |
| Exhibit C to Dorfman Declaration - Deposition Transcript of Dr. N.G. Berrill, dated December 20, 2024 | A-369 |

iii

**Page**

Exhibit D to Dorfman Declaration -
Deposition Transcript of Dr. Naftali Garcia
Berrill, dated February 4, 2025 .............................. A-503

Motion *In Limine*, by Defendants, for an Order to
Preclude Dr. Berrill's Testimony, dated
March 21, 2025 ....................................................... A-616

Letter from Frederick K. Brewington to the
Honorable Nina R. Morrison, dated
March 21, 2025 ....................................................... A-635

Memorandum of Law, by Defendants, in Opposition
to Plaintiff's Motion *In Limine*, dated
April 4, 2025 ........................................................... A-637

Opposition, by Plaintiff, to Defendants' Motions *In
Limine*, dated April 4, 2025 ................................... A-649

Opposition, by Plaintiff, to Defendants' Motions to
Preclude Dr. Berrill, dated April 4, 2025 ............... A-657

Letter from Leo Dorfman to the Honorable Nina R.
Morrison, dated April 14, 2025.............................. A-669

Exhibit A to Letter -
Independent Neuropsychological Evaluation of
Dustin J. Gordon, Ph.D., dated June 22, 2023 ....... A-673

Exhibit B to Letter -
Neuropsychological Evaluation of Amanda L.
Sacks, Ph.D. and Wayne Gordon, Ph.D., dated
August 12, 2008....................................................... A-712

Exhibit C to Letter -
Patient Care Report of Nassau County Police
Emergency Ambulance Bureau, dated
July 16, 2013........................................................... A-721

Exhibit D to Letter -
Medical Records from Nassau University
Medical Center........................................................ A-723

iv

**Page**

Exhibit E to Letter -
Medical Records from Nassau University
Medical Center....................................................... A-729

Exhibit F to Letter -
Initial Psychiatric Rehabilitation Assessment
Note of Danielle Dimeo, dated July 18, 2013 ....... A-738

Exhibit G to Letter -
Excerpts from Discharge Summary of John
Maloy, M.D., dated November 12, 2013 ............... A-740

Exhibit H to Letter -
Excerpt from Documents Review Report, dated
December 3, 2014 ................................................. A-743

Exhibit I to Letter -
Documents Review Report, dated
February 7, 2017 .................................................. A-745

Exhibit J to Letter -
Excerpt from Initial Psychiatric Rehabilitation
Assessment, dated February 24, 2017 ................... A-751

Exhibit K to Letter -
Excerpts from Discharge Summary of Augusto
Angulo, M.D., dated April 14, 2015 ...................... A-753

Exhibit L to Letter -
Excerpt from Discharge Summary of Patricia
Giarrusso, N.P., dated February 24, 2017 .............. A-756

Letter from Frederick K. Brewington to the
Honorable Nina R. Morrison, dated May 2, 2025 . A-758

Letter from John Carnevale to the Honorable Nina
R. Morrison, dated May 5, 2025 ............................ A-760

Transcript of Pretrial Conference held before the
Honorable Nina R. Morrison, dated May 6, 2025 . A-762

Letter from Matthew A. Cuomo to the Honorable
Nina R. Morrison, dated May 10, 2025 ................. A-810

v

**Page**

Letter from Matthew A. Cuomo to the Honorable
Nina R. Morrison, dated May 11, 2025 ................. A-812

Annexed to Letter -
(i) Transcript of Trial Proceedings held before the
Honorable Terence P. Murphy, in *The People of
the State of New York v. Pfail*, Nassau County
Supreme Court Indictment No. 402A-15, dated
February 27, 2018 ................................................... A-813

(ii) Excerpts from Transcript of Trial Proceedings
held before the Honorable Terence P. Murphy, in
*The People of the State of New York v. Pfail*,
Nassau County Supreme Court Indictment No.
402A-15, dated March 1, 2018 .............................. A-892

Excerpts from Transcript of Pretrial Conference
held before the Honorable Nina R. Morrison,
dated May 12, 2025 ............................................... A-945

Transcript of Trial Proceedings held before the
Honorable Nina R. Morrison, dated
May 13, 2025 ........................................................ A-966

Transcript of Trial Proceedings held before the
Honorable Nina R. Morrison, dated
May 14, 2025 ........................................................ A-1014

Letter from Frederick K. Brewington to the
Honorable Nina R. Morrison, dated
May 15, 2025 ........................................................ A-1245

Transcript of Trial Proceedings held before the
Honorable Nina R. Morrison, dated
May 15, 2025 ........................................................ A-1247

Transcript of Conference in Chambers held before
the Honorable Nina R. Morrison, dated
May 15, 2025 ........................................................ A-1489

vi

**Page**

Transcript of Trial Proceedings held before the
Honorable Nina R. Morrison, dated
May 16, 2025 .......................................... A-1497

Letter from Frederick K. Brewington to the
Honorable Nina R. Morrison, dated
May 18, 2025 .......................................... A-1714

Letter from Frederick K. Brewington to the
Honorable Nina R. Morrison, dated
May 19, 2025 .......................................... A-1716

Letter from Leo Dorfman to the Honorable Nina R.
Morrison, dated May 19, 2025 .............................. A-1721

Exhibit A to Letter -
Letter from Tammi M. Mitchell to Maureen Grix,
Ph.D., dated April 29, 2019 .................................. A-1723

Exhibit B to Letter -
Email from Maureen Grix, Ph.D. to Frederick K.
Brewington, dated May 5, 2018, with Letters ....... A-1724

Exhibit C to Letter -
Combined First Set of Interrogatories and
Requests for Documents, by Defendants, dated
July 23, 2019.......................................... A-1729

Exhibit D to Letter -
Letter from Jeremy J. Scileppi to Maureen Grix,
Ph.D., dated May 9, 2019 .................................... A-1739

Letter from Leo Dorfman to the Honorable Nina R.
Morrison, dated May 20, 2025 .............................. A-1740

Exhibit A to Letter -
List of Items Being Filed, in *The People of the
State of New York v. Pfail*, Nassau County
Supreme Court Indictment No. 402N-15............... A-1748

vii

**Page**

Exhibit B to Letter -
Letter from Matthew Perry to the Honorable
Teresa Corrigan, dated January 19, 2018 ............... A-1752

Exhibit C to Letter -
Excerpts from Transcript of Trial Proceedings, in
*The People of the State of New York v. Pfail*,
Nassau County Supreme Court Indictment No.
402N-15, dated March 2, 2018 .............................. A-1753

Proposed Jury Charge, filed May 20, 2025 ................ A-1767

Transcript of Trial Proceedings held before the
Honorable Nina R. Morrison, dated
May 20, 2025 ......................................................... A-1800

Jury Charge, dated May 21, 2025 .............................. A-2071

Annexed to Jury Charge -
Proposed Verdict Sheet .......................................... A-2102

Letter from Frederick K. Brewington to the
Honorable Nina R. Morrison, dated
May 21, 2025 ......................................................... A-2105

Exhibit A to Letter -
Letter from Lavern Van Ommeren to Leo
Dorfman, dated January 12, 2023 .......................... A-2109

Exhibit B to Letter -
Order of the Honorable Cheryl L. Pollak, dated
January 2, 2023 ...................................................... A-2110

Exhibit C to Letter-
Letter from Lavern Van Ommeren to Ralph
Reissman, dated January 12, 2023 ......................... A-2121

Exhibit D to Letter -
Letter from Tammi M. Mitchell to Jeremy James
Scileppi, dated April 17, 2019 ............................... A-2122

viii

**Page**

Transcript of Trial Proceedings held before the
Honorable Nina R. Morrison, dated
May 21, 2025 ........................................................ A-2123

Letter from Matthew A. Cuomo to the Honorable
Nina R. Morrison, dated May 22, 2025 ................. A-2336

Transcript of Trial Proceedings held before the
Honorable Nina R. Morrison, dated
May 22, 2025 ........................................................ A-2339

Transcript of Trial Proceedings held before the
Honorable Nina R. Morrison, dated
May 23, 2025 ........................................................ A-2410

Verdict Sheet, dated May 23, 2025 ............................ A-2616

Letter from John Carnevale to the Honorable Nina
R. Morrison, dated May 26, 2025 .......................... A-2619

Proposed Jury Charge, filed May 27, 2025 ................ A-2621

Letter from Leo Dorfman to the Honorable Nina R.
Morrison, dated May 27, 2025 .............................. A-2628

Transcript of Trial Proceedings held before the
Honorable Nina R. Morrison, dated
May 27, 2025 ........................................................ A-2631

Letter from Frederick K. Brewington to the
Honorable Nina R. Morrison, dated
May 27, 2025 ........................................................ A-2889

Transcript of Trial Proceedings held before the
Honorable Nina R. Morrison, dated
May 28, 2025 ........................................................ A-2891

Jury Charge, dated May 28, 2025 .............................. A-3108

Annexed to Jury Charge -
Proposed Verdict Sheet (Damages)........................ A-3116

Supplemental Jury Charge, dated May 29, 2025 ....... A-3118

ix

**Page**

Transcript of Trial Proceedings held before the
Honorable Nina R. Morrison, dated
May 29, 2025 ......................................................... A-3120

Verdict Sheet (Damages), dated May 29, 2025 ......... A-3159

Defendants' Trial Exhibit C -
Redacted Indictment, in *The People of the State
of New York v. Pfail*, Nassau County Supreme
Court ..................................................................... A-3161

Defendants' Trial Exhibit D -
DVD Containing Outside Video ............................. A-3169

Defendants' Trial Exhibit E -
DVD Containing Inside Video................................ A-3171

Defendants' Trial Exhibit F -
Redacted District Court – Felony Complaint, in
*The People of the State of New York v. Pfail*,
Nassau County District Court Docket No. 23996 . A-3173

Defendants' Trial Exhibit G -
District Court – Information, in *The People of the
State of New York v. Pfail*, Nassau County
District Court Docket No. 23996........................... A-3182

Defendants' Trial Exhibit O -
Redacted Neuropsychological Evaluation of
Wayne A. Gordon, Ph.D., dated August 12, 2008 . A-3185

Defendants' Trial Exhibit P -
Redacted Emergency Department Nursing Care
Record from Nassau University Medical Center... A-3189

Defendants' Trial Exhibit Q -
Redacted Initial Psychiatric Rehabilitation
Assessment Note of Danielle Dimeo, dated July
18, 2013 ................................................................ A-3191

**x**

                                                                                                                        **Page**

Defendants' Trial Exhibit R -
Patient Results Report from Nassau University
Medical Center, dated November 4, 2014 ............. A-3193

Defendants' Trial Exhibit BBBBB -
Photograph of Plaintiff's Face ............................... A-3197

Defendants' Trial Exhibit CCCCC -
Photograph of Plaintiff's Face .............................. A-3199

Defendants' Trial Exhibit DDDDD -
Photograph of Plaintiff's Face .............................. A-3201

Defendants' Trial Exhibit FFFFF -
Aerial View of Incident Location .......................... A-3203

Defendants' Trial Exhibit IIIII -
Photograph of Plaintiff's Face .............................. A-3205

Defendants' Trial Exhibit JJJJJ -
Photograph of Plaintiff's Sweatshirt...................... A-3207

Defendants' Trial Exhibit ZZZZZ -
Redacted Nassau County Police Dept Physical
Condition Questionnaire of Brian J. Pfail, dated
November 4, 2014 ................................................ A-3209

Court Exhibit 2 -
Email from John Carnevale to Albert Huber and
Freddie Valderrama, dated May 22, 2025.............. A-3212

Court Exhibit 3 -
Email Thread between Freddie Valderrama, John
Carnevale, *et al.*, dated May 15-16, 2025.............. A-3213

Court Exhibit 4 -
Handwritten Abuse of Process Questions.............. A-3217

Trial Exhibit -
Medical Records from Maureen Grix, Ph.D.......... A-3218

Judgment in a Civil Action, dated May 30, 2025 ...... A-4205

Notice of Appeal, dated June 26, 2025 ..................... A-4206

xi

**Page**

Letter from Robert F. Van der Waag to the
    Honorable Brenna B. Mahoney, dated
    June 26, 2025 ......................................................... A-4208

Motion and Notice of Motion, by Plaintiff, for Costs
    and Reasonable Attorneys' Fees, dated
    July 22, 2025........................................................ A-4209

Declaration of Frederick K. Brewington, for
    Plaintiff, in Support of Motion, dated
    July 22, 2025........................................................ A-4212

Exhibit 1 to Brewington Declaration -
Pre-Bill Worksheet from the Law Offices of
Frederick K. Brewington, dated July 18, 2025 ...... A-4265

Exhibit 2 to Brewington Declaration -
Abbreviated *Curriculum Vitae* of Frederick K.
Brewington ............................................................. A-4347

Exhibit 3 to Brewington Declaration -
Declaration of Harry Ballan, in *Greenaway v.
County of Nassau*, U.S. District Court, EDNY
Case No. 11-cv-2024 (LDH) (AKT)
("Greenaway Action"), dated June 15, 2018 ......... A-4398

Exhibit 4 to Brewington Declaration -
Declaration of Patricia E. Salkin, for Plaintiff, in
Support of Motion, in Greenaway Action, dated
June 18, 2018 ......................................................... A-4401

Exhibit 5 to Brewington Declaration -
Declaration of Howard A. Glickstein, for
Plaintiff, in Support of Motion, in Greenaway
Action, dated June 11, 2018.................................. A-4406

Exhibit 6 to Brewington Declaration -
Declaration of Randolph M. McLaughlin, for
Plaintiff, in Support of Motion, in Greenaway
Action, dated June 15, 2018 .................................. A-4410

xii

**Page**

Exhibit 7 to Brewington Declaration -
Declaration of Rick Ostrove, for Plaintiff, in
Support of Motion, in Greenaway Action, dated
June 15, 2018 ......................................................... A-4416

Exhibit 8 to Brewington Declaration -
Declaration of Jonathan C. Moore, for Plaintiff,
in Support of Motion, in *Besedin v. County of
Nassau*, U.S. District Court, EDNY Case No.
CV-18-819 (NRM) (ST) ("Besedin Action"),
dated November 14, 2024 ...................................... A-4421

Declaration of Scott A. Korenbaum, for Plaintiff, in
Support of Motion, dated July 21, 2025 ................ A-4433

Exhibit 1 to Korenbaum Declaration -
Declaration of Gabriel P. Harvis, for Plaintiff, in
Support of Motion, in Besedin Action, dated
November 13, 2024 ................................................ A-4450

Exhibit 2 to Korenbaum Declaration -
Declaration of Jonathan C. Moore, for Plaintiff,
in Support of Motion, in Besedin Action, dated
November 14, 2024 ................................................ A-4467

Exhibit 3 to Korenbaum Declaration -
May and June 2025 Time and Expense Entries
for SAK .................................................................. A-4478

Memorandum of Law, by Plaintiff, in Support of
Motion, dated July 22, 2025 ................................. A-4484

Declaration of John Carnevale, for Defendants, in
Support of Motion for Judgment and for a New
Trial or Remittitur Pursuant to Rules 50 and 59,
dated August 1, 2025 ............................................. A-4512

Combined Memorandum of Law, by Defendants, in
Support of Motion for Judgment and for a New
Trial or Remittitur Pursuant to Rules 50 and 59,
dated August 1, 2025 ............................................. A-4513

xiii

**Page**

Exhibit A to Carnevale Declaration -
Excerpts from Transcripts of Trial Proceedings
held before the Honorable Nina R. Morrison ........ A-4562

Exhibit B to Carnevale Declaration -
Excerpts from Transcript of Trial Proceedings
held before the Honorable Terence P. Murphy, in
*The People of the State of New York v. Pfail*,
Nassau County Supreme Court Indictment No.
402A-15, dated February 27, 2018 ........................ A-4615

Memorandum of Law, by Defendants, in Opposition
to Plaintiff's Motion for Attorneys' Fees and
Costs, dated September 4, 2025............................. A-4626

Memorandum of Law, by Plaintiff, in Opposition to
Defendants' Motion for Judgment and for a New
Trial or Remittitur Pursuant to Rules 50 and 59,
dated September 4, 2025........................................ A-4646

Reply Memorandum of Law, by Defendants, in
Further Support of Motion for Judgment and for
a New Trial or Remittitur Pursuant to Rules 50
and 59, dated September 17, 2025.......................... A-4693

Memorandum and Order of the Honorable Nina R.
Morrison, dated November 13, 2025 ..................... A-4717

Memorandum and Order of the Honorable Nina R.
Morrison, dated December 3, 2025 ....................... A-4761

Notice of Appeal, by Defendants County of Nassau.
Nassau County Police Department, Police Officer
Jonathan Panuthos, Police Officer Karen C.
O'Brien and John Does 1-10, dated
December 11, 2025 ............................................... A-4765

Notice of Appeal, by Defendant Sergeant Thomas
Iannucci, dated December 11, 2025........................ A-4767

Notice of Appeal, by Defendant Police Officer
Joseph Massaro, dated December 11, 2025 ........... A-4769

A-4265

# EXHIBIT 1

A-4265

A-4266

THE LAW OFFICES OF

## FREDERICK K. BREWINGTON

*Attorneys and Counselors at Law*
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 • www.brewingtonlaw.com

3:23 PM                    **Pre-Bill Worksheet**                    7/18/2025

CASE:          PFAIL, BRIAN J. County of Nass | 5121
               BRIAN J. PFAIL - County Civil Case

Full Name      Mr. Brian J. Pfail

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|------|------|------|------|------|
| **Date: Jan - Mar 2016** | | | | | |
| 1/15/2016 | BREWINGTON, Frederick K.<br>Typing of Document<br>Draft complaint | 600.00 | 3.40 | $2,040.00 | Billable |
| 1/28/2016 | BREWINGTON, Frederick K.<br>Typing of Document<br>Further draft & edit to complaint | 600.00 | 2.10 | $1,260.00 | Billable |
| 1/31/2016 | BREWINGTON, Frederick K.<br>Typing of Document<br>Further edits & fact check on complaint | 600.00 | 2.30 | $1,380.00 | Billable |
| 2/1/2016 | BREWINGTON, Frederick K.<br>Final Legal Document<br>Finalize & file complaint | 600.00 | 2.80 | $1,680.00 | Billable |
| 3/6/2016 | BREWINGTON, Frederick K.<br>General<br>Oversee service of Summons & Complaint | 600.00 | 0.50 | $300.00 | Billable |
| 3/7/2016 | BREWINGTON, Frederick K.<br>draft letter<br>Letter to Tristate Judicial Services with P. Lockett | 600.00 | 0.40 | $240.00 | Billable |
| **Total: Jan - Mar 2016** | | | 11.50 | | **$6,900.00** |
| **Date: Apr - Jun 2016** | | | | | |
| 4/2/2016 | BREWINGTON, Frederick K.<br>File Review<br>Review & evaluate defense angle | 600.00 | 0.60 | $360.00 | Billable |
| 4/12/2016 | BREWINGTON, Frederick K.<br>Tele. w/ Adversary<br>Telephone call with Ms. Ben-Sorek about rescheduling Initial conference | 600.00 | 0.30 | $180.00 | Billable |
| 4/12/2016 | BREWINGTON, Frederick K.<br>draft letter<br>Letter to Judge Azrack on conference date | 600.00 | 0.50 | $300.00 | Billable |

1

A-4267

**Law Offices of Frederick K. Brewington**

3:23 PM                          **Pre-Bill Worksheet**                          7/18/2025

## PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL – County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|------|------|------|------|------|
| 4/13/2016 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review order from court. Document #8 | 600.00 | 0.30 | $180.00 | Billable |
| 6/14/2016 | BREWINGTON, Frederick K.<br>draft letter<br>Draft letter & finalize to court for stay on criminal matter | 600.00 | 0.50 | $300.00 | Billable |
| 6/15/2016 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review court order adjourning & setting 12/15/16 conference date. Discuss & schedule | 600.00 | 0.40 | $240.00 | Billable |
| **Total: Apr - Jun 2016** | | | 2.60 | | **$1,560.00** |
| **Date: Oct - Dec 2016** | | | | | |
| 12/15/2016 | BREWINGTON, Frederick K.<br>Meeting<br>Finalize intake & collect information on arrest | 600.00 | 1.20 | $720.00 | Billable |
| **Total: Oct - Dec 2016** | | | 1.20 | | **$720.00** |
| **Date: Jul - Sep 2017** | | | | | |
| 7/13/2017 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review order setting status report date & calendar | 600.00 | 0.30 | $180.00 | Billable |
| 7/26/2017 | HARRIS-MARCHESI, Cathryn<br>draft letter<br>Draft letter to Judge Azrack on status | 350.00 | 0.30 | $105.00 | Billable |
| **Total: Jul - Sep 2017** | | | 0.60 | | **$285.00** |
| **Date: Apr - Jun 2018** | | | | | |
| 6/6/2018 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review court order. Re: status report | 600.00 | 0.30 | $180.00 | Billable |
| 6/6/2018 | HARRIS-MARCHESI, Cathryn<br>draft letter<br>Draft & file letter regarding status report to court | 350.00 | 0.30 | $105.00 | Billable |
| **Total: Apr - Jun 2018** | | | 0.60 | | **$285.00** |
| **Date: Oct - Dec 2018** | | | | | |
| 12/3/2018 | HARRIS-MARCHESI, Cathryn<br>Correspondence Review<br>Review order from court on status report | 350.00 | 0.30 | $105.00 | Billable |

A-4268

## Law Offices of Frederick K. Brewington

3:23 PM                                   **Pre-Bill Worksheet**                                   7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|------|-------------------|---------------|-----------------|-----------------|-------|
| 12/4/2018 | BREWINGTON, Frederick K.<br>draft letter<br>Draft letter to court about reinstatement. | 600.00 | 1.20 | $720.00 | Billable |
| 12/5/2018 | HARRIS-MARCHESI, Cathryn<br>Review Legal Document<br>Review Motion filed by F. K. Brewington. | 350.00 | 0.40 | $140.00 | Billable |
| 12/20/2018 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review Court Order on County. | 600.00 | 0.30 | $180.00 | Billable |
| 12/23/2018 | BREWINGTON, Frederick K.<br>Tele. to Client<br>Telephone call to client to answer questions and discuss strategy. | 600.00 | 0.50 | $300.00 | Billable |
| **Total: Oct - Dec 2018** | | | **2.70** | | **$1,445.00** |
| **Date: Jan - Mar 2019** | | | | | |
| 1/10/2019 | BREWINGTON, Frederick K.<br>File Review<br>File Review in preparation for Conference. | 600.00 | 0.40 | $240.00 | Billable |
| 1/10/2019 | BREWINGTON, Frederick K.<br>Tele. to Client<br>Telephone call to Defense counsel about moving up time. | 600.00 | 0.40 | $240.00 | Billable |
| 1/10/2019 | BREWINGTON, Frederick K.<br>Telephone call to Court<br>Telephone conference with Court. | 600.00 | 0.40 | $240.00 | Billable |
| 1/10/2019 | BREWINGTON, Frederick K.<br>draft letter<br>Draft letter to Court. | 600.00 | 0.40 | $240.00 | Billable |
| 1/10/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. Frm Court<br>Conference call with Court. | 350.00 | 0.40 | $140.00 | Billable |
| 1/14/2019 | HARRIS-MARCHESI, Cathryn<br>Meeting<br>Meeting with F. K. Brewington and client. | 350.00 | 1.50 | $525.00 | Billable |
| 1/14/2019 | BREWINGTON, Frederick K.<br>Conference with client<br>Conference with client about status and strategy. | 600.00 | 1.20 | $720.00 | Billable |
| 1/16/2019 | LOCKETT, Precilla<br>Final Legal Document<br>Prepare stipulation to unseal docs | 150.00 | 0.50 | $75.00 | Billable |

3

A-4269

## Law Offices of Frederick K. Brewington

3:23 PM                          **Pre-Bill Worksheet**                          7/18/2025

### PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate / Markup % | Hours / DNB Time | Amount / DNB Amt | Total |
|------|------|------|------|------|------|
| 1/16/2019 | LOCKETT, Precilla<br>email to client<br>Email stipulation to unsela records to client | 150.00 | 0.15 | $22.50 | Billable |
| 1/30/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Telephone conversation from Brian Pfail regarding web information. | 350.00 | 0.30 | $105.00 | Billable |
| 1/30/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Email to F. K. Brewington regarding we information and letter. | 350.00 | 0.20 | $70.00 | Billable |
| 1/30/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Email from F. K. Brewington regarding web information and letter. | 350.00 | 0.10 | $35.00 | Billable |
| 1/30/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. to Client<br>Telephone call to client requesting information for letter. | 350.00 | 0.30 | $105.00 | Billable |
| 1/30/2019 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email from C. Harris-Marchesi about press contact. | 600.00 | 0.30 | $180.00 | Billable |
| 1/30/2019 | BREWINGTON, Frederick K.<br>draft letter<br>Draft email back to C. Harris-Marchesi about Press contact. | 600.00 | 0.40 | $240.00 | Billable |
| 1/30/2019 | BREWINGTON, Frederick K.<br>Tele. to Client<br>Telephone call back to client and discuss strategy issues. | 600.00 | 0.50 | $300.00 | Billable |
| 2/13/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. w/ Adversary<br>Telephone call with opposing counsel, left a voicemail for Liora Ben-Sorek | 350.00 | 0.10 | $35.00 | Billable |
| 2/13/2019 | HARRIS-MARCHESI, Cathryn<br>Email to Adversary<br>Emailed letter to opposing counsel proposed discovery schedule. | 350.00 | 0.30 | $105.00 | Billable |
| 2/14/2019 | BREWINGTON, Frederick K.<br>Tele. w/ Expert<br>Telephone call and discussed case and working on civil case. | 600.00 | 0.40 | $240.00 | Billable |
| 2/15/2019 | HARRIS-MARCHESI, Cathryn<br>Draft Legal Document<br>Drafting Joint Proposed Scheduling Order. | 350.00 | 0.40 | $140.00 | Billable |
| 2/15/2019 | HARRIS-MARCHESI, Cathryn<br>Electronic Filing to Courts<br>Electronic Filing to Courts of Joint Proposed Scheduling Order. | 350.00 | 0.30 | $105.00 | Billable |

A-4270

## Law Offices of Frederick K. Brewington

3:23 PM    **Pre-Bill Worksheet**    7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|---|---|---|---|---|---|
| 2/15/2019 | BREWINGTON, Frederick K.<br>Tele. Frm. Client<br>Telephone call with client about working on articles. | 600.00 | 0.40 | $240.00 | Billable |
| 3/18/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. Frm. Client<br>Telephone call from client regardingF. K. Brewington putting Pfail decision up. | 350.00 | 0.50 | $175.00 | Billable |
| 3/18/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Discussion with F. K. Brewington regarding posting. | 350.00 | 0.20 | $70.00 | Billable |
| 3/19/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. Frm. Client<br>Returned telephone call to client regarding media. | 350.00 | 0.20 | $70.00 | Billable |
| 3/20/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. Frm. Client<br>Returned call to client regarding posting. | 350.00 | 0.30 | $105.00 | Billable |
| 3/20/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Email to F. K. Brewington, P. Lockett and R. Walker regarding posting. | 350.00 | 0.30 | $105.00 | Billable |
| 3/20/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. Frm. Client<br>Telephone call with client. | 350.00 | 0.20 | $70.00 | Billable |
| 3/20/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Email to F. K. Brewington regarding posting. | 350.00 | 0.20 | $70.00 | Billable |
| 3/22/2019 | BREWINGTON, Frederick K.<br>Tele. Frm. Client<br>Telephone call from Mrs. Pfail about webpage. | 600.00 | 0.40 | $240.00 | Billable |
| 3/22/2019 | BREWINGTON, Frederick K.<br>Tele. to Client<br>Telephone call with Pfails about PDF item. | 600.00 | 0.40 | $240.00 | Billable |
| Total: Jan - Mar 2019 | | | 12.05 | | $5,487.50 |
| **Date: Apr - Jun 2019** | | | | | |
| 4/2/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Discovery schedule discussion with F. K. Brewington. | 350.00 | 0.20 | $70.00 | Billable |
| 4/16/2019 | MITCHELL, Tammi<br>Typing of Document<br>HIPAAs for Discovery drafted. | 100.00 | 1.80 | $180.00 | Billable |

A-4271

## Law Offices of Frederick K. Brewington

| 3:23 PM | **Pre-Bill Worksheet** | 7/18/2025 |
|---|---|---|

### PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate / Markup % | Hours / DNB Time | Amount / DNB Amt | Total |
|---|---|---|---|---|---|
| 4/16/2019 | MITCHELL, Tammi<br>General<br>HIPAAs for Discovery finalized. | 100.00 | 1.00 | $100.00 | Billable |
| 4/16/2019 | MITCHELL, Tammi<br>General<br>Documents scanned for Discovery into Pfail. | 100.00 | 0.80 | $80.00 | Billable |
| 4/16/2019 | MITCHELL, Tammi<br>Update Activity Log<br>Client's file has been updated. | 100.00 | 0.30 | $30.00 | Billable |
| 4/17/2019 | HARRIS-MARCHESI, Cathryn<br>Review Files<br>Review documents for bates stamping. | 350.00 | 0.50 | $175.00 | Billable |
| 4/17/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Discussion regarding discovery with F. K. Brewington. | 350.00 | 0.20 | $70.00 | Billable |
| 4/17/2019 | HARRIS-MARCHESI, Cathryn<br>Review Legal Document<br>Review Interrogatories and document demandswe've received. | 350.00 | 0.40 | $140.00 | Billable |
| 4/17/2019 | HARRIS-MARCHESI, Cathryn<br>Review Files<br>reviewed all documents for discovery. | 350.00 | 2.80 | $980.00 | Billable |
| 4/17/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Instructions on scanning to C. Wilson and T. Mitchell. | 350.00 | 0.40 | $140.00 | Billable |
| 4/17/2019 | HARRIS-MARCHESI, Cathryn<br>Filing<br>Scanning Documents. | 350.00 | 2.70 | $945.00 | Billable |
| 4/17/2019 | MITCHELL, Tammi<br>General<br>Drafting HIPAAs for Opposing Counsel and F. K. Brewington office. | 100.00 | 1.80 | $180.00 | Billable |
| 4/17/2019 | MITCHELL, Tammi<br>General<br>Finalizing HIPAAs for Opposing Counsel and F. K. Brewington office. | 100.00 | 0.80 | $80.00 | Billable |
| 4/17/2019 | MITCHELL, Tammi<br>File Review<br>Discovery documents scanned. | 100.00 | 5.50 | $550.00 | Billable |
| 4/18/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Discussion with T. Mitchell regarding document list. | 350.00 | 0.30 | $105.00 | Billable |

A-4272

## Law Offices of Frederick K. Brewington

3:23 PM                              **Pre-Bill Worksheet**                              7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|------|-------------------|--------------|----------------|----------------|-------|
| 4/19/2019 | HARRIS-MARCHESI, Cathryn<br>Draft Legal Document<br>Drafting Interrogatories and document demands and finalize. | 350.00 | 2.00 | $700.00 | Billable |
| 4/19/2019 | HARRIS-MARCHESI, Cathryn<br>Email to Adversary<br>Emailed to county opposing counsel document demands. | 350.00 | 0.20 | $70.00 | Billable |
| 4/22/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. w/ Adversary<br>Telephone call with opposing counsel regarding confidentiality stipulation. | 350.00 | 0.40 | $140.00 | Billable |
| 4/22/2019 | HARRIS-MARCHESI, Cathryn<br>Filing<br>Sign, scan and emailed signed stipulation. | 350.00 | 0.40 | $140.00 | Billable |
| 4/24/2019 | HARRIS-MARCHESI, Cathryn<br>Filing<br>Scan, sign, and email confidentiality stipulation. | 350.00 | 0.40 | $140.00 | Billable |
| 4/24/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Provided work on discovery list for A. Johnson. | 350.00 | 0.40 | $140.00 | Billable |
| 4/29/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. to Client<br>Telephone call to client, Brian Pfail regarding releases. | 350.00 | 0.30 | $105.00 | Billable |
| 4/29/2019 | HARRIS-MARCHESI, Cathryn<br>General<br>Email to office regarding appointment. | 350.00 | 0.20 | $70.00 | Billable |
| 4/29/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. Frm. Client<br>Telephone call from client regarding Medical and Villanova. | 350.00 | 0.40 | $140.00 | Billable |
| 4/29/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Discussion with F. K. Brewington regarding the telephone call from Brian. | 350.00 | 0.30 | $105.00 | Billable |
| 4/29/2019 | HARRIS-MARCHESI, Cathryn<br>Review Files<br>Redacting documents. | 350.00 | 1.20 | $420.00 | Billable |
| 4/30/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. w/ Adversary<br>Telephone call with opposing counsel regarding documents coming. | 350.00 | 0.30 | $105.00 | Billable |
| 4/30/2019 | HARRIS-MARCHESI, Cathryn<br>Review Files<br>Redacted discovery documents. | 350.00 | 4.30 | $1,505.00 | Billable |

7

A-4273

## Law Offices of Frederick K. Brewington

3:23 PM                           Pre-Bill Worksheet                              7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 5/1/2019 | HARRIS-MARCHESI, Cathryn<br>Meeting<br>Meeting with Brian Pfail for discovery interrogatory answers. | 350.00 | 1.30 | $455.00 | Billable |
| 5/1/2019 | HARRIS-MARCHESI, Cathryn<br>Email from Adversary<br>Scan and email stipulation to unseal to Opposing Counsel. | 350.00 | 0.50 | $175.00 | Billable |
| 5/1/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. w/ Adversary<br>Discussion with Opposing Counsel regarding stipulation. | 350.00 | 0.50 | $175.00 | Billable |
| 5/3/2019 | HARRIS-MARCHESI, Cathryn<br>Draft Legal Document<br>Drafted responses to interrogatory. | 350.00 | 3.80 | $1,330.00 | Billable |
| 5/8/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. to Client<br>Returned telephone call to client to answer medical record issue. | 350.00 | 0.40 | $140.00 | Billable |
| 5/9/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Discussion with. D. Lindsey regarding discovery. | 350.00 | 0.40 | $140.00 | Billable |
| 5/10/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Telephone call with F. K. Brewington regarding appeal. | 350.00 | 0.20 | $70.00 | Billable |
| 5/10/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. w/ Adversary<br>Telephone call to Opposing Counsel regarding Discovery. | 350.00 | 0.10 | $35.00 | Billable |
| 5/10/2019 | BREWINGTON, Frederick K.<br>Tele. Frm. Client<br>Telephone call from client about school and family. | 600.00 | 0.40 | $240.00 | Billable |
| 5/13/2019 | HARRIS-MARCHESI, Cathryn<br>Draft Legal Document<br>Drafted responses to interrogatories and finalized. | 350.00 | 3.30 | $1,155.00 | Billable |
| 5/15/2019 | HARRIS-MARCHESI, Cathryn<br>Draft Legal Document<br>Editing list for Rule 26. | 350.00 | 4.80 | $1,680.00 | Billable |
| 5/16/2019 | HARRIS-MARCHESI, Cathryn<br>Draft Legal Document<br>Editing for Rule 26. | 350.00 | 4.00 | $1,400.00 | Billable |
| 5/17/2019 | BREWINGTON, Frederick K.<br>draft letter<br>Draft email to Edelstein on appeal. | 600.00 | 0.40 | $240.00 | Billable |

8

A-4274

## Law Offices of Frederick K. Brewington

3:23 PM                              **Pre-Bill Worksheet**                              7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|--------------------|------------------|-------------------|-------------------|-------|
| 5/17/2019 | VAN OMMEREN, Lavern<br>General<br>Telephone call from T. S. Lindsay, researched file for jury charge information and emailed copy of same to TSL. | 100.00 | 0.60 | $60.00 | Billable |
| 5/21/2019 | HARRIS-MARCHESI, Cathryn<br>Draft Legal Document<br>Finalize and send rule 26 Disclosure. | 350.00 | 3.00 | $1,050.00 | Billable |
| 5/21/2019 | HARRIS-MARCHESI, Cathryn<br>Email from Adversary<br>Email to Opposing Counsel with Rule 26. | 350.00 | 0.30 | $105.00 | Billable |
| 5/22/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. Frm. Client<br>Telephone call from client regarding Dr.Berrill. | 350.00 | 0.30 | $105.00 | Billable |
| 5/22/2019 | HARRIS-MARCHESI, Cathryn<br>Review Legal Document<br>Draft responses to document demand. | 350.00 | 0.50 | $175.00 | Billable |
| 5/23/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. Frm. Client<br>Telephone call to client and mother. | 350.00 | 0.30 | $105.00 | Billable |
| 5/23/2019 | HARRIS-MARCHESI, Cathryn<br>Final Legal Document<br>Finalize document demand responses. | 350.00 | 2.10 | $735.00 | Billable |
| 5/23/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. w/ Adversary<br>Telephone call to opposing counsel regarding discovery. | 350.00 | 0.20 | $70.00 | Billable |
| 5/23/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. w/ Adversary<br>Telephone call with opposing counsel regarding Villanova documents. | 350.00 | 0.40 | $140.00 | Billable |
| 5/23/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. w/ Adversary<br>Discussion with Opposing Counsel regarding discovery. | 350.00 | 0.30 | $105.00 | Billable |
| 5/24/2019 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email with Rule 68 Offer. | 600.00 | 0.40 | $240.00 | Billable |
| 5/24/2019 | BREWINGTON, Frederick K.<br>draft letter<br>Draft email to Scott for input. | 600.00 | 0.40 | $240.00 | Billable |
| 5/28/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Discussion with R. Walker about F. K. Brewington's availability. | 350.00 | 0.30 | $105.00 | Billable |

A-4275

## Law Offices of Frederick K. Brewington

3:23 PM                          **Pre-Bill Worksheet**                          7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|--------------------|------------------|-------------------|-------------------|-------|
| 5/28/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. Frm. Client<br>Telephone call to client for meeting. | 350.00 | 0.30 | $105.00 | Billable |
| 5/28/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. Frm. Client<br>Telephone call from mother regarding client. | 350.00 | 0.80 | $280.00 | Billable |
| 5/28/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Discussion with F. K. Brewington. | 350.00 | 0.30 | $105.00 | Billable |
| 5/28/2019 | BREWINGTON, Frederick K.<br>General<br>Discuss issues with Jonathan and evaluate. | 600.00 | 0.40 | $240.00 | Billable |
| 5/28/2019 | BREWINGTON, Frederick K.<br>File Review<br>Review file and locate documents. | 600.00 | 0.40 | $240.00 | Billable |
| 5/29/2019 | HARRIS-MARCHESI, Cathryn<br>Meeting<br>Meeting with client for update. | 350.00 | 1.50 | $525.00 | Billable |
| 6/3/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. w/ Adversary<br>Telephone call with opposing counsel regarding message from Nassau County. | 350.00 | 0.20 | $70.00 | Billable |
| 6/4/2019 | HARRIS-MARCHESI, Cathryn<br>Final Legal Document<br>Review F. K. Brewington's response to Rule 68. | 350.00 | 0.40 | $140.00 | Billable |
| 6/6/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. w/ Adversary<br>Discussion regarding Nassau County District Attorney. | 350.00 | 0.20 | $70.00 | Billable |
| 6/6/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. w/ Expert<br>Telephone call to Court regarding stipulation unsealing. | 350.00 | 0.40 | $140.00 | Billable |
| 6/6/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Instructions to L. Van Ommeren regarding stipulation unsealing. | 350.00 | 0.30 | $105.00 | Billable |
| 6/6/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Discussion with L. Van Ommeren. | 350.00 | 0.40 | $140.00 | Billable |
| 6/13/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. Frm. Client<br>Telephone call from client regarding Dr. Berrill. | 350.00 | 0.40 | $140.00 | Billable |

A-4276

## Law Offices of Frederick K. Brewington

3:23 PM                              **Pre-Bill Worksheet**                              7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|--------------------|-----------------|-------------------|-------------------|-------|
| 6/13/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Discussion with F. K. Brewington regarding Brian Pfail. | 350.00 | 0.30 | $105.00 | Billable |
| 6/13/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. w/ Expert<br>Email to Dr. Berrill for appointment. | 350.00 | 0.20 | $70.00 | Billable |
| 6/13/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. w/ Expert<br>Attention to email from Dr.Berrill regarding appointment. | 350.00 | 0.10 | $35.00 | Billable |
| 6/13/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. Frm. Client<br>Telephone call to client to arrange appointment. | 350.00 | 0.30 | $105.00 | Billable |
| 6/13/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. w/ Expert<br>Email to Dr. Berrill to confirm appointment. | 350.00 | 0.20 | $70.00 | Billable |
| 6/13/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. w/ Expert<br>Email correspondence with Dr. Berill. | 350.00 | 0.10 | $35.00 | Billable |
| 6/13/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. Frm. Client<br>Final confirmation of appointment with client. | 350.00 | 0.20 | $70.00 | Billable |
| 6/14/2019 | BREWINGTON, Frederick K.<br>Telephone call to Court<br>Telephone call with counsel and Court. | 600.00 | 0.40 | $240.00 | Billable |
| 6/14/2019 | BREWINGTON, Frederick K.<br>Legal Research<br>Legal Research of issue of Rule 68 Offer. | 600.00 | 0.40 | $240.00 | Billable |
| 6/20/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. w/ Expert<br>Telephone call from Gail Complen regarding medical records. | 350.00 | 0.20 | $70.00 | Billable |
| **Total: Apr - Jun 2019** | | | 67.90 | | **$21,415.00** |
| **Date: Jul - Sep 2019** | | | | | |
| 7/8/2019 | BREWINGTON, Frederick K.<br>Tele. Frm. Client<br>Telephone call from client about brief. | 600.00 | 0.40 | $240.00 | Billable |
| 7/16/2019 | BREWINGTON, Frederick K.<br>draft letter<br>Draft letter to Court. | 600.00 | 0.40 | $240.00 | Billable |

11

A-4277

## Law Offices of Frederick K. Brewington

3:23 PM                           **Pre-Bill Worksheet**                           7/18/2025

### PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 7/23/2019 | HARRIS-MARCHESI, Cathryn<br>Review Files<br>Review letter file with Court. | 350.00 | 0.20 | $70.00 | Billable |
| 7/23/2019 | HARRIS-MARCHESI, Cathryn<br>Email from Adversary<br>Review email from Opposing Counsel regarding First Set of Interrogatories and discovery demands. | 350.00 | 0.20 | $70.00 | Billable |
| 7/29/2019 | HARRIS-MARCHESI, Cathryn<br>Review Files<br>Review First set of interrogatories & discovery demands received by Nassau County Opposing Counsel. | 350.00 | 0.50 | $175.00 | Billable |
| 8/7/2019 | HARRIS-MARCHESI, Cathryn<br>Travel<br>Travel to and from Brooklyn. | 350.00 | 1.90 | $665.00 | Billable |
| 8/7/2019 | HARRIS-MARCHESI, Cathryn<br>Court Appearance<br>Court Conference/Appearance. | 350.00 | 0.60 | $210.00 | Billable |
| 8/7/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Telephone conversation with F. K. Brewington regarding Pfail. | 350.00 | 0.20 | $70.00 | Billable |
| 8/7/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Telephone conversation with P. Lockett regarding Pfail. | 350.00 | 0.20 | $70.00 | Billable |
| 8/7/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Telephone conversation with L. Van Ommeren regarding discovery. | 350.00 | 0.20 | $70.00 | Billable |
| 8/7/2019 | VAN OMMEREN, Lavern<br>Review Files<br>Review of file / case track for information regarding defendant's response to Plaintiff's interrogatories and document demands. | 100.00 | 1.50 | $150.00 | Billable |
| 8/7/2019 | VAN OMMEREN, Lavern<br>Review Files<br>Review of file / case track for information regarding Plaintiff's response to Defendant's interrogatories and document demands. | 100.00 | 1.00 | $100.00 | Billable |
| 8/7/2019 | VAN OMMEREN, Lavern<br>General<br>Telephone call with C Harris - Marchesi to give update on review of files. | 100.00 | 0.20 | $20.00 | Billable |
| 8/8/2019 | HARRIS-MARCHESI, Cathryn<br>General<br>Filled out expense report. | 350.00 | 0.30 | $105.00 | Billable |

A-4278

## Law Offices of Frederick K. Brewington

3:23 PM                          Pre-Bill Worksheet                          7/18/2025

### PFAIL, BRIAN J. County of Nass: BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|------|-------------------|---------------|----------------|----------------|-------|
| 8/26/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. w/ Adversary<br>Telephone call with opposing counsel for extension to response. | 350.00 | 0.20 | $70.00 | Billable |
| 9/9/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. Frm. Client<br>Returned call to client. | 350.00 | 0.30 | $105.00 | Billable |
| 9/17/2019 | HARRIS-MARCHESI, Cathryn<br>Draft Legal Document<br>Edit interrogatories. | 350.00 | 0.40 | $140.00 | Billable |
| 9/17/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Email to G. Dhillion with edits. | 350.00 | 0.30 | $105.00 | Billable |
| 9/30/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. w/ Adversary<br>Telephone call with opposing counsel, Preston regarding discovery. | 350.00 | 0.40 | $140.00 | Billable |
| **Total: Jul - Sep 2019** | | | **9.40** | | **$2,815.00** |

**Date: Oct - Dec 2019**

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|------|-------------------|---------------|----------------|----------------|-------|
| 10/7/2019 | HARRIS-MARCHESI, Cathryn<br>Email from Adversary<br>Attention to email from opposing counsel with update. | 350.00 | 0.30 | $105.00 | Billable |
| 10/7/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Discussion with F. K. Brewington regarding letter from Opposing Counsel. | 350.00 | 0.20 | $70.00 | Billable |
| 10/9/2019 | HARRIS-MARCHESI, Cathryn<br>Review Files<br>Quick review of documents received by the County. | 350.00 | 0.30 | $105.00 | Billable |
| 10/11/2019 | HARRIS-MARCHESI, Cathryn<br>Review Files<br>Review medical files for Berrill. | 350.00 | 0.30 | $105.00 | Billable |
| 10/16/2019 | HARRIS-MARCHESI, Cathryn<br>Email to Adversary<br>Email Correspondence with opposing counsel. | 350.00 | 0.30 | $105.00 | Billable |
| 10/16/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Emails and texts with C. Gittens regarding depositions. | 350.00 | 0.30 | $105.00 | Billable |
| 10/16/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. w/ Adversary<br>Text to opposing counsel regarding date for deposition.. | 350.00 | 0.30 | $105.00 | Billable |

A-4279

## Law Offices of Frederick K. Brewington

3:23 PM                    Pre-Bill Worksheet                    7/18/2025

### PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|---|---|---|---|---|---|
| 10/16/2019 | HARRIS-MARCHESI, Cathryn<br>draft letter<br>Write letter to Court for extension. | 350.00 | 0.40 | $140.00 | Billable |
| 10/16/2019 | HARRIS-MARCHESI, Cathryn<br>Electronic Filing to Courts<br>Electronic Filing to Courts for extension to Court. | 350.00 | 0.30 | $105.00 | Billable |
| 10/18/2019 | HARRIS-MARCHESI, Cathryn<br>Tele. Frm. Client<br>Conversation with Mrs. Pfail, returning telephone call. | 350.00 | 0.30 | $105.00 | Billable |
| 10/28/2019 | BREWINGTON, Frederick K.<br>draft letter<br>Send records by email to Berrill. | 600.00 | 0.70 | $420.00 | Billable |
| 10/30/2019 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email from expert on medicals. | 600.00 | 0.30 | $180.00 | Billable |
| 10/30/2019 | BREWINGTON, Frederick K.<br>draft letter<br>Respond to email and provide to staff. | 600.00 | 0.30 | $180.00 | Billable |
| 11/11/2019 | BREWINGTON, Frederick K.<br>Tele. to Client<br>Telephone call to client to update and inform. | 600.00 | 0.40 | $240.00 | Billable |
| 11/12/2019 | HARRIS-MARCHESI, Cathryn<br>Email to Adversary<br>Emailed letter to County regarding letter to Court. | 350.00 | 0.30 | $105.00 | Billable |
| 11/12/2019 | HARRIS-MARCHESI, Cathryn<br>Email from Adversary<br>Attention to email from opposing counsel regarding letter to court. | 350.00 | 0.10 | $35.00 | Billable |
| 11/12/2019 | HARRIS-MARCHESI, Cathryn<br>Email to Adversary<br>Email with Opposing Counsel regarding depositions. | 350.00 | 0.10 | $35.00 | Billable |
| 11/12/2019 | HARRIS-MARCHESI, Cathryn<br>Telephone w/ co-counsel<br>Discussion with F. K. Brewington regarding deposition order and review of transcripts. | 350.00 | 0.30 | $105.00 | Billable |
| 11/13/2019 | HARRIS-MARCHESI, Cathryn<br>Final Legal Document<br>Reviewed new Court order. | 350.00 | 0.20 | $70.00 | Billable |
| 11/15/2019 | BREWINGTON, Frederick K.<br>Conference with client<br>Conference with client to Prepare for Examination Before Trial(EBT). | 600.00 | 1.50 | $900.00 | Billable |

A-4280

Case 2:16-cv-00518-NRM-PCG    Document 163-2    Filed 07/23/25    Page 16 of 82 PageID #: 2326

## Law Offices of Frederick K. Brewington

3:23 PM | **Pre-Bill Worksheet** | 7/18/2025

**PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)**

| Date | Timekeeper / Task | Rate / Markup % | Hours / DNB Time | Amount / DNB Amt | Total |
|------|------|------|------|------|------|
| 11/26/2019 | BREWINGTON, Frederick K. / Tele. w/ Adversary / Telephone call about Defense wanting to depose BrianPfail in house. | 600.00 | 0.40 | $240.00 | Billable |
| 12/3/2019 | BREWINGTON, Frederick K. / Correspondence Review / Correspondence Review of documents in preparation for defending deposition. | 600.00 | 0.60 | $360.00 | Billable |
| 12/3/2019 | BREWINGTON, Frederick K. / Tele. w/ Adversary / Telephone call from both opposing counsels to adjourn Examination Before Trial(EBT). | 600.00 | 0.40 | $240.00 | Billable |
| 12/3/2019 | BREWINGTON, Frederick K. / Tele. to Client / Telephone call to client and advise of adjournment of Examination Before Trial(EBT). | 600.00 | 0.40 | $240.00 | Billable |
| 12/6/2019 | HARRIS-MARCHESI, Cathryn / Tele. w/ Adversary / Telephone call from opposing counsel regarding status report for Court. | 350.00 | 0.40 | $140.00 | Billable |
| 12/6/2019 | HARRIS-MARCHESI, Cathryn / Telephone w/ co-counsel / Emailto F. K. Brewington with update. | 350.00 | 0.10 | $35.00 | Billable |
| 12/27/2019 | BREWINGTON, Frederick K. / draft letter / Email to Defense counsel about Deposition dates. | 600.00 | 0.40 | $240.00 | Billable |

| | | | | | |
|------|------|------|------|------|------|
| **Total: Oct - Dec 2019** | | | 9.90 | | $4,815.00 |

**Date: Jan - Mar 2020**

| Date | Timekeeper / Task | Rate / Markup % | Hours / DNB Time | Amount / DNB Amt | Total |
|------|------|------|------|------|------|
| 1/2/2020 | BREWINGTON, Frederick K. / Correspondence Review / Review of email from Mr. Preston about non- waiver of Examination Before Trial(EBT). | 600.00 | 0.20 | $120.00 | Billable |
| 1/2/2020 | BREWINGTON, Frederick K. / draft letter / Draft email to Defense Counsel's about setting up Plaintiff deposition. | 600.00 | 0.20 | $120.00 | Billable |
| 1/2/2020 | BREWINGTON, Frederick K. / Correspondence Review / Review email from Mr. Preston with dates. Nothing from county. | 600.00 | 0.10 | $60.00 | Billable |
| 1/2/2020 | BREWINGTON, Frederick K. / draft letter / Email to Defense counsel's asking County about dates. | 600.00 | 0.10 | $60.00 | Billable |
| 1/8/2020 | HARRIS-MARCHESI, Cathryn / Tele. w/ Adversary / Telephone call with opposing counsel regarding upcoming depositions and conference. | 350.00 | 0.30 | $105.00 | Billable |

A-4281

## Law Offices of Frederick K. Brewington

3:23 PM <div align="center">**Pre-Bill Worksheet**</div> 7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|------|------|------|------|------|
| 1/15/2020 | HARRIS-MARCHESI, Cathryn<br>Tele. w/ Adversary<br>Telephone call with opposing counsel regarding status of discovery. | 350.00 | 0.40 | $140.00 | Billable |
| 2/26/2020 | BREWINGTON, Frederick K.<br>File Review<br>Review file and documents in preparation for Conference. | 600.00 | 0.25 | $150.00 | Billable |
| 2/26/2020 | BREWINGTON, Frederick K.<br>Travel<br>Travel to Brooklyn for Court Conference. | 600.00 | 0.60 | $360.00 | Billable |
| 2/26/2020 | BREWINGTON, Frederick K.<br>Court Appearance<br>Court Conference with Judge and Defense. | 600.00 | 0.55 | $330.00 | Billable |
| 2/26/2020 | BREWINGTON, Frederick K.<br>Travel<br>Travel back from court conference. | 600.00 | 0.60 | $360.00 | Billable |
| 3/2/2020 | LOCKETT, Precilla<br>Review Files<br>Review file and prepare documents for deposition of Defendant Panuthos | 150.00 | 4.50 | $675.00 | Billable |
| 3/3/2020 | BREWINGTON, Frederick K.<br>EBT, Prepare for<br>Prepare for Deposition of Panothos. | 600.00 | 1.30 | $780.00 | Billable |
| 3/3/2020 | BREWINGTON, Frederick K.<br>draft letter<br>Email to Dr. Berrill about report. | 600.00 | 0.40 | $240.00 | Billable |
| 3/3/2020 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review response email to expert Dr. Berrill on report. | 600.00 | 0.40 | $240.00 | Billable |
| 3/3/2020 | LOCKETT, Precilla<br>Review Files<br>Continued review of files and prepare documents for deposition of Defendant Panuthos | 150.00 | 5.50 | $825.00 | Billable |
| 3/4/2020 | BREWINGTON, Frederick K.<br>EBT, Prepare for<br>Prepare for Panthos Deposition. | 600.00 | 3.40 | $2,040.00 | Billable |
| 3/4/2020 | BREWINGTON, Frederick K.<br>EBT, Conduct<br>Conduct deposition of Defense Panuthos. | 600.00 | 3.20 | $1,920.00 | Billable |
| 3/7/2020 | BREWINGTON, Frederick K.<br>Tele. to Client<br>Telephone with client. Discuss medical issues. | 600.00 | 0.40 | $240.00 | Billable |

A-4282

## Law Offices of Frederick K. Brewington

3:23 PM                              Pre-Bill Worksheet                              7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|--------------------|-----------------|-------------------|-------------------|-------|
| 3/17/2020 | HARRIS-MARCHESI, Cathryn<br>Review Files<br>Reviewed Court orders and docket. | 350.00 | 0.20 | $70.00 | Billable |
| 3/17/2020 | HARRIS-MARCHESI, Cathryn<br>draft letter<br>Draft letter for Court. | 350.00 | 0.20 | $70.00 | Billable |
| 3/17/2020 | HARRIS-MARCHESI, Cathryn<br>Email to Adversary<br>Emailed letter to opposing counsel for consent. | 350.00 | 0.20 | $70.00 | Billable |
| 3/17/2020 | HARRIS-MARCHESI, Cathryn<br>Tele. w/ Adversary<br>Telephone call with opposing counsel Laurel atKitzing for  consent. | 350.00 | 0.20 | $70.00 | Billable |
| 3/17/2020 | HARRIS-MARCHESI, Cathryn<br>Email to Adversary<br>Emailed letter to County attorneys regarding consent from Bureau Chief. | 350.00 | 0.20 | $70.00 | Billable |
| 3/17/2020 | HARRIS-MARCHESI, Cathryn<br>Electronic Filing to Courts<br>Electronic Filing to Courts the letter for extension. | 350.00 | 0.40 | $140.00 | Billable |
| 3/18/2020 | LOCKETT, Precilla<br>Review Legal Document<br>print, review and file court order | 150.00 | 0.30 | $45.00 | Billable |
| **Total: Jan - Mar 2020** | | | 24.10 | | **$9,300.00** |
| **Date: Apr - Jun 2020** | | | | | |
| 5/6/2020 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Attention to email from expert on report status. | 600.00 | 0.30 | $180.00 | Billable |
| 5/6/2020 | BREWINGTON, Frederick K.<br>draft letter<br>Write email back to expert on report status. | 600.00 | 0.30 | $180.00 | Billable |
| 5/6/2020 | BREWINGTON, Frederick K.<br>draft letter<br>Draft email and send on decision to argue through Skype. | 600.00 | 0.40 | $240.00 | Billable |
| 5/18/2020 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review report and evaluate. | 600.00 | 0.40 | $240.00 | Billable |
| 5/18/2020 | BREWINGTON, Frederick K.<br>File Review<br>Review file for information and details. | 600.00 | 0.40 | $240.00 | Billable |

17

A-4283

**Law Offices of Frederick K. Brewington**

3:23 PM                     **Pre-Bill Worksheet**                     7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|---|---|---|---|---|---|
| 5/18/2020 | BREWINGTON, Frederick K.<br>draft letter<br>Draft email about report and content. | 600.00 | 0.60 | $360.00 | Billable |
| 5/18/2020 | BREWINGTON, Frederick K.<br>draft letter<br>Send email to Dr. Berrill with Rule 26 information. | 600.00 | 0.40 | $240.00 | Billable |
| 5/18/2020 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email for Skype argument. | 600.00 | 0.40 | $240.00 | Billable |
| 5/18/2020 | BREWINGTON, Frederick K.<br>draft letter<br>Send email to Skype technician for test. | 600.00 | 0.30 | $180.00 | Billable |
| 5/18/2020 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review notice from Court or Oral Argument. | 600.00 | 0.30 | $180.00 | Billable |
| 5/18/2020 | BREWINGTON, Frederick K.<br>draft letter<br>Respond to Court Notice for test of | 600.00 | 0.30 | $180.00 | Billable |
| 5/18/2020 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review response from Court. | 600.00 | 0.40 | $240.00 | Billable |
| 5/18/2020 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review and respond to email from District Attorney's office. | 600.00 | 0.40 | $240.00 | Billable |
| 5/18/2020 | BREWINGTON, Frederick K.<br>General<br>Discuss and moot on Oral Argument. | 600.00 | 0.40 | $240.00 | Billable |
| 5/18/2020 | BREWINGTON, Frederick K.<br>File Review<br>Review file and pull Documents needed to argue. | 600.00 | 0.50 | $300.00 | Billable |
| 5/18/2020 | BREWINGTON, Frederick K.<br>draft letter<br>Review and edit email with letter. | 600.00 | 0.40 | $240.00 | Billable |
| 5/18/2020 | BREWINGTON, Frederick K.<br>Preparation<br>Preparation on documents for argument. Review documents. | 600.00 | 0.80 | $480.00 | Billable |
| 5/18/2020 | BREWINGTON, Frederick K.<br>Preparation for Hearing<br>Preparation for oral argument before Second Department. | 600.00 | 4.50 | $2,700.00 | Billable |

A-4284

**Law Offices of Frederick K. Brewington**

3:23 PM                          **Pre-Bill Worksheet**                          7/18/2025

**PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL** - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|---------|------|------|------|------|
| 5/19/2020 | BREWINGTON, Frederick K.<br>Preparation for Hearing<br>Further review and preparation for argument. | 600.00 | 0.70 | $420.00 | Billable |
| 5/19/2020 | BREWINGTON, Frederick K.<br>Court Appearance for Hearing<br>oral Argument before Second Department. | 600.00 | 1.30 | $780.00 | Billable |
| 5/19/2020 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review of email and evaluate complete report. | 600.00 | 0.60 | $360.00 | Billable |
| 5/19/2020 | BREWINGTON, Frederick K.<br>draft letter<br>Send email to Dr. Berrill thanking him for report. | 600.00 | 0.30 | $180.00 | Billable |
| 5/19/2020 | BREWINGTON, Frederick K.<br>draft letter<br>Draft and send email about status of discovery and provide expert report. | 600.00 | 0.40 | $240.00 | Billable |
| 5/19/2020 | HARRIS-MARCHESI, Cathryn<br>Email to Adversary<br>Reviewed email from F. K. Brewington to opposing counsel regarding expert. | 350.00 | 0.30 | $105.00 | Billable |
| 5/21/2020 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email from Defense Counsel Rogers. | 600.00 | 0.30 | $180.00 | Billable |
| 5/21/2020 | BREWINGTON, Frederick K.<br>draft letter<br>Go into electronic file and send copy of letter to Ms. Roger. | 600.00 | 0.40 | $240.00 | Billable |
| 6/11/2020 | BREWINGTON, Frederick K.<br>draft letter<br>Email to Jonathan about decision. | 600.00 | 0.30 | $180.00 | Billable |
| 6/20/2020 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Correspondence Review of email from clients mother on appeal. | 600.00 | 0.30 | $180.00 | Billable |
| 6/20/2020 | BREWINGTON, Frederick K.<br>draft letter<br>Respond to email from clients mother on appeal. | 600.00 | 0.30 | $180.00 | Billable |
| 6/22/2020 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email from Assistant District Attorney Perry about conference. | 600.00 | 0.30 | $180.00 | Billable |
| 6/22/2020 | BREWINGTON, Frederick K.<br>draft letter<br>Send email to Court about conference. | 600.00 | 0.30 | $180.00 | Billable |

A-4285

## Law Offices of Frederick K. Brewington

3:23 PM                            **Pre-Bill Worksheet**                            7/18/2025

### PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate / Markup % | Hours DNB Time | Amount DNB Amt | Total |
|------|-------------------|-----------------|----------------|----------------|-------|
| 6/22/2020 | BREWINGTON, Frederick K. Correspondence Review review email from Ms. Doldato. | 600.00 | 0.30 | $180.00 | Billable |
| 6/22/2020 | BREWINGTON, Frederick K. draft letter Send emails to Ms. Doldato and client. | 600.00 | 0.40 | $240.00 | Billable |
| 6/22/2020 | BREWINGTON, Frederick K. Correspondence Review Review further emails about conference with Court. | 600.00 | 0.30 | $180.00 | Billable |
| 6/22/2020 | BREWINGTON, Frederick K. Correspondence Review Correspondence Review of further emails about conference with Court. | 600.00 | 0.30 | $180.00 | Billable |
| 6/22/2020 | BREWINGTON, Frederick K. draft letter Respond back to Court about meeting only counsel. | 600.00 | 0.30 | $180.00 | Billable |
| 6/23/2020 | HARRIS-MARCHESI, Cathryn Telephone w/ co-counsel Telephone conversation from R. Walker regarding Dr.Berrill email questions. | 350.00 | 0.40 | $140.00 | Billable |
| 6/23/2020 | BREWINGTON, Frederick K. Correspondence Review Correspondence Review of information about conference. | 600.00 | 0.20 | $120.00 | Billable |
| 6/23/2020 | BREWINGTON, Frederick K. draft letter Draft email about court conference. | 600.00 | 0.30 | $180.00 | Billable |
| 6/24/2020 | BREWINGTON, Frederick K. draft letter Send updated expert testimonies to Defense. | 600.00 | 0.30 | $180.00 | Billable |
| **Total: Apr - Jun 2020** | | | 20.10 | | $11,885.00 |
| **Date: Jul - Sep 2020** | | | | | |
| 7/7/2020 | BREWINGTON, Frederick K. Correspondence Review Recieve and begin review of leave letter. | 600.00 | 0.40 | $240.00 | Billable |
| 7/8/2020 | BREWINGTON, Frederick K. Draft Legal Document Review and edit leave Application. | 600.00 | 1.30 | $780.00 | Billable |
| 7/8/2020 | BREWINGTON, Frederick K. Final Legal Document Finalize and send Pfail leave application to Co-Counsel. | 600.00 | 0.50 | $300.00 | Billable |

A-4286

## Law Offices of Frederick K. Brewington

**Pre-Bill Worksheet**                                                    7/18/2025

3:23 PM

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total Billable |
|------|-----------------|---------------|----------------|----------------|----------------|
| 7/8/2020 | BREWINGTON, Frederick K. General Follow up on leave application and discuss strategy. | 600.00 | 0.40 | $240.00 | Billable |
| 8/25/2020 | LOCKETT, Precilla Draft Email Email to County Attorney's office to confirm deposition of Defendant Massaro. | 150.00 | 0.30 | $45.00 | Billable |
| 8/26/2020 | BREWINGTON, Frederick K. EBT, Prepare for Preparation to take deposition of Massaro. | 600.00 | 1.80 | $1,080.00 | Billable |
| 8/26/2020 | BREWINGTON, Frederick K. File Review Review file for documents. | 600.00 | 0.40 | $240.00 | Billable |
| 8/26/2020 | LOCKETT, Precilla Draft Email Email to and from Rich Moffett confirming the deposition the deposition of Massaro. | 150.00 | 0.30 | $45.00 | Billable |
| 8/27/2020 | BREWINGTON, Frederick K. EBT, Prepare for Further preparation for deposition of Defense Massero. | 600.00 | 1.70 | $1,020.00 | Billable |
| 8/27/2020 | BREWINGTON, Frederick K. EBT, Conduct Conduct Deposition of Defense Massero. | 600.00 | 5.30 | $3,180.00 | Billable |
| 8/27/2020 | MANUEL, A. Shamel D Deposition Deposition of Officer Massaro. | 300.00 | 4.50 | $1,350.00 | Billable |
| 8/27/2020 | MANUEL, A. Shamel D EBT, Prepare for Review of Exhibits to be used in Deposiiton. | 300.00 | 0.30 | $90.00 | Billable |
| 9/1/2020 | LOCKETT, Precilla Final Letter Prepare letter to Court to remove C. Harris-Marchesi from this matter, as she is no longer with this firm. | 150.00 | 0.40 | $60.00 | Billable |
| 9/28/2020 | LOCKETT, Precilla Review Email Review email. Prepare supplemental document demand. | 150.00 | 0.90 | $135.00 | Billable |
| 9/29/2020 | LOCKETT, Precilla Final Legal Document Prepare supplemental document demand. | 150.00 | 0.50 | $75.00 | Billable |
| | | | 19.00 | $8,880.00 | |

Total: Jul - Sep 2020

21

A-4287

## Law Offices of Frederick K. Brewington

| 3:23 PM | **Pre-Bill Worksheet** | 7/18/2025 |
|---|---|---|

PFAIL, BRIAN J. County of Nass: BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate / Markup % | Hours / DNB Time | | Amount / DNB Amt | Total |
|---|---|---|---|---|---|---|
| **Date: Oct - Dec 2020** | | | | | | |
| 10/8/2020 | BREWINGTON, Frederick K. / Tele. w/ Adversary / Telephone call from Ms. Rogers on discovery with O'Brien office. | 600.00 | | 0.40 | $240.00 | Billable |
| 10/13/2020 | BREWINGTON, Frederick K. / Tele. w/ Adversary / Telephone call with opposing counsel, Mr. Fisher | 600.00 | | 0.40 | $240.00 | Billable |
| 10/13/2020 | LOCKETT, Precilla / Review Files / Review case file for trial transcripts and email to Mr. Pfail. | 150.00 | | 2.00 | $300.00 | Billable |
| 10/16/2020 | LOCKETT, Precilla / Review / Print, review, schedule, and file court orders. | 150.00 | | 0.40 | $60.00 | Billable |
| 11/2/2020 | MANUEL, A. Shamel D / Correspondence Review / Review correspondence from Andrew Preston regarding deposition exhibits. | 300.00 | | 0.20 | $60.00 | Billable |
| 11/2/2020 | MANUEL, A. Shamel D / Correspondence Review / Review correspondence from Andrew Preston regarding deposition exhibits. | 300.00 | | 0.20 | $60.00 | Billable |
| **Total: Oct - Dec 2020** | | | 3.60 | | | **$960.00** |
| **Date: Jan - Mar 2021** | | | | | | |
| 1/12/2021 | MANUEL, A. Shamel D / Correspondence Review / Review correspondence from court regarding case reassignment and status conference. | 300.00 | | 0.20 | $60.00 | Billable |
| **Total: Jan - Mar 2021** | | | 0.20 | | | **$60.00** |
| **Date: Apr - Jun 2021** | | | | | | |
| 6/15/2021 | LOCKETT, Precilla / Email to Adversary / Email to defense counsel inquiring the availability of Officer O'Brien for her deposition. | 150.00 | | 0.30 | $45.00 | Billable |
| **Total: Apr - Jun 2021** | | | 0.30 | | | **$45.00** |
| **Date: Jul - Sep 2021** | | | | | | |
| 8/31/2021 | LOCKETT, Precilla / Bond Fee / Prepare Notice of Appearance for M. Dyson | 150.00 | | 0.30 | $45.00 | Billable |
| 8/31/2021 | VAN OMMEREN, Lavern / Draft Legal Document / Draft HIPAA Authorizations for adversary to send to client for signature. | 100.00 | | 0.30 | $30.00 | Billable |

A-4288

## Law Offices of Frederick K. Brewington

3:23 PM                                   Pre-Bill Worksheet                                   7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|---|---|---|---|---|---|
| 8/31/2021 | VAN OMMEREN, Lavern<br>draft letter<br>Draft letter to  client to send with HIPAA authorizations for client signature. | 100.00 | 0.30 | $30.00 | Billable |
| 8/31/2021 | VAN OMMEREN, Lavern<br>Preparation<br>Prepared client  letter for mailing: photocopied, scanned into client file and updated mail log and deposited for mailing. | 100.00 | 0.30 | $30.00 | Billable |
| 9/1/2021 | LOCKETT, Precilla<br>Electronic Filing to Courts<br>File Notice of Appearance with the Court | 150.00 | 0.20 | $30.00 | Billable |
| **Total: Jul - Sep 2021** | | | **1.40** | | **$165.00** |
| **Date: Oct - Dec 2021** | | | | | |
| 12/29/2021 | BREWINGTON, Frederick K.<br>Tele. w/ Adversary<br>Telephone call with Lora Ben-Sorek on settlement and discovery | 600.00 | 0.40 | $240.00 | Billable |
| 12/29/2021 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email from Ms. Ben-Sorek regarding issue of expert report | 600.00 | 0.40 | $240.00 | Billable |
| 12/29/2021 | BREWINGTON, Frederick K.<br>File Review<br>Review file and emails for service of report | 600.00 | 0.70 | $420.00 | Billable |
| 12/29/2021 | BREWINGTON, Frederick K.<br>draft letter<br>Draft email to Ms. Ben-Sorek with documents and proof of service | 600.00 | 0.70 | $420.00 | Billable |
| 12/29/2021 | BREWINGTON, Frederick K.<br>draft letter<br>Further forward of previous email with report | 600.00 | 0.40 | $240.00 | Billable |
| 12/30/2021 | POWELL, Cobia<br>Meeting<br>Meeting with Mr. Brewington about Settlement Numbers in Mr. Pfail's case | 250.00 | 0.25 | $62.50 | Billable |
| 12/30/2021 | BREWINGTON, Frederick K.<br>General<br>Discuss with staff settlement and related issues | 600.00 | 0.40 | $240.00 | Billable |
| 12/30/2021 | BREWINGTON, Frederick K.<br>draft letter<br>Draft settlement email to Ms. Ben-Sorek | 600.00 | 0.40 | $240.00 | Billable |
| 12/30/2021 | BREWINGTON, Frederick K.<br>Legal Research<br>Further research on verdicts and settlements | 600.00 | 0.70 | $420.00 | Billable |

A-4289

## Law Offices of Frederick K. Brewington

### Pre-Bill Worksheet

7/18/2025

3:23 PM

### PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total Billable |
|---|---|---|---|---|---|
| | | | 600.00 | 0.60 | $360.00 |
| 12/30/2021 | BREWINGTON, Frederick K. Final Letter Further rework and finalize email on settlement | | | | |
| | | | | 4.95 | $2,882.50 |

Total: Oct - Dec 2021

Date: Jan - Mar 2022

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total Billable |
|---|---|---|---|---|---|
| 1/3/2022 | BREWINGTON, Frederick K. draft letter Draft an email to Probation with waiver | | 600.00 | 0.40 | $240.00 | Billable |
| 1/3/2022 | BREWINGTON, Frederick K. Final Letter Finalize scan and send waiver request to Probation | | 600.00 | 0.40 | $240.00 | Billable |
| 2/10/2022 | BREWINGTON, Frederick K. draft letter Draft email to parties about meeting | | 600.00 | 0.30 | $180.00 | Billable |
| 2/11/2022 | BREWINGTON, Frederick K. Correspondence Review Review email from Mr. Michellin regarding adjournment | | 600.00 | 0.30 | $180.00 | Billable |
| 2/11/2022 | BREWINGTON, Frederick K. Correspondence Review Review emails from defense counsel regarding meeting | | 600.00 | 0.30 | $180.00 | Billable |
| 2/11/2022 | BREWINGTON, Frederick K. draft letter Draft email to defense counsel to set conference | | 600.00 | 0.30 | $180.00 | Billable |
| 2/14/2022 | BREWINGTON, Frederick K. Draft Legal Document Further draft of letter to court | | 600.00 | 0.60 | $360.00 | Billable |
| 2/14/2022 | SWANSON, Dennis Draft Legal Document Edited F.K. Brewington letter to court. | | 200.00 | 2.10 | $420.00 | Billable |
| 2/15/2022 | BREWINGTON, Frederick K. draft letter Edit and revise letter to court | | 600.00 | 0.60 | $360.00 | Billable |
| 2/15/2022 | BREWINGTON, Frederick K. Tele. to Client Telephone with client to prepare for conference | | 600.00 | 0.40 | $240.00 | Billable |
| 2/15/2022 | BREWINGTON, Frederick K. draft letter Draft and consider language for letter | | 600.00 | 0.40 | $240.00 | Billable |

24

A-4290

## Law Offices of Frederick K. Brewington

Pre-Bill Worksheet

7/18/2025

3:23 PM

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total Billable |
|------|-------------------|---------------|----------------|----------------|----------------|
| 2/15/2022 | BREWINGTON, Frederick K.<br>Final Letter<br>Finalize letter of opposition to court | 600.00 | 0.30 | $180.00 | Billable |
| 2/15/2022 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review court order from judge | 600.00 | 0.30 | $180.00 | Billable |
| 2/15/2022 | BREWINGTON, Frederick K.<br>draft letter<br>Draft email to client with call in information | 600.00 | 0.40 | $240.00 | Billable |
| 2/15/2022 | SWANSON, Dennis<br>Draft Legal Document<br>Continued editing letter to court. | 200.00 | 2.50 | $500.00 | Billable |
| 2/15/2022 | SWANSON, Dennis<br>Final Legal Document<br>Finalized letter to court. | 200.00 | 0.90 | $180.00 | Billable |
| 2/16/2022 | BREWINGTON, Frederick K.<br>File Review<br>Review file in preparation for conference | 600.00 | 0.40 | $240.00 | Billable |
| 2/16/2022 | BREWINGTON, Frederick K.<br>Court Appearance<br>Court conference with Judge Pollack | 600.00 | 0.60 | $360.00 | Billable |
| 2/16/2022 | BREWINGTON, Frederick K.<br>Tele. to Client<br>Telephone call to client to debrief | 600.00 | 0.60 | $360.00 | Billable |
| 2/17/2022 | BREWINGTON, Frederick K.<br>Tele. w/ Adversary<br>Telephone call to Ms. Ben-Sorek about process | 600.00 | 0.20 | $120.00 | Billable |
| 3/16/2022 | BREWINGTON, Frederick K.<br>Preparation for Hearing<br>Preparation for settlement hearing with Judge Pollack | 600.00 | 0.50 | $300.00 | Billable |
| 3/16/2022 | BREWINGTON, Frederick K.<br>Court Appearance<br>Court Appearance with client on phone for settlement conference | 600.00 | 1.80 | $1,080.00 | Billable |
| 3/16/2022 | BREWINGTON, Frederick K.<br>Conference with client<br>Conference with client to debrief | 600.00 | 0.40 | $240.00 | Billable |
| | | | 15.00 | $6,800.00 | |

Total: Jan - Mar 2022

25

A-4291

## Law Offices of Frederick K. Brewington

3:23 PM                                Pre-Bill Worksheet                                7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | | Amount<br>DNB Amt | Total |
|------|--------------------|------------------|-------------------|---|-------------------|-------|
| **Date: Apr - Jun 2022** | | | | | | |
| 4/25/2022 | BREWINGTON, Frederick K.<br>Tele. Frm. Client<br>Telephone call from client about status | 600.00 | 0.30 | | $180.00 | Billable |
| 4/25/2022 | BREWINGTON, Frederick K.<br>General<br>Discuss defendants request to adjourn conference with. | 600.00 | 0.30 | | $180.00 | Billable |
| 6/15/2022 | BREWINGTON, Frederick K.<br>Preparation for Hearing<br>Preparation for Settlement Hearing | 600.00 | 0.30 | | $180.00 | Billable |
| 6/16/2022 | BREWINGTON, Frederick K.<br>Settlement Negotiations<br>Settlement Negotiation conference with Judge Pollock | 600.00 | 1.10 | | $660.00 | Billable |
| 6/17/2022 | BREWINGTON, Frederick K.<br>Tele. w/ Adversary<br>Telephone with Ms. Ben Sorekk 2x - Re: Settlement | 600.00 | 0.70 | | $420.00 | Billable |
| 6/23/2022 | BREWINGTON, Frederick K.<br>Tele. w/ Adversary<br>Telephone call with Ms. Ben Sorek | 600.00 | 0.30 | | $180.00 | Billable |
| **Total: Apr - Jun 2022** | | | 3.00 | | | $1,800.00 |
| **Date: Jul - Sep 2022** | | | | | | |
| 7/1/2022 | BREWINGTON, Frederick K.<br>Tele. w/ Adversary<br>Call with Ms. Ben-Sorek re: settlement | 600.00 | 0.30 | | $180.00 | Billable |
| 7/7/2022 | MANUEL, A. Shamel D<br>Correspondence Review<br>Analyze correspondence from court re: defendant's motion for extention of expert discovery | 300.00 | 0.40 | | $120.00 | Billable |
| 7/7/2022 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review defendants motion to reopen discovery | 600.00 | 0.80 | | $480.00 | Billable |
| 7/7/2022 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review motion to open discovery | 600.00 | 0.50 | | $300.00 | Billable |
| 7/8/2022 | BREWINGTON, Frederick K.<br>draft letter<br>Send text to Ms. Ben-Sorek re: motion | 600.00 | 0.30 | | $180.00 | Billable |
| 8/5/2022 | BREWINGTON, Frederick K.<br>Legal Research<br>Legal Research & pull documents on expert | 600.00 | 0.70 | | $420.00 | Billable |

26

A-4292

**Law Offices of Frederick K. Brewington**

3:23 PM                                **Pre-Bill Worksheet**                                7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 8/5/2022 | BREWINGTON, Frederick K.<br>File Review<br>Review file & pull info on court orders | 600.00 | 0.40 | $240.00 | Billable |
| 8/5/2022 | BREWINGTON, Frederick K.<br>Draft Legal Document<br>Draft opposition to defendants Memorandum of Law(MOL) & issues | 600.00 | 3.60 | $2,160.00 | Billable |
| 8/5/2022 | BREWINGTON, Frederick K.<br>Final Legal Document<br>Further draft & finalize brief | 600.00 | 3.00 | $1,800.00 | Billable |
| 8/19/2022 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email from defense counsel on time | 600.00 | 0.20 | $120.00 | Billable |
| 8/19/2022 | BREWINGTON, Frederick K.<br>draft letter<br>Respond to defense counsel on more time | 600.00 | 0.20 | $120.00 | Billable |
| **Total: Jul - Sep 2022** | | | **10.40** | | **$6,120.00** |
| **Date: Oct - Dec 2022** | | | | | |
| 10/26/2022 | POWELL, Cobia<br>Review Files<br>Reviewing files | 250.00 | 0.10 | $25.00 | Billable |
| **Total: Oct - Dec 2022** | | | **0.10** | | **$25.00** |
| **Date: Jan - Mar 2023** | | | | | |
| 1/2/2023 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review decision on expert IME | 600.00 | 0.30 | $180.00 | Billable |
| 1/2/2023 | BREWINGTON, Frederick K.<br>draft letter<br>Send email to advise client | 600.00 | 0.30 | $180.00 | Billable |
| 1/6/2023 | POWELL, Cobia<br>Meeting<br>Meeting with Lavern VanOmmeren on case | 250.00 | 0.10 | $25.00 | Billable |
| 3/6/2023 | BREWINGTON, Frederick K.<br>Tele. w/ Adversary<br>Telephone with Ms. Sachtwell on Independent Medical Evaluation | 600.00 | 0.30 | $180.00 | Billable |
| 3/17/2023 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review defendants letter to court | 600.00 | 0.40 | $240.00 | Billable |

A-4293

## Law Offices of Frederick K. Brewington

3:23 PM                         **Pre-Bill Worksheet**                         7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|---|---|---|---|---|---|
| 3/17/2023 | BREWINGTON, Frederick K.<br>Legal Research<br>Research on failure to do expert discovery | 600.00 | 0.80 | $480.00 | Billable |
| 3/17/2023 | BREWINGTON, Frederick K.<br>draft letter<br>Draft letter in opposition to request | 600.00 | 0.70 | $420.00 | Billable |
| 3/17/2023 | BREWINGTON, Frederick K.<br>Final Letter<br>Finalize letter in opposition for extension | 600.00 | 0.50 | $300.00 | Billable |
| **Total: Jan - Mar 2023** | | | 3.40 | | **$2,005.00** |
| **Date: Apr - Jun 2023** | | | | | |
| 4/5/2023 | BREWINGTON, Frederick K.<br>Tele. w/ Adversary<br>Telephone call with opposing counsel. Re: discovery | 600.00 | 0.30 | $180.00 | Billable |
| 4/5/2023 | BREWINGTON, Frederick K.<br>draft letter<br>Draft,edit letter to court | 600.00 | 0.30 | $180.00 | Billable |
| 4/6/2023 | BREWINGTON, Frederick K.<br>draft letter<br>Review message & info from client | 600.00 | 0.30 | $180.00 | Billable |
| 4/6/2023 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Respond to clients request | 600.00 | 0.30 | $180.00 | Billable |
| 4/6/2023 | BREWINGTON, Frederick K.<br>draft letter<br>Draft email to client | 600.00 | 0.30 | $180.00 | Billable |
| 4/6/2023 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review clients response | 600.00 | 0.30 | $180.00 | Billable |
| 5/10/2023 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Email from defendants | 600.00 | 0.20 | $120.00 | Billable |
| 5/10/2023 | BREWINGTON, Frederick K.<br>File Review<br>Review file & search for documents | 600.00 | 0.50 | $300.00 | Billable |
| 5/10/2023 | BREWINGTON, Frederick K.<br>draft letter<br>Send email to Dr. Berrill re: records | 600.00 | 0.30 | $180.00 | Billable |

28

A-4294

**Law Offices of Frederick K. Brewington**

3:23 PM                                **Pre-Bill Worksheet**                                7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|---|---|---|---|---|---|
| 6/7/2023 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email from client | 600.00 | 0.40 | $240.00 | Billable |
| 6/7/2023 | BREWINGTON, Frederick K.<br>draft letter<br>Draft email to client | 600.00 | 0.30 | $180.00 | Billable |
| 6/7/2023 | BREWINGTON, Frederick K.<br>draft letter<br>Draft email to defense counsel | 600.00 | 0.30 | $180.00 | Billable |
| 6/7/2023 | BREWINGTON, Frederick K.<br>File Review<br>Review file for authorizations | 600.00 | 0.40 | $240.00 | Billable |
| 6/13/2023 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email from client | 600.00 | 0.30 | $180.00 | Billable |
| 6/13/2023 | BREWINGTON, Frederick K.<br>draft letter<br>Draft email back to client | 600.00 | 0.30 | $180.00 | Billable |
| 6/13/2023 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review info sent by client | 600.00 | 0.30 | $180.00 | Billable |
| 6/13/2023 | BREWINGTON, Frederick K.<br>draft letter<br>Respond back to client | 600.00 | 0.30 | $180.00 | Billable |
| 6/14/2023 | VAN OMMEREN, Lavern<br>File Review<br>Searched all medical files for email from Dr.Kacila | 100.00 | 2.10 | $210.00 | Billable |
| 6/14/2023 | VAN OMMEREN, Lavern<br>Draft Legal Document<br>Draft/finalized HIPAA authorizations for Long Island Jewish Zucker hospital | 100.00 | 0.40 | $40.00 | Billable |
| 6/14/2023 | VAN OMMEREN, Lavern<br>General<br>Draft fax cover sheet & faxed copy of authorizations to Zucker hospital | 100.00 | 0.30 | $30.00 | Billable |
| 6/15/2023 | BREWINGTON, Frederick K.<br>Tele. Frm. Client<br>Telephone call from client. R: concerns | 600.00 | 0.40 | $240.00 | Billable |
| 6/15/2023 | BREWINGTON, Frederick K.<br>File Review<br>Review file to respond about records | 600.00 | 0.40 | $240.00 | Billable |

29

**A-4295**

## Law Offices of Frederick K. Brewington

3:23 PM                                     **Pre-Bill Worksheet**                                     7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|------|-------------------|---------------|----------------|----------------|-------|
| 6/22/2023 | VAN OMMEREN, Lavern<br>Review Email<br>Review email from MRO re: invoice | 100.00 | 0.10 | $10.00 | Billable |
| 6/22/2023 | VAN OMMEREN, Lavern<br>Final Legal Document<br>Finalize check request for payment of invoice | 100.00 | 0.20 | $20.00 | Billable |
| 6/22/2023 | VAN OMMEREN, Lavern<br>Tele. w/ Expert<br>Telephone call to MRO for payment & request expedition of records | 100.00 | 0.30 | $30.00 | Billable |
| 6/22/2023 | VAN OMMEREN, Lavern<br>Review Email<br>Review email document/ medical records from MRO | 100.00 | 0.20 | $20.00 | Billable |
| 6/22/2023 | VAN OMMEREN, Lavern<br>Final Legal Document<br>Print & scanned & uploaded medical records into client files | 100.00 | 0.20 | $20.00 | Billable |
| 6/22/2023 | VAN OMMEREN, Lavern<br>Draft Email<br>Emailed copy of medical records to Dr. Berrill | 100.00 | 0.20 | $20.00 | Billable |
| 6/26/2023 | BREWINGTON, Frederick K.<br>draft letter<br>Send email to defense with copy of record | 600.00 | 0.30 | $180.00 | Billable |
| 6/26/2023 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review emails from Ms. Statchwell & Dorfman | 600.00 | 0.30 | $180.00 | Billable |
| 6/26/2023 | BREWINGTON, Frederick K.<br>draft letter<br>Send email to defense about their requests | 600.00 | 0.40 | $240.00 | Billable |
| 6/27/2023 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email from client | 600.00 | 0.30 | $180.00 | Billable |
| 6/27/2023 | BREWINGTON, Frederick K.<br>Tele. to Client<br>Telephone call to client to help | 600.00 | 0.40 | $240.00 | Billable |
| 6/27/2023 | BREWINGTON, Frederick K.<br>File Review<br>Review documents in file | 600.00 | 0.40 | $240.00 | Billable |
| 6/27/2023 | VAN OMMEREN, Lavern<br>Review Email<br>Review emails from Dr. Berrill's collateral sources | 100.00 | 0.20 | $20.00 | Billable |

A-4296

## Law Offices of Frederick K. Brewington

3:23 PM                          **Pre-Bill Worksheet**                          7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|------|------|------|------|------|
| 6/27/2023 | VAN OMMEREN, Lavern<br>Research, Other<br>Research & confirmation of all documents mentioned in DrBerrill's report | 100.00 | 0.70 | $70.00 | Billable |
| **Total: Apr - Jun 2023** | | | 13.20 | | **$5,470.00** |
| **Date: Jul - Sep 2023** | | | | | |
| 7/12/2023 | BREWINGTON, Frederick K.<br>Tele. Frm. Client<br>Telephone call from client about Brooklyn | 600.00 | 0.40 | $240.00 | Billable |
| 7/12/2023 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email from client about Brooklyn | 600.00 | 0.40 | $240.00 | Billable |
| 7/12/2023 | BREWINGTON, Frederick K.<br>draft letter<br>Draft &send email to client venue | 600.00 | 0.40 | $240.00 | Billable |
| 9/25/2023 | BREWINGTON, Frederick K.<br>Telephone call to Court<br>Telephone call to courtabout status letter | 600.00 | 0.20 | $120.00 | Billable |
| 9/25/2023 | BREWINGTON, Frederick K.<br>draft letter<br>Draft letter to court | 600.00 | 0.40 | $240.00 | Billable |
| 9/25/2023 | BREWINGTON, Frederick K.<br>Tele. w/ Adversary<br>Telephone call with opposing counsel. Left message | 600.00 | 0.20 | $120.00 | Billable |
| 9/25/2023 | BREWINGTON, Frederick K.<br>draft letter<br>Draft email to defendants with draft letter | 600.00 | 0.30 | $180.00 | Billable |
| 9/25/2023 | BREWINGTON, Frederick K.<br>draft letter<br>Send follow up email | 600.00 | 0.20 | $120.00 | Billable |
| 9/25/2023 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email from Mr.Dorfman | 600.00 | 0.20 | $120.00 | Billable |
| 9/25/2023 | BREWINGTON, Frederick K.<br>draft letter<br>Send follow up email to Mr.Dorfman | 600.00 | 0.20 | $120.00 | Billable |
| 9/25/2023 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review emails with defendants section | 600.00 | 0.30 | $180.00 | Billable |

31

A-4297

## Law Offices of Frederick K. Brewington

3:23 PM                          **Pre-Bill Worksheet**                          7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|------|------|------|------|------|
| 9/25/2023 | BREWINGTON, Frederick K.<br>draft letter<br>Redraft letter to court with parties position | 600.00 | 0.40 | $240.00 | Billable |
| **Total: Jul - Sep 2023** | | | 3.60 | | $2,160.00 |
| **Date: Oct - Dec 2023** | | | | | |
| 11/8/2023 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review order from court | 600.00 | 0.40 | $240.00 | Billable |
| 11/8/2023 | BREWINGTON, Frederick K.<br>draft letter<br>Email to client about court order | 600.00 | 0.30 | $180.00 | Billable |
| 11/8/2023 | BREWINGTON, Frederick K.<br>Tele. to Client<br>Call to client to explain order | 600.00 | 0.40 | $240.00 | Billable |
| 11/17/2023 | BREWINGTON, Frederick K.<br>File Review<br>Review file & review court orders & status | 600.00 | 0.40 | $240.00 | Billable |
| 11/17/2023 | BREWINGTON, Frederick K.<br>draft letter<br>Draft letter to court on status | 600.00 | 0.40 | $240.00 | Billable |
| 11/17/2023 | BREWINGTON, Frederick K.<br>draft letter<br>Draft & send email to defendants about status letter | 600.00 | 0.30 | $180.00 | Billable |
| 11/17/2023 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email from defendants about discovery | 600.00 | 0.30 | $180.00 | Billable |
| 11/17/2023 | BREWINGTON, Frederick K.<br>draft letter<br>Send email with further draft to defendants | 600.00 | 0.40 | $240.00 | Billable |
| 11/17/2023 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email with request from defense counsel | 600.00 | 0.40 | $240.00 | Billable |
| 11/17/2023 | BREWINGTON, Frederick K.<br>draft letter<br>Further draft of letter to court | 600.00 | 0.30 | $180.00 | Billable |
| 11/17/2023 | BREWINGTON, Frederick K.<br>Final Letter<br>Finalize letter with defendants input | 600.00 | 0.40 | $240.00 | Billable |

A-4298

## Law Offices of Frederick K. Brewington

**Pre-Bill Worksheet**

3:23 PM

7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total Billable |
|------|------|------|------|------|------|
| 11/17/2023 | BREWINGTON, Frederick K. draft letter — Send final draft to defendants | 600.00 | 0.30 | $180.00 | Billable |
| 11/17/2023 | BREWINGTON, Frederick K. Final Letter — Finalize letter to court | 600.00 | 0.30 | $180.00 | Billable |
| 12/11/2023 | BREWINGTON, Frederick K. draft letter — Send text to clients motion | 600.00 | 0.30 | $180.00 | Billable |
| 12/11/2023 | BREWINGTON, Frederick K. draft letter — Send text back to Brian | 600.00 | 0.30 | $180.00 | Billable |
| 12/11/2023 | BREWINGTON, Frederick K. Correspondence Review — Review disturbing text from client | 600.00 | 0.30 | $180.00 | Billable |
| 12/21/2023 | BREWINGTON, Frederick K. Correspondence Review — Review medical records for expert information | 600.00 | 0.50 | $300.00 | Billable |
| 12/21/2023 | BREWINGTON, Frederick K. Draft Legal Document — Edit & revise Joint Pre-Trial Order (PTO) draft | 600.00 | 0.70 | $420.00 | Billable |
| | | | 6.70 | | $4,020.00 |

Total: Oct - Dec 2023

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total Billable |
|------|------|------|------|------|------|
| **Date: Jan - Mar 2024** | | | | | |
| 2/11/2024 | POWELL, Cobia draft letter — Draft Letter | 250.00 | 0.20 | $50.00 | Billable |
| 2/11/2024 | POWELL, Cobia Email to Adversary — Email to Defendants | 250.00 | 0.10 | $25.00 | Billable |
| | | | 0.30 | | $75.00 |

Total: Jan - Mar 2024

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total Billable |
|------|------|------|------|------|------|
| **Date: Apr - Jun 2024** | | | | | |
| 4/2/2024 | POWELL, Cobia Meeting — Meeting with P. Lockett | 250.00 | 0.10 | $25.00 | Billable |
| 4/2/2024 | POWELL, Cobia Meeting — Meeting with P. Lockett | 250.00 | 0.10 | $25.00 | Billable |

A-4299

Case 2:16-cv-00518-NRM-PCG    Document 163-2    Filed 07/23/25    Page 35 of 82 PageID #: 2345

**Law Offices of Frederick K. Brewington**

3:23 PM                          **Pre-Bill Worksheet**                   7/18/2025

PFAIL, BRIAN J. County of Nass: BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|-----|---------|----------|---------|-------|
| 4/2/2024 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email from Nassau | 600.00 | 0.20 | $120.00 | Billable |
| 4/2/2024 | BREWINGTON, Frederick K.<br>File Review<br>Review file for responses to defendants | 600.00 | 0.60 | $360.00 | Billable |
| 4/2/2024 | BREWINGTON, Frederick K.<br>draft letter<br>Draft email to defendants | 600.00 | 0.40 | $240.00 | Billable |
| 5/2/2024 | POWELL, Cobia<br>Email to Adversary<br>Email to Defendants | 250.00 | 0.10 | $25.00 | Billable |
| 6/20/2024 | BREWINGTON, Frederick K.<br>Conference with client<br>Meet with client | 600.00 | 1.00 | $600.00 | Billable |
| **Total: Apr - Jun 2024** | | | 2.50 | | **$1,395.00** |
| **Date: Jul - Sep 2024** | | | | | |
| 8/1/2024 | BREWINGTON, Frederick K.<br>Travel<br>Travel to Brooklyn court | 600.00 | 1.40 | $840.00 | Billable |
| 8/1/2024 | BREWINGTON, Frederick K.<br>Court Appearance<br>Conference with court | 600.00 | 1.00 | $600.00 | Billable |
| **Total: Jul - Sep 2024** | | | 2.40 | | **$1,440.00** |
| **Date: Oct - Dec 2024** | | | | | |
| 10/16/2024 | POWELL, Cobia<br>Email to Adversary<br>Email to Defendants | 250.00 | 0.10 | $25.00 | Billable |
| 10/16/2024 | POWELL, Cobia<br>Email to Adversary<br>Email to Defendants | 250.00 | 0.10 | $25.00 | Billable |
| 11/8/2024 | POWELL, Cobia<br>General<br>Email to Dr. Berrill | 250.00 | 0.10 | $25.00 | Billable |
| 11/8/2024 | POWELL, Cobia<br>General<br>Email to Dr. Berrill | 250.00 | 0.10 | $25.00 | Billable |

A-4300

**Law Offices of Frederick K. Brewington**

3:23 PM                              **Pre-Bill Worksheet**                              7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|------|-------------------|--------------:|---------------:|---------------:|-------|
| 11/26/2024 | POWELL, Cobia<br>Email to Adversary<br>Email to Ali | 250.00 | 0.10 | $25.00 | Billable |
| 11/27/2024 | POWELL, Cobia<br>Tele. to Client<br>Call with Mr. Pfail | 250.00 | 0.10 | $25.00 | Billable |
| 11/27/2024 | POWELL, Cobia<br>General<br>Call with Dr. Berrill (No Answer) | 250.00 | 0.10 | $25.00 | Billable |
| 11/27/2024 | POWELL, Cobia<br>General<br>Email to Dr. Berrill | 250.00 | 0.10 | $25.00 | Billable |
| 11/27/2024 | POWELL, Cobia<br>Email to Adversary<br>Email to Defendants | 250.00 | 0.10 | $25.00 | Billable |
| 12/6/2024 | POWELL, Cobia<br>General<br>Email to Dr. Berrill | 250.00 | 0.10 | $25.00 | Billable |
| 12/6/2024 | POWELL, Cobia<br>Email to Adversary<br>Email to Defendants | 250.00 | 0.10 | $25.00 | Billable |
| 12/9/2024 | POWELL, Cobia<br>Email to Adversary<br>Email to Defendants | 250.00 | 0.10 | $25.00 | Billable |
| 12/10/2024 | POWELL, Cobia<br>General<br>Expert Disclosures | 250.00 | 0.70 | $175.00 | Billable |
| 12/10/2024 | POWELL, Cobia<br>Email to Adversary<br>Email to Defendants | 250.00 | 0.10 | $25.00 | Billable |
| 12/10/2024 | POWELL, Cobia<br>General<br>Email to Dr. Berrill | 250.00 | 0.10 | $25.00 | Billable |
| 12/10/2024 | POWELL, Cobia<br>Email to Adversary<br>Email to Defendants | 250.00 | 0.10 | $25.00 | Billable |
| 12/11/2024 | POWELL, Cobia<br>Meeting<br>Meeting with Mr. Brewington on matter | 250.00 | 0.10 | $25.00 | Billable |

A-4301

## Law Offices of Frederick K. Brewington

| 3:23 PM | **Pre-Bill Worksheet** | 7/18/2025 |

### PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 12/11/2024 | POWELL, Cobia<br>Email to Adversary<br>Email to Defendants | 250.00 | 0.10 | $25.00 | Billable |
| 12/20/2024 | BREWINGTON, Frederick K.<br>Draft Legal Document<br>Work on Joint Pre-Trial Order (PTO) & look through documents | 600.00 | 2.90 | $1,740.00 | Billable |
| 12/20/2024 | MANUEL, A. Shamel D<br>EBT, Conduct<br>Deposition of Dr Berrill | 300.00 | 5.50 | $1,650.00 | Billable |
| 12/23/2024 | BREWINGTON, Frederick K.<br>Draft Legal Document<br>Work on redrafting & edits Joint Pre-Trial Order (PTO) | 600.00 | 4.80 | $2,880.00 | Billable |
| 12/23/2024 | BREWINGTON, Frederick K.<br>General<br>Discuss status of edits with P. Lockett | 600.00 | 0.40 | $240.00 | Billable |
| 12/23/2024 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review defendants email about Joint Pre-Trial Order (PTO) | 600.00 | 0.30 | $180.00 | Billable |
| 12/23/2024 | BREWINGTON, Frederick K.<br>draft letter<br>Draft email to Mr. Dorfman | 600.00 | 0.30 | $180.00 | Billable |
| 12/23/2024 | BREWINGTON, Frederick K.<br>General<br>Discuss with P. Lockett. Status | 600.00 | 0.30 | $180.00 | Billable |
| 12/23/2024 | BREWINGTON, Frederick K.<br>draft letter<br>Draft letter to court | 600.00 | 0.40 | $240.00 | Billable |
| 12/23/2024 | BREWINGTON, Frederick K.<br>Final Letter<br>Finalize letter to court | 600.00 | 0.30 | $180.00 | Billable |
| 12/23/2024 | POWELL, Cobia<br>Review Files<br>Reviewing files | 250.00 | 0.20 | $50.00 | Billable |
| **Total: Oct - Dec 2024** | | | **17.80** | | **$8,120.00** |
| **Date: Jan - Mar 2025** | | | | | |
| 1/2/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email from Mr. Dorfman | 600.00 | 0.30 | $180.00 | Billable |

A-4302

## Law Offices of Frederick K. Brewington

| 3:23 PM | | **Pre-Bill Worksheet** | | | | 7/18/2025 |

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|------|------|------|------|------|
| 1/2/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Respond to Mr. Dorfman's email | 600.00 | 0.30 | $180.00 | Billable |
| 1/4/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email from Michelin | 600.00 | 0.30 | $180.00 | Billable |
| 1/4/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Send email to Michelin & defendants | 600.00 | 0.30 | $180.00 | Billable |
| 1/9/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review of email from defense counsel | 600.00 | 0.20 | $120.00 | Billable |
| 1/9/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Respond to Mr. Dorfman on date | 600.00 | 0.30 | $180.00 | Billable |
| 1/9/2025 | BREWINGTON, Frederick K.<br>draft letter<br>2x - Send emails to Dr. Berrill for dates | 600.00 | 0.40 | $240.00 | Billable |
| 1/9/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review emails from Mr. Reissman | 600.00 | 0.60 | $360.00 | Billable |
| 1/10/2025 | POWELL, Cobia<br>General<br>Email to Dr. Berrill | 250.00 | 0.10 | $25.00 | Billable |
| 1/10/2025 | POWELL, Cobia<br>Tele. w/ Adversary<br>Call with Dorfman | 250.00 | 0.10 | $25.00 | Billable |
| 1/10/2025 | POWELL, Cobia<br>Meeting<br>Meeting with A. Manuel on matter | 250.00 | 0.10 | $25.00 | Billable |
| 1/10/2025 | POWELL, Cobia<br>Conference Call<br>Call with Mr. Brewington and Dorfman | 250.00 | 0.10 | $25.00 | Billable |
| 1/10/2025 | POWELL, Cobia<br>Email to Adversary<br>Email to Defendants | 250.00 | 0.10 | $25.00 | Billable |
| 1/23/2025 | POWELL, Cobia<br>Email to Adversary<br>Email to Defendants | 250.00 | 0.10 | $25.00 | Billable |

A-4303

**Law Offices of Frederick K. Brewington**

3:23 PM                                        **Pre-Bill Worksheet**                                        7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|--------------------|------------------|-------------------|-------------------|-------|
| 1/27/2025 | POWELL, Cobia<br>General<br>Email to Dr. Berrill | 250.00 | 0.10 | $25.00 | Billable |
| 2/1/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Draft part of letter on use of disciplinary documents | 600.00 | 0.80 | $480.00 | Billable |
| 2/3/2025 | BREWINGTON, Frederick K.<br>General<br>Discuss - continued Examination Before Trial(EBT) of Dr. Berrill | 600.00 | 0.30 | $180.00 | Billable |
| 2/3/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email about deposition | 600.00 | 0.30 | $180.00 | Billable |
| 2/3/2025 | BREWINGTON, Frederick K.<br>Tele. w/ Expert<br>Telephone conversation with Dr. Berrill about deposition | 600.00 | 0.70 | $420.00 | Billable |
| 2/3/2025 | BREWINGTON, Frederick K.<br>Tele. w/ Expert<br>Touch base with Dr. Berrill | 600.00 | 0.30 | $180.00 | Billable |
| 2/4/2025 | BREWINGTON, Frederick K.<br>EBT, Conduct<br>Defend deposition of Dr. Berrill | 600.00 | 2.50 | $1,500.00 | Billable |
| 2/4/2025 | BREWINGTON, Frederick K.<br>Tele. w/ Expert<br>Telephone conversation with Dr. Berrill to discuss issues | 600.00 | 0.30 | $180.00 | Billable |
| 2/5/2025 | MANUEL, A. Shamel D<br>General<br>2/5/2025teleconference with opposing counsel R Reissman re: case status | 300.00 | 0.30 | $90.00 | Billable |
| 2/11/2025 | POWELL, Cobia<br>draft letter<br>Draft Letter | 250.00 | 0.20 | $50.00 | Billable |
| 2/11/2025 | POWELL, Cobia<br>Email to Adversary<br>Email to Defendants | 250.00 | 0.10 | $25.00 | Billable |
| 2/19/2025 | POWELL, Cobia<br>draft letter<br>Letter to Court | 250.00 | 0.60 | $150.00 | Billable |
| 3/13/2025 | POWELL, Cobia<br>Email to Adversary<br>Email to Defendants | 250.00 | 0.10 | $25.00 | Billable |

38

**A-4304**

## Law Offices of Frederick K. Brewington

3:23 PM                                    **Pre-Bill Worksheet**                                    7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|---------|-----------------|-------------------|-------------------|-------|
| 3/14/2025 | BREWINGTON, Frederick K.<br>Tele. w/ Adversary<br>Telephone call with opposing counsel Mr. Cuomo | 600.00 | 0.40 | $240.00 | Billable |
| 3/15/2025 | BREWINGTON, Frederick K.<br>General<br>Outline Joint Pre-Trial Order (JPTO) issues | 600.00 | 0.50 | $300.00 | Billable |
| 3/17/2025 | BREWINGTON, Frederick K.<br>Draft Legal Document<br>Draft Jury Instructions & Voir Dire | 600.00 | 3.30 | $1,980.00 | Billable |
| 3/17/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Send message to C. Powell & A. Manuel | 600.00 | 0.30 | $180.00 | Billable |
| 3/17/2025 | POWELL, Cobia<br>Review Files<br>Reviewing files | 250.00 | 0.10 | $25.00 | Billable |
| 3/18/2025 | POWELL, Cobia<br>Review Files<br>Reviewing files | 250.00 | 0.60 | $150.00 | Billable |
| 3/19/2025 | MANUEL, A. Shamel D<br>Court Appearance<br>Court appearance before Judge Dunst re: Motion to Dismiss and trial scheduling | 300.00 | 0.40 | $120.00 | Billable |
| 3/19/2025 | POWELL, Cobia<br>Meeting<br>Meeting with Mr. Brewington on matter | 250.00 | 0.10 | $25.00 | Billable |
| 3/20/2025 | BREWINGTON, Frederick K.<br>Draft Legal Document<br>Draft Jury Instructions and research | 600.00 | 2.10 | $1,260.00 | Billable |
| 3/20/2025 | BREWINGTON, Frederick K.<br>Legal Research<br>Research on In Limine issues & eggshell | 600.00 | 0.80 | $480.00 | Billable |
| 3/20/2025 | BREWINGTON, Frederick K.<br>Draft Legal Document<br>Draft trial documents Voir Dire, Jury Instructions | 600.00 | 2.10 | $1,260.00 | Billable |
| 3/20/2025 | POWELL, Cobia<br>Draft Memorandum of Law<br>Drafting Motion in Limines | 250.00 | 1.80 | $450.00 | Billable |
| 3/21/2025 | BREWINGTON, Frederick K.<br>General<br>Discuss legal issues with staff | 600.00 | 0.70 | $420.00 | Billable |

A-4305

## Law Offices of Frederick K. Brewington

3:23 PM                          **Pre-Bill Worksheet**                          7/18/2025

### PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|--------------------|------------------|-------------------|-------------------|-------|
| 3/21/2025 | BREWINGTON, Frederick K.<br>Legal Research<br>Research on eggshell - plaintiff | 600.00 | 0.80 | $480.00 | Billable |
| 3/21/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Draft letter on eggshell plaintiff | 600.00 | 2.10 | $1,260.00 | Billable |
| 3/21/2025 | BREWINGTON, Frederick K.<br>Draft Legal Document<br>Draft verdict sheet | 600.00 | 2.40 | $1,440.00 | Billable |
| 3/21/2025 | BREWINGTON, Frederick K.<br>General<br>Work & discuss use of Police Officier disciplinary records | 600.00 | 0.40 | $240.00 | Billable |
| 3/21/2025 | BREWINGTON, Frederick K.<br>Legal Research<br>Research on negligent claim | 600.00 | 0.80 | $480.00 | Billable |
| 3/21/2025 | BREWINGTON, Frederick K.<br>Final Letter<br>Finalize letter to court on police records | 600.00 | 0.50 | $300.00 | Billable |
| 3/21/2025 | POWELL, Cobia<br>Trial Preparation<br>Drafting Jury Instructions, Verdict Sheet, Motion in Limines | 250.00 | 2.80 | $700.00 | Billable |
| 3/21/2025 | POWELL, Cobia<br>Final Letter<br>Letter to Court | 250.00 | 1.00 | $250.00 | Billable |
| 3/24/2025 | BREWINGTON, Frederick K.<br>File Review<br>Review documents on officer complaint & disciple | 600.00 | 0.20 | $120.00 | Billable |
| 3/24/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Draft letter to court about complaints | 600.00 | 0.50 | $300.00 | Billable |
| 3/24/2025 | BREWINGTON, Frederick K.<br>Final Letter<br>Finalize letter to court about 39 complaints | 600.00 | 0.30 | $180.00 | Billable |
| 3/24/2025 | POWELL, Cobia<br>Meeting<br>Meeting with Mr. Brewington on matter | 250.00 | 0.10 | $25.00 | Billable |
| 3/26/2025 | BREWINGTON, Frederick K.<br>Tele. w/ Expert<br>Telephone conversation with Dr. Berrill about trial & availability | 600.00 | 0.50 | $300.00 | Billable |

A-4306

## Law Offices of Frederick K. Brewington

3:23 PM                              Pre-Bill Worksheet                              7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|------|-------------------|---------------|----------------|----------------|-------|
| 3/26/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review records on payment on expert | 600.00 | 0.30 | $180.00 | Billable |
| 3/26/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Draft email to defendants to pay our expert | 600.00 | 0.40 | $240.00 | Billable |
| 3/27/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email from Mr. Dorfman | 600.00 | 0.20 | $120.00 | Billable |
| 3/27/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Draft email to defendants with documents | 600.00 | 0.20 | $120.00 | Billable |
| Total: Jan - Mar 2025 | | | 36.60 | | $18,880.00 |
| **Date: Apr - Jun 2025** | | | | | |
| 4/2/2025 | POWELL, Cobia<br>Review Files<br>Review Motion in Limines | 250.00 | 0.90 | $225.00 | Billable |
| 4/2/2025 | POWELL, Cobia<br>Meeting<br>Meeting with Mr. Brewington on matter | 250.00 | 0.10 | $25.00 | Billable |
| 4/3/2025 | POWELL, Cobia<br>Draft Legal Document<br>Drafting Opposition to Motion in Limines | 250.00 | 2.30 | $575.00 | Billable |
| 4/4/2025 | MANUEL, A. Shamel D<br>Draft Legal Document<br>Draft Opposition to Motion in Limine | 300.00 | 1.70 | $510.00 | Billable |
| 4/4/2025 | MANUEL, A. Shamel D<br>Draft Legal Document<br>Draft Opposition to Defendats 2nd Motion in Limine | 300.00 | 0.40 | $120.00 | Billable |
| 4/4/2025 | POWELL, Cobia<br>Draft Legal Document<br>Drafting Opposition to Motion in Limines | 250.00 | 4.40 | $1,100.00 | Billable |
| 4/8/2025 | POWELL, Cobia<br>Review Files<br>Reviewing files | 250.00 | 0.10 | $25.00 | Billable |
| 4/10/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review deposition transcripts & medicals | 600.00 | 0.80 | $480.00 | Billable |

41

A-4307

**Law Offices of Frederick K. Brewington**

3:23 PM                                    **Pre-Bill Worksheet**                                    7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate / Markup % | Hours / DNB Time | Amount / DNB Amt | Total |
|---|---|---|---|---|---|
| 4/10/2025 | BREWINGTON, Frederick K. Correspondence Review Further review of video & break down | 600.00 | 1.40 | $840.00 | Billable |
| 4/10/2025 | BREWINGTON, Frederick K. General Discuss trial preparation & evaluate evidence | 600.00 | 1.30 | $780.00 | Billable |
| 4/11/2025 | POWELL, Cobia Review Files Reviewing files | 250.00 | 0.10 | $25.00 | Billable |
| 4/16/2025 | BREWINGTON, Frederick K. Correspondence Review Review defendants letter about Internaal Affairs Buerau & other documents | 600.00 | 0.40 | $240.00 | Billable |
| 4/16/2025 | POWELL, Cobia Meeting Meeting with Mr. Brewington | 250.00 | 0.10 | $25.00 | Billable |
| 4/16/2025 | POWELL, Cobia General Call to Dr. Grix | 250.00 | 0.10 | $25.00 | Billable |
| 4/17/2025 | POWELL, Cobia Email to Adversary Email to Defendants | 250.00 | 0.10 | $25.00 | Billable |
| 4/17/2025 | POWELL, Cobia Email to Adversary Email to Defendants | 250.00 | 0.10 | $25.00 | Billable |
| 4/17/2025 | POWELL, Cobia General Call to Dr. Grix | 250.00 | 0.20 | $50.00 | Billable |
| 4/17/2025 | POWELL, Cobia Meeting Meeting with A. Manuel | 250.00 | 0.10 | $25.00 | Billable |
| 4/17/2025 | POWELL, Cobia Meeting Meeting with Mr. Brewington | 250.00 | 0.10 | $25.00 | Billable |
| 4/18/2025 | POWELL, Cobia Email to Adversary Email to Defendants | 250.00 | 0.10 | $25.00 | Billable |
| 4/18/2025 | POWELL, Cobia Trial Preparation Trial Preparation, Medical Authorizations | 250.00 | 0.70 | $175.00 | Billable |

A-4308

## Law Offices of Frederick K. Brewington

| 3:23 PM | **Pre-Bill Worksheet** | 7/18/2025 |

### PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|--------|------|------|------|------|
| 4/18/2025 | POWELL, Cobia<br>Email to Adversary<br>Email to Defendants | 250.00 | 0.10 | $25.00 | Billable |
| 4/18/2025 | POWELL, Cobia<br>Review Files<br>Reviewing files | 250.00 | 0.20 | $50.00 | Billable |
| 4/22/2025 | POWELL, Cobia<br>Tele. to Client<br>Call to Mr. Pfail (No Answer) | 250.00 | 0.10 | $25.00 | Billable |
| 4/22/2025 | POWELL, Cobia<br>Tele. to Client<br>Call to Mr. Pfail | 250.00 | 0.10 | $25.00 | Billable |
| 4/22/2025 | POWELL, Cobia<br>Meeting<br>Meeting with Mr. Brewington on matter | 250.00 | 0.10 | $25.00 | Billable |
| 4/23/2025 | BREWINGTON, Frederick K.<br>Tele. to Client<br>Telephone call to clients mother | 600.00 | 0.40 | $240.00 | Billable |
| 4/24/2025 | BREWINGTON, Frederick K.<br>Tele. to Client<br>Telephone call to client. | 600.00 | 0.40 | $240.00 | Billable |
| 4/28/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Trial preparation & work on exhibits | 600.00 | 0.50 | $300.00 | Billable |
| 4/28/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review items sent by email from defendants police records | 600.00 | 0.70 | $420.00 | Billable |
| 4/28/2025 | POWELL, Cobia<br>Meeting<br>Meeting with Mr. Brewington and A. Manuel | 250.00 | 0.10 | $25.00 | Billable |
| 4/28/2025 | POWELL, Cobia<br>Meeting<br>Meeting with Legal Team | 250.00 | 0.10 | $25.00 | Billable |
| 4/29/2025 | MANUEL, A. Shamel D<br>Trial Preparation<br>Prepare trial exhibits | 300.00 | 1.50 | $450.00 | Billable |
| 4/30/2025 | MANUEL, A. Shamel D<br>Trial Preparation<br>Prepare trial exhibits | 300.00 | 0.80 | $240.00 | Billable |

A-4309

## Law Offices of Frederick K. Brewington

3:23 PM                    **Pre-Bill Worksheet**                    7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|-------------------|-----------------|-------------------|-------------------|-------|
| 4/30/2025 | BREWINGTON, Frederick K.<br>General<br>Call to Dr. Grix | 600.00 | 0.40 | $240.00 | Billable |
| 4/30/2025 | BREWINGTON, Frederick K.<br>Tele. w/ Expert<br>Telephone conversation with Dr. Berrill on trial issues | 600.00 | 0.40 | $240.00 | Billable |
| 4/30/2025 | BREWINGTON, Frederick K.<br>Tele. w/ Adversary<br>Telephone call with Mr. Dorfman about expert pay | 600.00 | 0.40 | $240.00 | Billable |
| 4/30/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Trial preparation with C. Powell | 600.00 | 0.40 | $240.00 | Billable |
| 4/30/2025 | BREWINGTON, Frederick K.<br>Tele. w/ Expert<br>Telephone conversation with Dr. Berrill | 600.00 | 0.20 | $120.00 | Billable |
| 4/30/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Prepare & review trial exhibits | 600.00 | 2.30 | $1,380.00 | Billable |
| 4/30/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Review exhibits for trial evidence | 600.00 | 0.70 | $420.00 | Billable |
| 4/30/2025 | POWELL, Cobia<br>General<br>Call with Dr. Grix | 250.00 | 0.10 | $25.00 | Billable |
| 4/30/2025 | POWELL, Cobia<br>General<br>Call with Dr. Grix | 250.00 | 0.10 | $25.00 | Billable |
| 4/30/2025 | POWELL, Cobia<br>General<br>Call with Dr. Berrill | 250.00 | 0.10 | $25.00 | Billable |
| 4/30/2025 | POWELL, Cobia<br>Tele. w/ Adversary<br>Call with Mr. Dorfman | 250.00 | 0.10 | $25.00 | Billable |
| 4/30/2025 | POWELL, Cobia<br>General<br>Call with Mr. Barreiro (No Answer) | 250.00 | 0.10 | $25.00 | Billable |
| 4/30/2025 | POWELL, Cobia<br>General<br>Preparation for Trial Conference | 250.00 | 1.30 | $325.00 | Billable |

44

A-4310

## Law Offices of Frederick K. Brewington

3:23 PM                                      **Pre-Bill Worksheet**                                      7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|---------|---------|---------|---------|-------|
| 5/1/2025 | BREWINGTON, Frederick K.<br>File Review<br>Prepare for Motion InLimine argument | 600.00 | 1.90 | $1,140.00 | Billable |
| 5/1/2025 | BREWINGTON, Frederick K.<br>Court Appearance<br>Court conference | 600.00 | 1.40 | $840.00 | Billable |
| 5/1/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Work on cleaning up exhibits | 600.00 | 0.80 | $480.00 | Billable |
| 5/1/2025 | BREWINGTON, Frederick K.<br>Tele. to Client<br>Telephone call to client to discuss trial | 600.00 | 0.60 | $360.00 | Billable |
| 5/1/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Draft email to defendants | 600.00 | 0.40 | $240.00 | Billable |
| 5/1/2025 | POWELL, Cobia<br>Court Appearance<br>Court Conference on Zoom | 250.00 | 1.50 | $375.00 | Billable |
| 5/1/2025 | PORTEE, CHRISTINA<br>File Review<br>Assisted with Pltf Exhibits & Pltf Trial Tabs with Ms.Gittens & Mrs. Manuel re Trial Binders for Jdg. Morrison | 100.00 | 0.60 | $60.00 | Billable |
| 5/2/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Trial preparation with staff | 600.00 | 0.60 | $360.00 | Billable |
| 5/2/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Draft email to defense counsel | 600.00 | 0.40 | $240.00 | Billable |
| 5/2/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Draft further email to defense counsel | 600.00 | 0.40 | $240.00 | Billable |
| 5/2/2025 | BREWINGTON, Frederick K.<br>Tele. w/ Adversary<br>Telephone call with opposing counsel about his position on medicals | 600.00 | 0.40 | $240.00 | Billable |
| 5/2/2025 | PORTEE, CHRISTINA<br>Review<br>Reviewed Joint Pre-Trial Doc with Mrs. Manuel re Pltf Trial Exh Lists & Revisions | 100.00 | 2.80 | $280.00 | Billable |
| 5/2/2025 | PORTEE, CHRISTINA<br>File Review<br>Sorted & Organized Pltf Trial Exhs & Addt'l Documents/Videos | 100.00 | 4.40 | $440.00 | Billable |

45

**A-4311**

## Law Offices of Frederick K. Brewington

3:23 PM | **Pre-Bill Worksheet** | 7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate / Markup % | Hours / DNB Time | Amount / DNB Amt | Total |
|---|---|---|---|---|---|
| 5/2/2025 | BREWINGTON, Frederick K. / Trial Preparation / Trial preparation & work on issues | 600.00 | 0.70 | $420.00 | Billable |
| 5/3/2025 | POWELL, Cobia / Trial Preparation / Initial Trial Preparation | 250.00 | 0.20 | $50.00 | Billable |
| 5/5/2025 | BREWINGTON, Frederick K. / Correspondence Review / Review email from defendants | 600.00 | 0.30 | $180.00 | Billable |
| 5/5/2025 | BREWINGTON, Frederick K. / draft letter / Respond to email from defendants | 600.00 | 0.30 | $180.00 | Billable |
| 5/5/2025 | BREWINGTON, Frederick K. / Correspondence Review / Further correspondence from defense counsel | 600.00 | 0.30 | $180.00 | Billable |
| 5/5/2025 | BREWINGTON, Frederick K. / draft letter / Response from defense counsel with their position | 600.00 | 0.40 | $240.00 | Billable |
| 5/5/2025 | BREWINGTON, Frederick K. / Correspondence Review / Review & evaluate court order & defense email | 600.00 | 0.40 | $240.00 | Billable |
| 5/5/2025 | BREWINGTON, Frederick K. / Trial Preparation / Trial preparation & work on witnesses & content | 600.00 | 2.10 | $1,260.00 | Billable |
| 5/5/2025 | BREWINGTON, Frederick K. / Trial Preparation / Trial preparation for pre-trial conference | 600.00 | 1.70 | $1,020.00 | Billable |
| 5/5/2025 | BREWINGTON, Frederick K. / Tele. to Client / Telephone call to client to check in | 600.00 | 0.40 | $240.00 | Billable |
| 5/5/2025 | BREWINGTON, Frederick K. / File Review / Review file & pull documents | 600.00 | 0.60 | $360.00 | Billable |
| 5/5/2025 | PORTEE, CHRISTINA / File Review / Reviewed & Updated Corrected Pltf Exhibits re Trial | 100.00 | 0.60 | $60.00 | Billable |
| 5/5/2025 | PORTEE, CHRISTINA / Draft Legal Document / Drafted Revised Pltf Exhibit List Index re Trial Binders | 100.00 | 0.90 | $90.00 | Billable |

A-4312

## Law Offices of Frederick K. Brewington

3:23 PM                                    **Pre-Bill Worksheet**                                    7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate / Markup % | Hours / DNB Time | Amount / DNB Amt | Total |
|---|---|---|---|---|---|
| 5/5/2025 | SCONIERS, DIESHA<br>Trial Preparation<br>Trial preparation | 100.00 | 2.00 | $200.00 | Billable |
| 5/5/2025 | POWELL, Cobia<br>Trial Preparation<br>Meeting with Mr. Brewington | 250.00 | 0.10 | $25.00 | Billable |
| 5/5/2025 | POWELL, Cobia<br>Trial Preparation<br>Call with Dr. Berrill | 250.00 | 0.10 | $25.00 | Billable |
| 5/5/2025 | POWELL, Cobia<br>Trial Preparation<br>Call with Dr. Berrill | 250.00 | 0.20 | $50.00 | Billable |
| 5/5/2025 | POWELL, Cobia<br>Trial Preparation<br>Meeting with Mr. Brewington | 250.00 | 0.10 | $25.00 | Billable |
| 5/5/2025 | POWELL, Cobia<br>Trial Preparation<br>Reviewing Witnesses For Trial | 250.00 | 1.00 | $250.00 | Billable |
| 5/5/2025 | POWELL, Cobia<br>Trial Preparation<br>Drafting Witness List | 250.00 | 1.50 | $375.00 | Billable |
| 5/5/2025 | POWELL, Cobia<br>Trial Preparation<br>Preparing Trial Books | 250.00 | 2.50 | $625.00 | Billable |
| 5/6/2025 | BREWINGTON, Frederick K.<br>Travel<br>Travel to Brooklyn court | 600.00 | 2.00 | $1,200.00 | Billable |
| 5/6/2025 | BREWINGTON, Frederick K.<br>Court Appearance<br>Appear & conference case with Judge Morrison & defendants | 600.00 | 1.70 | $1,020.00 | Billable |
| 5/6/2025 | BREWINGTON, Frederick K.<br>Travel<br>Travel back to office | 600.00 | 1.60 | $960.00 | Billable |
| 5/6/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Trial preparation & work on documents & exhibits | 600.00 | 0.80 | $480.00 | Billable |
| 5/6/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review emails from defense counsel - 2xs | 600.00 | 0.40 | $240.00 | Billable |

47

A-4313

## Law Offices of Frederick K. Brewington

3:23 PM                                **Pre-Bill Worksheet**                                7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|---|---|---|---|---|---|
| 5/6/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Draft & send emails to defense counsel | 600.00 | 0.40 | $240.00 | Billable |
| 5/6/2025 | BREWINGTON, Frederick K.<br>Tele. to Client<br>Telephone call to client to update | 600.00 | 0.40 | $240.00 | Billable |
| 5/6/2025 | PORTEE, CHRISTINA<br>File Review<br>Corrected Exhs. 32, 78, 79, 80 & 81 Exhibit Pages | 100.00 | 0.40 | $40.00 | Billable |
| 5/6/2025 | PORTEE, CHRISTINA<br>File Review<br>Reviewed & Pulled Def. Portions of Criminal Trial Transcripts & Hearing Transcripts | 100.00 | 2.40 | $240.00 | Billable |
| 5/6/2025 | POWELL, Cobia<br>Court Appearance<br>Pre-Trial Conference | 250.00 | 1.50 | $375.00 | Billable |
| 5/6/2025 | POWELL, Cobia<br>Travel<br>Travel from Court | 250.00 | 0.80 | $200.00 | Billable |
| 5/6/2025 | POWELL, Cobia<br>Meeting<br>Meeting with Rosemarie Walker | 250.00 | 0.10 | $25.00 | Billable |
| 5/6/2025 | POWELL, Cobia<br>Meeting<br>Meeting with Rosemarie Walker | 250.00 | 0.10 | $25.00 | Billable |
| 5/6/2025 | POWELL, Cobia<br>Trial Preparation<br>Meeting with Mr. Brewington | 250.00 | 0.10 | $25.00 | Billable |
| 5/7/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Trial preparation & work on exhibits | 600.00 | 3.30 | $1,980.00 | Billable |
| 5/7/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email from Cuomo on Ian Nucci records | 600.00 | 0.40 | $240.00 | Billable |
| 5/7/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Send email to video expert on stills | 600.00 | 0.40 | $240.00 | Billable |
| 5/7/2025 | BREWINGTON, Frederick K.<br>General<br>Discuss need fro defendants trial exhibits book | 600.00 | 0.30 | $180.00 | Billable |

A-4314

**Law Offices of Frederick K. Brewington**

3:23 PM                          **Pre-Bill Worksheet**                          7/18/2025

PFAIL, BRIAN J. County of Nass: BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|--------------------|------------------|-------------------|-------------------|-------|
| 5/7/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Send email to Mr. Cuomo on time with witness | 600.00 | 0.20 | $120.00 | Billable |
| 5/7/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Send defendants estimated time for witnesses | 600.00 | 0.30 | $180.00 | Billable |
| 5/7/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email with request for documents from defendants | 600.00 | 0.20 | $120.00 | Billable |
| 5/7/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Respond to request for documents from Dorfman | 600.00 | 0.20 | $120.00 | Billable |
| 5/7/2025 | BREWINGTON, Frederick K.<br>File Review<br>Review files for deposition exhibits of Massaro | 600.00 | 0.30 | $180.00 | Billable |
| 5/7/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Send email to Mr. Dorfman with Massaro exhibits | 600.00 | 0.30 | $180.00 | Billable |
| 5/7/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Send email to defendants about the 17 medical information | 600.00 | 0.30 | $180.00 | Billable |
| 5/7/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review emails from video expert | 600.00 | 0.30 | $180.00 | Billable |
| 5/7/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Respond to video expert | 600.00 | 0.40 | $240.00 | Billable |
| 5/7/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Send Cuomo letter motion to Scott | 600.00 | 0.30 | $180.00 | Billable |
| 5/7/2025 | PORTEE, CHRISTINA<br>File Review<br>Organized Binders re Defs Trial & Hearing Transcripts (Massaro, Iannucci, O'Brien & Panuthos) | 100.00 | 1.70 | $170.00 | Billable |
| 5/7/2025 | PORTEE, CHRISTINA<br>File Review<br>Duplicate & Seperated Massaro Transcripts with Deposition Transcript | 100.00 | 0.60 | $60.00 | Billable |
| 5/7/2025 | POWELL, Cobia<br>Trial Preparation<br>Call with Mr. Carnevale | 250.00 | 0.10 | $25.00 | Billable |

A-4315

## Law Offices of Frederick K. Brewington

3:23 PM           **Pre-Bill Worksheet**           7/18/2025

PFAIL, BRIAN J. County of Nass: BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 5/7/2025 | POWELL, Cobia<br>Trial Preparation<br>Call with Mr. Carnevale | 250.00 | 0.10 | $25.00 | Billable |
| 5/7/2025 | POWELL, Cobia<br>Trial Preparation<br>Drafting Cause of Action Charts (2.5 hours); Call to Mr. Pfail (.3 Hours); Estimating time for Witnesses (1.1 hours); Email to Defendants (.1); Legal Research (.2); Email to Defendants (.1); Email to Defendants (.1); Reviewing Defendants' Disclosures and Criminal Trial Testimony (.5); Reviewing medical records (1.5 hours); Reviewing Joint Pre-Trial Order (1.9) | 250.00 | 7.80 | $1,950.00 | Billable |
| 5/8/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email from video expert | 600.00 | 0.20 | $120.00 | Billable |
| 5/8/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Pull documents & send email to video expert | 600.00 | 0.30 | $180.00 | Billable |
| 5/8/2025 | BREWINGTON, Frederick K.<br>Tele. w/ Adversary<br>Telephone call with Mr. Dorfman & Carnevale | 600.00 | 0.50 | $300.00 | Billable |
| 5/8/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Draft & sent email. Re: exhibits & settlement | 600.00 | 0.30 | $180.00 | Billable |
| 5/8/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review retainer & scope of work from video expert | 600.00 | 0.30 | $180.00 | Billable |
| 5/8/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Send email to video expert about scope of work | 600.00 | 0.30 | $180.00 | Billable |
| 5/8/2025 | BREWINGTON, Frederick K.<br>General<br>Discuss & prepare for conference | 600.00 | 0.40 | $240.00 | Billable |
| 5/8/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Receive & review exhibits from defendants | 600.00 | 0.80 | $480.00 | Billable |
| 5/8/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review & listen to 911 call | 600.00 | 0.30 | $180.00 | Billable |
| 5/8/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review exhibits & email from Cuomo | 600.00 | 0.30 | $180.00 | Billable |
| 5/8/2025 | BREWINGTON, Frederick K.<br>Final Letter<br>Finalize letter to court on no meet | 600.00 | 0.30 | $180.00 | Billable |

A-4316

Case 2:16-cv-00518-NRM-PCG     Document 163-2     Filed 07/23/25     Page 52 of 82 PageID #: 2362

## Law Offices of Frederick K. Brewington

3:23 PM                    **Pre-Bill Worksheet**                    7/18/2025

### PFAIL, BRIAN J. County of Nass: BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate / Markup % | Hours / DNB Time | Amount / DNB Amt | Total |
|---|---|---|---|---|---|
| 5/8/2025 | BREWINGTON, Frederick K. / draft letter / Draft letter to court. No books & no final exhibits | 600.00 | 0.40 | $240.00 | Billable |
| 5/8/2025 | BREWINGTON, Frederick K. / draft letter / Review & finalize trial subpoenas | 600.00 | 0.30 | $180.00 | Billable |
| 5/8/2025 | BREWINGTON, Frederick K. / Correspondence Review / Review email about trial binder status | 600.00 | 0.20 | $120.00 | Billable |
| 5/8/2025 | BREWINGTON, Frederick K. / General / Prepare for meeting (still no binders) | 600.00 | 0.20 | $120.00 | Billable |
| 5/8/2025 | BREWINGTON, Frederick K. / draft letter / Send email to Carnevaly on exhibits | 600.00 | 0.20 | $120.00 | Billable |
| 5/8/2025 | BREWINGTON, Frederick K. / draft letter / Send email to video expert with better video | 600.00 | 0.30 | $180.00 | Billable |
| 5/8/2025 | BREWINGTON, Frederick K. / draft letter / Send email to defense counsel asking for information | 600.00 | 0.30 | $180.00 | Billable |
| 5/8/2025 | BREWINGTON, Frederick K. / Correspondence Review / Review court order. Liability *& damages | 600.00 | 0.30 | $180.00 | Billable |
| 5/8/2025 | BREWINGTON, Frederick K. / Trial Preparation / Review defendants new exhibits & evaluate | 600.00 | 0.40 | $240.00 | Billable |
| 5/8/2025 | PORTEE, CHRISTINA / Trial Preparation / Trial Prep Discussion re Exhibits & Addt'l Exhibit Files with Transcript Binders with Mr. Powell, Mr. Brewington, Mr. Manuel & Mr. Holt | 100.00 | 0.50 | $50.00 | Billable |
| 5/8/2025 | PORTEE, CHRISTINA / Trial Preparation / Drafted Pltf Cause of Action List | 100.00 | 0.50 | $50.00 | Billable |
| 5/8/2025 | PORTEE, CHRISTINA / Trial Preparation / Drafted Witness Order with Exhibit List re Trial Strategy Plan | 100.00 | 0.70 | $70.00 | Billable |
| 5/8/2025 | PORTEE, CHRISTINA / Review / Trial Prep Discussion re Witness Order with Coordinating Exhibits with Mr. Brewington & Mr. Powell | 100.00 | 0.40 | $40.00 | Billable |

51

A-4317

## Law Offices of Frederick K. Brewington

3:23 PM | **Pre-Bill Worksheet** | 7/18/2025

### PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 5/8/2025 | PORTEE, CHRISTINA<br>Trial Preparation<br>Sorted & Printed Defs Depositions/EBT Transcripts re Trial Transcript Binder | 100.00 | 0.90 | $90.00 | Billable |
| 5/8/2025 | POWELL, Cobia<br>Trial Preparation<br>Call with Defendants (.2); Meeting with Mr. Brewington (.1); Reviewing files and documents (2.1); Call with Mr. Carnevale (.1); Email to Defendants (.2); Meeting with Legal Team (.1); Drafting Subpoena (.5); Drafting Letter (.6) | 250.00 | 3.90 | $975.00 | Billable |
| 5/9/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review defendants exhibit chart & exhibits | 600.00 | 0.80 | $480.00 | Billable |
| 5/9/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Send email with track charges | 600.00 | 0.30 | $180.00 | Billable |
| 5/9/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email from video expert | 600.00 | 0.30 | $180.00 | Billable |
| 5/9/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Email video expert with scope of work | 600.00 | 0.30 | $180.00 | Billable |
| 5/9/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email from Cuomo on PG | 600.00 | 0.30 | $180.00 | Billable |
| 5/9/2025 | BREWINGTON, Frederick K.<br>Tele. w/ Adversary<br>Telephone call with opposing counsel on PC | 600.00 | 0.40 | $240.00 | Billable |
| 5/9/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Trial preparation. Read & start Massaro outline | 600.00 | 0.80 | $480.00 | Billable |
| 5/9/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Work on exhibits & reading objections | 600.00 | 0.60 | $360.00 | Billable |
| 5/9/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review & discuss court order in response to our letter | 600.00 | 0.40 | $240.00 | Billable |
| 5/9/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review email from court reporter & transcript | 600.00 | 0.30 | $180.00 | Billable |
| 5/9/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Email to court reporter to acknowledge & ask question | 600.00 | 0.30 | $180.00 | Billable |

A-4318

## Law Offices of Frederick K. Brewington

3:23 PM                          **Pre-Bill Worksheet**                          7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 5/9/2025 | BREWINGTON, Frederick K.<br>Tele. w/ Adversary<br>Telephone call with opposing counsel on defense exhibits | 600.00 | 1.40 | $840.00 | Billable |
| 5/9/2025 | PORTEE, CHRISTINA<br>Trial Preparation<br>Weekend Trial Prep Discussion with Mr. Brewington & Mr. Powell | 100.00 | 0.40 | $40.00 | Billable |
| 5/9/2025 | PORTEE, CHRISTINA<br>Trial Preparation<br>Prep Trial Binders with Revised Pltf Exhbits with Mrs. Walker | 100.00 | 2.30 | $230.00 | Billable |
| 5/9/2025 | POWELL, Cobia<br>Trial Preparation<br>Call with Defendants (1.4); Sending exhibits to Court (.5); Email to Defendants (.1);Email to Defendants (.1);Email to Defendants (.1);Email to Defendants (.1);Email to Defendants (.1);Email to Defendants (.1); Reviewing exhibits (2.0); Email to Defendants (.1); Call with Mr. Cuomo (.1); Drafting Exhibit List (.2); Email to Defendants (.1); Revewing Weekend Court Deadlines and | 250.00 | 5.50 | $1,375.00 | Billable |
| 5/10/2025 | PORTEE, CHRISTINA<br>Trial Preparation<br>Revised Pltf Witness Chart with Exhibits as per Mr. Brewington & Mr. Powell | 100.00 | 2.00 | $200.00 | Billable |
| 5/10/2025 | PORTEE, CHRISTINA<br>Trial Preparation<br>Reviewed Assault Videos with Mr. Brewington & Mr. Powell | 100.00 | 1.30 | $130.00 | Billable |
| 5/10/2025 | PORTEE, CHRISTINA<br>Trial Preparation<br>Updated Cause of Action & Supplemented Def Trial Binders | 100.00 | 1.70 | $170.00 | Billable |
| 5/10/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review letter from Cuomo to Morrison | 600.00 | 0.40 | $240.00 | Billable |
| 5/10/2025 | BREWINGTON, Frederick K.<br>General<br>Call with S. Korenbaum about Cuomo letter | 600.00 | 0.20 | $120.00 | Billable |
| 5/10/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Trial preparation - Work on witness exhibits | 600.00 | 3.50 | $2,100.00 | Billable |
| 5/10/2025 | BREWINGTON, Frederick K.<br>Tele. to Client<br>Telephone call to client to discuss travel | 600.00 | 0.40 | $240.00 | Billable |
| 5/10/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Strategize on witness order & theory of case | 600.00 | 0.70 | $420.00 | Billable |
| 5/10/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Review & edit draft letter on Cuomo | 600.00 | 0.50 | $300.00 | Billable |

A-4319

**Law Offices of Frederick K. Brewington**

3:23 PM                         **Pre-Bill Worksheet**                         7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|--------------------|------------------|-------------------|-------------------|-------|
| 5/10/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Work on & prepare part of Massaro letter motion exam | 600.00 | 4.70 | $2,820.00 | Billable |
| 5/10/2025 | POWELL, Cobia<br>Trial Preparation<br>Email to Defendants (.1); Creating personal Trial Binder (.8); Creating Jury Charts (.4); Creating Witness/Exhibit List (1.5);Email to Defendants (.1);Email to Court (.1) | 250.00 | 3.00 | $750.00 | Billable |
| 5/11/2025 | PORTEE, CHRISTINA<br>Trial Preparation<br>Review with Pltf, Mr. Brewington & Mr. Powell | 100.00 | 2.30 | $230.00 | Billable |
| 5/11/2025 | PORTEE, CHRISTINA<br>Trial Preparation<br>Organized Def & Witness Folders with Associated Exhibits | 100.00 | 0.90 | $90.00 | Billable |
| 5/11/2025 | PORTEE, CHRISTINA<br>Trial Preparation<br>Finalized Def Transcripts with Depositions Transcripts into Binders for Court (x2) | 100.00 | 3.30 | $330.00 | Billable |
| 5/11/2025 | BREWINGTON, Frederick K.<br>Tele. to Client<br>Telephone call to client upon arrival to New York | 600.00 | 0.30 | $180.00 | Billable |
| 5/11/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review defendants submissions on Dr. Berrill testimony | 600.00 | 0.40 | $240.00 | Billable |
| 5/11/2025 | BREWINGTON, Frederick K.<br>General<br>Trial team meeting & organize week | 600.00 | 0.50 | $300.00 | Billable |
| 5/11/2025 | BREWINGTON, Frederick K.<br>Legal Research<br>Research on 2 issues Berrill & Ianncei | 600.00 | 0.80 | $480.00 | Billable |
| 5/11/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Draft & edit letter to court on Berrill | 600.00 | 0.70 | $420.00 | Billable |
| 5/11/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Trial preparation work on organize exhibits | 600.00 | 0.50 | $300.00 | Billable |
| 5/11/2025 | BREWINGTON, Frederick K.<br>Final Letter<br>Finalize letter on Berrill to court | 600.00 | 0.40 | $240.00 | Billable |
| 5/11/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Collect file & prepare for transport | 600.00 | 0.50 | $300.00 | Billable |

**A-4320**

## Law Offices of Frederick K. Brewington

3:23 PM | **Pre-Bill Worksheet** | 7/18/2025

### PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate / Markup % | Hours DNB Time | Amount DNB Amt | Total |
|------|------|------|------|------|------|
| 5/11/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Prepare on Massaro | 600.00 | 3.40 | $2,040.00 | Billable |
| 5/11/2025 | BREWINGTON, Frederick K.<br>General<br>Work with client on housing & meals | 600.00 | 0.60 | $360.00 | Billable |
| 5/11/2025 | BREWINGTON, Frederick K.<br>Tele. to Client<br>Telephone call to client. Re: pick up & answer questions | 600.00 | 0.30 | $180.00 | Billable |
| 5/11/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Draft letter on Iannucci to court | 600.00 | 1.30 | $780.00 | Billable |
| 5/11/2025 | BREWINGTON, Frederick K.<br>Final Letter<br>Finalize & edit letter to court on Iannuci | 600.00 | 0.60 | $360.00 | Billable |
| 5/11/2025 | BREWINGTON, Frederick K.<br>Tele. w/ Adversary<br>Telephone call with Dorfman on clients transcript | 600.00 | 0.30 | $180.00 | Billable |
| 5/11/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review & copy clients transcript | 600.00 | 0.30 | $180.00 | Billable |
| 5/11/2025 | POWELL, Cobia<br>Trial Preparation<br>Legal Research (1.0); Trial Planning with Mr. Pfail (.9); Finalizing Trial Supplies, Binder and Folders (2.3); O'Brien Examination Preparation (1.5) | 250.00 | 5.70 | $1,425.00 | Billable |
| 5/12/2025 | PORTEE, CHRISTINA<br>Trial Preparation<br>Reviewed File re Grand Jury Transcript & FWD Transcript Section to Mr. Powell | 100.00 | 0.60 | $60.00 | Billable |
| 5/12/2025 | PORTEE, CHRISTINA<br>Email from Adversary<br>Reviewed Addt'l Video Angle of Incident from Defs | 100.00 | 0.60 | $60.00 | Billable |
| 5/12/2025 | PORTEE, CHRISTINA<br>Email from Adversary<br>Reviewed Proposed Defs Addt'l Exhibits re Trial | 100.00 | 0.70 | $70.00 | Billable |
| 5/12/2025 | PORTEE, CHRISTINA<br>Trial Preparation<br>Juror Questionnaire Review re 40 Potential Jurors with Mr. Brewington, Mr. Powell, Mrs. Walker & Mr. Holt | 100.00 | 1.20 | $120.00 | Billable |
| 5/12/2025 | SCONIERS, DIESHA<br>Trial Preparation<br>Label exhibits | 100.00 | 2.00 | $200.00 | Billable |

55

A-4321

**Law Offices of Frederick K. Brewington**

3:23 PM                                 **Pre-Bill Worksheet**                                 7/18/2025

PFAIL, BRIAN J. County of Nass: BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 5/12/2025 | BREWINGTON, Frederick K.<br>Travel<br>Travel to Brooklyn court house | 600.00 | 2.20 | $1,320.00 | Billable |
| 5/12/2025 | BREWINGTON, Frederick K.<br>Trial Conduct<br>Conduct trial - Jury selection & conference on issues | 600.00 | 5.80 | $3,480.00 | Billable |
| 5/12/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Prepare Massaro examination | 600.00 | 1.80 | $1,080.00 | Billable |
| 5/12/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Speak with Scott on issues & causes of action | 600.00 | 0.40 | $240.00 | Billable |
| 5/12/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Work on redactions for exhibits | 600.00 | 0.80 | $480.00 | Billable |
| 5/12/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Review jury questionnaires with staff | 600.00 | 2.90 | $1,740.00 | Billable |
| 5/12/2025 | BREWINGTON, Frederick K.<br>Travel<br>Travel back from court to offic | 600.00 | 2.10 | $1,260.00 | Billable |
| 5/12/2025 | POWELL, Cobia<br>Court Appearance<br>Trial Day 1- Jury Selection (3 hours); Trial Conference (2.3) | 250.00 | 5.30 | $1,325.00 | Billable |
| 5/12/2025 | POWELL, Cobia<br>Travel<br>Travel from Court | 250.00 | 2.00 | $500.00 | Billable |
| 5/12/2025 | POWELL, Cobia<br>Trial Preparation<br>Reviewing Jury Questionnaires | 250.00 | 1.50 | $375.00 | Billable |
| 5/12/2025 | POWELL, Cobia<br>Trial Preparation<br>Email to Defendants (.1); Revewing Defendants' Redactions to Exhibits (.2); Meeting with Christina Portee (.1); Meeting with Diesha Sconiers (.1); Email to Defendants (.1) | 250.00 | 0.60 | $150.00 | Billable |
| 5/13/2025 | PORTEE, CHRISTINA<br>Email to Adversary<br>Reviewed Updated Pltf Juror Objection List to Defs re Juror Questionnaires | 100.00 | 0.50 | $50.00 | Billable |
| 5/13/2025 | PORTEE, CHRISTINA<br>Email to Adversary<br>Discussed (1-for-1) Omitted Witnesses (Dtv. Ramos-Pltf & Mr. Amendolare-Def) with Defs | 100.00 | 0.30 | $30.00 | Billable |

56

A-4322

**Law Offices of Frederick K. Brewington**

3:23 PM                    **Pre-Bill Worksheet**                    7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|--------------------|------------------|-------------------|-------------------|-------|
| 5/13/2025 | PORTEE,CHRISTINA<br>Email from Adversary<br>Reviewed Video-Screenshots re Potential Revised/Updated/Addt'l Trial Exhibits for Defs | 100.00 | 0.60 | $60.00 | Billable |
| 5/13/2025 | PORTEE,CHRISTINA<br>Email from Adversary<br>Confer with Defs re 'Read-In' Portions of Missing Witnesses Criminal Transcripts in Civil Trial | 100.00 | 0.40 | $40.00 | Billable |
| 5/13/2025 | PORTEE,CHRISTINA<br>Review<br>Sorted Addt'l Juror Questionnaire Docs with Notes | 100.00 | 0.80 | $80.00 | Billable |
| 5/13/2025 | PORTEE,CHRISTINA<br>Trial Preparation<br>Located Criminal Trial Transcripts re Destroyed Evidence Admission of Defs for Mr. Brewington | 100.00 | 0.70 | $70.00 | Billable |
| 5/13/2025 | BREWINGTON,Frederick K.<br>Travel<br>Travel to court | 600.00 | 2.20 | $1,320.00 | Billable |
| 5/13/2025 | BREWINGTON,Frederick K.<br>Trial Conduct<br>Jury selections & proceedings on evidence issues | 600.00 | 6.80 | $4,080.00 | Billable |
| 5/13/2025 | BREWINGTON,Frederick K.<br>Trial Preparation<br>Trial preparation with client | 600.00 | 0.50 | $300.00 | Billable |
| 5/13/2025 | BREWINGTON,Frederick K.<br>Travel<br>Travel back to office | 600.00 | 2.50 | $1,500.00 | Billable |
| 5/13/2025 | BREWINGTON,Frederick K.<br>Trial Preparation<br>Work on legal issues with staff | 600.00 | 1.10 | $660.00 | Billable |
| 5/13/2025 | BREWINGTON,Frederick K.<br>Trial Preparation<br>Work on opening | 600.00 | 1.40 | $840.00 | Billable |
| 5/13/2025 | BREWINGTON,Frederick K.<br>draft letter<br>Draft email to defense team | 600.00 | 0.30 | $180.00 | Billable |
| 5/13/2025 | BREWINGTON,Frederick K.<br>Correspondence Review<br>Review email & documents | 600.00 | 0.40 | $240.00 | Billable |
| 5/13/2025 | BREWINGTON,Frederick K.<br>Trial Preparation<br>Work on Massaro & other exams | 600.00 | 3.40 | $2,040.00 | Billable |

**A-4323**

## Law Offices of Frederick K. Brewington

3:23 PM                                   **Pre-Bill Worksheet**                                   7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|------|-----------------|---------------|----------------|----------------|-------|
| 5/13/2025 | BREWINGTON, Frederick K. Correspondence Review Review email & documents | 600.00 | 0.40 | $240.00 | Billable |
| 5/13/2025 | POWELL, Cobia Court Appearance Trial Day 2- Jury Selection; Motion in Limines for Defendant Iannucci | 250.00 | 4.70 | $1,175.00 | Billable |
| 5/13/2025 | POWELL, Cobia Trial Preparation Email to Defendants (.1); Email to Defendants (.1); Email to Defendants (.1) | 250.00 | 0.30 | $75.00 | Billable |
| 5/14/2025 | PORTEE, CHRISTINA Travel Travel to Kings County Federal District Court re Pfail v Nassau Cnty. Trial | 100.00 | 1.00 | $100.00 | Billable |
| 5/14/2025 | PORTEE, CHRISTINA Court Appearance Pfail v. Nassau Cnty., et al with Jdg. Morrison | 100.00 | 5.00 | $500.00 | Billable |
| 5/14/2025 | PORTEE, CHRISTINA Travel Travel to Office from Kings County Federal District Court | 100.00 | 1.10 | $110.00 | Billable |
| 5/14/2025 | BREWINGTON, Frederick K. Travel Travel to court | 600.00 | 2.30 | $1,380.00 | Billable |
| 5/14/2025 | BREWINGTON, Frederick K. Trial Conduct Trial - opening & testimony | 600.00 | 7.80 | $4,680.00 | Billable |
| 5/14/2025 | BREWINGTON, Frederick K. Trial Preparation Trial preparation & organize further exam | 600.00 | 0.80 | $480.00 | Billable |
| 5/14/2025 | BREWINGTON, Frederick K. Trial Preparation Trial preparation - work on evidence & video | 600.00 | 0.50 | $300.00 | Billable |
| 5/14/2025 | BREWINGTON, Frederick K. Travel Travel back to office | 600.00 | 2.20 | $1,320.00 | Billable |
| 5/14/2025 | BREWINGTON, Frederick K. Trial Preparation Trial preparation - on finish Massaro & Palthor exams | 600.00 | 4.80 | $2,880.00 | Billable |
| 5/14/2025 | POWELL, Cobia Court Appearance Trial Day 3- Openings and Examination of Defendant Massaro | 250.00 | 5.80 | $1,450.00 | Billable |

A-4324

## Law Offices of Frederick K. Brewington

3:23 PM                                  **Pre-Bill Worksheet**                                  7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|--------------------|------------------|-------------------|-------------------|-------|
| 5/14/2025 | POWELL, Cobia<br>Trial Preparation<br>Defendant O'Brien Exam Preparation | 250.00 | 3.00 | $750.00 | Billable |
| 5/15/2025 | PORTEE, CHRISTINA<br>Travel<br>Travel to Kings County Federal District Court re Pfail v Nassau Cnty. Trial | 100.00 | 1.00 | $100.00 | Billable |
| 5/15/2025 | PORTEE, CHRISTINA<br>Court Appearance<br>Pfail v. Nassau Cnty., et al with Jdg. Morrison | 100.00 | 5.00 | $500.00 | Billable |
| 5/15/2025 | PORTEE, CHRISTINA<br>Travel<br>Travel to Office from Kings County Federal District Court | 100.00 | 1.20 | $120.00 | Billable |
| 5/15/2025 | BREWINGTON, Frederick K.<br>Travel<br>Travel to court | 600.00 | 2.20 | $1,320.00 | Billable |
| 5/15/2025 | BREWINGTON, Frederick K.<br>Trial Conduct<br>Conduct trial - testimony and proceedings | 600.00 | 8.20 | $4,920.00 | Billable |
| 5/15/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Trial preparation with client | 600.00 | 0.60 | $360.00 | Billable |
| 5/15/2025 | BREWINGTON, Frederick K.<br>Travel<br>Travel to office from court | 600.00 | 2.40 | $1,440.00 | Billable |
| 5/15/2025 | BREWINGTON, Frederick K.<br>Tele. w/ Expert<br>Telephone conversation with Berrill | 600.00 | 0.40 | $240.00 | Billable |
| 5/15/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Prepare on O'Brien with C. Powell structure exam | 600.00 | 4.20 | $2,520.00 | Billable |
| 5/15/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Prepare on Iannuci examination | 600.00 | 1.60 | $960.00 | Billable |
| 5/15/2025 | POWELL, Cobia<br>Court Appearance<br>Trial Day 4- Conference with Court; Continued Examination of Defendant Massaro, Defendant Panuthos | 250.00 | 6.20 | $1,550.00 | Billable |
| 5/15/2025 | POWELL, Cobia<br>Trial Preparation<br>Call with Scott Korenbaum (.2); Drafting O' Brien Witness Examination (5.8) | 250.00 | 6.00 | $1,500.00 | Billable |

A-4325

**Law Offices of Frederick K. Brewington**

3:23 PM                          **Pre-Bill Worksheet**                          7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 5/16/2025 | PORTEE,CHRISTINA<br>Travel<br>Travel to Kings County Federal District Court re Pfail v Nassau Cnty. Trial | 100.00 | 0.80 | $80.00 | Billable |
| 5/16/2025 | PORTEE,CHRISTINA<br>Court Appearance<br>Pfail v. Nassau Cnty., et al with Jdg. Morrison | 100.00 | 4.70 | $470.00 | Billable |
| 5/16/2025 | PORTEE,CHRISTINA<br>Travel<br>Travel to Office from Kings County Federal District Court | 100.00 | 0.90 | $90.00 | Billable |
| 5/16/2025 | BREWINGTON,Frederick K.<br>Travel<br>Travel to court | 600.00 | 2.20 | $1,320.00 | Billable |
| 5/16/2025 | BREWINGTON,Frederick K.<br>Trial Conduct<br>Trial testimony & proceedings | 600.00 | 6.50 | $3,900.00 | Billable |
| 5/16/2025 | BREWINGTON,Frederick K.<br>Trial Preparation<br>Prepare with client | 600.00 | 0.50 | $300.00 | Billable |
| 5/16/2025 | BREWINGTON,Frederick K.<br>General<br>Discuss court with S. Korenbaum & C. Powell | 600.00 | 0.40 | $240.00 | Billable |
| 5/16/2025 | BREWINGTON,Frederick K.<br>Travel<br>Travel back to office | 600.00 | 2.30 | $1,380.00 | Billable |
| 5/16/2025 | BREWINGTON,Frederick K.<br>Trial Preparation<br>Prepare & pull transcripts | 600.00 | 0.80 | $480.00 | Billable |
| 5/16/2025 | POWELL,Cobia<br>Trial Preparation<br>Drafting O' Brien Witness Examination (1); Email to Scott Korenbaum (.1); Email to Defendants (.1); Call with Scott Korenbaum (.1); Legal Team Meeting (.2) | 250.00 | 1.50 | $375.00 | Billable |
| 5/16/2025 | POWELL,Cobia<br>Court Appearance<br>Trial Day 5- Exam of Defendant O'Brien; Exam of Defendant Iannucci | 250.00 | 5.50 | $1,375.00 | Billable |
| 5/17/2025 | BREWINGTON,Frederick K.<br>Correspondence Review<br>Review email from Dorfman for social media | 600.00 | 0.40 | $240.00 | Billable |
| 5/17/2025 | BREWINGTON,Frederick K.<br>Trial Preparation<br>Work on Jury Instructions & legal issues | 600.00 | 4.20 | $2,520.00 | Billable |

A-4326

## Law Offices of Frederick K. Brewington

3:23 PM                                   **Pre-Bill Worksheet**                                   7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 5/17/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Send email back to Dorfman on social media | 600.00 | 0.40 | $240.00 | Billable |
| 5/18/2025 | PORTEE, CHRISTINA<br>Conference Call<br>Zoom Conference Call with Mr. Brewington, Mr. Powell & Mr. Korenbaum re Pltf Trial Prep., Jdg. Morrison Ltr Request & Defs Mistrial Attemps | 100.00 | 0.50 | $50.00 | Billable |
| 5/18/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Trial team planning & review of tasks & issues | 600.00 | 0.60 | $360.00 | Billable |
| 5/18/2025 | BREWINGTON, Frederick K.<br>General<br>Discuss with C. Powell & S. Korenbaum on issues | 600.00 | 0.40 | $240.00 | Billable |
| 5/18/2025 | BREWINGTON, Frederick K.<br>General<br>Further work on Jury Instructions | 600.00 | 0.30 | $180.00 | Billable |
| 5/18/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Draft letter on Grix records | 600.00 | 0.80 | $480.00 | Billable |
| 5/18/2025 | BREWINGTON, Frederick K.<br>Final Letter<br>Edit & finalize letter to court onGrix | 600.00 | 0.30 | $180.00 | Billable |
| 5/18/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Trial preparation & review Iannuci transcript | 600.00 | 0.70 | $420.00 | Billable |
| 5/18/2025 | POWELL, Cobia<br>Trial Preparation<br>Legal Team Meeting | 250.00 | 0.40 | $100.00 | Billable |
| 5/19/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Trial preparation with client for direct testimony | 600.00 | 1.40 | $840.00 | Billable |
| 5/19/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Further work on direct of BP | 600.00 | 0.50 | $300.00 | Billable |
| 5/19/2025 | PORTEE, CHRISTINA<br>Legal Research<br>Research on Defs Expert Doctor Dustin J. Gordon | 100.00 | 0.60 | $60.00 | Billable |
| 5/19/2025 | PORTEE, CHRISTINA<br>Trial Preparation<br>Organized Trial Transcript Binder with Updated Transcripts | 100.00 | 0.70 | $70.00 | Billable |

A-4327

## Law Offices of Frederick K. Brewington

3:23 PM                                     **Pre-Bill Worksheet**                                     7/18/2025

**PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)**

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 5/19/2025 | PORTEE,CHRISTINA<br>Trial Preparation<br>Trial Prep (re Direct & Cross Examination) with Pltf, Mr. Powell & Mr. Brewington | 100.00 | 1.50 | $150.00 | Billable |
| 5/19/2025 | PORTEE,CHRISTINA<br>Review<br>Trial Update Discussion with Mr. Powell, Mr. Brewington, Mr. Manuel, Ms. Sconiers, Mr. Holt, Mrs. Walker & Mrs. Lockett | 100.00 | 1.30 | $130.00 | Billable |
| 5/19/2025 | PORTEE,CHRISTINA<br>Trial Preparation<br>Cross Discussion with Mr. Brewington & Mr. Powell re Pltf Examination | 100.00 | 0.50 | $50.00 | Billable |
| 5/19/2025 | POWELL,Cobia<br>Trial Preparation<br>Letter to Court (.8); Meeting with Corliss Gittens on matter (.2); Meeting with Carl Saunders on matter (.2); Meeting with Mr. Brewington (.1); Prep for Witnesses (3.9); Email to Scott Korenbaum (.1);Email to Scott Korenbaum (.1);Email to Scott Korenbaum (.1);Email to Scott Korenbaum (.1);Email to Scott Korenbaum (.1) | 250.00 | 5.70 | $1,425.00 | Billable |
| 5/20/2025 | BREWINGTON,Frederick K.<br>Travel<br>Travel to court | 600.00 | 2.50 | $1,500.00 | Billable |
| 5/20/2025 | BREWINGTON,Frederick K.<br>Trial Conduct<br>Trial witness testimony - charge conference - motions | 600.00 | 9.20 | $5,520.00 | Billable |
| 5/20/2025 | BREWINGTON,Frederick K.<br>Trial Preparation<br>Debrief & organize tasks for evening | 600.00 | 0.50 | $300.00 | Billable |
| 5/20/2025 | BREWINGTON,Frederick K.<br>Travel<br>Travel back to office | 600.00 | 1.70 | $1,020.00 | Billable |
| 5/20/2025 | BREWINGTON,Frederick K.<br>Correspondence Review<br>Review emails from Mr. Dorfman on exhibits | 600.00 | 0.50 | $300.00 | Billable |
| 5/20/2025 | BREWINGTON,Frederick K.<br>draft letter<br>Respond to emails from Mr.Dorfman | 600.00 | 0.40 | $240.00 | Billable |
| 5/20/2025 | BREWINGTON,Frederick K.<br>Trial Preparation<br>Work on exhibits & pull transcripts | 600.00 | 0.40 | $240.00 | Billable |
| 5/20/2025 | BREWINGTON,Frederick K.<br>Trial Preparation<br>Discuss legal issues with S. Korenbaum | 600.00 | 0.40 | $240.00 | Billable |

A-4328

## Law Offices of Frederick K. Brewington

3:23 PM                    **Pre-Bill Worksheet**                    7/18/2025

### PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|------|-------------------|---------------|----------------|----------------|-------|
| 5/20/2025 | BREWINGTON, Frederick K. Trial Preparation Work on Amerandola & closing | 600.00 | 2.10 | $1,260.00 | Billable |
| 5/20/2025 | PORTEE, CHRISTINA Travel Travel to Kings County Federal District Court | 100.00 | 1.10 | $110.00 | Billable |
| 5/20/2025 | PORTEE, CHRISTINA Court Appearance Pfail v Nassau County, et al with Jdg. Morrisson | 100.00 | 8.40 | $840.00 | Billable |
| 5/20/2025 | PORTEE, CHRISTINA Trial Preparation Redacted Updated Pltf Exhibit 1 as per Stipulations Among Parties | 100.00 | 0.40 | $40.00 | Billable |
| 5/20/2025 | PORTEE, CHRISTINA Email to Adversary Emailed Redacted Pltf Exh. 1 to Defs | 100.00 | 0.30 | $30.00 | Billable |
| 5/20/2025 | PORTEE, CHRISTINA Trial Preparation Revised & Updated Pltf Exh 9 as per Stipulations Among Parties | 100.00 | 0.40 | $40.00 | Billable |
| 5/20/2025 | PORTEE, CHRISTINA Email to Adversary FWD Redacted Pltf Exh. 9 to Defs | 100.00 | 0.20 | $20.00 | Billable |
| 5/20/2025 | BREWINGTON, Frederick K. Trial Preparation Prepare with client for damages | 600.00 | 0.50 | $300.00 | Billable |
| 5/20/2025 | POWELL, Cobia Court Appearance Trial Day 6- Exam of Defendant Iannucci; Exam of Mr. Pfail, Plaintiff Rests, Rule 50a Motions | 250.00 | 6.50 | $1,625.00 | Billable |
| 5/20/2025 | POWELL, Cobia Trial Preparation Email to Scott Korenbaum (.1);Email to Scott Korenbaum (.1) | 250.00 | 0.20 | $50.00 | Billable |
| 5/21/2025 | BREWINGTON, Frederick K. Trial Preparation Work on opening & organize documents | 600.00 | 1.60 | $960.00 | Billable |
| 5/21/2025 | BREWINGTON, Frederick K. Travel Travel to court | 600.00 | 1.90 | $1,140.00 | Billable |
| 5/21/2025 | BREWINGTON, Frederick K. Trial Conduct Trial, argue testimony. Close & charge | 600.00 | 9.20 | $5,520.00 | Billable |

63

A-4329

## Law Offices of Frederick K. Brewington

3:23 PM                              **Pre-Bill Worksheet**                              7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate / Markup % | Hours / DNB Time | Amount / DNB Amt | Total |
|------|-------------------|-----------------|------------------|------------------|-------|
| 5/21/2025 | BREWINGTON, Frederick K. / Travel / Travel back to office | 600.00 | 2.20 | $1,320.00 | Billable |
| 5/21/2025 | BREWINGTON, Frederick K. / Tele. w/ Expert / Telephone conversation with Dr. Berrill | 600.00 | 0.80 | $480.00 | Billable |
| 5/21/2025 | BREWINGTON, Frederick K. / General / Discuss Grix issue with C. Powell | 600.00 | 0.40 | $240.00 | Billable |
| 5/21/2025 | BREWINGTON, Frederick K. / Legal Research / Research on preclusion issues | 600.00 | 0.60 | $360.00 | Billable |
| 5/21/2025 | BREWINGTON, Frederick K. / draft letter / Draft letter on Grix records | 600.00 | 2.10 | $1,260.00 | Billable |
| 5/21/2025 | BREWINGTON, Frederick K. / Final Letter / Finalize for filing of letter - copy for court | 600.00 | 1.10 | $660.00 | Billable |
| 5/21/2025 | PORTEE, CHRISTINA / Travel / Travel to Kings County Federal District Court | 100.00 | 0.90 | $90.00 | Billable |
| 5/21/2025 | PORTEE, CHRISTINA / Court Appearance / Pfail v Nassau County, et al with Jdg. Morrisson | 100.00 | 8.00 | $800.00 | Billable |
| 5/21/2025 | POWELL, Cobia / Court Appearance / Trial Day 7- Exam of William Amendolare; Closing Arguments, Jury Instructions, Deliberations | 250.00 | 6.00 | $1,500.00 | Billable |
| 5/22/2025 | BREWINGTON, Frederick K. / Travel / Travel to court | 600.00 | 2.50 | $1,500.00 | Billable |
| 5/22/2025 | BREWINGTON, Frederick K. / Trial Preparation / Work with client about damages | 600.00 | 0.40 | $240.00 | Billable |
| 5/22/2025 | BREWINGTON, Frederick K. / Trial Conduct / Trial - deliberations, motions, argument | 600.00 | 7.00 | $4,200.00 | Billable |
| 5/22/2025 | BREWINGTON, Frederick K. / Trial Preparation / Prepare with mother about testimony | 600.00 | 0.80 | $480.00 | Billable |

A-4330

**Law Offices of Frederick K. Brewington**

3:23 PM                              **Pre-Bill Worksheet**                              7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|------|-------------------|---------------|----------------|----------------|-------|
| 5/22/2025 | BREWINGTON, Frederick K.<br>Travel<br>Travel back to office | 600.00 | 2.10 | $1,260.00 | Billable |
| 5/22/2025 | BREWINGTON, Frederick K.<br>Tele. w/ Expert<br>Telephone conversation with Dr. Berrill about schedule | 600.00 | 0.40 | $240.00 | Billable |
| 5/22/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Prepare with C. Powell about preparation of client | 600.00 | 0.40 | $240.00 | Billable |
| 5/22/2025 | PORTEE, CHRISTINA<br>Travel<br>Travel to Kings County Federal District Court | 100.00 | 1.00 | $100.00 | Billable |
| 5/22/2025 | PORTEE, CHRISTINA<br>Court Appearance<br>Pfail v Nassau County, et al with Jdg. Morrisson | 100.00 | 4.00 | $400.00 | Billable |
| 5/22/2025 | PORTEE, CHRISTINA<br>Travel<br>Brought Pltf Back to Hotel as per Mr. Brewington | 100.00 | 1.20 | $120.00 | Billable |
| 5/22/2025 | POWELL, Cobia<br>Court Appearance<br>Trial Day 8- Jury Deiberations, Motion to Precludes | 250.00 | 5.00 | $1,250.00 | Billable |
| 5/22/2025 | POWELL, Cobia<br>Travel<br>Travel from Court | 250.00 | 2.50 | $625.00 | Billable |
| 5/22/2025 | POWELL, Cobia<br>Trial Preparation<br>Prep with Mr. Pfail (.5); Reviewing medical records (2) | 250.00 | 2.50 | $625.00 | Billable |
| 5/23/2025 | PORTEE, CHRISTINA<br>Travel<br>Travel to Kings County Federal District Court with Mrs. Pfail (Mother) | 100.00 | 1.20 | $120.00 | Billable |
| 5/23/2025 | PORTEE, CHRISTINA<br>Court Appearance<br>Pfail v Nassau County, et al with Jdg. Morrisson | 100.00 | 6.20 | $620.00 | Billable |
| 5/23/2025 | PORTEE, CHRISTINA<br>Legal Research<br>Final Legal Research re Defs Expert Dr. Dustin Gordon Credentials as per Mr. Brewington | 100.00 | 0.70 | $70.00 | Billable |
| 5/23/2025 | BREWINGTON, Frederick K.<br>Travel<br>Travel TO COURT | 600.00 | 1.60 | $960.00 | Billable |

**A-4331**

## Law Offices of Frederick K. Brewington

3:23 PM                          **Pre-Bill Worksheet**                          7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|------|------|------|------|------|
| 5/23/2025 | BREWINGTON, Frederick K.<br>Tele. w/ Expert<br>Telephone conversation with Dr. Berrill and schedule | 600.00 | 0.20 | $120.00 | Billable |
| 5/23/2025 | BREWINGTON, Frederick K.<br>Trial Conduct<br>Trial liability verdict, opening & testimony | 600.00 | 8.90 | $5,340.00 | Billable |
| 5/23/2025 | POWELL, Cobia<br>Court Appearance<br>Trial Day 9- Jury Deiberations, Verdict Comes in, 50a Motion Renewed, Openings, Exam of Ms.<br>Pfail, Exam of Mr. Pfail | 250.00 | 7.00 | $1,750.00 | Billable |
| 5/24/2025 | BREWINGTON, Frederick K.<br>Travel<br>Travel to meet with expert | 600.00 | 0.50 | $300.00 | Billable |
| 5/24/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Meet with Dr. Berrill & prepare for trial | 600.00 | 2.10 | $1,260.00 | Billable |
| 5/24/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Work on expert exams & documents | 600.00 | 0.50 | $300.00 | Billable |
| 5/24/2025 | POWELL, Cobia<br>Trial Preparation<br>Prep of Dr. Berrill | 250.00 | 1.80 | $450.00 | Billable |
| 5/25/2025 | BREWINGTON, Frederick K.<br>Tele. to Client<br>Telephone call to client to check in | 600.00 | 0.30 | $180.00 | Billable |
| 5/26/2025 | BREWINGTON, Frederick K.<br>File Review<br>Review of file for expert | 600.00 | 0.40 | $240.00 | Billable |
| 5/26/2025 | BREWINGTON, Frederick K.<br>General<br>Handle house issue with hotel &client | 600.00 | 1.50 | $900.00 | Billable |
| 5/26/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Trial preparation for Pfail redirect & experts | 600.00 | 3.20 | $1,920.00 | Billable |
| 5/26/2025 | POWELL, Cobia<br>Trial Preparation<br>Email to Defendants | 250.00 | 0.10 | $25.00 | Billable |
| 5/27/2025 | BREWINGTON, Frederick K.<br>Travel<br>Travel into Brooklyn for trial | 600.00 | 2.50 | $1,500.00 | Billable |

66

A-4332

**Law Offices of Frederick K. Brewington**

3:23 PM                           **Pre-Bill Worksheet**                          7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|------|------|------|------|------|------|
| 5/27/2025 | BREWINGTON, Frederick K.<br>Trial Conduct<br>Trial - Testimony - argument Chase conference | 600.00 | 9.40 | $5,640.00 | Billable |
| 5/27/2025 | BREWINGTON, Frederick K.<br>Travel<br>Travel back to office | 600.00 | 2.20 | $1,320.00 | Billable |
| 5/27/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Work on redirect for Dr. Berrill | 600.00 | 0.80 | $480.00 | Billable |
| 5/27/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Work on closing & damages issues | 600.00 | 1.90 | $1,140.00 | Billable |
| 5/27/2025 | POWELL, Cobia<br>Court Appearance<br>Trial Day 10- Defendants' Motion Letter Discussed, Continued Cross of Mr. Pfail, Exam of Dr. Berrill | 250.00 | 5.50 | $1,375.00 | Billable |
| 5/27/2025 | POWELL, Cobia<br>Trial Preparation<br>Email to Scott Korenbaum | 250.00 | 0.10 | $25.00 | Billable |
| 5/28/2025 | BREWINGTON, Frederick K.<br>Travel<br>Travel into court for trial | 600.00 | 2.50 | $1,500.00 | Billable |
| 5/28/2025 | BREWINGTON, Frederick K.<br>Trial Preparation<br>Debrief with client & staff | 600.00 | 0.40 | $240.00 | Billable |
| 5/28/2025 | BREWINGTON, Frederick K.<br>Travel<br>Travel back to office | 600.00 | 2.40 | $1,440.00 | Billable |
| 5/28/2025 | BREWINGTON, Frederick K.<br>General<br>Take client to hotel & make arrangements | 600.00 | 0.40 | $240.00 | Billable |
| 5/28/2025 | POWELL, Cobia<br>Court Appearance<br>Trial Day 11- Exam of Dr. Berrill, Summations, Closings, Jury Deliberations | 250.00 | 6.00 | $1,500.00 | Billable |
| 5/29/2025 | BREWINGTON, Frederick K.<br>Travel<br>Travel to court | 600.00 | 2.50 | $1,500.00 | Billable |
| 5/29/2025 | BREWINGTON, Frederick K.<br>Trial Conduct<br>Trial, deliberations & legal issues | 600.00 | 7.00 | $4,200.00 | Billable |

A-4333

**Law Offices of Frederick K. Brewington**

3:23 PM                                  **Pre-Bill Worksheet**                                  7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|------|-------------------|--------------|----------------|----------------|-------|
| 5/29/2025 | BREWINGTON, Frederick K.<br>Conference with client<br>Debrief with client & explain. Help understand | 600.00 | 1.60 | $960.00 | Billable |
| 5/29/2025 | BREWINGTON, Frederick K.<br>Travel<br>Travel back to office | 600.00 | 2.10 | $1,260.00 | Billable |
| 5/29/2025 | POWELL, Cobia<br>Court Appearance<br>Trial Day 12- Jury Deliberations, Jury Verdict | 250.00 | 4.80 | $1,200.00 | Billable |
| 5/30/2025 | BREWINGTON, Frederick K.<br>Tele. to Client<br>Telephone call to client & update | 600.00 | 0.40 | $240.00 | Billable |
| 5/30/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review court filings & place in electronic file | 600.00 | 0.60 | $360.00 | Billable |
| 5/30/2025 | BREWINGTON, Frederick K.<br>General<br>Debrief & breakdown file & outline tasks | 600.00 | 0.50 | $300.00 | Billable |
| 5/30/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Review & file Judgement in offer system | 600.00 | 0.30 | $180.00 | Billable |
| 5/30/2025 | BREWINGTON, Frederick K.<br>General<br>Meet with client to get to airport | 600.00 | 0.70 | $420.00 | Billable |
| 6/1/2025 | BREWINGTON, Frederick K.<br>Draft Legal Document<br>Draft factual synopsis & follow up | 600.00 | 0.80 | $480.00 | Billable |
| 6/1/2025 | BREWINGTON, Frederick K.<br>General<br>Public information & press conduct | 600.00 | 0.70 | $420.00 | Billable |
| 6/2/2025 | BREWINGTON, Frederick K.<br>General<br>Telephone on correct facts | 600.00 | 0.40 | $240.00 | Billable |
| 6/2/2025 | BREWINGTON, Frederick K.<br>Correspondence Review<br>Look at connections on correct facts | 600.00 | 0.30 | $180.00 | Billable |
| 6/2/2025 | BREWINGTON, Frederick K.<br>draft letter<br>Send copy of correct facts | 600.00 | 0.30 | $180.00 | Billable |

68

## A-4334

Case 2:16-cv-00518-NRM-PCG    Document 163-2    Filed 07/23/25    Page 70 of 82 PageID #: 2380

**Law Offices of Frederick K. Brewington**

3:23 PM **Pre-Bill Worksheet** 7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|------|-------------------|---------------|----------------|----------------|-------|
| 6/2/2025 | BREWINGTON, Frederick K. / Tele. Frm. Client / Telephone call from client. | 600.00 | 0.40 | $240.00 | Billable |
| 6/6/2025 | POWELL, Cobia / Meeting / Meeting with Mr. Brewington | 250.00 | 0.10 | $25.00 | Billable |
| 6/9/2025 | BREWINGTON, Frederick K. / Tele. to Client / Telephone call to client about strategy | 600.00 | 0.40 | $240.00 | Billable |
| 6/9/2025 | PORTEE, CHRISTINA / Correspondence Review / FWD Trial Transcripts (May 20-21, 23, 27-29) to Mr. Korenbaum via Email | 100.00 | 0.30 | $30.00 | Billable |
| 6/17/2025 | BREWINGTON, Frederick K. / Tele. w/ Adversary / Telephone call with Mr. Cuomo | 600.00 | 0.30 | $180.00 | Billable |
| **Total: Apr - Jun 2025** | | | 532.90 | | **$216,760.00** |
| **Date: Jul - Sep 2025** | | | | | |
| 7/13/2025 | BREWINGTON, Frederick K. / Draft Legal Document / Draft declaration for fee application | 600.00 | 5.90 | $3,540.00 | Billable |
| 7/13/2025 | BREWINGTON, Frederick K. / File Review / Review file & documents for draft of fee application | 600.00 | 0.80 | $480.00 | Billable |
| 7/15/2025 | BREWINGTON, Frederick K. / Draft Legal Document / Drafting legal document, further edits to declaration and discuss MOL | 600.00 | 0.40 | $240.00 | Billable |
| 7/18/2025 | BREWINGTON, Frederick K. / draft letter / Draft letter- send email to S.Korenbaum about edits | 600.00 | 0.20 | $120.00 | Billable |
| **Total: Jul - Sep 2025** | | | 7.30 | | **$4,380.00** |
| **TOTAL** | **Billable Fees** | | 847.30 | | **$359,355.00** |

| Date | Timekeeper / Expense | Price Markup % | Quantity | Amount | Total |
|------|----------------------|----------------|----------|--------|-------|
| **Date: Oct - Dec 2018** | | | | | |
| 12/31/2018 | BREWINGTON LAW OFFICE / Reproduction/ Copy Expense / Reproduction Expense: 52 copies @.25 a page through 12/31/18 | $0.25 | 52.000 | $13.00 | Billable |

69

## A-4335

**Law Offices of Frederick K. Brewington**

| 3:23 PM | **Pre-Bill Worksheet** | | 7/18/2025 |

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper Expense | Price Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| **Total: Oct - Dec 2018** | | | | | $13.00 |
| **Date: Jan - Mar 2019** | | | | | |
| 2/13/2019 | BREWINGTONLAWOFFICE Postage Attn: Civil Section, Legal Bureau, Room 1406, 1 Police Plaza, NEW YORK, NY 10038-1403, US-USPS-First Class (R) | $0.50 | 1.000 | $0.50 | Billable |
| 2/13/2019 | BREWINGTONLAWOFFICE Postage NYPD Manhattan Property Office, 1 Police Plaza, Room S-20, NEW YORK, NY 10038-1403, US-USPS-First Class (R) | $0.50 | 1.000 | $0.50 | Billable |
| 2/13/2019 | BREWINGTONLAWOFFICE Postage Eileen Pfail, 35 Roxbury Road, GARDEN CITY, NY 11530-4140, US-USPS-First Class (R) | $0.50 | 1.000 | $0.50 | Billable |
| 3/21/2019 | BREWINGTONLAWOFFICE Postage Ms. Eileen T. Pfail, 35 Roxbury Road, GARDEN CITY, NY 11530-4140, US-USPS-First Class (R) | $0.50 | 1.000 | $0.50 | Billable |
| **Total: Jan - Mar 2019** | | | | | $2.00 |
| **Date: Apr - Jun 2019** | | | | | |
| 4/29/2019 | BREWINGTONLAWOFFICE Postage Dr. Santo Terranova, 611 Northern Blvd., STE 150A, GREAT NECK, NY 11021-5210, US-USPS-First Class (R) | $0.50 | 1.000 | $0.50 | Billable |
| 4/29/2019 | BREWINGTONLAWOFFICE Postage Dr. Michael Swartz, 2800 Marcus Avenue, NORTH NEW HYDE PARK, NY 11042-1113, US-USPS-First Class (R) | $0.50 | 1.000 | $0.50 | Billable |
| 4/29/2019 | BREWINGTONLAWOFFICE Postage Dr. Gad Klein, 1991 Marcus Avenue, STE 108, NORTH NEW HYDE PARK, NY 11042-2062, US-USPS-First Class (R) | $0.50 | 1.000 | $0.50 | Billable |
| 4/29/2019 | BREWINGTONLAWOFFICE Postage Dr. Alan Ettinger, 1991 Marcus Avenue, NORTH NEW HYDE PARK, NY 11042-2057, US-USPS-First Class (R) | $0.50 | 1.000 | $0.50 | Billable |
| 4/29/2019 | BREWINGTONLAWOFFICE Postage Nassau University Medical Center, Att: Medical Records, 2201 Hempstead Tpke, EAST MEADOW, NY 11554-1859, US-USPS-First Class (R) | $0.50 | 1.000 | $0.50 | Billable |

**A-4336**

**Law Offices of Frederick K. Brewington**

3:23 PM                                    **Pre-Bill Worksheet**                                    7/18/2025

PFAIL, BRIAN J. County of Nass: BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Expense | Price Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| 4/29/2019 | BREWINGTON LAW OFFICE<br>Postage<br>Dr. Gregory Gunyan, 222 Station Plaza North, STE 350A, MINEOLA, NY 11501-3814, US-USPS-First Class (R) | $0.50 | 1.000 | $0.50 | Billable |
| 4/29/2019 | BREWINGTON LAW OFFICE<br>Postage<br>Dr. Adarsh Gupta, 560 Northern Blvd., STE 206, GREAT NECK, NY 11021-5113, US-USPS-First Class (R) | $0.50 | 1.000 | $0.50 | Billable |
| 4/29/2019 | BREWINGTON LAW OFFICE<br>Postage<br>NYU Winthrop Hospital, MEDICAL RECORDS, 259 First Street, MINEOLA, NY 11501-3957, US-USPS-First Class (R) | $0.50 | 1.000 | $0.50 | Billable |
| 4/29/2019 | BREWINGTON LAW OFFICE<br>Postage<br>Diane Thorp, MSW, LCSW, PASRR Dept., 1979 Marcus Avenue, NEW HYDE PARK, NY 11042-1076, US-USPS-First Class (R) | $0.50 | 1.000 | $0.50 | Billable |
| 4/29/2019 | BREWINGTON LAW OFFICE<br>Postage<br>Denise Galloway, MSW/MPA, 479 Middle Country Road, CORAM, NY 11727-3729, US-USPS-First Class (R) | $0.50 | 1.000 | $0.50 | Billable |
| 4/29/2019 | BREWINGTON LAW OFFICE<br>Postage<br>Gail Compton, MA, LMHC, CASAC, 211 Broadway, STE 207, LYNBROOK, NY 11563-3290, US-USPS-First Class (R) | $0.50 | 1.000 | $0.50 | Billable |
| 4/29/2019 | BREWINGTON LAW OFFICE<br>Postage<br>Maureen Grix, Ph.D., 233 Seventh Street, STE 200, GARDEN CITY, NY 11530-5747, US-USPS-First Class (R) | $0.50 | 1.000 | $0.50 | Billable |
| 4/30/2019 | BREWINGTON LAW OFFICE<br>Reproduction/ Copy Expense<br>Reproduction Expense: 45 copies @ .25 a page through 4/30/2019 | $0.25 | 45.000 | $11.25 | Billable |
| 4/30/2019 | BREWINGTON LAW OFFICE<br>Reproduction/ Copy Expense<br>Reproduction Expense: 36 copies @ .25 a page through 4/30/2019 | $0.25 | 36.000 | $9.00 | Billable |
| 4/30/2019 | BREWINGTON LAW OFFICE<br>Reproduction/ Copy Expense<br>Reproduction Expense: 23 copies @ .25 a page through 4/30/2019 | $0.25 | 23.000 | $5.75 | Billable |
| 4/30/2019 | BREWINGTON LAW OFFICE<br>Reproduction/ Copy Expense<br>Reproduction Expense: 145 copies @ .25 a page through 4/30/2019 | $0.25 | 145.000 | $36.25 | Billable |
| 4/30/2019 | BREWINGTON LAW OFFICE<br>Reproduction/ Copy Expense<br>Reproduction Expense: 47 copies @ .25 a page through 4/30/2019 | $0.25 | 47.000 | $11.75 | Billable |

71

A-4337

## Law Offices of Frederick K. Brewington

3:23 PM                         **Pre-Bill Worksheet**                         7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Expense | Price<br>Markup % | Quantity | Amount | Total |
|------|----------|------|----------|--------|-------|
| 4/30/2019 | BREWINGTONLAWOFFICE<br>Reproduction/Copy Expense<br>Reproduction Expense: 209 copies @ .25 a page through 4/30/2019 | $0.25 | 209.000 | $52.25 | Billable |
| 5/13/2019 | BREWINGTONLAWOFFICE<br>Postage<br>Dr. Alan Ettinger, 2715 76th Avenue, NEW HYDE PARK, NY 11040, US-USPS-First Class (R) | $0.50 | 1.000 | $0.50 | Billable |
| 5/13/2019 | BREWINGTONLAWOFFICE<br>Postage<br>Diane Thorp, MSW, LCSW, IPRO, 1979 Marcus Avenue, STE 105, NEW HYDE PARK, NY 11042-1094, US-USPS-First Class (R) | $0.50 | 1.000 | $0.50 | Billable |
| 5/14/2019 | BREWINGTONLAWOFFICE<br>Postage<br>2 NetStamps at $1.45 each-USPS-First Class (R) | $2.90 | 1.000 | $2.90 | Billable |
| 5/20/2019 | BREWINGTONLAWOFFICE<br>Medical Records<br>Medical Records - Neurological Surgery, PC. - Requested by L. Van Ommeren. | $4.25 | 1.000 | $4.25 | Billable |
| 5/20/2019 | BREWINGTONLAWOFFICE<br>Postage<br>Neurological Surgery PC, 100 Merrick Rd Ste 128w, ROCKVILLE CENTRE, NY 11570-4821, US-USPS-First Class (R) | $0.50 | 1.000 | $0.50 | Billable |
| 5/20/2019 | BREWINGTONLAWOFFICE<br>Medical Records<br>Medical Records -ProHEALTH Corporation/ 39 pages at $.75 each/ Requested by C. Harris-Marchesi, T. Mitchell | $29.25 | 1.000 | $29.25 | Billable |
| 5/22/2019 | BREWINGTONLAWOFFICE<br>Postage<br>2 NetStamps at $2.65 each-USPS-First Class (R) | $5.30 | 1.000 | $5.30 | Billable |
| 5/29/2019 | BREWINGTONLAWOFFICE<br>Postage<br>LIJ Medical Center, 2715 76th Avenue, NEW HYDE PARK, NY 11040, US-USPS-First Class (R) | $0.50 | 1.000 | $0.50 | Billable |
| 5/29/2019 | BREWINGTONLAWOFFICE<br>Postage<br>Lake Success Medical Center, 1991 Marcus Avenue, NORTH NEW HYDE PARK, NY 11042-2057, US-USPS-First Class (R) | $0.50 | 1.000 | $0.50 | Billable |
| 5/29/2019 | BREWINGTONLAWOFFICE<br>Postage<br>ProHealth Care Associates, 2800 Marcus Avenue, NEW HYDE PARK, NY 11042-1113, US-USPS-First Class (R) | $0.50 | 1.000 | $0.50 | Billable |
| 5/31/2019 | BREWINGTONLAWOFFICE<br>Reproduction/Copy Expense<br>Reproduction Expense: 93 copies @ .25 page for the period 5/1/2019 through 5/31/2019 | $0.25 | 93.000 | $23.25 | Billable |

A-4338

## Law Offices of Frederick K. Brewington

3:23 PM                                **Pre-Bill Worksheet**                            7/18/2025

### PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Expense | Price<br>Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| 5/31/2019 | BREWINGTONLAWOFFICE<br>Reproduction/Copy Expense<br>Reproduction Expense: 46 copies @ .25  page for the period 5/1/2019  through 5/31/2019 | $0.25 | 46.000 | $11.50 | Billable |
| 5/31/2019 | BREWINGTONLAWOFFICE<br>Reproduction/Copy Expense<br>Reproduction Expense: 4 copies @ .25  page for the period 5/1/2019  through 5/31/2019 | $0.25 | 4.000 | $1.00 | Billable |
| 5/31/2019 | BREWINGTONLAWOFFICE<br>Reproduction/Copy Expense<br>Reproduction Expense: 24 copies @ .25  page for the period 5/1/2019  through 5/31/2019 | $0.25 | 24.000 | $6.00 | Billable |
| 6/12/2019 | BREWINGTONLAWOFFICE<br>Medical Records<br>Medical Records -Ciox Health - Records from Long Island Jewish Medical Center/ Invoice No. 0276800756/ 253 pages, Electronic Data Archive Fee/ | $191.75 | 1.000 | $191.75 | Billable |

| | | | | | |
|---|---|---|---|---|---|
| **Total: Apr - Jun 2019** | | | | | **$410.45** |

**Date: Jul - Sep 2019**

| Date | Timekeeper<br>Expense | Price<br>Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| 7/31/2019 | BREWINGTONLAWOFFICE<br>Reproduction/Copy Expense<br>Reproduction Expense: 1 copies @ .25  page for the period 7/1/2019  through 7/31/2019 | $0.25 | 1.000 | $0.25 | Billable |
| 8/7/2019 | BREWINGTONLAWOFFICE<br>Travel Expenses<br>Mileage and Parking - Court Appearance in Brooklyn, to and from Home/ 53 Miles/ Parking at 196-200 Cadman Plaza West, Ticket No. 321464/ Requested by C. Harris Marchesi on 8/8/2019 | $59.74 | 1.000 | $59.74 | Billable |
| 9/17/2019 | BREWINGTONLAWOFFICE<br>Postage<br>Jeremy J. Scileppi, Esq., Deputy County Attorney, 1 West Street, Mineola, NY 11501-4813, US-USPS-First Class® | $1.60 | 1.000 | $1.60 | Billable |
| 9/17/2019 | BREWINGTONLAWOFFICE<br>Postage<br>Andrew Preston, Esq, Bee Ready Fishbein Hatter And Donovan, L, 170 Old Country Road, Suite 200, Mineola, NY 11501-4309, US-USPS-First Class® | $1.60 | 1.000 | $1.60 | Billable |

| | | | | | |
|---|---|---|---|---|---|
| **Total: Jul - Sep 2019** | | | | | **$63.19** |

**Date: Jan - Mar 2020**

| Date | Timekeeper<br>Expense | Price<br>Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| 2/25/2020 | BREWINGTONLAWOFFICE<br>Court Reporting<br>Rich Moffett Court Reporting, Inc., Invoice No. 2258/ Deposition of Police Officer Thomas Iannucci (Original and 1 Copy) on February 11th, 2020, 147 Pages/ Appearance Fee/ | $706.50 | 1.000 | $706.50 | Billable |
| 2/28/2020 | BREWINGTONLAWOFFICE<br>Reproduction/Copy Expense<br>Reproduction Expense: 641  copies @ .25 a page for the period 02/01/2020 through 02/28/2020 | $0.25 | 641.000 | $160.25 | Billable |

A-4339

Case 2:16-cv-00518-NRM-PCG    Document 163-2    Filed 07/23/25    Page 75 of 82 PageID #: 2385

**Law Offices of Frederick K. Brewington**

3:23 PM                                **Pre-Bill Worksheet**                                7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Expense | Price<br>Markup % | Quantity | Amount | Total |
|------|------------------------|-------------------|----------|--------|-------|
| 3/25/2020 | BREWINGTONLAWOFFICE<br>Court Reporting<br>Rich Moffett Court Reporting, Inc., Invoice No. 2296, Deposition of Jonathan Panuthos (Original +1 Copy), Apperaance Fee | $738.00 | 1.000 | $738.00 | Billable |
| 3/31/2020 | BREWINGTONLAWOFFICE<br>Reproduction/Copy Expense<br>Reproduction Expense: 301 copies @ .25 a page for the period 03/01/2020 through 03/31/2020 | $0.25 | 301.000 | $75.25 | Billable |

**Total: Jan - Mar 2020**                                                                $1,680.00

**Date: Apr - Jun 2020**

| Date | Timekeeper<br>Expense | Price<br>Markup % | Quantity | Amount | Total |
|------|------------------------|-------------------|----------|--------|-------|
| 5/15/2020 | BREWINGTONLAWOFFICE<br>Expert Fees<br>The New York Center for Neuropsychology & Forensic Behavioral Science/N.G. Berrill, Ph.D/ Date of Service 6/15/19, 6/21/19, 7/5/19, 3/12/20 - Service Provided: Neuropsychological evaluation, including testing, record review and report | $4,000.00 | 1.000 | $4,000.00 | Billable |

**Total: Apr - Jun 2020**                                                                $4,000.00

**Date: Jul - Sep 2020**

| Date | Timekeeper<br>Expense | Price<br>Markup % | Quantity | Amount | Total |
|------|------------------------|-------------------|----------|--------|-------|
| 9/11/2020 | BREWINGTONLAWOFFICE<br>Court Reporting<br>Rich Moffett Court Reporting, Inc., Invoice No. 2355/ Deposition of JosephMassaro (Original + 1 copy), Appearance fee, Mini Transcript, PDF/ | $805.50 | 1.000 | $805.50 | Billable |
| 9/22/2020 | BREWINGTONLAWOFFICE<br>Postage<br>Ms. Eileen T. Pfail, 35 Roxbury Road, GARDEN CITY, NY 11530, US | $0.65 | 1.000 | $0.65 | Billable |
| 9/29/2020 | BREWINGTONLAWOFFICE<br>Court Reporting<br>Rich Moffett Court Reporting, Inc., Invoice No. 2364/ Deposition of KevinReilly (Original + 1 copy), Appearance fee, Mini Transcript, PDF | $634.00 | 1.000 | $634.00 | Billable |

**Total: Jul - Sep 2020**                                                                $1,440.15

**Date: Oct - Dec 2020**

| Date | Timekeeper<br>Expense | Price<br>Markup % | Quantity | Amount | Total |
|------|------------------------|-------------------|----------|--------|-------|
| 10/2/2020 | BREWINGTONLAWOFFICE<br>Postage<br>Jennean R. Rogers, Esq., Office of the Nassau County Attorney, 1 West Street, Mineola, NY 11501-4813, US | $1.20 | 1.000 | $1.20 | Billable |

**Total: Oct - Dec 2020**                                                                $1.20

A-4340

**Law Offices of Frederick K. Brewington**

3:23 PM                                   **Pre-Bill Worksheet**                                   7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Expense | Price<br>Markup % | Quantity | Amount | Total |
|------|----------------------|-------------------|----------|--------|-------|
| **Date: Apr - Jun 2021** | | | | | |
| 6/25/2021 | BREWINGTONLAWOFFICE<br>Postage<br>Benefits Coordination & Recovery Center/NGHP, P.O. Box 138832, OKLAHOMA CITY, OK 73113, US-USPS-First Class (R) | $0.51 | 1.000 | $0.51 | Billable |
| 6/30/2021 | BREWINGTONLAWOFFICE<br>Reproduction/ Copy Expense<br>  Reproduction Expense: 2 Copies @ .25 a page for the Period: June 1, 2021 through June 31, 2021 | $0.25 | 2.000 | $0.50 | Billable |
| **Total: Apr - Jun 2021** | | | | | **$1.01** |
| **Date: Jul - Sep 2021** | | | | | |
| 8/31/2021 | BREWINGTONLAWOFFICE<br>Reproduction/ Copy Expense<br>  Reproduction Expense: 3 Copies @ .25 a page for the Period: August 1, 2021 through August 31, 2021 | $0.25 | 3.000 | $0.75 | Billable |
| 9/30/2021 | BREWINGTONLAWOFFICE<br>Reproduction/ Copy Expense<br>  Reproduction Expense: 3 Copies @ .25 a page for the Period: September 1, 2021 through September 30, 2021 | $0.25 | 3.000 | $0.75 | Billable |
| **Total: Jul - Sep 2021** | | | | | **$1.50** |
| **Date: Oct - Dec 2021** | | | | | |
| 12/1/2021 | BREWINGTONLAWOFFICE<br>Reproduction/ Copy Expense<br>  Reproduction Expense: 2 Copies @ .25 a page for the Period: December 1, 2021 through December 31, 2021 | $0.25 | 2.000 | $0.50 | Billable |
| 12/30/2021 | BREWINGTONLAWOFFICE<br>Postage<br>Liora M. Ben-Sorek, Esq., Nassau County Attorney Office, 1 West Street Fl. 2nd, Mineola, NY 11501-4813, US USPS First Class (R) | $2.36 | 1.000 | $2.36 | Billable |
| **Total: Oct - Dec 2021** | | | | | **$2.86** |
| **Date: Jan - Mar 2022** | | | | | |
| 2/28/2022 | BREWINGTONLAWOFFICE<br>Reproduction/ Copy Expense<br>  Reproduction Expense: 9 Copies @ .25 a page for the Period: February 1, 2021 through February 28, 2022 | $0.25 | 9.000 | $2.25 | Billable |
| 3/31/2022 | BREWINGTONLAWOFFICE<br>Reproduction/ Copy Expense<br>  Reproduction Expense: 6 Copies @ .25 a page for the Period: March 1, 2022 through March 31, 2022 | $0.25 | 6.000 | $1.50 | Billable |

A-4341

## Law Offices of Frederick K. Brewington

| 3:23 PM | **Pre-Bill Worksheet** | 7/18/2025 |
|---|---|---|

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Expense | Price<br>Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| **Total: Jan - Mar 2022** | | | | | **$3.75** |
| **Date: Apr - Jun 2022** | | | | | |
| 6/1/2022 | BREWINGTONLAWOFFICE<br>Reproduction/ Copy Expense<br>Reproduction Expense: 1 Copies @ .25 a page for the Period: May 1, 2022 through May 31, 2022 | $0.25 | 1.000 | $0.25 | Billable |
| **Total: Apr - Jun 2022** | | | | | **$0.25** |
| **Date: Jul - Sep 2022** | | | | | |
| 7/31/2022 | BREWINGTONLAWOFFICE<br>Reproduction/ Copy Expense<br>Reproduction Expense: 16 Copies @ .25 a page for the Period: July 1, 2022 through July 31, 2022 | $0.25 | 16.000 | $4.00 | Billable |
| **Total: Jul - Sep 2022** | | | | | **$4.00** |
| **Date: Apr - Jun 2023** | | | | | |
| 6/30/2023 | BREWINGTONLAWOFFICE<br>Reproduction/ Copy Expense<br>Reproduction Expense: 30 Copies @ .25 a page for the Period: June 1, 2023 through June 30, 2023 | $0.25 | 30.000 | $7.50 | Billable |
| **Total: Apr - Jun 2023** | | | | | **$7.50** |
| **Date: Oct - Dec 2023** | | | | | |
| 11/30/2023 | BREWINGTONLAWOFFICE<br>Reproduction/ Copy Expense<br>Reproduction Expense: 4 Copies @ .25 a page for the Period: NOVEMBER 1, 2023 through NOVEMBER 31, 2023 | $0.25 | 4.000 | $1.00 | Billable |
| **Total: Oct - Dec 2023** | | | | | **$1.00** |
| **Date: Jul - Sep 2024** | | | | | |
| 8/1/2024 | BREWINGTONLAWOFFICE<br>Travel Expenses<br>Travel / Metropolis Parking / Hearing | $35.44 | 1.000 | $35.44 | Billable |
| 8/29/2024 | BREWINGTONLAWOFFICE<br>Transcript Cost<br>Nicole Sesta, RMR, CRR / Invoice No: 293 / Proceedings 8-1-2024 | $91.80 | 1.000 | $91.80 | Billable |
| 8/31/2024 | BREWINGTONLAWOFFICE<br>Reproduction/ Copy Expense<br>Reproduction Expense: 60 Copies @ .25 a page for the Period:AUGUST 1, 2024 through AUGUST 31, 2024 | $0.25 | 60.000 | $15.00 | Billable |

A-4342

## Law Offices of Frederick K. Brewington

3:23 PM                          **Pre-Bill Worksheet**                          7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Expense | Price<br>Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| **Total: Jul - Sep 2024** | | | | | **$142.24** |
| **Date: Oct - Dec 2024** | | | | | |
| 12/7/2024 | BREWINGTONLAWOFFICE<br>Postage<br>DR. N. G. BERRILL,  1 SUMMERWIND DR, GLEN HEAD, NY 11545, USPS, USPS First-Class Mail® | $0.69 | 1.000 | $0.69 | Billable |
| 12/24/2024 | BREWINGTONLAWOFFICE<br>Deposition Expense<br>Lex Reporting Service, Inc. / Invoice No: 259065 / Deposition of N.G. Berrill | $657.75 | 1.000 | $657.75 | Billable |
| 12/31/2024 | BREWINGTONLAWOFFICE<br>Reproduction/Copy Expense<br> Reproduction Expense: 60 Copies @ .25 a page for the Period: DECEMBER 1, 2024 through DECEMBER 31, 2024 | $0.25 | 60.000 | $15.00 | Billable |
| **Total: Oct - Dec 2024** | | | | | **$673.44** |
| **Date: Jan - Mar 2025** | | | | | |
| 1/27/2025 | BREWINGTONLAWOFFICE<br>Postage<br>DR. N. G. BERRILL,  45 N STATION PLZ STE 404, GREAT NECK, NY 11021, USPS, USPS Priority Mail® | $8.40 | 1.000 | $8.40 | Billable |
| 1/27/2025 | BREWINGTONLAWOFFICE<br>Postage<br>LAW OFFICES OF, FREDERICK K. BREWINGTON, 556 PENINSULA BLVD, HEMPSTEAD, NY 11550, USPS, USPS Priority Mail® | $8.40 | 1.000 | $8.40 | Billable |
| 2/26/2025 | BREWINGTONLAWOFFICE<br>Postage<br>LAW OFFICES OF, FREDERICK K. BREWINGTON, 556 PENINSULA BLVD, HEMPSTEAD, NY 11550, USPS, USPS Priority Mail® | $8.40 | 1.000 | $8.40 | Billable |
| 2/26/2025 | BREWINGTONLAWOFFICE<br>Postage<br>DR. N. G. BERRILL,  45 N STATION PLZ STE 404, GREAT NECK, NY 11021, USPS, USPS Priority Mail® | $8.40 | 1.000 | $8.40 | Billable |
| 2/28/2025 | BREWINGTONLAWOFFICE<br>Reproduction/Copy Expense<br>Reproduction Expense: 2 Copies @ .25 a page for the Period: FEBRUARY 1, 2025 through FEBRUARY 28, 2025 | $0.25 | 2.000 | $0.50 | Billable |
| 3/10/2025 | BREWINGTONLAWOFFICE<br>Postage<br>LEO DORFMAN, ESQ., Sokoloff Stern, LLP,  179 WESTBURY AVE FL 2, CARLE PLACE, NY 11514, USPS, USPS Priority Mail® | $8.40 | 1.000 | $8.40 | Billable |

A-4343

## Law Offices of Frederick K. Brewington

3:23 PM                              **Pre-Bill Worksheet**                              7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper<br>Expense | Price<br>Markup % | Quantity | Amount | Total |
|------|------------------------|-------------------|----------|--------|-------|
| 3/12/2025 | BREWINGTONLAWOFFICE<br>Postage<br>LEX REPORTING SERVICE, INC, 160 BROADWAY RM 905, NEW YORK, NY 10038, USPS, USPS<br>First-Class Mail® | $0.69 | 1.000 | $0.69 | Billable |
| 3/20/2025 | BREWINGTONLAWOFFICE<br>Travel Expenses<br>Travel / Uber | $83.65 | 1.000 | $83.65 | Billable |
| 3/31/2025 | BREWINGTONLAWOFFICE<br>Reproduction/ Copy Expense<br>Reproduction Expense: 53 Copies @ .25 a page for the Period: MARCH 31, 2025 through MARCH 31, 2025 | $0.25 | 53.000 | $13.25 | Billable |
| **Total: Jan - Mar 2025** | | | | | **$140.09** |
| **Date: Apr - Jun 2025** | | | | | |
| 4/1/2025 | BREWINGTONLAWOFFICE<br>Postage<br>LEO DORFMAN, ESQ., Sokoloff Stern, LLP, 179 WESTBURY AVE FL 2, CARLE PLACE, NY 11514, USPS, USPS Priority Mail® | $8.70 | 1.000 | $8.70 | Billable |
| 4/24/2025 | BREWINGTONLAWOFFICE<br>Postage<br>NICOLE SESTA, RMR, CRR, united states court reporter, 225 CADMAN PLZ E RM 150, BROOKLYN, NY 11201, USPS, USPS First-Class Mail® | $0.69 | 1.000 | $0.69 | Billable |
| 4/30/2025 | BREWINGTONLAWOFFICE<br>Reproduction/ Copy Expense<br>Reproduction Expense: 4840 Copies @ .25 a page for the Period: APRIL 1, 2025 through APRIL 30, 2025 | $0.25 | 4,840.000 | $1,210.00 | Billable |
| 4/30/2025 | BREWINGTONLAWOFFICE<br>Travel Expenses<br> Travel / Medical records pick up /Glen Cove, NY / Mileage | $50.40 | 1.000 | $50.40 | Billable |
| 5/1/2025 | BREWINGTONLAWOFFICE<br>Expenses<br>Video Files to Adversary / Courts | $12.99 | 3.000 | $38.97 | Billable |
| 5/1/2025 | BREWINGTONLAWOFFICE<br>Reproduction/ Copy Expense<br>Reproduction Expense: 11400 Copies @ .25 a page for the Period: MAY 1, 2025 through MAY 31, 2025 | $0.25 | 11,400.000 | $2,850.00 | Billable |
| 5/5/2025 | BREWINGTONLAWOFFICE<br>Travel Expenses<br>Travel / Uber 48.97 | $48.97 | 1.000 | $48.97 | Billable |
| 5/6/2025 | BREWINGTONLAWOFFICE<br>Transcript Cost<br>Anthony D. Frisolone / Invoice No: 20250082 / Pre-trial conference | $201.84 | 1.000 | $201.84 | Billable |

## A-4344

### Law Offices of Frederick K. Brewington

3:23 PM                              **Pre-Bill Worksheet**                              7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Expense | Price Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| 5/11/2025 | BREWINGTONLAWOFFICE<br>Travel Expenses<br>Travel / Uber | $264.94 | 1.000 | $264.94 | Billable |
| 5/13/2025 | BREWINGTONLAWOFFICE<br>Transcript Cost<br>Anthony D. Frisolone court reporter / Invoice No: 20250102 / Transcript | $1,017.12 | 1.000 | $1,017.12 | Billable |
| 5/14/2025 | BREWINGTONLAWOFFICE<br>Travel Expenses<br>Travel / Parking / Metropolis/ C. Portee/ VISA ending in 2539 | $52.27 | 1.000 | $52.27 | Billable |
| 5/15/2025 | BREWINGTONLAWOFFICE<br>Travel Expenses<br>Travel / Parking / Metropolis/ C. Portee/ VISA ending in 2539 | $52.27 | 1.000 | $52.27 | Billable |
| 5/15/2025 | BREWINGTONLAWOFFICE<br>Transcript Cost<br>Natbro Inc. / Invoice No: 202500448 / Jamie Ann Stanton | $882.90 | 1.000 | $882.90 | Billable |
| 5/16/2025 | BREWINGTONLAWOFFICE<br>Travel Expenses<br>Travel / Parking / Metropolis/ C. Portee/ VISA ending in 2539 | $52.27 | 1.000 | $52.27 | Billable |
| 5/17/2025 | BREWINGTONLAWOFFICE<br>Expenses<br>Lunch / Pantano's | $105.84 | 1.000 | $105.84 | Billable |
| 5/19/2025 | BREWINGTONLAWOFFICE<br>Expenses<br>Working lunch / Cherry Valley Deli / Order No: 0112 | $42.39 | 1.000 | $42.39 | Billable |
| 5/20/2025 | BREWINGTONLAWOFFICE<br>Travel Expenses<br>Travel / Parking / Metropolis /Fred Brewington/Visa card ending in 5664 | $52.27 | 1.000 | $52.27 | Billable |
| 5/20/2025 | BREWINGTONLAWOFFICE<br>Transcript Cost<br>Stenostrong Corp. / Official Court Reporter / Invoice No: 202500094 / | $2,772.96 | 1.000 | $2,772.96 | Billable |
| 5/22/2025 | BREWINGTONLAWOFFICE<br>Travel Expenses<br>Travel / Parking / Metropolis /Fred Brewington/Visa card ending in 5664 | $52.27 | 1.000 | $52.27 | Billable |
| 5/23/2025 | BREWINGTONLAWOFFICE<br>Postage<br>ANTHONY D. FRISOLONE, official court reporter, 225 CADMAN PLZ E, BROOKLYN, NY 11201,USPS,USPS First-Class Mail® | $0.69 | 1.000 | $0.69 | Billable |
| 5/26/2025 | BREWINGTONLAWOFFICE<br>Travel Expenses<br>Hotel Lodging for B. PFail/ Best Western Mill River Manor / Itinerary No: H11428456 | $922.18 | 1.000 | $922.18 | Billable |

A-4345

## Law Offices of Frederick K. Brewington

3:23 PM | **Pre-Bill Worksheet** | 7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

| Date | Timekeeper / Expense | Price Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| 5/27/2025 | BREWINGTONLAWOFFICE<br>Travel Expenses<br>Travel / Parking / Metropolis /Fred Brewington/Visa card ending in 5664 | $52.27 | 1.000 | $52.27 | Billable |
| 5/27/2025 | BREWINGTONLAWOFFICE<br>Transcript Cost<br>Kristi Cruz, RMR, CRR, RPR / Trial Transcript / 3 days of trial reporting | $1,121.61 | 1.000 | $1,121.61 | Billable |
| 5/28/2025 | BREWINGTONLAWOFFICE<br>Travel Expenses<br>Travel / SP plus corporationobo Metropolis Parking /Christina Portee/ Check No: 14914<br>5 days parking @ $52.27 | $261.35 | 1.000 | $261.35 | Billable |
| 5/28/2025 | BREWINGTONLAWOFFICE<br>Transcript Cost<br>Natbro Inc. / Invoice No: 202500453 / Jamie Ann Stanton / Court Reporter | $820.77 | 1.000 | $820.77 | Billable |
| 5/30/2025 | BREWINGTONLAWOFFICE<br>Travel Expenses<br>Flight from NYC to Fort Lauderdale, FL / Trip Id: 81730648518 / Ticket No: 0063090972491 | $513.36 | 1.000 | $513.36 | Billable |
| 6/6/2025 | BREWINGTONLAWOFFICE<br>Postage<br>ANTHONY D. FRISOLONE, official court reporter, 225 CADMAN PLZ E RM 150, BROOKLYN, NY 11201,USPS,USPS First-Class Mail® | $0.69 | 1.000 | $0.69 | Billable |
| 6/6/2025 | BREWINGTONLAWOFFICE<br>Postage<br>NATBRO.INC., Jamie Ann Stanton, 225CADMAN PLZ E, BROOKLYN, NY 11201,USPS,USPS First-Class Mail® | $0.69 | 1.000 | $0.69 | Billable |
| 6/30/2025 | BREWINGTONLAWOFFICE<br>Reproduction/ Copy Expense<br>Reproduction Expense: 41 Copies @ .25 a page for the Period: JUNE 1, 2025 through JUNE 30, 2025 | $0.25 | 41.000 | $10.25 | Billable |

| | | | | | |
|---|---|---|---|---|---|
| **Total: Apr - Jun 2025** | | | | | $20,960.93 |
| **TOTAL** | **Billable Costs** | | | | $22,048.56 |

| | Amount | Total |
|---|---|---|
| **Total of Fees (Time Charges)** | | $359,355.00 |
| **Total of Costs (Expense Charges)** | | $22,048.56 |

A-4346

**Law Offices of Frederick K. Brewington**

3:23 PM                                    **Pre-Bill Worksheet**                                    7/18/2025

PFAIL, BRIAN J. County of Nass:BRIAN J. PFAIL - County Civil Case (continued)

|  | Amount | Total |
|---|---|---|
| **Total New Charges** | | $388,903.56 |
| **Total New Balance** | | $388,903.56 |

### Timekeeper Summary

| Timekeeper | Rate | Hours | Charges | Slip Value | Adjustment |
|---|---|---|---|---|---|
| CHM | $350.00 | 72.40 | $25,340.00 | $25,340.00 | $0.00 |
| FKB | $600.00 | 456.80 | $274,080.00 | $274,080.00 | $0.00 |
| ADM | $300.00 | 16.40 | $4,920.00 | $4,920.00 | $0.00 |
| CP | $250.00 | 156.45 | $39,112.50 | $39,112.50 | $0.00 |
| DS | $200.00 | 5.50 | $1,100.00 | $1,100.00 | $0.00 |
| CTNP | $100.00 | 98.10 | $9,810.00 | $9,810.00 | $0.00 |
| DS | $100.00 | 4.00 | $400.00 | $400.00 | $0.00 |
| LVO | $100.00 | 9.10 | $910.00 | $910.00 | $0.00 |
| TM | $100.00 | 12.00 | $1,200.00 | $1,200.00 | $0.00 |
| PL | $150.00 | 16.55 | $2,482.50 | $2,482.50 | $0.00 |

**Total of Fees (Time Charges)**                                    $359,355.00

Case 2:16-cv-00518-NRM-PCG     Document 163-3     Filed 07/23/25     Page 1 of 51 PageID #: 2393

EXHIBIT 2

A-4348

*ABBREVIATED CURRICULUM VITAE OF FREDERICK K. BREWINGTON, ESQ.*
556 Peninsula Boulevard Hempstead, New York 11550
Phone: (516) 489-6959 Cell: (516) 241-7900
Email: fred@brewingtonlaw.com

## EDUCATION

NORTHEASTERN UNIVERSITY SCHOOL OF LAW
Juris Doctor, June 1982 (No ranks).

STATE UNIVERSITY OF NEW YORK AT ALBANY
Bachelor of Arts Degree, with Honors, June        1979.
Major in Sociology.  Minor in African and Afro-American Studies/Theater.

## EMPLOYMENT

August, 1998 - Present
TOURO COLLEGE--JACOB D. FUCHSBERG LAW CENTER; Central Islip, NY
Adjunct Professor of Law teaching Federal Pretrial Litigation and Trial Practice.

June, 1987 - Present
LAW OFFICES OF FREDERICK K. BREWINGTON; Hempstead, NY.
Owner/Principal of this active general law practice, with emphasis on litigation. Complete and ultimate responsibility of all administrative, client, legal and staffing decisions. Types of matters handled include Civil Rights, Voting Rights, Employment Discrimination, Constitutional Law, Education, Election, Police Misconduct and Abuse, Personal Injury, Product Liability, Real Estate, Fair Housing, Criminal, RICO, Servicemark, Corporate, and Wills and Estates. Act as Court-appointed referee in Nassau County Foreclosure Actions.

May, 1985 - June, 1987:
LAW FIRM OF C. VERNON MASON, ESQ.; New York, New York.
Associate in this small, diverse, general practice law firm. Complete responsibility for work load of 115 active cases encompassing Personal Injury, Real Estate, Employment Discrimination, Criminal, Corporate, Landlord & Tenant, Probate and other areas of the law. Prepared complaints and other pleadings, conducted settlement negotiations and mediation hearings, and argued motions. Engaged in extensive client contact and decision-making concerning case strategy and tactics. Attended to numerous administrative responsibilities, including staffing, overseeing maintenance of office equipment and supplies. Maintained regular press contact.

A-4349

May, 1985 - September, 1985
CAMPAIGN OF C. VERNON MASON FOR DISTRICT ATTORNEY OF NEW YORK COUNTY; New York, New York.
Campaign Manager, responsible for decision making and running of County-wide campaign in Democratic primary. Oversaw daily operation of campaign, controlled candidate's scheduling, press contact, staff decisions, expenditures, special events and numerous connected areas. Responsible, along with candidate and Campaign Chairman, for all policy and political decisions.

October, 1984 - May, 1985
COMMUNITY ORGANIZATION LEGAL ASSISTANCE PROJECT OF THE NATIONAL CONFERENCE OF BLACK LAWYERS; New York, New York.
Project Director and Chief Administrative officer of community based not-for-profit legal office. Responsible for fund raising, fiscal management, case management, staffing and client intake. Provided free and low cost legal assistance to over 151 New York area groups in the areas of Incorporation, Tax Exemption, fulfilling state and federal filing requirements, group training, community education and fiscal management. Also provided assistance to groups in the area of rehabilitation and development of low cost housing through tenant owned and operated cooperatives.

November, 1982 - October, 1984
COMMUNITY DEVELOPMENT LEGAL ASSISTANCE CENTER; New York, New York.
Part of Legal Staff representing community groups and tenant associations involved in community revitalization efforts and social service provision. Representation included negotiating building acquisitions, attending loan and title closings for multi- unit dwellings, preparing certificates of incorporation, preparing applications for tax exemption, by-laws and corporate resolutions, assisting with financing schemes, and researching and writing memoranda. Also represented purchasers of single family dwellings, appeared at hearings and conducted seminars.

March, 1982 - May, 1982
THE CENTER FOR CONSTITUTIONAL RIGHTS; New York, New York.
Law/Trial Intern. Prepared motions, supporting memoranda, post- judgment interrogatories, interviewed and prepared witnesses and took written statements. Issues included jury selection in a murder trial, injunctive relief in a First Amendment case, expedited requests under the Freedom of Information Act, post- judgment damages to be assessed against Ku Klux Klan members, and miscellaneous constitutional issues. Formulation of trail strategy, preparation of witness questions and Voir Dire in murder

2

A-4350

case. Community outreach and speaking engagements.  Press liaison.

September, 1981 - December, 1981
UNITED STATES SENATE LEGAL COUNSEL; Washington, D.C.
Law Clerk to in-house legal counsel. Prepared briefs  for submission to the United States Supreme Court and Federal District Courts. Issues included the constitutionality of legislative veto powers, motions to expel an elected Senator, and miscellaneous procedural issues.

March, 1981 - May, 1981
AUTOMATION INDUSTRIES, VITRO LABORATORIES, OFFICE OF THE LEGAL COUNSEL; Silver Springs, MD.
Senior law clerk to in-house corporate legal department. Responsible for legal research and review of contracts and agreements. Reviewed and re-drafted corporate affirmative action plan.  Community outreach and speaking engagements.

September, 1980 - December, 1980
MORRISON, MAHONEY & MILLER; Boston, MA.
Law clerk in litigation department of large firm. Responsible for legal research, drafting pleadings and motions, conducting discovery, investigation, document research, as well as witness and document preparation.

October, 1979  August, 1980
THE PRISONER'S ASSISTANCE PROJECT OF MASSACHUSETTS CORRECTIONAL LEGAL SERVICES; Boston, MA.
Student Counsel representing inmates of Massachusetts maximum security penal facility at Walpole in parole rescission and revocation hearings, disciplinary hearings, reclassification hearings, and administrative hearings. Wrote briefs and argued at hearings on appeal.

3

A-4351

## PRESENTATIONS AND PUBLICATIONS

Presenter: "Civilian Review Boards: One Answer to Accountability," at Seeds of Change - Redefining Policing and Public Safety Conference, Unitarian Universalist Congregation at Shelter Rock, New York, June 21, 2025.

Panelist: MLK, A Legacy of Hope Symposium 2025--a 60-Year Journey for the Malverne Community, Malverne UFSD, Monday, May 19, 2025.

Speaker: Sermon - Based on Charles Wesley's, "Three Simple Rules," and John Lewis' quote about 'Good Trouble.' Memorial Shabbat, North Shore Synagogue, Syosset, New York, May 9, 2025.

Guest: "Keeping It Real With Shannon" (Lottie Shannon), Stream Yard Virtual Studio, live Facebook Broadcast, to Address the Effects of the Current Political Climate on African Americans, May 6, 2025.

Guest Speaker: Farmingdale State College, Pre-Law Society-Focus on Expertise in Civil Rights and Social Justice Law with Examples of Key Cases Handled and Advice for Pre-Law Students, Farmingdale, New York, May 6, 2025.

Guest Preacher: Easter/Resurrection Sunday, Simpson United Methodist Church, Amityville, New York, April 20, 2025.

Honoree & Special Guest Speaker: The Gift of Writing Foundation, Silver Lining Masquerade Ball & 12th Annual Scholarship Fundraiser, Woodbury, New York, April 12, 2025.

Honoree: A Gala Celebration, St. John's Baptist Church 100th Anniversary, Westbury, New York, April 12, 2025.

Honoree: Civil Rights Advocate Diamond Award at BETTERMag Annual Diamond Award Gala, Westbury, New York, March 29, 2025.

Presenter: Westbury Clergy Immigration Workshop - Address the Current State of Affairs, Safe Sanctuaries, Immigration Enforcement, Clergy Legal Rights and Resources, Westbury, New York, February 28, 2025.

A-4352

Presenter: Town Hall on Racism in Sports - Address the Persistent Issue of Racial Hostility in School Athletics and Need for Accountability, Action and Solutions, Elmont Memorial High School PTSA Dads Club Committee, Elmont, New York, February 26, 2025.

Presenter: In Honor of Black History Month - Frederick K. Brewington: Your Journey, Your Cases and Work in Civil Rights, Social Justice, Voting Rights, Police Misconduct, Employment Discrimination and Issues Pertinent to Long Island. Cona Elder Law, PLLC, Melville, New York, February 21, 2025. An article was published on February 25, 2025, in Long Island Business News, to memorialize the event. https://libn.com/2025/02/25/brewington-speaks-on-advancing-civil-rights-social-justice/

Special Guest Speaker: Service in Observance of  Rev. Dr. Martin Luther King, Jr., Day - Temple Avodah of Oceanside, New York, January 24, 2025

Keynote Speaker:  Annual Martin Luther King, Jr. Service, Temple Beth-El of Great Neck, January 17, 2025.
Guest Instructor: Jury Selection, Tour Law School, January 9, 2025, via Zoom.

Preacher: "As We Wait, Savor Each Individual Person (SEIP)," Long Island East district Western End Cooperative Parish-Advent Christmas Celebration. Hosted at Good Shepherd UMC, Hempstead, New York, December 8, 2024.

Panelist: Hempstead NAACP/NAN - Post Election Breakdown, Kennedy Part Recreation Center, Hempstead, New York, November 25, 2024.

Achievement & Service Award: Citizen of the Year - Omega Psi Phi Fraternity, Inc., Sigma Beta Beta Chapter, Achievement Week Program and Celebration, Elmont, New York, November 24, 2024.

Speaker and Panelist: Practicing Law Institute, 41st Annual Section 1983 Civil Rights Litigation. Topics Covered: Qualified Immunity, Section 1983 Injunctive Relief, Section 1983 and Brady/Fabricated Evidence, Ethical Issues in Section 1983 Litigation. New York City,  November 21, 2024.

Presenter: Touro Employment Discrimination Class (Professor Deborah Karpatkin) - litigating employment discrimination cases – focusing on case selection and discovery, at. al., July 17, 2024, via Zoom.

5

Guest Speaker: Gender Equality New York 2024 Celebration of Juneteenth virtual event on Thursday, June 13, 2024.

Honoree/Speaker: City University of New York School of Law-Public Interest Law Association, April 19, 2024.

Guest Speaker: Amistad Long Island Black Bar Association - Insights on the Importance and Success of Civil Rights Actions on Long Island, April 9, 2024, East Islip.

Guest Interview: Davison Chat Show, Davison Avenue Intermediate School, New York, March 7, 2024, Lynbrook.

Keynote Speaker: Town of Hempstead Black History Month Celebration. Presentation: Goosby v. Town of Hempstead - The Changing of Government, at Hempstead Town Hall, February 23, 2024, Hempstead.

Master of Ceremonies: Omega Psi Phi Fraternity Inc. Achievement Week, Sigma Beta Beta Annual Achievement Program, February 24, 2024.

Guest Speaker: Unitary Universalist Fellowship of Stony Brook, Black History Month Service, February 25, 2024.

Presenter: Training Manual for Non-Violent Civil Disobedience - a Guide, created for the Poor People's Campaign-A National Call for Moral Revival, January 26, 2024, via Zoom.

Guest Speaker: Long Island East District Anti-Racism Task Force MLK Day Celebration - A Service of Remembrance of the Ideals of the Reverend Dr. Martin Luther King, Jr., and a Call to Join Us in the Commitment of Equality for All People, January 13, 2014, Smithtown, New York.

Reactor: Racism in Housing and Educational Segregation as part of Collaboration - Abraham's Table of Long Island, Poor People's Campaign and Becoming a Beloved Community (Interfaith LI): Don't Blame Poor People: A Conference Addressing the Structural Causes of Poverty on Long Island and in New York State...A Call for Understanding and Action. Commack, New York, December, 15, 2023.

Presenter & Panelist: PLI 40th Annual Section 1983 Civil Rights Litigation - Excessive Force and Qualified Immunity Updates; Malicious Prosecution.  November 30, 2023, New York & Live Webcast.
Presenter: Touro Law 34th Annual Supreme Court Review CLE Program -  Jacob D. Fuchsberg Law Center, Central Islip, New York, October 27, 2023.

Speaker-Panelist: Abraham's Table of Long Island - Beloved Community Project: Interfaith Panel to Explore the Rise in Hatred. October 18, 2023 via Zoom.

Speaker: In-Person and Virtual National Police Accountability Project CLE Seminar: Dreams and Nightmares: Representing Civil Rights Clients with Criminal Pasts and Presents. "How to Effectively Represent Imperfect Victims of Police Misconduct," Philadelphia, PA, October 19, 2023.

Speaker-Panelist: Nassau Community College Celebrate Constitution Day! Be a Change-maker: Your Right to Petition the Government, virtual, September 19, 2023.

Keynote Speaker: Assembly Woman Taylor Darling - Perspectives on the importance of Juneteenth, progress made in civil rights and ongoing fight for equality and justice, Uniondale, New York, June 18, 2023.

Speaker: Realty Connect USA - "Implicit Bias and Fair Housing," (Linda Mangano), Bethpage, New York, June 14, 2023.

Guest Lecturer: CUNY School of Law - Trial Practice: Cross Examination, (Professor Merrick Rossein), Long Island City, New York, March 7, 2023.

Keynote Speaker & ICLI Lifetime Achievement Award Recipient - Islamic Center of Long Island Presents 20th Annual Black History Month: Celebrating Black Voices of Transformation, Westbury, New York, March 5, 2023.

Speaker: Association of Towns of the State of New York, 2023 Annual Meeting & Training School - Goosby v. Town of Hempstead: The Changing of a Government; Voting Rights Act of 1965 & Brnovich v. Democratic National Committee, New York Marriott Marquis, February 20, 2023.

Panelist: Vigilantism and Hate Crimes...It is no Mistake! Interfaith Panel to Explore How Long Island's Faith Community Should Respond to Rise in Hatred. Abraham's Table of Long Island, August 4, 2022, via Zoom.

Expert Speaker: NY DLC CLE - High Stakes Redistricting: Legal Challenges in an Election Year, June 21, 2022, via Zoom.

Speaker: Greater Allen Cathedral Voters' Forum - Redistricting and Some Basic Facts, June 9, 2022, via Zoom.

Speaker: Nassau County Bar Association Dean's Hour - Implicit Bias: Past Present and (How to Avoid in the) Future, March 14, 2022, via Zoom.

Speaker: Amistad Long Island Black Bar Association - An Afternoon with Judiciary, Law Makers and Local Attorneys: The Courts and the Legal System - What You Need to Know, for the VFW Lodge of Wheatley Heights, March 12, 2022.

Speaker: Vigilantism in the United States: 'A Start...With No Finish?' presented by the Center for Race, Culture and Social Justice, Center for Civic Engagement and the Hofstra Cultural Center, February 16, 2022.

Presenter: Family & Children's Association Diversity, Equity & Inclusion Black History Month, February 16, 2022.

Guest Presenter: The Theodore Roosevelt American Inn of Court CLE - Redistricting & Voting Rights, February 1, 2022, via Zoom.

Speaker: "A Call For Unity," 'We Are One' - A Service of Remembrance of the Ideals of the Reverend Dr. Martin Luther King Jr., and Call to Join in the commitment of Equality of All People. Anti-Racism Task Force of the Long Island East District of the United Methodist Church, January 17, 2022.

Speaker: New York State Bar Association - Task Force on Post-Pandemic Future of the Profession: Access to Justice Forum, December 14, 2021, via Zoom.

Guest Preacher: Injustice in Incarceration across Race, Gender, Age, Economic Status, etc., and What Does the Bible Say About Prison and Prisoners, New Paltz United Methodist Church, January 9, 2022, via Zoom.

Presenter: Minority Bar Association of Western New York - Protecting the Client's Civil Rights Claims, Experts and Jury Selection and Instructions: *The Right Tool for the Job..What is Available to You to Serve the Client,* November 19, 2021, via Zoom.

A-4356

Honoree: Good Samaritan Ministries 4th Annual Forgiveness Luncheon, "Here Comes the Judge." November 6, 2021, Hauppauge, New York.

Presenter & Commentator: The Touro Supreme Court Review Program.  Part I: 1983 Civil Rights Litigation Segment (Torres v Madrid - Search & Seizure & Taylor v Rojas - Qualified Immunity). Part II: Voting Rights Commentary *(Bronvich v Democratic National committee & Shelby County v Holder)*. November 5, 2021 via Zoom.

Presenter: PLI 38th Annual Section 1983 Civil Rights Litigation - Excessive Force & Strategies for Overcoming Qualified Immunity, October 28, 2021, via Zoom.

Panelist: New York Democratic Lawyers Council CLE Panel - *"High Stakes Redistricting: Congress, New York State and Beyond!"* October 19, 2021, via Zoom.

Keynote Address: *"Responsible,"* Town of Hempstead - Senior Councilwoman Dorothy L. Goosby Plaza Renaming Ceremony, Hempstead, New York, October 2, 2021.

Speaker: Long Island East District, United Methodist Women Fall Meeting - *"Race, People, Pews & Pulpit and Why We Need To Discuss It,"* Zoom Video Presentation, October 2, 2021.

Keynote Speaker: Cornell University, School of Industrial and Labor Relations, Negotiating Police Reform: What's at Stake and Where do we Stand? Three critical perspectives, including: interim Rochester Police Chief Cynthia Herriott-Sullivan, Metro Transit Police Labor Committee chairman Colin Dorrity, and experienced civil rights lawyer Fred Brewington. June 23, 2021, via Zoom.

Presenter: Symposium of the Committee on Mandated Representation of the New York State Bar Association: The Criminal Defense Attorney - Protecting the Client's Civil Rights Claims, June 4, 2021, via Zoom.

Presenter: The Long Island Area Council of Unitarian Universalist Congregations Social Justice Roundtable: The History of Policing Presentation & Discussion by Frederick K. Brewington, May 19, 2021, via Zoom.

Keynote Speaker: The Monroe H. Freedman Institute for the Study of Legal Ethics, Hofstra University, Maurice A. Deane School of Law - Dean's Annual Social Justice Soiree, Tuesday, April 27, 2021, via Zoom.

Guest Speaker: SUNY Old Westbury Web Radio - Between The Lines With Melissa Wright, Episode 4, Anti-Racism Podcast, Highlighting LIAFPA and Police Accountability on Long Island, April 9, 2021 (pub. May 19, 2021).

Presenter: Disability Rights New York - Intersectional Issues in Race-based and Disability-based Discrimination Claims: "Stigma & Fear" Lunch and Learn, Friday, March 19, 2021, via Zoom.

Panelist: AHRC Nassau Two-Part Launch & Learn: Understanding & Eradicating the Roots of Systemic Racism, "Understanding Our Basic Civil Rights in the Workplace," via Zoom, March 9, 2021.

Guest Lecturer: CUNY School of Law - Cross Examination Technique (Professor Merrick Rossein) Trial Practice Class, March 9, 2021, via Zoom.

Speaker: Brooklyn Alumni Chapter of Phi Alpha Delta International Law Fraternity Presents a Discussion on Race, Retention and Resources in the Legal Profession - The Identity of the Black Lawyer, February 26, 2021, via Zoom.

Panelist: Monroe County Bar Association CLE: Law Enforcement and Legal Immunity: Exploring a Complex Problem From All Sides, February 25, 2021, via Zoom.

Panelist: Herald Inside LI  in Honor of Black History Month - Long Island's Black Leaders: Building Community Connections, via Zoom, February 25, 2021.

Presenter: New York Defense Lawyers Council CLE - Confronting Inequality and New Voting Rights Legislation, via Zoom, February 23, 2021.

Featured Guest Speaker: Black History Month Presentations Hosted by Assemblyman Phil Ramos, "Civil Rights and Police Reform with Civil Rights Attorney and Leader, Frederick K. Brewington," Facebook Live (https://www.facebook.com/philramos06), February 9, 2021.

Publication: "Our Criminal Justice System is a Bear Trap" - Journal of Race, Gender, and Ethnicity at the Touro Law School, Volume 9 – May 2020 (Published in January, 2021).

Speaker/Panelist: The Black Law Students Association at Vermont Law School Presents: Race and the Law-How Voting and Politics Affect Opportunities for People of Color. "Does Your Vote Really Count?," via Zoom, January 29, 2021.

10

Presenter: New York State Association of Criminal Defense Lawyers: Dr. Martin Luther King, Jr. Symposium - Fighting For Justice While Faced With Racism and Bias; Preserving Civil Claims While Defending, via Zoom, January 18, 2021.

Speaker: "Just What Type of Dreamer Will You Be?" Church of the Good Shepherd, Celebration of Rev. Dr. Martin Luther King, Jr, via Zoom, January 18, 2021.

Panel Moderator: New York Annual Conference Laity Celebration: Stronger Together. Study Book: Black & White - Disrupting Racism One Friendship at a Time, by Teesha Hadra and John Hambrick.  Via Zoom, January 16, 2021.

Frederick K. Brewington named among The Long Island Power 100 by City & State New York - The Long Island Issue, listing the most influential leaders on Long Island. Published November 23, 2020.

Presenter: Hofstra University School of Law - Social Justice Alliance, Understanding Your Voting Rights & The Importance of Your Vote to American Democracy, via Zoom, October 29, 2020.

Presenter: Social Work and Social Change to a class of undergraduate social work students, Adelphi University via Zoom, October 27, 2020.

Speaker: With All Deliberate Speed: Reflections and a Conversation with Frederick K. Brewington, Esq., about the Civil Rights History of the Malverne School District, October 24, 2020, Harold Walker Memorial Park, Rockville Centre, NY.

PLI 37th Annual Section 1983 Civil Rights Litigation Program Speaker : Compensatory Damages: Law & Practice; Panelist: Excessive Force Claims: Arrestees, Detainees & Prisoners; Qualified Immunity Developments; Section 1983 Pleading Issues, October 16, 2020 via Zoom.

Speaker: Touro College Jacob D. Fuchsberg Law Center, 1st Year Law students - Civil Rights & the Law via Zoom, October 8, 2020.

Speaker: The Interfaith Institute of the Islamic Center of Long Island - Interfaith Panel on Racism via Zoom, September 17, 2020.

Case 2:16-cv-00518-NRM-PCG    Document 163-3    Filed 07/23/25    Page 13 of 51 PageID #: 2405

Long Island Press Oped Online: Will There be Justice in Our Time, August 20, 2020, longislandpress.com/2020/08/02/will-there-be-justice-in-our-time/

Presenter: Nassau County Bar Association, Civil Rights Committee - *"Race, a Factor in the Law and Why we Need to Discuss it!" – A Wade into the Water*, July 29, 2020.

Presenter: National Bar Association, Region II Police Reform Panel - BLACK LIVES MATTER: *Reforming Police Misconduct*, CLE, via Zoom, July 18, 2020.

Presenter: Jewish Lawyers Association of Nassau County - Dialogue on Policing, Racism and Antisemitism, Zoom Presentation, July 15, 2020.

Presenter: New York State Association of Criminal Defense Lawyers - A Symposium on Fighting Racial Bias in the Criminal Court System CLE: "Race in the Courthouse—a Factor or a Fiction?" Blindfold, Earplugs or What?, Zoom Presentation, July 9, 2020.

Panelist: Pursuing Police Accountability: A Virtual Conversation. Collaboration of The Bronx Defenders, National Lawyers Guild, NYC and Neighborhood Defender Service of Harlem, via Zoom, July 7, 2020.

Presenter: New York State Association of Criminal Defense Lawyers - The Criminal Defense Attorney's Toolbox (CLE), via Zoom, June 25, 2020.

Presenter: Bayport United Methodist Church - An Overview of Civil Rights Claims That Can Arise From Police Encounters, via Zoom, June 23, 2020.

Publication: "A Thank You to Those on the Front Line and Those Who Laid a Foundation," published in Amistad Black Bar Association, weekly Newsletter, June 15, 2020.

Speaker: Community Town Hall, Exploring the Blue Line: A Real Discussion on the Reality of Race, Thursday, June 11, 2020, Hosted by Brookhaven Councilwoman, Valerie Cartright, via Zoom.

A-4360

Guest Speaker: HMTC's David Taub Reel Upstanders Film Series, a screening of "Documenting Hate: New American Nazis," commentary and discussion via live stream on March 15, 2020, Nassau County.

Presenter: New York City Lawyers Association Continuing Education, Protect Your Record - "From Caption to Closing: Helping the Professional Make a Good Record in Depositions and at Trial." February 10, 2020, New York City.

Honoree: Town of North Hempstead Black History Month Celebration, "African Americans and the Vote," "Yes, We Can" Community Center, February 6, 2020, New Cassel, New York.

Guest Speaker: Malverne High School - The Annual Black History Month Celebration, African American History Through Entertainment and the Arts. Malverne, New York, February 4, 2020.

Guest Speaker: Huntington NAACP Jubilee Program, "God's Grace is Sufficient, Even for the Other America," Huntington, New York, January 20, 2020.

Speaker: Journal of Race, Gender & Ethnicity Symposium - The Plight of the Wrongfully Accused: A Discussion of the Legal Issues Arising From the Trial of the 1989 Central Park Rape Case & the Exonerated Youth, Touro Law Center, November 7, 2019.

Speaker: 31st Annual Leon D. Lazer Supreme Court Law Review at Touro Law Center, Central Islip, October 25, 2019.

Panelist: PLI 36th Annual Section 1983 Civil Rights Litigation Program - The Heck Doctrine; Taser Litigation. New York City, October 24, 2019.

Speaker: Dean's Hour: *Reflections Upon The Jurisprudence of Justice Thurgood Marshall - A Lesson in Persistence*, a CLE Presentation by co-sponsors Nassau Academy of Law and Amistad Long Island Black Bar Association. October 23, 2019, Mineola, New York.

Case 2:16-cv-00518-NRM-PCG    Document 163-3    Filed 07/23/25    Page 15 of 51 PageID #: 2407

Keynote Speaker: NAACP - North Shore Branch Luncheon. Theme: "When We Fight We Win, Battles Fought and Lessons Learned" at Hendricks Tavern, Roslyn, New York, October 19, 2019.

Guest Speaker: Espoir Youth Program Inc. 7th Year of Service to the Community, October 13, 2019, Floral Terrace, Floral Park, New York.

Honoree: Long Island Housing Services, Inc. 50th Anniversary Celebration Gala, October 2, 2019, Crest Hollow Country Club, Woodbury, New York.

Kick-off Speaker: Freedman Institute at Hofstra University's Maurice A. Deane School of Law - *"Fire in the Belly, Movement in the Heart,"* October 2, 2019, Hempstead, New York.

Speaker: Suffolk County Bar Association-Suffolk Academy of Law (MCLE Credit) - Educating the Judge and the Jury: Bias Exists! September 18, 2019, Suffolk Academy of Law, Hauppauge, New York.

Presenter: National Police Accountability Project (NPAP) Race Matters CLE: Racial Issues in Jury Selection, June 21, 2019, Mitchell Hamline School of Law, St. Paul, MN.

Presenter: Key Note- New York Annual Conference Laity Session, June 6, 2019, Hofstra University, Hempstead, New York.

Facilitator: Amistad Long Island Black Bar Association Continuing Education - "The Short & Sweet of Mounting 'A Cross That Will Not Defeat'!" June 4, 2019, Hempstead, New York.

Keynote Speaker: Lakeview Democratic Club/Rockville Centre Democratic Club - Racism on Long Island: Where Were We, Where Are We, and What Are We Facing Going Forward, May 9, 2019, West Hempstead, New York.

Keynote Speaker: Social Justice Dinner, Monroe H. Freedman Institute at Hofstra University's Maurice A. Deane School of Law, April 25, 2019, Hempstead, New York.

Speaker: Nassau Lawyers Association, "When is a Dismissal not a Dismissal?" April 24, 2019, East Meadow, New York.

Keynote Speaker: "When the Storms are Raging," Abraham's Table of Long Island MLK interfaith Prayer Service and Choir Concert, March 31, 2019, Commack, New York.

14

A-4362

Panelist: Jack and Jill of America, Inc. Eastern Region 2018 Cluster Workdays - Living While Black, Policing in the African American Community, New Brunswick, New Jersey, November 10, 2018.

Speaker: Annual Supreme Court Review at Touro Law Center, Central Islip, October 26, 2018.

Panelist: PLI 35th Annual Section 1983 Civil Rights Litigation Program: Municipal Liability: Focus on Municipal Custom and Practice - A Discussion; Demonstrative Evidence in Actions Against Law Enforcement, New York City, October 25, 2018.

Speaker: Touro Law Center, Legal Education Access Program (LEAP), July 26, 2018, Central Islip, New York.

Article : National Bar Association Magazine— Spring 2018, **Will Trumpism Lead us to Fascism?**

Keynote Speaker: State University of New York Educational Opportunity Program, 50th Anniversary Celebration. Buffalo State College, Buffalo, New York, April 14, 2018.

Speaker: Nassau County Birth Equity Breakfast, "Birth Equity as a Civil Right." Hofstra University, March 23, 2018.

Keynote Speaker: 15th Annual Black History Month Celebration—**A Celebration of Black Life, History and Culture,** The Islamic Center of Long Island ( ICLI). Topic: *"They Chose Life."* March, 11, 2018, Westbury, New York.

Presenter: 31st annual DRI Civil Rights and Governmental Tort Liability Seminar, **"From the Newsroom to the Courtroom: Litigating Emotionally Charged Police Cases,"** New Orleans, Louisiana, January 25-26, 2018.

Panelist:  31st annual DRI Civil Rights and Governmental Tort Liability Panel Discussion, **"Ferguson, Baltimore–: A Panel Discussion on Race and Police"**, New Orleans, Louisiana, January 25-26, 2018.

Speaker: Annual Supreme Court Review at Touro Law Center, Central Islip, October 27, 2017.

Panelist: PLI 34th Annual Section 1983 Civil Rights Litigation: Malicious Prosecution – The Claim and Defenses, New York City, October 26, 2017.

15

A-4363

Keynote Speaker: The Ronald H. Brown Center for Civil Rights Law School Prep Program at St. John's University,  Closing Ceremony, July 31, 2017.

Annual Gala of ERASE Racism, Long Island at the Garden City Hotel, "**The Conversation Between Martin and Malcolm**" done by Rev. Dr. Calvin O. Butts and Frederick K. Brewington, Esq., Garden City, New York,  June 7, 2017.

Honoree: Diversity in Business Awards, Long Island Business News, April 25, 2017, Crest Hollow Country Club, Woodbury, New York.

Guest Lecturer: CUNY School of Law, Trial Practice Seminar, March 8, 2017.

Guest Speaker: *MHANY Management, Inc., et al. V. County of Nassau, no. 14-1634-CV L, 2016 WL 1128424 (2nd Cir. Mar. 23, 2016).* Civil Rights & Liberties Committee, Criminal Justice Section New York County Lawyers Association. New York City, May 25, 2016.

Keynote Speaker: Espoir Youth Program at New Cassel, Black History Month Celebration, Westbury, New York, February 26, 2016.

Keynote Speaker: Malverne High School Black Studies/World Cultures Club, "The Evolution of Black Culture." Malverne, NY,  February 25, 2016.

Guest Speaker: Ministry to Catholics of African Ancestry, Black History Month Celebration,  "Moving Forward - Many Struggles, Many Strides." Queen of the Most Holy Rosary, Roosevelt, New York. February 20. 2016.

Guest Speaker, New York State Bar Association, 2016 Annual Meeting-Trial Lawyers Section: "Employment Discrimination - A Lesson in Dealing with Bruised Fruit." January 28, 2016, New York, New York.

Keynote: CSEA Dr. Martin Luther King, Jr. 22nd Annual Luncheon. January 10, 2016, Baldwin, New York.

Master of Ceremony: Evangelic Church of the Good Shepherd 30th Ordination Anniversary & 25th Pastoral Anniversary of the Rev. Dr. Jerome D. Taylor, Carle Place, NY Nov 20, 2015.

Guest of Honor - Annual Fall Party Celebrating 53 Years of the New York Civil Liberties Union in Nassau County. November 1, 2015.

Speaker, Touro Supreme Court Review Program: Civil rights Litigation. October 2, 2015.

A-4364

Speaker, Practising Law Institute (PLI) 32nd Annual Section 1983 Civil Rights Litigation Seminar: Brady Claims - An Integrated Approach; Deadly Force Claims; Important Unresolved 1983 Issues. October 1, 2015.

Keynote: Suffolk County Community College lecture series on 'Race,' commemorating the 50th Anniversary of the Civil Rights Act of 1965: Where We Stand Today (Black Lives Matter, Judicial Justice, the Widening Achievement Gap).  September 29, 2015.

Guest Panelist, Hot97 "Street Soldiers with Lisa Evers," talking about: The Confederate Flag Controversy: Symbol of Hate or Southern Heritage?

Speaker, The Interfaith Alliance, "Our Sacred Honor: Celebrating Religious Liberty and Tolerance in America," Unitarian Universalist Congregation, Shelter Rock, July 1, 2015.

Panelist, *May I Quote You?"* Talking to the Press, CLE ,Nassau County Bar Association, June 15, 2015.

Keynote, Long Island Black Educators Association (LIBEA) Annual Scholarship Symposium, "**Today's Challenges/Tomorrow's Future**," June 6, 2015.

Panelist, Operation Get Ahead- Roosevelt Empowerment Group, Topics: Current State of Racial Unrest in our Cities Fostered by the Divide Between Communities of Color and Law Enforcement; Means of Protecting Males of African Descent/Heritage from Becoming an 'Endangered Species,' June 5, 2015.

Speaker, Section 1983 Litigation Federal Bar Association, CLE Honoring Chief Judge Carol Ammon, May 20, 2015.

Guest Speaker, Male Engagement Initiative, "All Lives Matter," Uniondale High School, April 23, 2015.

Guest Speaker, Hot 97 Street Soldiers with Lisa Evers, discussing the South Carolina Officer Charged with the Murder of Walter Scott, April 12, 2015.

Panel Speaker, Somos 28th Annual Spring Conference, The Time is Now: New York State Criminal Justice Reform, Albany, New York, March 21, 2015.

Keynote Speaker, Islamic Center of Long Island Black History Month Celebration: The Civil Rights Movement and Its Impact on Immigration, February 28, 2015.

Keynote Speaker, Council Member Vanessa L. Gibson & Assembly Woman Latoya Joyner Black History Month Celebration: Celebrating Our History, Facing the Future, The Bronx Museum of the Arts, February 26, 2015.

17

A-4365

Keynote Speaker, Legislator Monica R. Martinez Black History Month Celebration, "Honoring the Past, Preparing fo the Future..." Brentwood Public Library, February 25, 2015.

Panel Speaker, New York State Bar Association Committee on Civil Rights and Committee on Diversity and Inclusion: Justice, Race and Police Force - Going Beyond Ferguson and Garner, New York, January 29, 2015.

Keynote Speaker, Stony Brook University Black History Month Opening Ceremony : Sankofa - The Evolution of the Black Experience - "The Enemy Within," January 28, 2015.

Keynote Speaker, Omega Psi Phi Sigma Beta Beta Chapter, Achievement Week Program & Celebration, December 14, 2014.

Faculty and Commentator, Practicing Law Institute, 31ST Annual Section 1983 Civil Rights Litigation 2014. October 23, 2014.

Faculty & Commentator, Touro Law, Twenty Sixth Annual Leon D. Lazer Supreme Court Review The 2013 Term Ending June 2014, October 24, 2014.

Panelist, National Bar Association, Region 2 Conference, Self Empowerment: Captaining Your Own Faith! September 26, 2014.

Keynote Speaker, Stony Brook State University EOP/AIM Convocation, Celebrating the Class of 2014, May 22, 2014.

Presenter, Long Island East District, United Methodist Church, District Meeting, Empowered Lay Leader/ Lay Member/ Layperson: Called and Connected in Step for Annual Conference, The Prophetic Church, 2014.

Panelist, NAACP Long Island Region Game Changes in Association with Leadership 500 Summit, Hofstra University & Union Baptist Church, Uniondale, NY, March 28, 2014.

Keynote Speaker, Stony Brook University, 45th Anniversary Celebration, Educational Opportunity, March 29, 2014.

Keynote Speaker, Women' s History Month Celebration, EOC of Nassau County, Inc., Hempstead, NY, March 28, 2014.

Community Forum, Suffolk County Community College, Panelist, Suffolk County Executive, Raise the Age Symposium, Brentwood, New York, March 18, 2014.

18

A-4366

Keynote Speaker, Human Rights Our Voice through Social Action, Adelphi University School of Social Work, March 10, 2014.

Faculty Member, Touro Law, Twenty Fifth Annual Leon D. Lazer Supreme Court Review, November 1, 2013.

Contributing Writer/Faculty Member, Practicing Law Institute, 30th Annual Section 1983 Civil Rights Litigation October 31, 2013.

Vigil Speaker, National Action Network Nassau County Chapter "Justice for Trayvon" Hempstead, New York July 20, 2013.

Keynote Speaker, Roosevelt Union Free School District, The First Annual Parent and Community Symposium, Roosevelt, New York, April 27' 2013.

Keynote Speaker, Thurston Memorial Outreach Ministries, 2nd Annual Scholarship Fund-raising Luncheon and Silent Auction, Floral Park, New York, April 20, 2013.

Keynote Speaker, Alpha Phi Alpha Fraternity, Incorporated Eta Theta Lambda Chapter, 2013 Martin Luther King Jr. Black History Month Luncheon, Uniondale, New York, February 23, 2013.

Facilitator /Speaker, Westbury United Methodist Church, Securing Freedom, The Abolitionists: A Struggle of Black & White Peoples to End Slavery in America, Westbury, New York, February 22, 2013.

Panelist, Elmont Online 7th Annual Roundtable on Public Education Financing, Immigration & Health Policy, Adelphi University, Garden City. New York, February 2, 2013.

Keynote Speaker, Lakeview Democratic Club, Gala Inaugural Affair, Westbury, New York, January 24, 2013.

Keynote Speaker, St. John's United Methodist Church of Elmont, Annual Commemoration of Rev. Dr. Martin Luther King, Jr. And His Dream, " People Forget , Don't They?" alley Stream, New York, January 20, 2013.

Keynote Speaker, Youth Law Day, Presented by: The New York State Bar Association Committee on Diversity and Inclusion & Touro Law School, New York, December 4, 2012.

Faculty Member Lecturer, Touro Law School, Twenty-Fourth Annual Leon D. Lazer Supreme Court Review, New York, October 26, 2013.

Faculty Member Lecturer, 29th Annual Section 1983 Civil Rights Litigation, New York, New York, October 25, 2012.

Guest Speaker, The First Baptist Cathedral of Westbury, The First Anti-Bullying Conference, Westbury, New York, October 19, 2013.

Expert, NPAP 's New York City CLE, Police Misconduct Litigation: Overcoming Increasing Challenges to Plaintiffs Claims, New York, New York, June 29, 2012.

Faculty, New York County NYCLA Lawyers ' Association, Civil Rights Jamboree, New York, June 15, 2012.

Guest Speaker, Hofstra University, Board of Church and Society Annual Dinner, The Crime of Mass Incarceration, A presentation on The New Jim Crow by Michelle Alexander, Uniondale, New York, June 8, 2012.

Guest Speaker, Westbury-New Castle NAACP, Image Awards Luncheon, Westbury, New York, February 25, 2012.

Keynote Speaker, The First Baptist Church of Riverhead 27th Annual Dr. Martin Luther King, Jr. Memorial Breakfast, 'Now What ! ' Hauppauge, New York, January 16, 2012.

Guest Speaker, Mother African Union Church MLK Sunday Service, Michelle Alexander 's book The New Jim Crow and other civil rights issues, Wilmington, Delaware, January 15, 2012.

Faculty, Practising Law Institute, Section 1983 11, New York, October 27, 2011.

Speaker, Louis Berry Institute for Civil Rights and Justice, Southern University Law Center, September 23, 2011.

Keynote Speaker, League of Women Voters Central Nassau June 23, 2011.

Member, Advisory Board, St. Joseph' s College Master of Science Degree in Human Services Leadership and B.S. in Community Health and Human Services May 31, 2011.

Keynote Speaker, Islip Town Branch NAACP April; 28, 2011 Speaker, Project GRAD USA Westbury High School, April 8, 2011.

Speaker, National Police Accountability project Police Misconduct Litigation CLE Seminar, January 21, 2011.

Keynote Speaker, Long Beach MLK Center January 17, 2011.

20

A-4368

Keynote Panelist, My Brother's Keeper: People of faith confront hate crimes "How is the Hate Supported in Church and Society, How is the Hate Countered?" November 20, 2010.

Leader, Roundtable Discussion The Daynard Public Interest Visiting Fellows Program October 4-6, 2010.

Speaker, The Senate State of New York Craig Johnson Juneteenth Festival June 19, 2010.

Guest Lecturer, CUNY Cross Examination Trial Practice March 22, 2010.

The League of Women Voters of Nassau County The 90th Anniversary of the Passage of the 19th Amendment Granting Women the Right to Vote March 18, 2010.

Participant, The Civic Engagement Department NAACP New York State Conference US Census 2010 Forum February 17, 2010.

Speaker, Senator Craig Johnson 2nct Annual Black History Month Celebration February 11, 2010.

Participant, Incorporated Village of Freeport First Black History Month Celebration - "Faith Filled Past ...Promised Filled Future" February 5, 2010.

Presenter, Town of Hempstead, N.Y. 50th Anniversary of the Greensboro, NC Woolworth Lunch Counter "Sit-In" February 1, 2010.

Panelist, Angela & Scott Jaggar Foundation, Inc. Conversations From Main Street Presents: Civil Rights in the Obama Era January 28, 2010.

Career Panelist, Jack and Jill of America, Inc. Nassau County Chapter Teen Leadership Summit January 9, 2010.

Featured Guest Speaker, Town of Hempstead Eighth Annual Kwanzaa Celebration December 22, 2009.

Master of Ceremonies, Brookhaven Rosa Parks    Democratic Association's Second Annual Fundraiser November 13, 2009.

Panelist, The National University The Diverse October 23, 2009 Center Suburb: for Suburban Studies at Hofstra History, Politics and Prospects.

Faculty Member, Practicing Law Institute 26th Annual Section 1983 Civil Rights Litigation October 29, 2009.

Master of Ceremony, The Church of the Good Shepherd United Methodist October 3, 2009.

21

A-4369

Lecturer, Unified Court System Nassau County- 'May it Please the Court' Summer Intern Program 2009.

Speaker, Valley Stream Democratic Committee- 'Voting Rights in Nassau County 'April 21, 2009.

Keynote Speaker, The New York State Bar Association Committee on Minorities in the Profession & Touro Law Center Youth Law Day Event March 26, 2009.

Master of Ceremony, Key Women of America, Inc. Lakeview Branch 40th Annual Scholarship and Awards Luncheon March 14, 2009.

Grand Marshall, Knowing Christ Really Lives Ministries May 9, 2009.

Keynote Speaker, Sherwood Gardens Civic Association Second Annual Black History Month Celebration February 28, 2009.

Guest Speaker, The Nassau County Courts' Black History Month Committee and the Amistad Black Bar Association of Long Island February 20, 2009.

Keynote Speaker, An Interfaith Prayer Service and Choir Concert sponsored by Huntington Interfaith Coalition for Affordable Housing Now (ICAHN), Mobilized Interfaith Coalition Against Hunger (MICAH) and Long Island Jobs with Justice January 18, 2009.

Delegate, 2008 General Conference The New York Annual Conference of the United Methodist Church June 2008.

Member, General Councils, Boards and Agencies The New York Annual Conference of the United Methodist Church June 2008.

Member, Jurisdictional Boards and Committees The New York Annual Conference of the United Methodist Church June 2008.

Ex-Officio Global Board of Church and Society Representative, Board of Church and Society, The New York Annual Conference of the United Methodist Church, June 2008.

Member, Board of Directors (Class of 2010) United Methodist Frontier Foundation The New York Annual Conference of the United Methodist Church June 2008.

Commission on Judicial Nomination for the State of New York, December 2008.

Guest Speaker, Saint Paul African Methodist Episcopal Church Annual Scholarship and Education Recognition, June 28, 2008.

22

Case 2:16-cv-00518-NRM-PCG    Document 163-3    Filed 07/23/25    Page 24 of 51 PageID #: 2416

Keynote Speaker, United Methodist Men of the United Methodist Church of Hempstead "Building Men Who Resemble Jesus," June 14, 2008.

Presenter, Village of Hempstead Courting Justice Program May 8, 2008.

Moderator, Long Island's 2 Annual Sustainability Conference "Innovative Solutions to Creating Safe Neighborhoods," Huntington, New York, May 6, 2008.

Presider, Hillside United Methodist Church April 20, 2008.

Speaker, Valley Stream Union Free School District Thirty Forest Road School March 26, 2008.

Guest Speaker, Eastern Long Island Branch of Association for the Advancement of Colored People Celebration March 15, 2008 the National Jubilee Day.

Panelist, 100 Black Men of Long Island Inc. "Living Black on Long Island" February 27, 2008.

Speaker, Northeast Black Law Students Association "The Art of Litigation" New York, February 16, 2008.

Speaker, Bay Shore Union Free School District Gardiner Manor School 13th Annual African American History Day February 14, 2008.

Speaker, Hofstra University First Celebration of Civil Rights Day "The Role of Civil Rights Movement in 218t Century Politics" Hempstead, New York February 4, 2008.

Keynote Speaker, The National Council of Negro Women, Inc. L.I. Cross County Section 10 Annual Black History Luncheon February 2, 2008.

Guest Speaker, 100 Black Men of LI INC "Living Black on Long Island" New York February, 2008.

Speaker, Family Court of the State of New York, 19 Annual Martin Luther King, Jr. Memorial Program Mineola, New York January 25, 2008.

Speaker, The Thurgood Marshall Magnet School of Multimedia Publishing, Career Day, Jamaica, New York 2008.

Speaker, Uniondale High School November 13, 2007.

Participant, The State University of New York Educational Opportunity Program 40th year Alumni publication October 27, 2007.

Speaker, Touro College Jacob D. Fuchsberg Law Center October, 2007.

23

A-4371

Attorney Coordinator, National Association for the Advancement of Colored People Freeport-Roosevelt Branch 2007 Civil Rights Forum "From Disparity to Parity, June 30, 2007.

Guest Speaker, Suffolk County Criminal Bar Association, "Know Your Civil rights Civil Rights Litigation A to Z March 21, 2007.

Speaker, S.O.N.I.A.Y. Inc. Youth Empowerment Program February 28, 2007.

Speaker, Village of Hempstead Rockefeller Drug Laws November 29, 2006.

Committee Member, The Workplace Project, Second Annual Gala Committee Mineola, New York November 16, 2006.

Preacher, Consecration Sunday Hicksville UMC October 29, 2006.

Speaker, Great Neck Sane/Peace Action & The LI Alliance for Peaceful Alternative Hiroshima Day 2006 August 7, 2006.

Participant, The Greater Allen Cathedral of New York Young Mens Rites of Passage Celebration in the Village June 24, 2006.

Guest Speaker, Westbury Community Center African American Greeks Scholarship Showcase Westbury, New York June 15, 2006.

Speaker, The Nassau Academy of Law "Interacting with the Press- Friend or Foe?" Mineola, New York, June 13, 2006.

Speaker, Hofstra Moot Court Association, March 28, 2006.

Panelist, Landmark on Main Street Panel Discussion "Race: The Power of An Illusion" Port Washington, New York March 16, 2006.

Presenter, North Shore High School "Diversity Day 2006" Glenhead, New York March 8, 2006.

Guest Speaker, Greenport Public Schools Black History Month Celebration, February 28, 2006.

Participant, County of Nassau Office of Minority Affairs Rosa Parks Memorial Dedication February 14, 2006.

Attendee, NAACP Long Island Coalition of Branches Conscience of Long Island: Freedom is Still Under Fire, February 11, 2006.

24

A-4372

Special Guest Speaker, 8th Annual Black History Month Program. Uniondale, New York February 10, 2006.

Speaker, Annual Jubilee Celebration Martin Luther King Jr. Commemoration of the Lakeview Branch of the N.A.A.C.P. "The Conscience of a Nation" West Hempstead, New York January 24, 2006.

Participant, Town of Hempstead Induction Ceremony. Hempstead, New York January 4, 2006.

Speaker, Hofstra University Presents 'Montgomery, 50 Years Later ' "Taking Stock of Dr. King' s Triple Evils:     Racism, Poverty and War ...How are we Doing on Long Island and in the Nation" December 1, 2005.

Guest Speaker, Brooks Memorial Church Bishop Malloy Retreat House "Spiritual Development of Today' s Man" Jamaica, New York September 10, 2005.

Participant, Great Neck SANE Peace Action /LI Alliance for Peaceful Alternatives 60th Anniversary of Hiroshima August 3, 2005.

Guest Speaker, North Shore Branch of the National Association for the Advancement of Colored People Annual Dinner, June 30, 2005.

Speaker, Tribute to Councilwoman Dorothy L. Goosby June 2, 2005.

Participant, Central Nassau Youth Club Youth & Family Services, Operation Get Ahead, Inc. May 27, 2005.

Presenter, Freeport Roosevelt NAACP Civil Rights Voting Act May 11, 2005.

Panelist, Landmark on Main Street Landmark Film: Two Towns of Jasper March 15, 2005.

Speaker, The State of Long Island: The Impact of the War on Our Communities, Unitarian Universalist Congregation at Shelter Rock, Manhasset, New York, February 16, 2005.

Presenter, Civil Rights of Government Employees-Free Speech and Whistle Blower Litigation, New York, January 27, 2005.

Speaker, Roslyn Public Schools Martin Luther King, Jr. Community Program January 20, 2005.

Speaker, Office of Laity and Family Diocese of Rockville Centre Racism in Long Island's Criminal Justice System January 17, 2005.

25

A-4373

Expert, NYCLU 'Civil Liberties in the 21s Century' : Jericho High School January 12, 2005.

Participant, Town of Hempstead Third Annual Kwanzaa Celebration December 28, 2004.

Participant, Long Island Housing Services Anniversary Celebration December 9, 2004.

Moderator, Nassau Suffolk Bar Association Education Law Conference, Smithtown, New York December 6, 2004.

Presenter, Suffolk Academy of Law Annual School Law Conference December 6, 2004.

Guest of Honor, Long Island Chapter CBTU 's Annual Awards Dinner October 28, 2004.

Speaker, Fellowship of Christian Attorneys, Nassau Bar Association, Mineola, New York September 1, 2004.

Guest Speaker, Hiroshima Day 2004, Jonathan L. Ielpi Firefighters Park, Great Neck, New York, August 4, 2004.

Executive Board Member, New Politics Club, General Membership Meeting, July 24, 2004.

Keynote Speaker, Class of 2004 41st Annual Commencement Exercises, Roosevelt High School, Roosevelt, New York June 27, 2004

Speaker, East Meadow High School, 50TH Anniversary of Brown v. the Board of Education East Meadow, New York June 2, 2004.

Panelist, Westbury Memorial Public Library, " Brown vs. the Board of Education: Where are we now?" May 17, 2004

Presenter, Brown v. Board of Education 50th Anniversary      Ceremony, Supreme Court Building, Mineola, New York May 17, 2004

Honoree, Freeport/Roosevelt NAACP, Freedom Fund Awards Dinner Dance Uniondale, New York May 14, 2004

Panelist, Punitive Damages featuring Hon. Joanna Sabered, Judge, UDC, EDDY, Central Islip, New York February 26, 2004

Honoree, NAACP Long Island Coalition of Branches, 4th Annual Awards Luncheon, Huntington Station, New York February 14, 2004

Attendee, Leadership, Stewardship workshop, Lay Leadership Training, February 2004

26

A-4374

Keynote Speaker, "The Life and Times of Dr. Martin Luther King, Jr.", County of Nassau Department of Parks, Recreation & Museums, Hempstead, New York January 19, 2004

Keynote Speaker, Answering the Call to Service and Sacrifice, 14th Annual Operation Get Ahead (OCA) Reverend Dr. Martin Luther King, Jr. Commemorative Awards Breakfast, Carle Place, New York January 15, 2004

Lecturer/Demonstrator, Fourth Annual Touro-NELA Employment Law Trial Practice Conference,  Huntington, New York January 8 & 9, 2004

Speaker, Clusing The Gap: Improving Police/Community Relations, A Conversation with Civil Liberties & Law Enforcement, Uniondale, New York December 5, 2003

Recipient, Outstanding Commitment to social Justice in the Community, Long Island ACORN Sixth Annual Birthday Celebration, Hempstead, New York December 3, 2003

Panelist, 21 Forum, Plain view, New York December 2003

Keynote Speaker, The Ethical Humanist Society of Long Island, Garden City, New York November 23, 2003

Speaker/ Choir Director, Faith and Freedom A Vigil to Protect Our Civil Liberties, Presented By The Interfaith Alliance Of Nassau County, November 16, 2003

Speaker, League of Women Voters of Central Nassau, November 18, 2003

Participant, 10th Long Island Housing Services ' Regional Fair Housing Conference, Islandica, New York November 13, 2003

Keynote speaker, Personal Pride and Unity, First United Methodist Church, Celebrating Our 94th Anniversary Banquet, Westbury, New York November 7, 2003

Participant, The 14th Dr. Martin Luther King, Jr. Fund-raising Dinner to benefit Second-Year Scholarship Fund, Roslyn, New York, November 5, 2003

Seminar Speaker, (NEA) The National Employment Lawyers Association

Presenter, The Theater Reality Trial Skills for the Plaintiff' s Employment Lawyer, Georgia, October 17- 18, 2003

Speaker, Presentation to the Criminal Law Committee of the Nassau County Bar Association, Long Island, New York October 9, 2003

Speaker, Fellowship of Christian Attorneys "Trust in the Face of 'Powers and Principalities'" September 1, 2003

27

Speaker, Hiroshima Day 2003, Great Neck, New York, August 6, 2003

Speaker, Handling a Personal Injury Case in Federal Court, (NBI) National Business Institute, Long Island, New York August 1, 2003

Recipient, NAS Nassau Division, Citizen of the Year, N.S. Chapter Nassau Division Annual Meeting, Jericho, New York June 20, 2003

Participant, Dr. Martin Luther King, Jr. Birthday Celebration Committee of Nassau County, Inc. Eighteenth National Birthday Celebration, Uniondale, New York, January 20, 2003

Participant, (NYSSA) New York State Bar Association "An Introduction to Civility and Ethics" Seminar, November 22, 2002

Participant, NYSSA CLE, New York State Bar Association Continuing Legal Education, Colloquium on Ethic and Civility, Melville, New York November 22, 2002

Speaker, (NABS) National Association of Legal Secretaries of Nassau County, Discrimination Law, Mineola, New York November 20, 2002

Speaker, League of Women Voters of East Nassau, Perspectives on the Death [Penalty, Freeport,  New York  November 19, 2002

Speaker, "All Men Are Created Equal?", C W Post, New York October 9, 2002

Participant, NEA/NY Fall Conference, Compensatory & Punitive Damages in Employment Discrimination Cases, New York September 27, 2002

Participant, Wrap-up Professionalism Panel at Fall 2002 First Year Orientation, Huntington, New York August 22, 2002

Speaker, 2002 LEAP Summer Program, Achieving Excellence and Serving Society through the Practice of Law, Huntington, New York August 6, 2002

Speaker, Hiroshima Day 2002, Great Neck, New York August 5, 2002 Speaker, Ethical Humanist Society of Long Island, June 15, 2002

Speaker, NYCLU, Rally Against the Death Penalty, Mineola, New York June 15, 2002

Guest Speaker/ Presenter, Mid Nassau Democratic Club Awards Buffet Brunch, Bellwort, New York June 9, 2002

Guest Speaker, Annual Family Life Conference, Central Islip, New York April 4 thru 7, 2002

28

Participant, Nassau County: Suburb in Crisis, Hofstra University, March 19, 2002

Participant, Nassau County Caucus of Black Democrats, Black History Program, Freeport, New York, February 28, 2002

Attendee, Friends of Roger Corbie Annual Dinner Dance, Westbury, New York March 19, 2002

Speaker, "Melting pot or not?" Town Meeting (Residential Segregation on L.I.) , News 12, Woodbury, New York January 23, 2002

Guest Speaker, Dr. Martin Luther King, Jr. Services, The Unitarian Universalist Fellowship, Stony Brook, New York January 20, 2002

Speaker, 3th Annual Dr. Martin Luther King, Jr. Luncheon, CSEA Nassau County Local 830, Baldwin, New York January 5, 2002

Participant, Practicing Law Institute, 17th Annual Section 1983 Civil Rights Litigation, New York City, New York November 1, 2001

Keynote Speaker, The United Methodist Church of Hempstead, The New Millennium and you, Hempstead, New York February 25, 2001

Presenter, New York Civil Liberties Union, Nassau Chapter and the Nassau County Police Department, Closing the Gap: Improving Police/Community Relations, Uniondale Public Library, Uniondale, N.Y.  December 5, 2001

Faculty Member, Practicing Law Institute, 17th Annual Section 1983 Civil Rights Litigation, "Trying the Deadly Force Case-A Re- creation" , New York City, N.Y. November 1-2, 2001

Guest  Speaker, "Civil Rights Freeport, N.Y. Freeport High School, Social Studies Department, Under the Constitution", Freeport High School, October 29, 2001

Guest Speaker, Nassau County District Attorney and Westbury High School, Rising Star 's Future Leaders Law Enforcement Week, "The Role of Defendant' s Counsel and the Practice of Law", Westbury Senior High School, Westbury, N.Y. October 23, 2001

Guest Speaker/Presenter, Bar Association of Nassau County and Long Island Regional Office of the Anti-Defamation League, Discrimination in the Workplace, "Racial Harassment & Discrimination", Nassau County Bar Association, Mineola, N.Y.  October 11, 2001

Guest Speaker, Franklin School Rising Star Malloy Summer Leadership Program, "The Legal Profession and Reaching for the Stars", Malloy College, Rockville Centre, N.Y. August 8, 2001

Keynote Address, EOC of Nassau County Annual Business Meeting and Conference, "The Circle Never Closes-Our Commitment to the Community" , EOC Headquarters, Hempstead, N.Y.  June 9, 2001

Guest Speaker/Presenter, Touro College-Jacob D. Fuchsberg Law Center and NEA, "The Trial and Defense of a Million Dollar Employment Law Case", Part of Plaintiff 's Team, Touro Law School, Huntington, N.Y. May 16-17, 2001

Guest Speaker, Nassau County Bar Association, Committee, "Civil Rights-Engineers or Passengers? Civil Rights An Attorney' s Moral Dilemma", Mineola, N.Y. April 23, 2001

 Keynote Address, The United Methodist Church of Hempstead, Celebrating Black History Month, The Commission on Religion and Race, "The New Millennium and You", Hempstead United Methodist Church, Hempstead, N.Y.  February 25, 2001

Participant, Long Island Housing Services Fair Housing Fundraiser, East Pseudocode, New York January 28, 2001

Keynote Address, Harbor fields High School, Black History Month 2001 Celebration, "History and Justice-a Retrospective", Harbor fields High School, Greenland, N.Y. February 15, 2001

Participant, OCA 11th Annual Reverend Dr. Martin Luther King, Jr. Commemorative Awards Breakfast, Carle Place, New York January 15, 2001

Workshop Instructor, A Celebration of Remembrance and Recommitment Honoring Rev. Dr. Martin Luther King, Jr., Queens, New York January 15, 2001

Faculty Member, Practising Law Institute, 16th Annual Section 1983 Civil Rights Litigation, Panel Discussion on Expert Testimony, New York, N.Y.  October 26, 2000

Speaker, Suffolk County Community College, Police Brutality Forum, Brentwood, New York October 20, 2000

Guest Speaker, The Committee to Elect Viki DeJong Westbury, New York August 29, 2000

Nominee, 2000 Suffolk County Bronze Shields Community Service

Awards, Smithtown, New York August 25, 2000

30

Guest Speaker, Hiroshima Day 2000, Great Neck SANE/Peace Action and the Long Island Alliance for Peaceful Alternatives, "The People behind the Decisions", Great Neck, N.Y.  August 7, 2000

Guest Speaker, Rotary Club of West Hempstead, "Legal Actions as an Instrument for Social Justice", West Hempstead, N.Y.  July 20, 2000

Seminar Panelist, Nassau Academy of Law, The Revenge of the Dramatic Lawyer, Nassau County Bar Association, Mineola, N.Y. June 21, 2000

Panelist, Touro College Jacob D. Fuchsberg Law Center, Federal Civil Practice, Huntington, N.Y.  April 2000

Guest Speaker, Babylon Town Caucus of Black Democrats, Annual Awards Dinner, Amityville, N.Y. April 30, 2000

Panelist, The Nassau Academy of Law, On the Edge: New Trends In Resolving Sexual Harassment/Sexual Discrimination Claims, "Analysis of Recent Supreme Court Decisions, Plaintiffs' View", Nassau County Bar Association, Mineola, N.Y. April 5, 2000

Article, Touro Law Review, Vol. 16, No.3, Section 1983 Civil Rights Litigation Symposium, "Police Misconduct-A Plaintiff 's Point of View", Spring 2000

Community Presenter, MTA/Long Island Bus Board, Public Forum demanding that bus service not be cut, Nassau County Medical Center, East Meadow, N.Y. March 24, 2000

Panelist, Pace University School of Law, Introduction to Section 1983 Litigation, White Plains, N.Y. March 4, 2000

Guest Preacher, The Unitarian Universalist Fellowship of Huntington, Black History Month, "The Face of Police Brutality", Huntington, N.Y. February 27, 2000

Guest Speaker, United States Marshals Service African-American History Celebration, Heritage and Horizons, "Black History is American History", Brooklyn, N.Y.  February 22, 2000

Program Participant, Public Installation of The Honorable Dorothy L. Goosby Statement of the Occasion, Union Baptist Church, Hempstead, N.Y. February 13, 2000

Workshop Presenter, NYCLU Statewide Summit on Police Brutality, "Police Brutality Litigation, What is it? and What it is not!", New York City, N.Y. February 12, 2000

Faculty Member, Practising Law Institute, "How to Handle Unreasonable Force Litigation -- The Plaintiff's Perspective", New York City, N.Y.  February 2, 2000

31

A-4379

Guest Speaker, Nassau County Chapter of the NYCLU, Board of Directors meeting, "Status of Goosby v. Town of Hempstead, and the impact of the case", Mineola, N.Y. January 25, 2000

Guest Speaker, Stearns Park Civic Association, "Why you pay so much tax on your home", Baldwin High School, N.Y. December 8, 1999

Workshop Leader, Unity Circle, Mother Son Retreat, "How to Interact with Police and live to tell about it", Saint Ignatius Retreat House, Manhasset, N.Y. December 4, 1999

Keynote Address, Malverne High School Kwanza Celebration, "History and Kwanza", Malverne, N.Y. December 1999

Featured Guest Speaker, Lakeview Council Meeting, "Unity in the Community", Harold Walker Memorial Park, Lakeview, N.Y. November 17, 1999

Workshop Leader, Malverne       PTA-Lakeview NAACP-Malverne District, "Respect, Restraint, Responsibility", Malverne School District, Malverne High School, N.Y. November 13, 1999

Guest Speaker, United for Progress Democratic Club, "Civil Rights Today", St. Albans, N.Y. November 4, 1999

Panelist, NAACP 63rd New York State Convention, Police Brutality & Bias Crimes, Huntington, N.Y. October 8, 1999

Invited Speaker, Hiroshima Day 1999, Great Neck SANE/Peace Action and Long Island Alliance for Peaceful Alternatives, "Beyond the Bomb: A New Agenda for Peace and Justice", Great Neck, N.Y. August 4, 1999

Speaker, Family and Children's Association, Gospelfest, "Bigger than you or I", Hempstead, N.Y. July 10, 1999

Radio Guest, Robert Shapiro, WLUX-540 AM, "The Nassau County Jail", Live Broadcast, Melville, N.Y. July 9, 1999

Keynote Address, Buffalo Branch NAACP 33rd Annual Medgar Evers Award Dinner, "The face of Police Brutality--You Never Know", Buffalo Convention Center, Buffalo, N.Y. June 13, 1999

Speaker, Nassau County American Parkinson Disease Association, Walk- A-Thon, "The need to Educate the Community", Old Westbury, N.Y. June 26, 1999

Forum Speaker, The Unitarian Universalist Fellowship Of Huntington, Forum on Police Brutality and the Prison System, Huntington, N.Y. June 26, 1999

32

A-4380

Speaker, The Police Relations Task Force, Black Guard Community Development Organization, "Combating Police Brutality", Wyandanch, N.Y. April 29, 1999

Talk Show Guest, FACE OFF, WLIW/21, Debate on Brutality and the impact of Race, Plain view, N.Y. issue of Police April 22, 1999

Panelist, NAACP Northeast Region Annual Leadership Training Conference, Police Brutality & Excessive Force, "Know What to do and be Prepared", Wilmington, DE April 10, 1999

Guest Speaker, Macon B. Allen Black Bar Association, "Civil Rights, Voting Rights and Election Law in the New Millennium", Jamaica, N.Y. April 8, 1999

Keynote Speaker, EOP Graduation Celebration Dinner, University at Albany, "The Measure of Your Education", Albany, N.Y. May 22, 1999

Presenter, National Lawyers Guild, Police Misconduct Litigation: Law and Process, "Damages", Fordham Law School, New York City, N.Y. October 1, 1999

Panelist, NYSSA's Committee on Civil Rights, "How to Handle a Police Misconduct Case-The Practitioner's Perspective", Marriott Marquis, New York City, N.Y. January 26, 1999

Panelist and Presenter, Long         Island Regional Conference         on Alternative Employment Law, NEA/NY, "Different Perspectives Dispute Resolution", Touro Law Center, N.Y.  December Huntington, 4, 1998

Guest Speaker, Mens Day, First United Methodist Church of Hollis Queens, "Our time has Come", Hollis, N.Y. November 22, 1998

Presenter, Nassau Academy of Law - Dean's Hour, "Federal Section 1983 Litigation", Nassau County Bar Association, Mineola, N.Y. November 20, 1998

Keynote Speaker, Annual Banquet of The First United Methodist Church of Roosevelt, "The Church in the New Millennium". First United Methodist Church of Roosevelt, Roosevelt, N.Y. November 14, 1998

Faculty Member, Practising Law Institute, 14th Annual Section 1983 Civil Rights Litigation Seminar, Panel Discussion on trial of a Police Misconduct Claim, New York City, N.Y. November 13, 1998

Guest Speaker, Suffolk County Caucus of Black Democrats, "Political Empowerment and Protection of Civil Rights", Wyandanch, N.Y. October 16, 1998

A-4381

Guest Speaker, 100 Black Women of Long Island, "Update on Goosby v. Town of Hempstead  Voting  the  Legacy", Hofstra  University, Hempstead, N.Y. October 7, 1998

Faculty Member, Practising Law Institute, "How to Handle Unreasonable Force Litigation - The Plaintiff's Perspective", New York City, N.Y. September 18, 1998

Guest Speaker, Roosevelt Chamber of Commerce, General Membership Meeting, "Civil Rights and You -- An evaluation of current local events", Roosevelt, N.Y. August 20, 1998

Guest Expert and Commentator, Court T.V., Macedonia Baptist Church v. Christian Knights of the Ku Klux Klan, (National Broadcast), New York City, N.Y. August 11, 1998

Guest Speaker/Panelist, American Trial Lawyers Association Annual Conference, Civil Rights Section, "Section 1983 Litigation; Individual Officer Liability", Washington, D.C. July 12, 1998

Dias Guest and Presenter, Long Island Housing Services Eighth Annual Regional Fair Housing Conference, Introduced Keynote Speaker, Zachary Carter, Esq., Uniondale, N.Y. May 28, 1998

Special Guest Speaker, Malverne    School        District Annual Football Awards Dinner, "Building a Tradition that You Can Be Proud Of", Malverne, N.Y.      April 3, 1998

Guest Speaker, Touro College, Jacob D. Fuchsberg Law Center, Black Law Students Association, African Heritage Month Celebration, "Voting Rights and the Litigation of Goosby v. Town of Hempstead", Huntington, N.Y. February 19, 1998

Guest Speaker, Union Baptist Church, Men's Christian Fellowship Service, "African-American History is American History - Making Our Own History", Hempstead, N.Y. February 14, 1998

Assembly Keynote Speaker, Westbury High School, Opening Ceremony, Black History Celebration, "Knowledge is Power", Old Westbury, N.Y. February 9, 1998

Keynote Address, Alpha Phi Alpha Fraternity, Inc., Eta Theta Lambda Chapter, "Remember Yesterday ...Building   Hope  for Tomorrow 'Finishing the Dream'", Baldwin, N.Y. January 17, 1998

Guest Speaker, Eastern Suffolk BOCES, Central Islip Learning Center, "Plan, Think, Believe, and Achieve", Central Islip, N.Y. January 13, 1998

Guest Speaker, North Shore Branch N.A.A.C.P., Jubilee Day, "Emancipation Proclamation, a Document of Political and Economic Necessity", Friendship Baptist Church, Roslyn, N.Y. January 1, 1998

Panelist, League of Women Voters of Nassau County, "Town of Hempstead - Voting Rights - Goosby v. Town of Hempstead", Hempstead Public Library, Hempstead, N.Y. December 3, 1997

Panelist, Peacesmiths Monthly Community Forum, "Police Brutality", 1199 Union Hall, Amityville, N.Y.  November 21, 1997

Keynote Address, Omega Psi Phi Fraternity, Inc., Sigma Beta Beta Chapter, Achievement Week '97, "Empowering Our Youth to Survive the Political and Economic Challenges of the 21st Century", Memorial Presbyterian Church, Roosevelt, N.Y. November 16, 1997

Faculty Member, Practising Law Institute, 13th Annual Section 1983 Civil Rights Litigation Seminar, "Excessive Force Litigation", New York City, N.Y.  November 13, 1997

Panelist, University at Albany, SUNY, Student Leadership Conference, Law and the Public Sector, Albany, N.Y.  November 1, 1997

Guest Speaker, Freeport-Roosevelt Branch N.A.A.C.P., General Membership Meeting, "How to Respond to Police, a Message to the Youth", Freeport Memorial Library, Freeport, N.Y. October 30, 1997

Master of Ceremonies, Hofstra University School of Education, Teachers of Tomorrow Scholarship Harvest Dinner and Ball, Hempstead, N.Y.  October 25, 1997

Keynote Address, Nassau County Guardians Association, Inc., Bi- Ennial Installation Dinner Dance, "Bridging the Gap, Back to Basics", Antun's, Springfield Gardens, N.Y. June 29, 1997

Keynote Address, African Diaspora Cultural Arts Center - Grand Opening, "History ...the Richness of Knowledge", Hempstead, N.Y. June 28, 1997

Faculty Member, Practising Law Institute, "Section 1983 Civil Rights Litigation", Broadcast Live via Satellite Across the Country from New York,  June 19, 1997

Judge, Alpha Phi Alpha Fraternity, Inc., Eta Theta Lambda Chapter, Dr. George L. Mims Student Oratorical Scholarship Contest and Annual Mentoring Luncheon, Uniondale, N.Y. June 8, 1997

Panelist, New York Civil Liberties Union, Nassau Chapter, Annual Membership Meeting, "Institutional Racism", Hofstra University, Hempstead, N.Y. June 3, 1997

Convener, Community Legal Forum, North Shore N.A.A.C.P., Churches, Tenant Groups, et al., "Building Better Relations--Youth-Community- Police", Manhasset/Great Neck E.O.C., Manhasset, N.Y. May 31, 1997

Keynote Address, Hempstead Branch N.A.A.C.P., 16th Annual Life Membership Luncheon,, "Celebrating a New Beginning", Mineola, N.Y. May 3, 1997

Guest Speaker, Fair Housing Association of Connecticut, 18th Annual Fair Housing Conference, "The Continuing Costs of Housing Discrimination, *Portee v. Hastava*", Cromwell, CT  May 2, 1997

Workshop Panelist, Seventh Annual Regional Fair Housing Conference, Long Island Housing Services, Inc., 'Expanding Horizons for Fair & Equal Housing', Legal Developments in Fair Housing, "The Value of Insult and Emotional Distress From Housing Discrimination", Uniondale, N.Y. April 16, 1997

Guest Speaker, New Party Membership Meeting, "Goosby v. Town  of Hempstead, the impact of the case", Garden City, N.Y. March 27, 1997

Panelist, Reform Democratic        Association, Issues Great Exploring the Involved in Nassau County Residential Property Assessment, Neck, N.Y. March 25, 1997

Keynote Address, First Baptist Church of Riverhead, Pastor Charles Coverdale, N.A.A.C.P. Jubilee Celebration of the Emancipation Proclamation, "History ... 1862 1941 - 1997, Unjust Justification", Riverhead, N.Y. March 15, 1997

Panelist, Suffolk County Community College, Eastern Campus, Diversity Symposium, "With Liberty and Justice for Whom?", Riverhead, N.Y. March 8, 1997

Guest Lecturer, Garden City Community Church, Sunday Forum Series, "Crisis in Race Relations: Has Anything Really Changed Since 1960?", Garden City, N.Y. February 16, 1997

Workshop Leader, Hempstead United Methodist Church, Long Island West District Leadership Training, "Leadership of the Church Council", Hempstead, N.Y. February 8, 1997

Guest Lecturer, Old Westbury Public Lecture Series, "Justice or Just Us", SUNY College at Old Westbury, (Student Government Association and Committee for Faculty Resources and Enhancement of Teaching), Old Westbury, N.Y. November 13, 1996

Presenter, Inaugural Dinner, The Inauguration of Karen R. Hitchock, Sixteenth President of the University at Albany, SUNY, Albany, N.Y. November 7, 1996

Panelist, New Party of Long Island, "What Should Progressives Do? ...Elections 1996 and Beyond", Main Branch of Great Neck Public Library, Great Neck, N.Y. October 15, 1996

Presenter, "Keep Hope Alive - Vote Nov. 5' Rally, Led by the Rev. Dr. Jesse L. Jackson, Memorial Presbyterian Church, Roosevelt, N.Y. October 2, 1996

Presenter, Great Neck SANE/Peace Action and the Long Island Alliance for Peaceful Alternatives, Commemoration to Mark The 51st Anniversary Of The Hiroshima and Nagasaki Atomic Bombings, Grace Avenue Park, Great Neck, N.Y. August 5, 1996

Keynote Address, Mount Olive Baptist Church, Rev. Edward Corley, Pastor, Annual Men's and Women's Day, "Acting With A Purpose", Manhasset, N. Y. July 14, 1996

Honor Guard, Harriet Tubman Community Club, Inc., Biennial Lavender and White Cotillion, Long Island Marriott Hotel, Uniondale, N.Y. June 1, 1996

Keynote Address, North Shore N.A.A.C.P., Annual Life Membership Luncheon, "Our New Day Begun ', Harper's Restaurant, New Hyde Park, N.Y. May 18, 1996

Workshop Leader, African American Issues on Long Island ...Planning for Progress 1996 Conference, "Empowering Youth to Make Good Life Choices", Nassau Community College, Garden City, N.Y.  May 16, 1996

Sunday Morning Platform Speaker, Ethical Humanist Society of Long Island, "The Dilemma of Separation and the Shifting Logic of Unjust Justification", Garden City, N.Y. April 28, 1996

Keynote Address, University at Albany, Educational Opportunity Program Reunion Banquet, "Speaking From the Heart, Past, Present and Future", Albany, N.Y. April 20, 1996

Guest Debate Panelist, Cable Vision, Channel 25, "Affirmative Action or Reverse Discrimination", Lynbrook, N.Y., taped February 17, 1996, airing date March 2, 1996

Guest Lecturer, Long Island Christian Bible Institute Seminar Series, Memorial Presbyterian Church, "Wrestling Against Principalities and Powers; Fighting Injustices With Authority", Roosevelt, N.Y.  February 15, 1996

37

Keynote Address, Civil Service Employee Association, Inc., Nassau Local 830, Unity Committee, The Rev. Dr. Martin Luther King, Jr. Second Annual Ceremony Brunch, " Standing in the Tide", Coral House, Baldwin, N.Y. January 27, 1996

Guest Speaker, Smith Street Elementary School, Morning Program, "What is the Law?", Uniondale, N.Y. January 23, 1996

Guest Commentator, News 12 Long Island, broadcast from Cable with Scott Feldman, Nassau County Vision, Legislature Swearing in Ceremony, Woodbury, N.Y. January 2, 1996

Keynote Address, Hofstra Cultural Center and Department of Political Science, Representative Democracy: Alternative Systems of Voting, "Problems of Representation in the Present System", Hofstra University, Hempstead, N.Y.  November 18, 1995

Lecturer/Panelist, New York       State Bar Association, Discovery and Depositions in Torts,  "Municipal Law Discovery", New York, N.Y. November 17, 1995

Commencement Keynote Address, Hempstead Middle School Convocation 1995, "Are You Ready?", Hempstead, N.Y.  June 1995

Guest Speaker, Cultural Unity: A Celebration of Diversity, "The Practice of Law: Civil Rights, an Endangered Species", Freeport High School, Freeport, N.Y.  December 8, 1994

Faculty Member, Practising Law Institute, "Section 1983 Civil Rights Litigation & Attorneys' Fees", New York City (The Doral Inn) October 27, 1994

Lecturer/Panelist, 1994 American Bar Association annual convention, "Post Rodney King: Section 1983 Civil Rights Litigation", New Orleans, LA  August 8, 1994

Conference Panelist, 4th Annual Regional Fair Housing Conference. "Fair Housing: Beyond Face Value", Topic: "Fair Housing Increases Profits and Reduces Risks", Uniondale, N.Y. April 6, 1994

Career Day Speaker, The Practice of Law and How the Law Effects You Junior High School #231, Springfield Gardens, N.Y.  March, 1994

Article, Journal of Plaintiff's Viewpoint. the       Suffolk Academy of Law; The Volume 9, No. 11994, Spring 1994 Civil

Guest Speaker, SUNY Confederation of Alumni Associations, 1993 Fall Conference, "Organizing Alumni to help move SUNY into the 21st Century", Syracuse, N.Y. November 12, 1993

A-4386

Conference Panelist, Section 1983 Civil Rights Lawsuits: Police Brutality Cases & Prosecutorial Misconduct Cases, Touro Law Center. November, 1993

Panelist, Cable Vision, L.I., Hot Topics, Topic: "How Can We Combat Racism and Bias Crimes on Long Island?" June, 1993

Speaker, African American & Latino Pre-Professional Association of the State University of New York at Albany. Topic: "People Of Color, Do You Know Your Rights?"

Conference Panelist, Section 1983 Actions: Land Use & Torts -- Trying a Tort Case. Touro Law Center. May, 1993.

Symposium Speaker, Touro Law Center. Topic: "Police Civil Rights Litigation -- Conflicts of Interest in Civil Rights Actions Against Police, Post-Rodney King." March, 1993.

Guest Expert and Commentator, Court T.V., 1992-2003.

Guest Speaker, Nassau County Bar Association Civil Rights Committee. Topic: "Police Abuse." October, 1992.

Panelist, Town Meeting on County Government. News 12 Long Island. September, 1992.

Panelist, Town Meeting: "Echoes of L.A." New 12 Long Island. May, 1992.

Panelist, Town Meeting: "System on Trial -- Crime and Punishment on Long Island." News 12 Long Island.  March, 1992.

"ALU  The Talking Drum." WKJY        Guest on this radio talk show. 1991 - 1996

Guest Speaker, Temple Emanu-el of Lynbrook Social  Action Breakfast. Topic: Are Blacks On Long Island Denied a Voice in Government.:  December, 1991.

Symposium Panelist, Long Island Inter-racial Alliance for a Common Future. Topic: "Roundtable  Civil  Rights  Bill  of  1991." November, 1991.

Conference Speaker,        African American Issues on Long Island Planning for Progress. Topic: "Political Influence and Visibility." June, 1991.

Speaker, Urban Housing Assistance        Board Cooperative. Topic: "H.D.F.C. Infrastructure." "Managing Your May, 1991.

39

A-4387

Speaker, Career Opportunity Symposium.        State University of New York @ Stony Brook-Department of Africana Studies. November, 1990. Guest Interview, News 12 Long Island.   December, 1989.

Guest Speaker, New York City Board of Education Career Day: J.H.S. 231. April, 1989.

Keynote Address, St. Communion Breakfast. Paul's United Methodist Men's Fellowship March, 1989.

Luncheon Speaker, Central Nassau        Youth Club of the National Association of Negro and Black Professional Women Club, Inc. June, 1987.

Guest Speaker, Queens College, New York Public Interest Research Group "South Africa - Apartheid", 1985.

Contributing writer, "Racially Motivated Trial Strategies, etc." Published 1984.

Speaker, National Conference of Black Lawyers' Community Law Day. Topic:  "Low Income Housing - Alternatives."  NY, NY, 1984.

Contributing writer, Author, Legislative Advocacy Manual on Mental Health Advocacy; Legal Services of the United States Virgin Islands. St. Croix, VI, 1984.

Guest Lecturer, legal advocacy training session; Legal Services of the Virgin Islands. St. Croix, VI; July, 1984.

Guest Lecturer, National Conference of Black Lawyers 1984 Attorney Training Series. Topic: "The Incorporation Process for Not-For- Profits."

"Midday with Bill Boggs" - guest on this television talk show's "Mad as Hell" series. Topic: "Racial Slurs and Prejudice." New York, NY, 1983.

Guest  Speaker, National Convention Student's Association (BALSA). Topic: Migration." Atlanta, GA, 1983. of the Black American Law "Gentrification, The Forced

Speaker, National Conference of Black Lawyers' Community Law Day. Topic: "Not-For-Profits; How To Incorporate." NY, NY, 1983.

Author, A Guide to Effective Lobbying. Copyright 1982.

BALSA REPORTS: Vol. 10, No. 2 (1982), "Preserving Our Natural Resources". Publication of keynote address to the Black American Law Student Association Northeast Regional Fundraiser. Buffalo, NY, 1981.

Guest Lecturer, John Lord O'Brien Juris Prudence, Mitchell Lecture Series. Topic: "Public Interest Lobbying Techniques." Buffalo, NY, 1981.

40

A-4388

Publication: National Bar Association Section: Civil Liberties in the 21ˢᵗ Century: The First Amendment Re-examined - "Will Trumpism Lead Us to Fascism?"

MASS DISSENT Publication-Article: "Hurry Up Now, It's Time." (National Lawyers' Guild March, 1981)

## ASSOCIATIONS & ACTIVITIES

2021: Named as Co-Chair of Access to Justice Working Group - The New York State Bar Association Task Force on the Post-Pandemic Future of the Profession

2018 - Present- Advisory Board of National Police Accountability Project

2016 - Present- Chair of Jurisdictional Study Committee of the United Methodist Church

2012 - Present-United Methodist Church Standing Committee on Central Conference Matters, Committee Member

2012 - 2018- United Methodist Church Connectional Table Member

2012 - Present- Westbury United Methodist Church Trustee

2008 - 2012- General Board of Church and Society, Trustee, Executive Board Member, United Methodist Church. Chair of Trustees

2006 - Present- Hempstead United Methodist Church. Trustee

2006 - Present- TOURO COLLEGE--JACOB D. FUCHSBERG LAW CENTER Board of Governors, Member

2004 - 2012- General Board of Church and Society, United Methodist Church. Trustee and Board of Directors Member

2004 - Present ERASE Racism, Inc., Board Member

2003 - 2006 Nassau County Bar Association. Board of Directors Member & Chair and Co-Chair of the Civil Rights Committee

2003 - Present-United Methodist Mission Center in Far Rockaway Board Member

2001 - 2005- University at Albany Foundation. Board of Directors Member

2001 - Present- Mental Health Association of Nassau County. Board of Directors Member

41

A-4389

2001 - 2003- Long Island Community Foundation, ERASE Racism. Steering Committee Member

2000 - 2010- Frontier Foundation, UMC. Board Member

2000 - 2006- United People for Social, Economic and Racial Justice (UPSERJ) on L.I. Co-Convener

1999 - Present- New York Civil Liberties Union, Nassau County Chapter. Advisory Committee Member

1998 - 2000- Long Island's United Way,    Project Blueprint. Steering  Committee Member

1997 -Present- Long Island Alliance for Peaceful Alternatives. Board Member

1997 - 1999- Church of the Good Shepherd, United Methodist, West Hempstead. Trustee

1996 - 2002- The Fund for Modern Courts. Advisory Board Member

1996 - 2001- New Party of Long Island . Steering Committee Member

1995- I Am Corporation. (Roosevelt, N.Y.)        Member, Board of Directors

1995 - Present- Instructor. United Methodist, Long Island East School for Lay Servants (Formally Long Island East/West School of Lay Speakers)

1992 - Present- Modern Courts. Advisory Board Member

Silver Life Member-June 2013- National Association of Advance of Colored People

1991 - 1993- State University of New York at Albany. National President, Alumni Association.

1987 - Present- United Methodist Church. Local and Certified Lay Servant

1986 - 87- Lakeview Public Library. Elected Member, Board of Trustees

1986 - Present- Pro Bono Counsel, Lakeview Youth Federation and Church of the Good Shepherd

1986 - 2003- State University of New York at Albany. Elected member, Alumni Association Board of Directors, Pro Bono Counsel.

1986 - 1993- Church of the Good Shepherd, United Methodist Church.        Chairman, Administrative Board.

A-4390

1985 - 1993- National Association for the Advancement of Colored People (N.A.A.C.P.), Lakeview, New York, Branch - Vice President.

1993 - Present- National Association for the Advancement of Colored People (N.A.A.C.P.), Freeport/Roosevelt Branch - Member (Pro Bono Counsel)

1984 - Present- Omega Psi Phi Fraternity, Inc.

1982 - Present Malverne High School; Malverne, NY. Volunteer Assistant Football Coach.

1982 - Present- Lakeview Youth Federation, Inc. Board Member. (Presently Vice- Chair)

1981 - 1982 National Black Law Students' Association.    National Board Member, Director of Special Projects, National Parliamentarian.

1980- National Lawyer's Guild. Executive Committee Member of Massachusetts Chapter.

1979 - 1982 Northeastern Law School. Advisory Council

1979 - Present- State University of New York at Albany. Alumni Council of Classes. State University of New York at Albany. Committee on Retention.

A-4391

## AWARDS

1988: Recognition Award, N.A.A.C.P., Lakeview Branch.

1988: Man of the Year Award, Long Island Black Historical Committee.

1990: President's Outstanding Young Alumni Service Award, State University of New York at Albany.

1991: Humanitarian Award, N.A.A.C.P., Lakeview Branch.

1993: Distinguished Alumni Educational Opportunity Programs Award, Tri-state Consortium of Opportunity Programs in Higher Education.

1995: Dr. Martin Luther King, Jr. Humanitarian Award, Malverne School District

1996: C.S.E.A. Local 830, Dr. Martin Luther King, Jr. Unity Committee Award

1996: The Consummate Barrister, North Shore N.A.A.C.P.

1996: Attorney of the Year, The African American Black History Association.

1996: Long Island Progressive Coalition, Annual Long Islanders Who Have Made a Difference Award

1996: Outstanding Church Service Achievement Award, The Church of the Good Shepherd United Methodist, Seventy-Second Anniversary

1997: Dr. Martin Luther King, Jr. Community Service Award, Eta Theta Lambda Chapter of Alpha Phi Alpha Fraternity, Inc.

1997: Outstanding Service Award, Third Annual Recognition Awards Ceremony, Assemblywomen Earlene Hooper Hill, 18th Assembly Dist.

1997: Distinguished Speaker Award, Nassau County Guardians Association, Inc.

1997: Citizen of the Year, Sigma Beta Beta Chapter of Omega Psi Phi Fraternity, Inc.

1998: "Gentleman of Distinction" African American Male Role Model, Holy Trinity Baptist Church of Amityville

1998: Community Service Award, Long Island Region N.A.A.C.P.

1998: Jerry Bishop Guardian of Liberty Award, New York Civil Liberties Union, Nassau Chapter

1998: Certificate of Appreciation, Lawyers' Fund for Client Protection of the State of New York

44

1998: Community Advocacy Award, Hispanic Counseling Center, Hempstead, N.Y.

1999: Kairos Award, 11th Annual Kairos Awards Dinner, Long Island Alliance for Peaceful Alternatives, Hempstead, N.Y.

1999: Amityville Teachers' Association Friend of Education Award, Amityville, N.Y.

2000: Keeper of the Dream, People to People EOC/CEDC of Nassau County

2000: Pinned as Key Consultant, Key Women of America, Inc., Lakeview Branch

2000: Community Trailblazer Award, Hempstead Public Schools, Hempstead, N.Y.

2000: Suffolk County Bronze Shield Community Service Award, Smithtown, N.Y.

2000: Special Tribute Award, Babylon Town Caucus of Black Democrats and The Coalition on Political Empowerment, Amityville, N.Y.

2000: Excellence in Alumni Service, University at Albany Alumni Association, Albany, N.Y.

2001: Long Island Housing Services' Fair Housing Fundraiser, East Pseudocode, New York January 28, 2001

2001: OCA 11th Annual Rev. Dr. Martin Luther King, Jr. Commemorative Awards Breakfast, Carle Place, New York January 15, 2001

2001: Andrew Hull Memorial Award, Long Island Housing Services, East Pseudocode, N.Y.

2001: Trail Blazer Award--Operation Get Ahead, Inc., Carle Place, N.Y.

2001: March 15, 2001 Congressional Citizen of the Month, Hon. Carolyn McCarthy, Hempstead, N.Y.

2002: Nassau County Caucus of Black Democrats, Black History Program, Freeport, New York February 28, 2002

2002: Friends of Roger Corbie Annual Dinner Dance, Westbury, New York March 2, 2002

2003: Dr. Martin Luther King, Jr. Birthday Celebration Committee of Nassau County, Inc. Eighteenth National Birthday Celebration, Uniondale, New York January 20, 2003

2003: The 14th Dr. Martin Luther King, Jr. Fund-raising Dinner to benefit Second- Year Scholarship Fund, Roslyn, New York November 5, 2003

2003: Commitment to Justice Award, Fifth Annual Commitment to Justice Dinner, Woodbury, New York November 13, 2003

2004: Long Island Press Second Annual 50 Most Powerful People on Long Island, announced in the March 25, 2004

2004: 2004 Recipient of the Adjunct Professor of the Year, Touro College Jacob D. Fuchsberg Law Center, Graduation Awards Ceremony Class of 2004, Huntington, New York

2004: Recipient of the Carl C. Burnett Community Service Award, For Outstanding Public Service and Achievement as an Activist for Civil Rights, 2004 Summer Concert Series: African American night, East Meadow, New York July 18, 2004

2004: Recipient of the Barbara Jones Service Award Coalition of Black Trade Unionists Long Island Chapter

2005: Thanks and Appreciation of over 25 years of service as Malverne Football Coach Malverne, New York 2005

2005:  Annual "The Positive Place For Kids", Hempstead Boys and Girls Club, Westbury, New York June 16, 2005

2006: First Annual Spiritual Awards Dinner Lawyer of the Year Award Roosevelt, New York April 21, 2006

2006: Honoree, Lutheran Men In Mission of the Lutheran Church of the Good Shepherd, First Annual Men in Mission Dinner/Dance Westbury, New York April 21, 2006

2006: "Blue Indigo II: Uphold the Royal Sword of Valor: Award Zeta Phi Beta Sorority, Inc. Rho Omega Zeta Chapter May 6, 2006

2006: Village of Hempstead Induction in the WALL OF FAME October 2, 2006

2007: The Gandhi-King-Ikeda Community Builders Award, Morehouse College, Presented as Hofstra University, Hempstead, New York February 2, 2007

2007: Hofstra University Unispan Award March 1, 2007

2007: Bench and Bar Award, Fraternal Order of Court Officers, Glen Head, New York March 30, 2007

2007: Malverne School District Office of Athletics Charter Member of the Malverne High School Athletics Hall of Fame

A-4394

2008:"Community Laureate" The Empire State Chapter of Top Ladies of Distinction, Inc., Queens, New York April 19, 2008

2008: Certificate of Appreciation Black Law Students Association Touro Law Center, New York April 12, 2008

2008: 'The Distinguished Public Service Award '-CUNY School of Law, New York May 16, 2008

2008: Honoree, Omega Psi Phi Fraternity, Inc. CHI RO Achievement Week Program November 22, 2008

2008:Thelma Razor Leadership Award S.O.N.I.A.Y. Inc. June 11, 2008

2009: 2009 David Award, Networking Magazine January 2009

2009: Awarded, Madge Kaplan Award for Community Activism, Working Families Party, May 21, 2009

2009: 2009 "Foot Soldiers in the Sands Award" July 13, 2009

2009: Awarded "Hempstead' s First: The New Hempstead Democratic Club July 30, 2009

2010: Community Economic Development Award African American Media Network February 27, 2010

2010: "2010 Community Advocate of the Year" County Legislature Suffolk County, NY Gordon Heights Chamber of Commerce May 20, 2010

2011: Community & Business Leader Award S.T.R.O.N.G. Youth, Inc. June 8, 2011

2011: Inductee, Long Island Press 9th Annual Power List The 50 Most Influential Long Islanders, June 14, 2011

2011: Honoree, Making a Difference Award, Lakeview Branch of the NAACP Westbury, New York, September 2011

2012: Honoree, New Brunswick Theological Seminary Alumni Association 3rd Annual Alumni Luncheon, Hempstead, New York, April 14, 2012

2012: Awardee, Gwen and C. Dale White Award, Methodist Federation for Social Action, Hempstead, New York, June 7, 2012

2012: Awardee, Community Leadership Award, Heritage Conference of Churches, New York, September 22, 2012

47

A-4395

2013: Recipient of Community Advocate Award, Jack and Jill of America, Incorporated Suffolk County Chapter, 50th Anniversary Celebration, Woodbury, New York, April 27, 2013

2013: New York Metro Super Lawyer- Civil Rights

2014: Awardee, Model of Excellence, H.E.V.N. Helping End Violence Now, May 3, 2014

2014: Honoree, Roosevelt Public Library, Annual Black History Program,

50 Years Forward, Roosevelt, New York, March 8, 2014

2014: Awardee, NY Communities for Change, 2013 Community Hero Award, February 15, 2014

2014: New York Metro Super Lawyer- Civil Rights

2014: Honoree, Mutual Housing Association of New York, Inc., MHANY'S Legal Team in our Fight to End Racial Discrimination in Garden City and Nassau County, February 13, 2014

2015: *Trailblazer*, Operation Get Ahead, Inc. 25th Annual Rev. Dr. Martin Luther King, Jr. Commemorative Awards Breakfast, January 15, 2015

2015: Leader in Civil and Human Rights, Mirza Strategies & Public Relations, Inc. Annual Dinner & Award Ceremony, March 29, 2015

2015: New York Metro Super Lawyer - Civil Rights

2015: Long Island Business News Leadership In Law Lifetime Achievement Award Recipient - November 19, 2015

2016: Operation Get Ahead, Inc. "Hallowed Grounds: Sites of African American Memories" Celebrating African American Achievement Appreciation Award

2016: Honoree, 13th Annual Long Island Press POWERLIST. #38 on the list. Also on the list in 2004, 2011, 2012, 2013, 2014, 2015 and 2016 at Canon, U.S.A., Melville, NY, March 3, 2016

2017: Long Island Press 2016 PowerList Hall of Fame Inductee, April 19, 2017

2017: Honoree: Diversity in Business Awards, Long Island Business News, April 25, 2017, Crest Hollow Country Club, Woodbury, New York

2017: Honoree: ERASE Racism Abraham Krasnoff Courage and Commitment Award, June 7, 2017, Garden City Hotel.

48

A-4396

2017: Honoree: New York State Bar Association, Committee on Civil Rights, 2017 Haywood Burns Remembrance and Award Ceremony Honoring Frederick K. Brewington, Esq.

2018: Honoree: The Islip Town Branch NAACP 4th Annual Legacy Gala, "Legacy Award", Brentwood Country Club, Brentwood, New York, January 13, 2018.

2018: Certificate of Recognition, Islamic Center of Long Island, Black History Program, Westbury, New York, March 11, 2018.

2018: Long Island Press 2017 PowerList Award.

2018: The Hon. William Gitelman Award of the Nassau Lawyers' Association of Long Island, Inc.  63rd Annual Dinner Dance, Carltun on the Green, Eisenhower Park, East Meadow, New York, May 23, 2018

2019: Shirley Parris Award, at the 220th Session of the New York Annual Conference, June 8, 2019, Hofstra University, Hempstead, New York.

2020: *Long Island Press* 2019 Powerlist Award.

2020: Named to *City & State's 2020* Long Island Power 100.

2021: Living Legend Award Presented by the National Bar Association and Region 2

2021: The New York State Bar Association Task Force on the Post-Pandemic Future of the Profession - Named as Co-Chair of Access to Justice Working Group.

2022: Social Justice Leadership Award, The African American Educational and Cultural Festival, Inc.

2023: First Recipient of the Michael D'Innocenzo Award for Outstanding Contributions to Constructive Public Dialogue on Long Island, presented by Hofstra University, Center for Civic Engagement, May 3, 2023.

2023: Top Lawyers of Long Island, Long Island Herald, May 17, 2023.

2023: Empact Inc., Inaugural Empact Awards, Living Legend Award, May 20, 2023.

2023: Lifetime Advocacy Awards Recipient: National Coalition of 100 Black Women - Long Island Chapter, Inc., June 10, 2023.

2025: Outstanding Father, TCC (The Corridor Counts), June, 2025.

A-4397

## BAR MEMBERSHIPS AND ADMISSIONS

Supreme Court of the United States of America

State of New York

State of New Jersey

United States District Courts:

- Southern District of New York

- Eastern District of New York

- Northern District of New York

- New Jersey District

United States Court of Appeals, First and Second Circuits

National Employment Lawyers Association

New York State Bar Association

National Bar Association

Association of Trial Lawyers of America

Nassau County Bar Association

Amistad Long Island Black Bar Association

National Police Accountability Project (NPAP)

New York State Association of Criminal Defense Lawyers (NYSACDL)

Various local and regional Bar Association memberships

A-4398

Case 2:16-cv-00518-NRM-PCG    Document 163-4    Filed 07/23/25    Page 1 of 3 PageID #: 2444

# EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
SHUAY'B GREENAWAY, SHARON KNIGHT, and
AVERY KNIGHT,

                                    Plaintiffs, 11-cv-2024 (LDH) (AKT)

-against-

COUNTY OF NASSAU, NASSAU COUNTY POLICE
OFFICERS SGT. VINCENT PAPA, in his individual and
official capacities, P.O. RONALD SCHMITT, in his
individual and official capacities, P.O. CLARENCE
HUDSON, in his individual and official capacities, and
P.O. WILLIAM STIO, in his individual and official
capacities, INCORPORATED VILLAGE OF
HEMPSTEAD, and VILLAGE OF HEMPSTEAD POLICE
OFFICERS P.O. FRANE READO, in his individual and
official capacities, and P.O. WALTER OHR, in his
individual and official capacities,

    Defendants
----------------------------------------------------------------------X

DECLARATION OF HARRY BALLAN

HARRY BALLAN, declares, under penalty of perjury, that the following averments are true:

1. I am a lawyer admitted in 1993 to practice in the State of New York.

2. I practiced law at Davis Polk & Wardwell LLP for 25 years, sixteen years as a partner. I am the Dean and a Professor of Law at Touro Law Center.

3. I have known Frederick Brewington since August, 2016. He is an adjunct professor at Touro and a member of our Board of Governors. I am familiar with his skill and expertise as a trial lawyer. In my opinion, Mr. Brewington exemplifies the

A-4400

highest standards of professionalism and skill of an accomplished trial lawyer and civil rights advocate.

4. Based on my experience and my knowledge of Mr. Brewington, his experience, skill and knowledge, as well as his distinguished record before federal and state courts, I believe that a fee of $600 per hour would be reasonable.

Dated: Central Islip, New York
June 15, 2018

HARRY BALLAN

A-4401

EXHIBIT 4

A-4402

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SHUAY'B GREENAWAY, et al.,

                         Plaintiffs,

          -against-                      11 Civ. 2024 (LDH) (AKT)

COUNTY OF NASSAU, et al.,

                         Defendants.
-------------------------------------------------------------X

## DECLARATION OF PATRICIA E. SALKIN, SUBMITTED IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND COSTS

PATRICIA E. SALKIN, declares, under penalty of perjury, that the following averments are true:

1.     I am an attorney duly admitted in 1989 to practice in the State of New York. I am also admitted to practice in the State of New Jersey, and before the United States Supreme Court.

2.     I am currently the Provost for Graduate and Professional Divisions of Touro College, a tenured faculty member of the Jacob D. Fuschsberg Touro Law Center, and the former Dean of the Jacob D. Fuschsberg Touro Law Center. Prior to joining Touro, I was the Raymond and Ella Smith Distinguished Professor of Law at Albany Law School where I was a tenured faculty member, an Associate Dean, and the Director of the Government Law Center. I actively teach land use law, and I have taught government ethics and administrative law.

3.     While I worked at Albany Law School I helped to launch the Albany Citizen's Police Review Board, a volunteer board that was created by local law of the City of Albany and staffed independently by the Government Law Center of Albany Law School.

A-4403

4. Among the responsibilities of the Citizen's Police Review Board was to review allegations of use of excessive force by the police and violations of civil rights.

5. I have known Frederick Brewington long before arriving at Touro first in his role as President of the Alumni Association at the University at Albany, and via his reputation as a leading civil rights lawyer.

6. I have worked with Mr. Brewington in my capacity of Law Center Dean and his capacity as a member of the Board of Governors of the Law Center. Mr. Brewington provided insightful counsel and volunteer engagement with a number of critical issues at the Law Center. Mr. Brewington also delivered the Howard A. Glickstein Civil Rights and Public Policy Lecture in 2015 while I was Dean. As a result, I am very familiar with the level of skill and expertise Mr. Brewington has particularly in the field of civil rights.

7. Mr. Brewington's office is located in the Eastern District of New York.

8. Mr. Brewington's hourly fee of $600 is very reasonable for the level of work, skill and effort that is required of this type of case.

9. Based on Mr. Brewington's civil rights work in jurisdictions across this State, it is very reasonable to conclude that out-of-district rates and rates more in line with case-specific variables, are appropriate in this case especially since reasonable, paying clients seek out Mr. Brewington specially to represent them in various civil rights matters. For example, he recently appeared in Albany County in a very high profile civil rights matter.

10. Mr. Brewington's office is located in Hempstead, New York, just shy of 20 miles from the Southern District of New York where attorney fees are accepted at higher rate.

11. Given commuting patterns, the Long Island Rail Road, and the ease with which

litigants travel between the borders of the Southern and Eastern Districts for work and professional services, including legal services, in my opinion this court should find Mr. Brewington's requested fee of $600 per hour reasonable.

12.     The Law Offices of Frederick K. Brewington is a property owner in Village of Hempstead and serves as a prime example of local businesses investing in the community. Mr. Brewington employees over a dozen people and has overhead that would match any attorneys in New York City that have a practice his size.

13.     I am informed that after a trial of this civil rights case in the U.S. District Court for the Eastern District of New York, the Court issued a judgment finding Defendants liable and awarding Plaintiff over $8,000,000.00 in damages. While I understand that the Court has remitted the verdict down just below $3,000,000.00, the result is still one that is well worth note as my experience is that such an award to an excellent result for the Plaintiffs. Only top level advocacy could obtain such a result. This is true, no matter the District in which this case was tried.

14.     It is with that thought that I am clear that the fact that Mr. Brewington's office happens to be in Nassau County should not diminish his place among his colleagues or discount the value of his services from those that maintain their offices in Manhattan.

15.     In fact, having seen the level of skill exhibited by Mr. Brewington and his staff, I am certain that his value to his clients and the profession is worth the same as his peers in New York City. Certainly his work should not be valued as less than.

16.     Mr. Brewington's services are clearly ones that clients are willing to pay for at his regular hourly rate of $600.00. This is apparent by the fact that due to his demand, clients seeking a consultation with his office are willing to wait their turn to come speak with his office, which at

3

A-4405

the present I am told is five (5) weeks.

17.    The rates requested by the Law Offices of Frederick K. Brewington are more than reasonable in light of the experience of the attorneys, the services provided, the overhead maintained, the complexity of the case before the Court, and the results achieved herein.

WHEREFORE, it is respectfully submitted that the fees requested by the Law Offices of Frederick K. Brewington should be awarded at the hourly rates requested.

Dated: Carle Place, New York
       June 18, 2018

PATRICIA E. SALKIN

4

A-4406

Case 2:16-cv-00518-NRM-PCG     Document 163-6     Filed 07/23/25     Page 1 of 4 PageID #: 2452

# EXHIBIT 5

A-4407

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SHUAY'B GREENAWAY, *et al.*,

                              Plaintiffs,

             -against-

COUNTY OF NASSAU, *et al.*,

                              Defendants.
-----------------------------------------------------------------X

              11 Civ. 2024 (LDH) (AKT)

**DECLARATION OF HOWARD A. GLICKSTEIN,  SUBMITTED IN SUPPORT
OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND COSTS**

     HOWARD A. GLICKSTEIN declares, pursuant to 28 U.S.C. § 1746 and under penalty of of perjury, as follows:

     1.     I am an attorney admitted in 1954 to practice in the State of New York and in 1981 to practice in the District of Columbia. I am also admitted to practice before the United States Supreme Court.

     2.     I am the Dean Emeritus and Professor of Law at the Touro Law Center in Central Islip, New York. I served as the first Director of the Notre Dame Center for Civil Rights and as an Adjunct Professor at Norte Dame. I was a member of the faculty at Howard Law School and have served as the Dean of the University of Bridgeport School of Law.

     3.     I have taught Constitutional Law, Civil Rights Law, Employment Discrimination Law, Race and American Law and Legal Ethics.

     4.     I spent four years in Private Practice with the Proskauer law firm, worked from 1960 to 1965 in the Civil Rights Division of the U.S. Department of Justice and was the General Counsel and then Staff Director (a Presidential appointment) of the U.S. Commission on Civil Rights from

A-4408

1965 to 1972. I also was appointed by President Carter to serve as the Chief of the Civil Rights Reorganization Task Force-a group charged with examining all of our civil rights laws and recommending how the enforcement of those laws might be strengthened.

5. I have served as Chair of the American Bar Association's Section on Legal Education's Affirmative Action Committee, as President of the Society of American Law Teachers, as Chair of the Town of Huntington's Board of Ethics and as a member of the Town of Islip's Board of Ethics.

6. I have known Frederick Brewington since 1990, shortly after I became Dean of the Touro Law Center. One of my early goals as Dean of Touro Law Center was to meet the leading attorneys on Long Island. Fred Brewington was one of them. I witnessed CLE programs on Trial Practice that he organized and participated in. Because of his reputation as an outstanding litigator, he was hired as an Adjunct Professor at Touro to teach Trial Practice. His course at Touro is universally praised by his students as well as by faculty who have observed his classes. Mr. Brewington's reputation as a preeminent member of the Bar resulted in his selection to be a member of Touro's Board of Governors.

7. Mr. Brewington's role as a civil rights attorney on Long Island is unique. There are very few attorneys on Long Island who handle civil rights cases, despite the fact that Long Island is the tenth most segregated metropolitan area in the United States. I believe it is undebatable that among attorneys who handle civil rights cases, Mr. Brewington ranks as number one. He personifies the "private attorney general" that has become such an important part of our civil rights enforcement mechanisms. Over recent years, Congress has sought to facilitate the enforcement of civil rights laws, as well as other laws furthering important social policies, by providing incentives for attorneys

2

A-4409

to undertake civil rights litigation through the inclusion of fee shifting provisions in civil rights statutes.

8.       I have been personally involved with legislation that incorporates fee shifting provisions. One of my assignments with the Civil Rights Division of the U.S. Department of Justice was to participate in the drafting of the Civil Rights Act of 1964. That legislation includes a fee shifting provision intended to encourage private attorneys to assist in the enforcement of that law. Congress recognized that without the involvement of private attorney generals there would need to be an explosion of the Federal bureaucracy to enforce our civil rights laws effectively. Mr. Brewington, and other attorneys who take on civil rights cases, help insure that the promises of our civil rights laws are fulfilled.

9.       Mr. Brewington's significance as a civil rights litigator on Long Island has another important dimension. I think his presence on Long Island has a deterrent effect on those who might contemplate violating or evading the civil rights laws. Facing Frederick Brewington in a courtroom can generally mean certain defeat. To be most effective as a deterrent to violating the law, it also should be very costly.

10.      As a long-standing member of the Bar, I am very familiar - sometimes embarrassingly so-- with fees charged by lawyers. Because of Mr. Brewington's critical role as a private attorney general and the importance of his work in furthering the enforcement of civil rights laws on Long Island, I think he should be compensated for his legal work at the highest level. I think a fee of $600 is indeed quite modest for this stellar litigator and member of the Bar.

Dated: Northport, N.Y.
        June 11, 2018

HOWARD A. GLICKSTEIN

3

EXHIBIT 6

A-4411

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SHUAY'B GREENAWAY, et al.,

                        Plaintiffs,

         -against-

                                     11 Civ. 2024 (LDH) (AKT)

COUNTY OF NASSAU, et al.,

                        Defendants.
-----------------------------------------------------------------X

## DECLARATION OF RANDOLPH M. MCLAUGHLIN IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND COSTS

    RANDOLPH M. MCLAUGHLIN, an attorney admitted to practice in the Eastern District of New York, declares under penalty of perjury as follows:

    1.    I have been requested by counsel for the Plaintiffs in this matter to provide this Declaration is support of, and with respect to Plaintiffs' motion for an award of attorneys' fees and costs, as well as to speak to the hourly rates sought by counsel in this matter. My Declaration is based on my having known Frederick K. Brewington for thirty-six (36) years, having litigated with him for over three decades and my experience and knowledge of the law pertaining to an award of attorneys' fees as set forth in opinions of the United States Supreme Court, the United States Court of Appeals for the Second Circuit, and the United States District Court for the Eastern District of New York.

### Credentials

    2.    I am a licensed attorney in the State of New York and a member of the bar of this Court. I am a graduate of Columbia College and Harvard Law School. I am a tenured professor of law at Pace University School of Law. I am Of Counsel at the law firm of Newman Ferrara LLP and

co-chair of the firm's civil rights practice group. As a faculty member at Pace University School of Law, I have taught courses focusing on civil rights, federal and state litigation, labor law, voting rights, civil procedure, and New York practice. Before joining Pace's law faculty in 1988, I was associated with Meyer, Suozzi, English & Klein, where I specialized in civil litigation and labor law.

### Bases for Declaration and Conclusions

3.     I am familiar with the standards governing the award of attorneys' fees appropriate under federal law and with the rates charged by civil rights attorneys in the United States District Courts for the Southern and Eastern Districts of New York.

4.     Additionally, I have conducted legal research as to rates awarded in this district to attorneys of similar skill, background, and experience in civil rights cases.

5.     Both my research and professional experience inform my opinion that civil rights law is a highly complex legal specialty. The cases are financially risky and often unpopular and undesirable. The area of practice is challenging in light of the ever-evolving, and often conflicting and nuanced precedent, statutes, and rules. Prospective clients can rarely afford to pay an hourly rate and cases often take years to bring to conclusion. Given the high stakes of public censure for a defendant in a civil rights case, litigation is often contentious and fraught with motion practice. Representing a plaintiff in a civil rights action rarely leads to repeat business or an ongoing business relationship, which would benefit counsel in retaining future business. These factors are all present in the instant matter.

6.     In the Eastern District, a fee "determination may include 'judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district,' and requires 'an evaluation of evidence proffered by the parties.'" *United States v. City of New York*, No.

2

07-CV-2067 (NGG)(RLM), 2013 WL 5542459, at *4 (E.D.N.Y. Aug. 30, 2013) (citing *Farbotko v. Clinton Cnty. of N.Y.,* 433 F.3d 204, 209 (2d Cir. 2005)).

7.     The highest rates in this district are reserved for expert trial attorneys with extensive experience before the federal bar, who specialize in the practice of civil rights law and are recognized by their peers as leaders and experts in their fields. Recent opinions in the Eastern District suggest that reasonable hourly rates are "approximately $300 $450 for partners, $200–$325 for senior associates, and $100 $200 for junior associates." *United States v. City of New York,* 2013 WL 5542459, at *6 (citing *Bogosian v. All Am. Concessions,* No. 06 CV 1633 (RRM), 2012 WL 1821406, at *2 3 (E.D.N.Y. May 18, 2012).

8.     The foregoing rates are standard in the Eastern District. *Firststorm Partners 2, LLC v. Vassel,* No. 10 CV 2356 (KAM)(RER), 2012 WL 3536979, at *3 (E.D.N.Y. Aug. 15, 2012) ("In the Eastern District of New York, depending on the nature of the action, extent of legal services provided, and experience of the attorney, hourly rates range from approximately $300 to $400 per hour for partners, $200 to $300 per hour for senior associates, and $100 to $200 per hour for junior associates."); *see also Ferrara v. Prof'l Pavers Corp.,* No. 11 CV 1433 (KAM)(RER), 2013 WL 1212816, at *5 (E.D.N.Y. Mar. 23, 2013) ("Recently, reasonable hourly rates in this district have ranged from approximately $200 $300 for senior associates, and $100 $200 for junior associates.").

9.     Moreover, "[t]he reasonableness of a fee award does not depend on whether the attorney works at a private law firm or a public interest organization." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182, 184 n.2 (2d Cir. 2007) (citing *Blum v. Stenson,* 465 U.S. 886, 894 (1984) ("Congress did not intend the calculation of fee awards to vary depending on whether plaintiff was represented by private counsel or by a nonprofit legal services

3

organization."). As such, the prevailing rates applicable to private counsel are also the standard for a public interest attorney undertaking similar representation.

10. In addition to the prevailing market rates, the court may also consider case-specific factors. These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *United States v. City of New York*, 2013 WL 5542459, at *6 (internal citations omitted); *see also Johnson v. Georgia Highway Exp., Inc.* 488 F.2d 714, 717-19 (5th Cir. 1974).

## Reasonable Hourly Rates

11. In *United States v. City of New York*, five years ago, the Court departed from the typically-awarded hourly rates in the Eastern District. The Court concluded that the partner-level attorneys had extensive civil rights practice and customarily billed at rates higher than those requested in the matter before the Court. *Id.* at *7. Additionally, in awarding a higher that typical hourly rate, the Court considered the following: (1) the litigation was long-running, involved numerous complex issues and required continuous work by the attorneys; (2) the parties engaged in unusually contentious discovery; (3) the attorneys succeeded in obtaining wide-ranging equitable relief; (4) they litigated against a defendant with a team of attorneys and significant resources; and (5) the attorneys worked without remuneration until the award of fees. In light of the foregoing, the

4

Court in *United States* awarded the attorneys a higher hourly rate than customarily found in such cases in the Eastern District. Half a decade ago, partner-level attorneys were awarded an hourly rate of $550. *Id.* at *8.

12.    I believe that the analysis conducted by the District Court in *United States* should result in a higher than typically-awarded hourly rate in the instant matter. Plaintiffs' counsel has not received any compensation during this seven year long-running litigation. The matter was hard fought and contentious. Discovery was extensive and several discovery disputes required motion practice. All the Defendants sought summary judgment and sought to prevent this matter from going forward. That motion was handily defeated by Plaintiffs as were the post trial motions. As a result of the years of litigation, Plaintiffs achieved significant results and a finding of violations under statutory and constitutional law.

13.    Additionally, Mr. Brewington has extensive litigation experience in the civil rights field and federal litigation. Mr. Brewington is seeking an hourly rate that is the rate he customarily charges clients and is consistent with the rates which have been awarded to his Manhattan peers

14.    Based on these considerations, it is my opinion that the hourly rate for partner-level attorneys between $550 and $650 would be a reasonable rate in light of the considerations discussed above.

Dated: New York, New York
        June 15, 2018

Randolph M. McLaughlin

5

Case 2:16-cv-00518-NRM-PCG    Document 163-8    Filed 07/23/25    Page 1 of 5 PageID #: 2462

# EXHIBIT 7

A-4417

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SHUAY'B GREENAWAY, *et al.*,

                       Plaintiffs,

        -against-

COUNTY OF NASSAU, *et al.*,

                       Defendants.
-----------------------------------------------------------X

11 Civ. 2024 (LDH) (AKT)

## DECLARATION OF RICK OSTROVE, SUBMITTED IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND COSTS

**RICK OSTROVE** declares, pursuant to 28 U.S.C. § 1746 and under penalty of of perjury, as follows:

1. I am a an attorney admitted to practice before this Court and am a partner at the law firm of Leeds Brown Law, P.C. I submit this declaration, in support of the Plaintiffs application for attorneys' fees and costs.

2. I graduated *cum laude* from the State University at Albany in 1992. In 1996, I graduated with distinction from Hofstra Law School; I was seventh (7th) in my law school class out of 269 law students, and was a member of the Hofstra Law Review. After graduating law school, I started my professional career as an associate at Leeds Brown Law's predecessor firm. I have been a partner at my firm since January 2000.

3. While working at my firm, I have handled and supervised a caseload which consists primarily of civil rights with a focus on employment cases and I have developed an extensive familiarity in this field. I have served as lead trial counsel in approximately thirty cases in Federal and State Court which were brought to verdict. I prevailed in the following eighteen trials in which

I served as lead trial counsel:

> Batts v. Town of Huntington, et al., 95-CV-5326 (LDW)
> Bensy v. Malverne Union Free School District, et al., 04-CV-4810 (DRH)
> Bianco v. Flushing Hospital Medical Center, et al., 04-18702 (Flaherty, J)
> Collins v. Suffolk County Police Department, et al., 01-CV-4194 (ADS)
> Deck v. Liguori, Physician, P.C., Index No.: 03114857 (Lamarca, J.)
> Farb v. Baldwin Union Free School District, 05-CV-0596 (JS)
> Gunning v. Village of East Rockaway, et al., 96-CV-2076 (ADS)
> Hines v. Village of Hempstead Police Department, 08-CV-5236 (LDW)
> Hoey v. County of Nassau, 12-CV-4935(GRB)
> Manning v. County of Nassau, et al., 98-CV-5636 (JS)
> Monette v. County of Nassau, et al., 11-CV-539(JFB)
> Olsen, et al. v. County of Nassau, et al., 05-CV-3623 (ETB)
> Quinn v. County of Nassau, et al., 97-CV-3310 (ADS)
> Raghavendra v. The Robert Plan Corporation, et al., 96 CV 667 (VPP)
> Sanchez, et al. v. WDF Greene Inc., et al., Index No.: 22667-02 (Green, J.)
> Sforza v. Suffolk County Police Department, et al., 06-CV-3059 (LDW)
> Sommer, et al. v. Aronow, et al., 95-CV-9230 (BSJ)
> Wallace v. Suffolk County Police Department, et al., 04-CV-2599 (RMM)
> Weeks v. Suffolk County Police Department, et al., 03-CV-4294 (LDW)

4. In the matter of Olsen, et al. v. County of Nassau, et al., I won monetary awards for each of the three separate plaintiffs after a trial that spanned approximately six weeks. In the matter of Sanchez, et al. v. WDF Greene Inc., I successfully defended against claims from three minority plaintiffs.[1] Since these cases had six separate plaintiffs, these two cases were the equivalent of six separate cases, as each of the six plaintiffs had their own factually distinct claims, albeit with some overlap. Adding those cases brings my trial success total to 22 cases. I also won nominal damages in another Eastern District case, which I have not included in the above list.

5. Of the above verdicts, four have exceeded $1,000,000.[2] One was a $15M verdict in

---

[1] Three minority plaintiffs accused an all Caucasian management team of discrimination. The plaintiffs testified that my clients made racial slurs. Nonetheless, I won on all claims with an all minority jury in the Bronx.

[2] In this declaration, I am discussing the jury verdicts, some of which were subsequently altered. But, all of the above liability verdicts (except one) were either upheld on post-trial motion and/or appeal, or were settled after trial.

2

a sexual harassment case, which based on my research is one of the highest awards to an individual plaintiff in an employment discrimination case. That case was originally dismissed by the lower court – a decision that I successfully appealed. See Bianco v. Flushing Hosp. Med. Ctr., 863 N.Y.S.2d 453 (2008).

6.    I also obtained a $5.25M award in a workplace retaliation claim in Farb v. Baldwin Union Free School District, 05-CV-0596 (JS). On three occasions, I have appeared in Verdict Search's publication, Top New York Verdicts, for employment claims.

7. I have known Mr. Brewington for approximately twenty years. Based on my knowledge and experience in the field, including serving for two years as the Chairperson of the Nassau County Bar Association's labor and employment committee and two years as Vice Chairperson, I consider him to be one of the top trial attorneys in the New York Metropolitan area. I have spoken with many other attorneys, mediators and judges about Mr. Brewington and I believe he is widely regarded as such. I have personally witnessed him at trial and have seen how skilled he is. I also am aware of his trial successes  some of which from media reporting and others from reading reported decisions regarding same. I make this affidavit in support of their request for the hourly lodestar rate of $600.00 per hour for Frederick K. Brewington. Personally, I think it is shocking that Mr. Brewington has not already been approved at such a rate. Anyone would be hard pressed to find another attorney more deserving of such rate. His massive body of trial and civil rights experience is match by few, if any. In my numerous conversations over the years with numerous practitioners in the field of civil rights/employment law, I know of no other attorney who has as much trial experience as Mr. Brewington. There are numerous attorneys who receive this rate and many who have been approved at this rate in the Southern District. The fact that someone can have

3

an office one hour away and get a higher rate than Mr. Brewington is grossly unfair. Again, I'm confident that Mr. Brewington's skill level exceeds that of many practitioners who have been approved at higher rates, and who regularly get paid substantially higher rates.

8.    The fact that Mr. Brewington's office happens to be in Nassau County should not diminish his place among his colleagues or discount the value of his services from those that maintain their offices in Manhattan.

9.    His value to his clients and the profession is worth the same as his similarly situated peers in New York City, and likely more. His work should not be valued based on location, as opposed to his skill and the incredible results that he has achieved.

10.    I understand that Mr. Brewington spent the first decade of his 32 years of private practice in lower Manhattan. Simply because he moved his offices to Nassau County, should not be reason to think his skill and worth as an attorney should lead to a price reduction.

11.    Mr. Brewington's services are clearly ones that clients are willing to pay for at his regular hourly rate of $600.00. This is apparent by the fact that due to his demand, clients seeking a consultation with his office are willing to wait their turn to come speak with his office, which at the present I am told is five (5) weeks.

12.    I am fully familiar with attorneys' fees applications and awards for Civil Rights cases in the Southern and Eastern Districts of New York.

13.    $600/hour for the services of Mr. Brewington are more than reasonable in light of his skill, experience, and results.

Dated: Carle Place, New York
        June 15, 2018

RICK OSTROVE

4

A-4421

# EXHIBIT 8

A-4422

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
ROBERT BESEDIN, SR.,

                                        Plaintiff,

                                                          CV-18-819 (NRM) (ST)

            -against-

COUNTY OF NASSAU, *et al.*,

                                        Defendants.
----------------------------------------------------------------X

DECLARATION OF JONATHAN C. MOORE IN SUPPORT OF
PLAINTIFF'S MOTION FOR COSTS AND ATTORNEYS' FEES

JONATHAN C. MOORE declares, pursuant to 28 U.S.C. § 1746 and under penalty of

perjury, as follows:

1.      At the request of plaintiff's counsel, Frederick K. Brewington, Esq. and Scott A.

Korenbaum, Esq., I submit this declaration in support of Mr. Besedin's motion for discretionary

costs and reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. Proc.

54(d)(2), for the work they have performed on his behalf.

2.      I am a senior partner at Beldock Levine & Hoffman LLP, an 18-lawyer firm specializing

in civil rights and employment litigation, with offices at 99 Park Avenue, 26th Floor, New York,

New York 10016. I am admitted in the United States Supreme Court, Second Circuit Court of

Appeals, Seventh Circuit Court of Appeals, Eleventh Circuit Court of Appeals, District of

Columbia Court of Appeals, United States District Courts for the Southern, Eastern and Northern

Districts of New York, United States District Court for the Northern District of Illinois and the

United States District Court for the Southern District of California. I have been admitted *pro hac*

*vice* in the following courts: Northern District of Alabama, Southern District of Florida, District

A-4423

of New Jersey, Eastern District of Wisconsin and the District Court for the District of Columbia.

3.      I graduated from the DePaul University College of Law (J.D. 1977), *magna cum laude*. From 1977 to 1978 I served as a Lecturer at the Wayne State University College of Law in Detroit, Michigan. From 1978 to 1979 I was a staff attorney with the Better Government Association in Chicago, Illinois. From 1979 to 1983 I was a partner in the firm of Hass, Moore, Schmiedel & Taylor in Chicago, Illinois, a firm that specialized in civil rights litigation and criminal defense. I was then a solo practitioner in New York, New York from 1983 until 1995, at which point I became a principal and partner in the law firm of Moore & Williams, LLP, also in New York City. In 1999, I returned to solo practice, which I maintained until March 2003, when I formed the firm of Moore & Goodman, LLP. I have been a full equity partner in BLH since July of 2006.

4.      For more than 40 years I have been continuously engaged in civil rights, employment rights and constitutional law litigation in the federal and state courts. I have represented plaintiffs on employment discrimination and retaliation claims in, without limitation, *Schmeltzly v. Town of Phillipsburg*, et al., Civ. No. 87-270 (GEB) (D. N.J.) (settled for $350,000 Section 1983 claim on behalf of police officer alleging retaliation for having reported other officers for misconduct); *Volpe-Wasserman v. City of New York*, 02 Civ. 2221 (BSJ) (THK) (settled for $150,000 Title VII and state and local human rights law claims on behalf of police captain subjected to sex and pregnancy discrimination); *Rattigan v. Holder*, 04 Civ. 02009 (ESH) (D.D.C.), 2006 WL 4916613; 503 F. Supp.2d 56 (D.D.C. 2007); 604 F. Supp.2d 89, 604 F. Supp.2d 33 (D.D.C. 2009) (obtained $400,000 jury verdict in Title VII retaliation claim by current FBI agent); *Tischmann v. ITT/Sheraton Corp.*, 882 F. Supp. 1358 (S.D.N.Y. 1995) (Co-lead counsel in successful trial on severance claim pursuant to New York Labor Law in

employment at-will context); *Raniola v. Bratton*, 96 Civ. 4482; 97 Civ. 2057 (AKH) (S.D.N.Y.) (obtained $470,000 verdict for the plaintiff in a sexual harassment case against New York City Police Department; court awarded $640,902.29 in combined attorneys' fees and costs); *Castro v. City of New York*, 06 Civ. 2253 (KAM)(RER) (EDNY)(Jury awarded Plaintiff $73,000 plus pre and post-judgment interest on Title VII retaliation claim; Court awarded $394,993.75 in fees and $15,592.11 in costs): *Syed v. City of New York*, No. 16-cv-4789 (S.D.N.Y.) (successful class action which led to the NYPD rescinding its "no beard" policy).

5.     I have also represented plaintiffs on First Amendment and police misconduct claims in, without limitation, *American Civil Liberties Union v. City of Chicago*, No. 75 Civ. 3295 (N.D. Ill.) (Section 1983 and *Bivens* class action for unlawful surveillance, informant penetration and disruption of activities of lawful political organizations by FBI and Chicago Police Department); *Hampton v. Hanrahan*, 600 F.2d 600 (7th Cir. 1979) (sustained Section 1983 and 1985(3) and Bivens claims against federal and state law enforcement officials for wrongful death of members of the Black Panther Party); *Carlson v. Green*, 446 U.S. 14 (1980) (established Eighth Amendment Bivens claim for federal prisoners for inadequate medical care; principal author of brief in Supreme Court); *Stewart v Kostick*, et al., No. 86 Civ. 6979 (S.D.N.Y.) (JMW) (settled Section 1983 action for the death of Michael Stewart in the amount of $1,900,000, which, at the time, was the largest wrongful death settlement in a police case in the history of New York City); *King v. Conde* and *Gentile, et al., v. The County of Suffolk*, 121 F.R.D. 180 (E.D.N.Y. 1988) (most widely cited decisions in the Second Circuit and in other Circuits establishing presumptive discoverability of police officer personnel files in Section 1983 action); *Dusenbury v. The City of New York*, 1999 WL 199072 (SDNY) (Memorandum decision holding that state interference in familial association rights is actionable even without permanent physical separation; case settled

A-4425

for $2,750,000. *Vann v. City of New York*, 72 F.3d 1040 (2d Cir. 1995) (successful appeal from grant of summary judgment on plaintiff's claim that the City of New York was deliberately indifferent to the need to monitor abusive police officers who were returned to active duty); *Dwares v. City of New York*, 985 F.2d 94 (2d Cir. 1993) (holding that persons peacefully demonstrating are entitled to police protection from private violence); *Daniels v. City of New York*, 99 Civ. 1695 (S.D.N.Y.) (SAS) (Lead counsel in settled class action on behalf of African-American and Latino men who were subjected to racial profiling by the Street Crime Unit of the NYPD); *McCray, et al., v. The City of New York*, et al., 03 Civ. 9685 (S.D.N.Y.) (DB) (Lead counsel in Section 1983 claim for malicious prosecution on behalf of five young men exonerated of any responsibility for the rape and attempted murder of the Central Park Jogger in 1989; case settled for $41,000,000 in 2014); *Bartholomew v. City of New York*, et al., 00 Civ. 3076 (S.D.N.Y.) (WHP) (settled First and Fourth Amendment challenge to City's policy of detaining individuals arrested at demonstrations for processing through the system rather than releasing them with a Desk Appearance Ticket); *Circulo de la Hispanidad v. City of Long Beach*, et al., 00 Civ.1463 (E.D.N.Y.) (NGG) (ETB) (trial counsel; jury verdict of $475,000 to plaintiff for violation of First Amendment rights); *Mandal, et al. v. The City of New York, et al.*, No. 02 Civ. 1234 (S.D.N.Y.) (WHP) (Lead counsel in 2006 liability verdict on First and Fourteenth Amendment challenge to NYPD's policy of denying individuals arrested at demonstrations consideration for release with a Desk Appearance Ticket or summons); *Burley, et al. v. City of New York*, et al., 03 Civ. 735 (S.D.N.Y.) (WHP) (Lead counsel in settled First and Fourth Amendment challenges to excessive detention of class of demonstrators arrested for minor offenses during the 2002 World Economic Forum); *Haus, et al. v. City of New York*, et al., 03 Civ. 4915 (S.D.N.Y.) (RWS) (MHD) (Lead counsel in class action alleging First and Fourth

A-4426

Amendment violations of class of demonstrators in connection with 2003 anti-war protest); *MacNamara, et al. v. City of New York, et al.,* 04 Civ. 9216 (S.D.N.Y.) (RJS) (JCF) (Lead counsel in First, Fourth and Fourteenth Amendment class action on behalf of a class of 1,800 individuals, including Critical Mass bicyclists, arrested and excessively detained during the 2004 Republican National Convention; total overall settlement in this case was $18,000,000); *Wheeler v. City of New York,* 07 Civ. 03999 (S.D.N.Y.) (LBS) (settled First and Fourth Amendment claims on behalf of legal observer pulled off bicycle by NYPD chief during Critical Mass ride); *Floyd, et al. v. The City of New York, et al.,* 08 Civ. 1034 (S.D.N.Y.) (SAS) (Co-lead counsel in class action challenging NYPD's stop-and-frisk policy; nine week trial resulted in historic judgment finding that the City of New York maintained a policy and practice of racial profiling; judgment affirmed in October, 2014 and since that date counsel has been one of the lead attorneys in the remedial phase of this case which continues to the present.); and *Garner v. City of New York* (case involving victim of choke hold on Staten Island on July 17, 2014; case settled prior to filing of the complaint for $6,700,000).

6.      In addition to these case, I have handled hundreds of individual civil rights cases for victims of government misconduct as well as victims of discrimination in employment by governmental and private employers. I maintain an active trial calendar in both federal and state courts. I have taken verdicts as trial counsel in over 50 civil and criminal cases, ninety percent of which have been decided favorably for my clients. I have also argued appeals before state and federal courts, including the Supreme Court of Illinois, the United States Court of Appeals for the Second Circuit, the United States Court of Appeals for the Seventh Circuit, the United States Court of Appeals for the Eleventh Circuit and the United States Court of Appeals for the District of Columbia.

A-4427

7.    Among my other professional activities, I am a founding member (as well as a CLE Lecturer and Advisory Board Member) of the National Lawyers' Guild's National Police Accountability Project (NPAP). I have taught civil rights litigation and trial practice at the City University of New York School of Law and at the Practicing Law Institute. I am also the Founding Editor of the Police Misconduct and Civil Rights Law Report (West Group), and have published a number of scholarly articles on police misconduct litigation.

8.    My current billing rate is $900/hr. In *Sow, et al., v. City of New York*, 21 Civ. 0533 (S.D.N.Y.) (CM), the class action damages case arising out of the 2020 BLM demonstrations, plaintiffs' counsel negotiated fees with the City of New York. The City agreed to compensate plaintiffs for the work I performed on their behalf at my requested hourly rate of $900 – the City paid $5,875,000 in fees to four groups of attorneys working on the case.

A. Mr. Brewington's requested hourly rate of $600 is eminently reasonable.

9.    I have known Mr. Brewington for the better part of 35 years. While we have never worked together, we have frequently consulted with one another over the years. I state without hesitation that his reputation as one of the finest trial lawyers in New York State is justly deserved.

10.    It is not only Mr. Brewington's history of results that impresses. It is the nature of his clients and the wide-ranging matters that he tackles in order to bring justice to the residents of Nassau and Suffolk County that is even more impressive. I identify below just a few of the legions of fabulous results that Mr. Brewington has achieved not just for his clients but for the plaintiffs' civil rights bar as a whole.

11.    For example, in *Goosby v. Town of Hempstead*, 180 F.3d 476 (2d Cir. 1999), Mr. Brewington was lead counsel in a class action commenced under the Voting Rights Act of 1965

A-4428

challenging the 80 year discriminatory process of selecting Town of Hempstead council members that systematically prevented the election of candidates of choice by members of the Town's African-American citizens. The action sought to dismantle the at-large voting system in the largest township in the United States and have it replaced with a councilmanic district system of electing town board members. Following a bench trial resulting in the plaintiffs' favor, the Second Circuit affirmed, thus ensuring that fairer elections were held.

12.     In *NAACP v. Board of Elections*, 90 CV 0306 (Sifton, J.) (EDNY), Mr. Brewington and his co-counsel challenged the purge of minority voters from the voting rolls in Nassau County at a rate twice that of non-minorities. Judge Sifton issued an injunction in the plaintiffs' favor.

13.     In *Coggins v. Buonora*, 776 F.3d 108 (2d Cir. 2015), Mr. Brewington, together with Mr. Korenbaum, was instrumental in establishing one of the most important precedents following the Supreme Court's decision in *Rehberg v. Paulk*, 566 U.S. 356 (2012). In *Coggins*, the Second Circuit made clear that an officer was not entitled to absolute or qualified immunity where the pleadings established misconduct unrelated to his grand jury testimony.

14.     Most recently, in *Gonzalez (Lazo), etc. v. County of Suffolk*, 09 CV 1023 (ST) (EDNY), Mr. Brewington obtained a verdict in excess of $35,000,000 on behalf of his clients in a police misconduct case involving the death of the plaintiffs' spouse. I understand from speaking with both Messrs. Brewington and Korenbaum that the jury found the defendants liable on virtually every theory of liability presented to them, leaving no doubt that the defendants killed Mr. Lazo, and that the jury also found Suffolk County liable on the plaintiffs' Section 1983 claims. As the Court surely appreciates, it is no small feat to convince the jury to hold a municipality liable under Section 1983.

15.     There is no more respected civil rights attorney practicing primarily on Long Island than

Mr. Brewington. He is truly one of the lions of the civil rights bar. The citizens of Long Island are fortunate that he is always in their corner. He justly deserves to be compensated at his requested hourly rate of $600.

B. Mr. Korenbaum's requested hourly rate of $550 is also eminently reasonable.

16. I have known Mr. Korenbaum for the better part of 25 years. We first met after he left the New York City Law Department and began representing victims of police misconduct. Since then, Mr. Korenbaum has justly earned his reputation as one of the go to attorneys for attorneys seeking help at trial and on appeal.

17. I not only appreciate Mr. Korenbaum's succcess before the Second Circuit, which I discuss below, but I also know Mr. Korenbaum's work as a trial lawyer. While I have never tried a case with Mr. Korenbaum, he has worked closely with one of my partners, David Rankin, Esq.

18. In *Zabala v. City of New York*, Index No. 3771/2010 (Supreme Ct. Kings Cnty.), Messrs. Korenbaum and Rankin represented Joel Zabala in an excessive force case against members of the NYPD. Mr. Zabala claimed that the defendants' use of force caused him to develop epileptic seizures.

19. I worked closely with Messrs. Korenbaum and Rankin as the case neared trial. As we discussed trial strategy and focused on lines of examination for the defendant officers, it was clear to me that Mr. Korenbaum was an expert tactician who knew his way around the courtroom. The case settled at jury selection for $3,650,000.

20. I also worked closely with Messrs. Korenbaum and Rankin as they headed to trial in *Thomas v. Fraszka, et ano.*, 17 Civ. 4025 (JCM). While the results were far different (the jury returned a defendants' verdict), this did not change my opinion about Mr. Korenbaum's talents

as a trial attorney.

21.    I was lead trial counsel in *Emamian v. Rockefeller University*, 07 CV3919 (PGG), *aff'd in relevant part*, 971 F.3d (2d Cir. 2020), an action involving claims of race and national origin discrimination, among others.  We obtained a $2,250,000 verdict on behalf of the plaintiff, including a $2,000,000 compensatory damages award that was later remitted to $200,000, While not officially part of the trial team, Mr. Korenbaum frequently assisted us as legal issues arose. He also provided tremendous assistance with respect to the appeals brought by both parties.

22.    Regarding Mr. Korenbaum's appellate work, it is not an exaggeration to state that he is responsible for a number of the most significant decisions issued by the Second Circuit in the 21st century.  For example, together with Mr. Brewington, Mr. Korenbaum was lead counsel on appeal in *Tolbert v. Queens College*. 242 F.3d 58 (2d Cir. 2001), and *Zellner v. Summerlin*, 494 F.3d 344 (2d Cir. 2007).  *Tolbert* established the standards governing judgment as a matter of law in the wake of *Reeves v. Sanderson Plumbing Prods.* 530 U.S. 133 (2000), in an action

23.brought pursuant to Title VI.  *Zellner* made clear that the issue of qualified immunity was for the Court alone to decide, and that defendants seeking to avail themselves of qualified immunity waive this affirmative defense if they do not request the jury answer special interrogatories concerning disputed issues of fact bearing on the issue of qualified immunity.

24.    As noted, Mr. Korenbaum was lead counsel on appeal in *Coggins, supra*.  And in *Darnell v. Pineiro*, 849 F.3d 17 (2d Cir. 2017), Mr. Korenbaum successfully argued, in convincing the Circuit to reverse the district court's grant of summary judgment to defendants regarding the claims of 20 plaintiffs who were subjected to inhumane conditions while awaiting arraignment at Brooklyn Central Booking, that the Second Circuit should extend the holding of *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), to conditions of confinement claims.

A-4431

25.    Because of my own experience as a civil rights litigator who practices regularly in the Eastern District of New York, and my knowledge of the hourly rate charged by other members of the bar who represent civil rights plaintiffs, I am aware of the current prevailing market rate for attorneys of Messrs. Brewington's and Korenbaum's experience, skill, and reputation. Their requested rates of $600 and $550 per hour, respectively, are well within the range of hourly rates charged by attorneys of their skill and experience -- my own rate, as noted, is higher than both Mr. Brewington's and Mr. Korenbaum's.

Date:    New York, New York
          November 14, 2024

By: _____
          Jonathan C. Moore

A-4432

**DOCKET NO.: 16-CV-518 (NRM)**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------ X

**BRIAN PFAIL,**

**Plaintiff,**

**-against-**

**COUNTY OF NASSAU,** *et al.,*

**Defendants**
------------------------------------------------------------X

**DECLARATION OF FREDERICK K. BREWINGTON WITH EXHIBITS**
**IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**
**AND OTHER DISCRETIONARY COSTS PURSUANT**
**TO 42 U.S.C.§ 1988 AND FED. R. CIV. PROC. 54(d)**

------------------------------------------------------------X

**LAW OFFICES OF**
**FREDERICK K. BREWINGTON**
*Attorneys for Plaintiff*
**556 Peninsula Boulevard**
**Hempstead, New York 11550**
**(516) 489-6959**

A-4433

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
BRIAN PFAIL,

                              Plaintiff,
                                                        16-CV-518 (NRM)
          -against-

COUNTY OF NASSAU, *et al.*,

                              Defendants.
------------------------------------------------------------------X

DECLARATION OF SCOTT A. KORENBAUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND OTHER
DISCRETIONARY COSTS PURSUANT TO 42 U.S.C. § 1988 AND
FED. R. CIV. PROC. 54(d)

SCOTT A. KORENBAUM declares, pursuant to 28 U.S.C. § 1746 and under penalty of

perjury, as follows:

1.      The Law Offices of Frederick K. Brewington and I represent plaintiff, Brian Pfail.

I submit this declaration in support of Mr. Pfail's motion for discretionary costs and reasonable

attorneys' fees, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. Proc. 54(d)(2), for the work I have

performed on his behalf.

2.      On Mr. Pfail's behalf, I seek reasonable attorneys' fees in the amount of $16,005,

at the hourly rate of $550, for the work I performed in this matter – I note this is a reduction from

my typical hourly rate of $650 to account for this action's venue.  I do not seek to recover any

costs.  As discussed below and in the accompanying memorandum of law, this request should be

granted in its entirety.

A. The requested hourly rate of $550 is reasonable.

3.      According to my time sheets, I first became involved in this action in early May

A-4434

2025, when Frederick Brewington, Esq. contacted me to assist him as this matter headed to trial. As the Court may recall from the work I performed in *Besedin v. County of Nassau, et al.*, CV-18-819 (NRM) (ST), Mr. Brewington and I have worked together for more than 25 years, and I once again welcomed the opportunity to work with him and his firm.

4.      While not formally appearing in this matter until June 1, 2025, I first assisted Mr. Brewington on May 5, 2025, as reflected by my time sheets. As the Court can see, I provided guidance to Mr. Brewington on evidentiary issues throughout the liability and damages phases of the trial. I also provided guidance on issues relating to the Court's proposed jury instructions. Following the jury's verdict, and as we did in *Besedin*, Mr. Brewington has requested that I take the oars regarding this fee application and in opposing the defendants' anticipated post-trial motions.

5.      The plaintiffs' police misconduct Bar regularly request that I assist them with their trial, post-trial and appellate work. As I detail below, Mr. Brewington has done so for more than 25 years.

6.      In requesting an hourly rate of $550, I have assessed the rates of other attorneys like myself who have been admitted to the Bar for more than 36 years, and who have attained a similar level of expertise in the area of civil rights litigation in general, and police misconduct matters in particular. In connection with this application, I submit the Declarations of Gabriel Harvis, Esq., dated November 13, 2024, and Jonathan C. Moore, Esq., dated November 14, 2024. Mr. Harvis's and Mr. Moore's Declarations are annexed as Exhibits 1 and 2, respectively.[1]

---

[1] The Declarations of Messrs. Harvis and Moore are the same declarations that I submitted in *Besedin*. I have requested and received permission from both to resubmit them in connection with this application, and Mr. Moore has also permitted Mr. Brewington to do the same.

A-4435

7.      I am an attorney in good standing and am admitted to practice law in the State of New York and in the United States District Court for the Eastern, Southern and Northern Districts of New York.  I am admitted to practice before the United States Court of Appeals for the Second, Third and Eleventh Circuits and the United States Supreme Court.  I was admitted to practice law in the State of New York in 1989, and the Eastern District of New York in 1990.

8.      Since 2000, I have been a solo practitioner in Manhattan.  From July 2004 through December 2012, I maintained my office at 111 Broadway, Suite 1305.  Beginning in January 2013, I maintained my office at 11 Park Place, Suite 914.  With the onset of the corona-virus, I have continuously maintained my office at 14 Wall Street.

9.      I received my Juris Doctor from the Benjamin N. Cardozo School of Law in 1988. Following two years of employment with Shereff, Friedman, Hoffman & Goodman, I joined the public sector.  From July 1990 to July 1995, I served as an Assistant Corporation Counsel with the General Litigation Division of the New York City Law Department, during which I handled numerous actions involving claims of police misconduct, employment discrimination and other claims of constitutional violations that were brought against the City of New York and its employees.  Given the General Litigation Division's structure at the time, I handled each matter from inception through trial.

10.      I re-entered private practice in 1995.  Between 1995 and November 2000, I worked for a number of firms, continuing to specialize in the area of police misconduct litigation.

11.      Since November 2000, when I began my own practice, I have specialized in the area of civil rights litigation in general, and police misconduct and employment discrimination litigation in particular.  In addition to my private practice, I have been an Adjunct Professor at

A-4436

Brooklyn Law School since 2018, co-teaching Trial Advocacy with my wife, Laurie A. Korenbaum. I was also a Professor of Legal Writing at Cardozo Law School for approximately six and a half years. And I volunteer my services as a faculty member during Cardozo Law School's Intensive Trial Advocacy Program.

12.    I am also a former member of the Attorneys Fees' Committee of the New York Chapter of the National Employment Lawyers Association. In this capacity, I was available to assist fellow NELA members with issues that arose with their fee applications.

13.    From the time I started at the Law Department in 1990 through the present, I estimate that I have handled more than 400 actions involving claims of police misconduct and employment discrimination. I have tried approximately 25 cases to verdict and settled countless more. I identify below some of the matters that I have litigated to verdict.

14.    I am an accomplished appellate litigator. In fact, most of my current practice consists of assisting other attorneys with their post-trial submissions, whether defending verdicts or pursuing or defending appeals. As I discuss below, attorneys with active civil rights practices, including Mr. Brewington, routinely retain my services to assist them at the trial and appellate levels.

15.    My experience in handling claims of civil rights litigation, at both the appellate and trial levels, includes the following matters, among others:

A.    *Gonzalez, et ano. v. County of Suffolk, et al.*, 09 CV 1023 (ST) (at the request of Mr. Brewington, assisted him with pre-trial submissions and legal issues as they arose, and authored the post-trial motion papers submitted in opposition to the defendants' efforts to overturn and/or reduce the jury's $35,803,500 verdict – the case subsequently settled for $20,000,000);

B.    *Martinez v. City of New York, et al.*, 16 CV 79 (NRM) (CLP) (at the request of

-4-

A-4437

Gabriel Harvis, Esq. and his firm, Elefterakis Elefterakis & Panek, assisted plaintiff in successfully opposing the defendants' post-trial motion for a remittitur, as well as in drafting the motion papers in support of Ms. Martinez's fee application – case subsequently settled for, among other things, the full request of the fee application);

C.    *Jennings v. Yurkiw*, 18 F.4th 383 (2d Cir. 2021) (at Michael Lumer, Esq.'s request, successfully argued that the trial court did not err in denying the defendants' motion to remit the jury's second punitive damages award);

D.    *Pehush v. Ashworth*, 757 Fed. Appx. 47 (2d Cir. 2018) (successfully argued that the district court erred in granting summary judgment to the individual law enforcement officer on the ground of qualified immunity);

E.    *Darnell v. Pineiro*, 849 F.3d 17 (2d Cir. 2017) (at the request of Richard Cardinale, Esq., successfully argued that the district court erred in granting summary judgment to defendants regarding the claims of 20 plaintiffs who were subjected to inhumane conditions while awaiting arraignment at Brooklyn Central Booking, and that the Second Circuit should extend the holding of *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), to conditions of confinement claims);

F.    *Anderson v. County of Suffolk*, 621 Fed. Appx. 54 (2d Cir. 2015) (at the request of Mr. Brewington, successfully argued, among other things, that the trial court properly exercised its discretion in requiring the jury to continue its deliberations given the ambiguity resulting from the jury's apparently inconsistent answers on the verdict sheet);

G.    *Coggins v. Buonora*, 776 F.3d 108 (2d Cir. 2015) (at the request of Mr. Brewington, on interlocutory appeal involving defendant's claims of absolute and qualified immunity, successfully argued that the district court did not err in denying the police officer's motion to dismiss where the pleadings established misconduct unrelated to grand jury testimony);

H.    *Schwartz v. Marcantonatos*, 567 Fed. Appx. 20 (2d Cir. 2014) (2d Cir. 2014) (at the request of Harvis Wright & Fett LLP, authored the brief successfully opposing defendants' interlocutory appeal seeking qualified immunity in connection with Operation Lucky Bag);

I.    *Askins v. Doe*, 727 F.3d 248 (2d Cir. 2013) (at the request of Stecklow Cohen & Thompson, successfully argued that dismissal of claims against individual defendants in Section 1983 action on grounds of qualified immunity and statute of limitations did not warrant dismissal of Amended Complaint against municipality where Amended Complaint established violations of plaintiff's federal

-5-

A-4438

constitutional rights and municipal liability);

J.    *Alla v. Verkay*, 979 F. Supp. 2d 349 (E.D.N.Y. 2013) (together with Michael L. Spiegel and David B. Rankin, obtained $2,500,000 verdict on claims sounding in false arrest and excessive force);

K.    *Barbour v. City of White Plains*, 700 F.3d 631 (2d Cir. 2012) (in Section 1983 action, successfully argued that Offers of Judgment pursuant to Fed. R. Civ. Proc. 68 that did not refer to costs or attorneys' fees necessarily included costs and fees as part of the judgment);

L.    *Cameron v. City of New York*, 598 F.3d 50 (2d Cir. 2010) (successfully argued that the district court erred in admitting unduly prejudicial opinion testimony in an action involving claims of false arrest and malicious prosecution);

M.    *Luca v. County of Nassau*, 344 Fed. Appx. 637 (2d Cir. 2009) (2d Cir. 2009) (at the request of Mr. Brewington, successfully argued, among other things, that the district court did not abuse its discretion in fashioning an award of front pay spanning twenty-five years).

N.    *Zellner v. Summerlin*, 494 F.3d 344 (2d Cir. 2007) (at the request of Mr. Brewington, successfully argued that the District Court erred in granting judgment as a matter of law to defendants on the grounds of qualified immunity in an action involving claims of police misconduct).

O.    *Martinez v. Port Auth.*, 01 Civ. 721, 2005 U.S. Dist. LEXIS 19141 (S.D.N.Y. Sept. 2, 2005) (co-counsel at trial and appeal in action for false arrest and malicious prosecution, jury verdict in the amount of $1.1 million dollars reduced to $464,000), *aff'd*, 445 F.3d 158 (2d Cir. 2006);

P.    *Duke v. County of Nassau*, 63 Fed. Appx. 558 (2d Cir. 2003) (at the request of Mr. Brewington, in an action involving allegations of police brutality involving the killing of an unarmed citizen in which the jury awarded more than $2,000,000, successfully argued that the District Court did not err in dismissing a holdout juror);

Q.    *Tolbert v. Queens College*, 242 F.3d 58 (2d Cir. 2001) (at the request of Mr. Brewington, in an action against a division of CUNY, successfully argued that the District Court erred in granting judgment as a matter of law to defendants in an action brought pursuant to Title VI);

R.    *Flores v. City of Mount Vernon*, 41 F. Supp.2d 439 (S.D.N.Y. 1999) (obtained summary judgment on plaintiff's behalf on the grounds that the defendants'

-6-

A-4439

decision to seize her and subject her to a strip search violated her rights protected by the Fourth Amendment to the United States Constitution, and established *Monell* liability against the City of Mount Vernon--case settled mid-trial for $365,000).

16. In addition to the matters I identify above, I am frequently retained by counsel to assist them at the trial and appellate levels. As noted, Mr. Brewington has retained my services to assist him at trial, and handle his post-trial and appellate work, for more than 25 years.

17. For example, Mr. Brewington retained my services in *Coggins v. Buonora*, 776 F.3d 108 (2d Cir. 2015). In *Coggins*, the Second Circuit agreed with my argument that the defendant officers were not entitled to absolute immunity in the wake of *Rehberg v. Paulk*, 566 U.S. 356 (2012), where the pleadings established misconduct unrelated to their grand jury testimony.

18. In *Anderson v. County of Suffolk*, 621 Fed. Appx. 54 (2d Cir. 2015), Mr. Brewington retained my services to defend the verdict the jury returned in plaintiff's favor following a second trial – Judge Seybert had originally declared a mistrial after the jury returned inconsistent verdicts and notes that reflected confusion. In rejecting the County's argument that the trial court had to accept the jury's initial verdict, the Circuit accepted my argument that Judge Seybert appropriately exercised her discretion in initially requiring the jury to continue its deliberations and ultimately declaring a mistrial.

19. Mr. Brewington retained my services in *Zellner v. Summerlin*, 494 F.3d 344 (2d Cir. 2007). In *Zellner*, the Second Circuit agreed with my legal arguments that the issue of qualified immunity was for the Court alone to decide, and that defendants seeking to avail themselves of qualified immunity must request that the jury answer special interrogatories

-7-

A-4440

concerning disputed issues of fact bearing on their entitlement to qualified immunity.

20. Mr. Brewington also retained my services to represent his client on appeal in *Duke v. County of Nassau*, 63 Fed. Appx. 558 (2d Cir. 2003). In *Duke*, the Second Circuit affirmed a jury verdict of more than $2,000,000, in which we successfully argued that Judge Seybert, in an action involving allegations of police brutality involving the killing of an unarmed citizen, did not err in dismissing a juror during deliberations because he was allegedly a holdout.

21. In addition to Mr. Brewington, I have worked very closely with Michael L. Spiegel, Esq., one of the premier police misconduct attorneys in the metropolitan area. In *Martinez v. Port Auth.*, *supra*, I served as Mr. Spiegel's co-counsel at trial and on appeal in an action for false arrest and malicious prosecution. The jury returned a verdict in the amount of $1.104 million dollars, which Judge Castel remitted to $464,000. The Second Circuit affirmed Judge Castel's decision. *Martinez*, 445 F.3d 158 (2d Cir. 2006).

22. In *Cameron v. City of New York*, 06 Civ. 7798 (PAC), Mr. Spiegel again asked me to assist him at trial. While the jury originally returned a defendants' verdict, we prevailed on appeal. *Cameron v. City of New York*, 598 F.3d 50 (2d Cir. 2010). Upon retrial in September 2010, the jury returned a plaintiffs' verdict – the parties subsequently settled the costs and attorneys' fees to which plaintiffs were entitled.

23. Mr. Spiegel also retained my services in an action entitled *Barbour, et al. v. City of White Plains, et al.*, 07 Civ. 3014 (RPP), an action brought against the City of White Plains and members of its Police Department for violations of plaintiffs' rights to be free from false arrest and malicious prosecution. Following the plaintiffs' acceptance of Rule 68 Offers of Judgment, Judge Patterson awarded plaintiffs' fees for the work I performed on their behalf at the

-8-

hourly rate of $450, see *Barbour v. City of White Plains*, No. 07 Civ. 3014, 2011 U.S. Dist. LEXIS 55796 (S.D.N.Y. May 24, 2011), which hourly rate was upheld on appeal. *Barbour, supra*.

24.    Rankin & Taylor, PLLC, in *Alla, supra*, retained Mr. Spiegel's and my services to act as trial counsel. As noted, the jury returned a verdict in the amount of $2,500,000. Ultimately, the matter settled for this amount.

25.    Jon L. Norinsberg, Esq., also one of the premier police misconduct litigators in the metropolitan area, frequently requests my assistance, both formally and informally. For example, Mr. Norinsberg retained my services in *O'Hara v. City of New York*, No. 13-3361, 570 Fed. Appx. 21 (2d Cir. 2014), to assist him in drafting the appellee's brief and preparing him for oral argument. He did the same in *Morse v. Fusto*, 804 F.3d 538 (2d Cir. 2015).

26.    And in *Martinez v. City of New York, et al.*, 16 CV 79, a matter the Court is intimately familiar with, Gabriel Harvis, Esq. and his firm, Elefterakis Elefterakis & Panek, retained my services to oppose the defendants' post-trial motion seeking a remittitur. Adopting in large measure the arguments I crafted, the Court denied the defendants' motion in its entirety.

27.    For these reasons, and as discussed in the accompanying memorandum of law, an hourly rate of $550 is reasonable for an attorney with almost 37 years of experience. In support of this request, I submit the Harvis and Moore Declarations and note the following information.

28.    My customary and usual rate is $650 per hour. This is the rate that I charge in my civil rights retainer agreements in the event I am to be compensated on a *quantum meruit* basis (*e.g.*, if I were to be discharged by a client who was ultimately successful in the litigation).

29.    In *Luca v. County of Nassau*, I served as appellate counsel to Mr. Brewington.

-9-

A-4442

Following the Second Circuit's affirmance of the judgment in all material respects, see *Luca v. County of Nassau*, 344 Fed. Appx. 637 (2d Cir. 2009), Judge Block awarded attorneys' fees at the rate of $350/hr. for the work I performed almost 16 years ago. *Luca v. County of Nassau*, 698 F. Supp.2d 296 (E.D.N.Y. 2010). According to the U.S. Bureau of Labor Statistics CPI Inflation Calculator (https://www.bls.gov/data/inflation_calculator.htm), the $350/hr. I was awarded as of January 2010 (the date of *Luca*) translates to $521/hr. as of June 2025.

30.     In *Luca*, even though my customary rate at the time plaintiff submitted her supplemental fee application was $400/hr., I only requested $350/hr. because *Luca* was an Eastern District case, thereby requiring the application of Eastern District rates to the services I performed. *Simmons v. New York City Trans. Auth.*, 575 F.3d 170 (2d Cir. 2009).

31.     In awarding Ms. Luca my requested rate of $350/hr., Judge Block recognized the value of my services. Referring to my success in *Zellner v. Summerlin*, 494 F.3d 344 (2d Cir. 2007), and on appeal in *Luca*, Judge Block wrote:

> In *Zellner*, after the district court vacated a jury verdict in favor of the plaintiff, Korenbaum prevailed upon the Second Circuit to reverse the district court and reinstate the jury's verdict. . . . The scope of this victory attests to Korenbaum's appellate skills and supports the proposition that a reasonable paying client would seek him out and pay him a substantial fee to defend a favorable verdict on appeal.
>
> In this case, Korenbaum achieved a total victory over his adversary on all the substantive issues raised by the County's appeal. The only issue resolved in the County's favor--the fee remand--derived from the intervening opinion in *Simmons*. The issuance of a Summary Order by the appellate court succinctly disposing of all the County's substantive claims is testament to Korenbaum's appellate skills.
>
> The Court therefore finds that a reasonable, paying client would be willing to pay Korenbaum's requested rate of $ 350 per hour for his appellate services. *Once again, Korenbaum functioned as a partner,*

-10-

A-4443

> *not a senior associate; the hourly rate of $ 350 is solidly within the
> current range of rates for partners in the Eastern District.*

*Luca*, 698 F. Supp. 2d at 304-05 (emphasis added).

32.    As it concerns work I performed in the Southern District of New York, Judge Patterson awarded the plaintiffs in *Barbour, supra,* fees at the hourly rate of $450 for the work that I performed on their behalf.  Again, the Second Circuit affirmed Judge Patterson's award. *Barbour*, 700 F.3d 631 (2d Cir. 2012).  I note that Judge Patterson's decision was issued in May 2011, more than 14 years ago.  The $450/hr. I was awarded for work I performed in 2011 translates to $642/hr. as of June 2025.

33.    In *Anderson v. County of Suffolk*, CV 09-1913, 2016 U.S. Dist. LEXIS 48891, *22-25 (E.D.N.Y. Apr. 11, 2016), Judge Brown determined that an hourly rate of $375 for the appellate work I performed was reasonable.  The award of $375/hr. for the work I performed in 2016 translates to $505.56/hr. as of June 2025.

34.    In *Martinez, supra,* I sought an hourly rate of $575.  While the fee application in *Martinez* was pending, defendants agreed to Ms. Martinez's demand in its entirety, effectively conceding the propriety of the $575 per hour I requested.

35.    Most recently, Judge Brown awarded me $500/hr. for the work I performed in *McDevitt v. County of Suffolk*, CV 16-4164, 2025 U.S. Dist. LEXIS 89130 (E.D.N.Y. May 9, 2025).  Judge Brown described my fee application as "a veritable model of professionalism. His hourly rate of $500 per hour is supported not only by the results of the case, but specifically by a sworn declaration of Fred Brewington, Esq. - a lawyer well known to, and respected by, this Court. Mr. Brewington extols Mr. Korenbaum's experience of 35 years, devoted almost exclusively to civil rights and police misconduct litigation. . . .  Mr. Brewington describes Mr.

-11-

A-4444

Korenbaum as 'recognized in the civil rights community as one of the pre-eminent appellate attorneys.' . . . Mr. Brewington surveys the current market rates of civil rights counsel, concluding that Mr. Korenbaum's rate of $500 per hour is reasonable. . . . Moreover, Mr. Korenbaum exercised billing judgment in limiting his hours to compensable matters." *Id.* at *7 (footnote omitted). I requested $500/hr., instead of $550/hr., because Judge Brown sits in Central Islip.

B. My relationship with Mr. Brewington

36.    As mentioned, I have a longstanding relationship with Mr. Brewington, who routinely retains my services to assist him with legal issues that arise during his trials, and to handle his post-trial and appellate work. We first met as adversaries more than thirty years ago when I was with the New York City Law Department. He represented James Atkins; I represented members of the New York City Police Department. *See Atkins v. City of New York*, 91 CV 2465 (E.D.N.Y.) (ARR), *rev'd on other grounds*, 143 F.3d 200 (2d Cir. 1998). I immediately recognized and appreciated Mr. Brewington's talents.

37.    Following my departure from the Law Department, Mr. Brewington and I developed a very close professional relationship. I have served as his post-trial and appellate counsel for more than 25 years. I have no hesitation stating that he is deservedly recognized in the civil rights community as one of its pre-eminent attorneys. Given my respect for Mr. Brewington, both personally and professionally, I will assist him at trial and handle his post-trial and appellate work whenever my schedule permits.

38.    In addition to *Luca, supra*, I served as Mr. Brewington's appellate counsel for two of the most significant Second Circuit civil rights' decisions of this century's first decade: *Tolbert*

-12-

A-4445

*v. Queens College,* 242 F.3d 58 (2d Cir. 2001), and *Zellner v. Summerlin,* 494 F.3d 344 (2d Cir. 2007). *Tolbert* reenforced the standard of review governing motions for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure.

39.     In *Zellner,* the Second Circuit established the procedures district courts must employ during trial when considering an officer's entitlement to qualified immunity. The *Zellner* Court agreed with my legal arguments that the issue of qualified immunity was for the Court alone to decide, and that defendants seeking to avail themselves of qualified immunity must request the jury to answer special interrogatories concerning disputed issues of fact bearing on the defendants' entitlement to qualified immunity.

40.     Mr. Brewington also retained me to represent his client in *Duke v. County of Nassau,* Docket Nos. 02-7049, 02-7069, 02-770963, 63 Fed. Appx. 558 (2d Cir. Apr. 25, 2003). In *Duke,* the Second Circuit affirmed a jury verdict of more than $2,000,000, in which I successfully argued that the District Court, in an action involving allegations of police brutality involving the killing of an unarmed citizen, did not err in dismissing a juror during deliberations because he was allegedly a holdout.

41.     I also assisted Mr. Brewington with his representation of Darryl Coggins in *Coggins v. County of Nassau, et al.,* 07 CV 3624 (E.D.N.Y.). Defendant Craig Buonora took two interlocutory appeals during the litigation in his efforts to establish absolute immunity. Each time Mr. Brewington turned to me for assistance. Each time we were successful. *See Coggins v. Buonora,* No. 08-3389, 362 Fed. Appx. 224 (2d Cir. Jan. 28, 2010) (*Coggins I*); *Coggins v. Buonora,* 776 F.3d 108 (2d Cir.), *cert. denied,* 2015 U.S. LEXIS 3344 (U.S. May 18, 2015) (*Coggins II*).

-13-

A-4446

42.    *Coggins II* represents one of the more significant decisions involving claims of malicious prosecution and fabrication of evidence following the Supreme Court's decision in *Rehberg v. Paulk*, 566 U.S. 356 (2012). In *Coggins II*, the Second Circuit made clear that an officer was not entitled to absolute or qualified immunity where the pleadings established misconduct unrelated to his grand jury testimony.

43.    More recently, Mr. Brewington requested that I assist him at trial in *Gonzalez, et ano. v. County of Suffolk, et al.*, 09 CV 1023 (ST). I handled many of the pre-trial submissions, including the drafting of jury charges and the verdict sheet, and addressed legal issues as they arose during trial. I also authored the post-trial motion papers submitted in opposition to the defendants' efforts to overturn and/or reduce the jury's $35,803,500 verdict; the case settled for $20,000,000 before Magistrate Judge Tiscione ruled on the post-trial motions.

44.    Most recently, in addition to *Besedin*, Mr. Brewington requested that I assist him in *Cipley v. County of Nassau, et al.*, CV 20-975 (JMA) (ST). Once again, I drafted jury charges and the verdict sheet, and addressed legal issues as they arose during trial. I also successfully authored the post-trial motion papers submitted in opposition to the defendants' efforts to overturn and/or reduce the jury's award of $1,725,000 in compensatory damages, and $275,000 in punitive damages against two defendants – although Judge Azrack reduced the compensatory damages award to $750,000.

45.    Mr. Brewington turns first to me to preserve his clients' verdicts – or to undo unfavorable results. While our efforts do not always prove fruitful, *see, e.g.*, *Crockett v. City of New York*, Docket No. 17-1661, 2018 U.S. App. LEXIS 10410 (Apr. 25, 2018), working together, we insure that our clients receive the highest quality representation.

-14-

C. The Hours Expended Were Reasonable.

46.    I annex as Exhibit 3 my time sheets. My time records reflect my time from May 5, 2025, when Mr. Brewington retained my services, through the date of this declaration.

47.    The attached statement of time is based on contemporaneous time records. I enter my time directly into my word processing program upon completion of the task at hand or at the end of the day.   In *Anderson* and *McDevitt, supra,* Judge Brown approved of the method I employed to maintain my time. *Anderson,* 2016 U.S. Dist. LEXIS 48891, *24-25. *McDevitt,* 2025 U.S. Dist. LEXIS 89130, *7.

48.    As evidenced by my time sheets, I first started working on this matter on May 5, 2025. The work I have performed to date for which Mr. Pfail seeks to recover his costs and reasonable attorneys' fees includes the following, among other things:

- reviewing defendants' motion *in limine* regarding the use of Mr. Pfail's medical history and drafting responses to the same;

- reviewing and analyzing defendants' letter regarding bifurcation and drafting response to the same;

- reviewing and analyzing defendants' motion *in limine* regarding Iannucci's disciplinary history, conducting legal research regarding FRE 608(b) and editing plaintiff's submission regarding its admissibility to impeach Iannucci's credibility;

- discussions with Messrs. Brewington and Powell regarding whether plaintiff's opening statement opened the door to the video of plaintiff at Buffalo Wild Wings and Dr. Berrill's testimony, and drafting letter to the Court re same;

- tel. calls with Messrs. Brewington and Powell  and Zoom mtg w/same regarding spoliation and adverse inferences, legal research regarding *Brady/Bagley* issues and drafting letter regarding the same; and

- reviewing and providing guidance to Mr. Brewington regarding issues relating to drafting of jury instructions and verdict sheet for both phases of the trial, and drafting letter to the Court memorializing the objections to the same.

-15-

A-4448

49.     The role Mr. Brewington requested me to perform assisted him in myriad ways. It insured that he had the relevant legal arguments at his fingertips when addressing the complex evidentiary issues that arose throughout this trial – and there were many given the defendants' penchant for argument in this case. It also insured that the Court provided the jury with the correct legal instructions during its deliberations. Relatedly, and perhaps most importantly, it freed Mr. Brewington to continue his focus on the examinations of witnesses and his closing arguments instead of having to focus on such issues.

50.     Excluding work on this fee application, I spent 17.9 hours on Mr. Pfail's behalf. Based upon my calculation of my time, I have incurred on Mr. Pfail's behalf reasonable attorneys' fees in the amount of $9,845 at the hourly rate of $550, for the work I performed. I do not seek to recover any expenses I have incurred to date.

51.     I also seek fees incurred in the preparation of this fee application. Mr. Brewington has requested that I prepare the motion papers, although Mr. Brewington has drafted his own declaration. This work includes the drafting of the notice of motion, my declaration, editing Mr. Brewington's declaration and drafting the memorandum of law in support of this application. As reflected by my time sheets, I have spent 11.2 hours in preparing this application. At $550/hr., I have incurred an additional $6,160. I have not incurred any expenses.

52.     The fees and costs set forth herein do not include any further work that may be necessary on this motion (such as a Reply to the defendants' Opposition), in opposing the defendants' anticipated post-trial motions,[2] or work to be performed by me in response to the

---

[2] My time sheets reflect work I performed reviewing and digesting trial transcripts in anticipation of the defendants' post-trial motions. I do not presently seek to recover for this work. I will request to be compensated for this work if the defendants file their post-trial motions.

-16-

A-4449

Court's actions with respect to this fee application and/or the defendants' post-trial motions, including any appeal the parties may take. If warranted, Mr. Pfail will supplement his request for fees and costs to reflect all work done on this matter from this point forward.

D. Conclusion.

53.     Civil rights cases are often complex and almost always quite risky. Because the chances of losing civil rights cases are so real, I and my civil rights colleagues depend on the availability of a full lodestar recovery if we prevail.

54.     In matters involving claims of civil rights, my clients are overwhelmingly unable to afford the services of a lawyer on an hourly basis. Few, if any, have enough money to pay even a minimal retainer. I take these cases on a contingency basis, and am compensated based on the portion of any judgment or settlement obtained, or through fee petitions. The instant matter is no different. I have not been paid any money in connection with the work I have performed on Mr. Pfail's behalf. I will be compensated on the basis of the instant fee petition.

55.     In sum, all of the requested time I expended was reasonable and necessary to properly represent Mr. Pfail. I submit that he be awarded costs and attorneys' fees totaling $16,005 for the work I have performed to date on his behalf.

Date:   New York, New York
        July 21, 2025

By: _____
        Scott A. Korenbaum

-17-

A-4450

# EXHIBIT 1

A-4451

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT BESEDIN, SR., <br><br> Plaintiff, <br><br> -against- <br><br> COUNTY OF NASSAU, *et al.*, <br><br> Defendants. | **DECLARATION OF GABRIEL P. HARVIS IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** <br><br> 18 CV 819 (NRM) (ST) |

GABRIEL P. HARVIS declares, pursuant to 28 U.S.C. § 1746, as follows:

1. The Law Offices of Frederick K. Brewington and Scott A. Korenbaum, Esq. represent plaintiff, Robert Besedin, Sr. At Mr. Korenbaum's request, I submit this declaration in support of Mr. Besedin's application for an order awarding him costs and reasonable attorney's fees, pursuant to Fed. R. Civ. P. 54(d) and 42 U.S.C. § 1988(b), for the work Mr. Korenbaum performed on his behalf.

2. Having known Mr. Korenbaum for more than a decade and having had the opportunity to work closely with him on complex matters, it is my opinion that he is among the finest civil rights practitioners in the country.

3. Thus, and for the reasons set forth below, I respectfully urge this Honorable Court to adopt Mr. Besedin's proposed $550 hourly rate for Mr. Korenbaum's services.

A-4452

## ATTORNEY BACKGROUND AND EXPERIENCE

4.  I am a partner in the law firm of Elefterakis, Elefterakis & Panek, with offices at 80 Pine Street, 38th Floor, New York, New York.

5.  I graduated from Trinity College (Hartford) and received my Juris Doctorate from Brooklyn Law School.

6.  I am an attorney in good standing, admitted to practice law in the State of New York, and in the United States District Courts for the Southern and Eastern District of New York, the United States Court of Appeals for the Second Circuit, and the United States Supreme Court.

7.  I was admitted to practice law in the State of New York and Southern and Eastern Districts in 2007. I began practicing in 2006 under a practice order of the Appellate Division that applies to attorneys at the New York City Law Department. In 2013, I was admitted to practice in the United States Court of Appeals for the Second Circuit. In 2016 I was admitted to practice in the United States Supreme Court.

8.  I was appointed Assistant Corporation Counsel of the City of New York upon graduation from law school in 2006. I began working in the City Law Department's Special Federal Litigation Division ("Special Federal Litigation").

-2-

A-4453

9. Attorneys in Special Federal Litigation undergo rigorous, specialized training in federal practice. I received over 75 hours of formal training on federal civil rights litigation during my government service.

10. During my first two years at the Law Department, in addition to undergoing training and handling an individual caseload of up to 50 cases at a given time, I was selected for assignment to the large *McBean* class action challenging the constitutionality of the new admission strip search policies on Rikers Island. *See McBean v. City of New York*, 260 F.R.D. 120, 123 (S.D.N.Y. 2009) (denying summary judgment). While working on *McBean*, I attended high-level meetings with the DOC Commissioner. I worked approximately 1,127 hours on *McBean*.

11. During my tenure at the Law Department, I defended the City of New York and individual police and correction officers in at least 101 false arrest, malicious prosecution and/or excessive force cases in the Southern and Eastern Districts of New York, I conducted four jury trials and an evidentiary inquest, and engaged in substantial motion practice, including the following matters:

- *Robertson v. Sullivan*, 07 CV 1416 (JG) (LB) (false arrest, malicious prosecution and excessive force trial before the Honorable John Gleeson in the Eastern District of New York in which plaintiff was represented by a team of attorneys from Cravath, Swaine & Moore LLP).

- *Garcia v. City of New York*, 07 CV 4331 (SJF) (RER) (excessive force trial before the late Honorable Sandra J. Feuerstein in the Eastern District of New York).

-3-

A-4454

- *Lopez v. Joshua*, 08 CV 1871 (DGT) (VVP) (false arrest and excessive force trial before the late Honorable David G. Trager in the Eastern District of New York).

- *Dixon v. Ragland*, 03 CV 826 (LTS) (KNF) (excessive force trial before the Honorable Laura Taylor Swain and evidentiary inquest before the Honorable Kevin N. Fox in the Southern District of New York) (with Ms. Fett).

- *Wilson v. McMullen*, 07 CV 948 (SLT) (LB), 2010 WL 1268055 (E.D.N.Y. Mar. 30, 2010) (granting summary judgment in § 1983 false arrest case).

- *Balkanli v. City of New York*, 07 CV 2204 (NG), 2009 WL 1346736 (E.D.N.Y. May 14, 2009) (granting summary judgment in § 1983 false arrest and excessive force case).

- *Sanders v. N.Y.C. Dep't of Corrections*, 07 CV 3390 (SHS), 2009 WL 222161 (S.D.N.Y. Jan. 30, 2009), *aff'd*, 376 Fed. Appx. 151 (2d Cir. 2010) (granting summary judgment in § 1983 failure to protect case).

- *Grant v. City of New York*, 07 CV 869 (ENV) (LB), 2008 WL 4646158 (E.D.N.Y. Oct. 20, 2008) (granting dismissal of § 1983 excessive force claim pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v)).

- *Marcus v. City of New York*, 07 CV 1810 (DLI) (RLM), 2007 WL 2126089 (E.D.N.Y. July 23, 2007) (denying motion for reconsideration of successful motion to compel).

12. In 2010, I was selected to handle the high-profile matter of *Carmichael v. City of New York*, in which plaintiff challenged the City's investigation of missing persons cases on equal protection grounds. *See* 06 CV 1913 (NG), 2008 WL 905227 (E.D.N.Y. Mar. 31, 2008) (denying motion to dismiss); 34 F.Supp.3d 252 (E.D.N.Y. 2014) (granting summary judgment).

13. In September 2010, I entered private practice and, with a Law Department colleague, founded my own law firm. The firm specialized in bringing § 1983 damages

A-4455

actions on behalf of indigent plaintiffs; we brought hundreds of such actions in the Southern and Eastern Districts of New York, almost all of which involved claims of false arrest, excessive force and/or malicious prosecution.

14. While running my own firm from 2010-2018, I conducted six additional federal jury trials, litigated a variety of motions, and successfully argued before the Second Circuit Court of Appeals. Representative matters from that period include:

a. *Fryar v. City of New York*, 10 CV 5879 (TLM) (MDG) (false arrest and excessive force trial before the Hon. Tucker L. Melançon in the Eastern District of New York resulting in a plaintiff's verdict and punitive damage award).

b. *Ellis v. City of New York*, 11 CV 2041 (JBW) (RER) (false arrest and excessive force trial before the Hon. Jack B. Weinstein in the Eastern District of New York).

c. *Lucas v. Port Authority, et al.*, 12 CV 3096 (CM) (false arrest and excessive trial before the Hon. Colleen McMahon in the Southern District of New York resulting in plaintiff's verdict and punitive damage award).

d. *Plair v. City of New York*, 789 F.Supp.2d 459 (S.D.N.Y. 2011) (denying defendants' motion to dismiss and affirming the viability of the *Colon* categories of § 1983 supervisory liability after *Iqbal*).

e. *Franks v. City of New York*, 13 CV 623 (JBW) (VMS), 2013 WL 6002946 (E.D.N.Y. Nov. 23, 2013) (compelling production of defendant officer photographs).

f. *Schwartz v. Marcantonatos*, 567 Fed. App'x 20 (2d Cir. 2014) (Summary Order) (affirming denial of summary judgment in case challenging the NYPD's "Lucky Bag" sting operation) (with Mr. Korenbaum).

g. *McCoy v. City of New York*, 16 CV 1636 (AMD) (VMS) (E.D.N.Y.) (represented client before grand jury resulting in indictment and conviction of two corrupt NYPD detectives, then obtained $552,500 recovery for client); *see* Goldstein, Joseph, N.Y. Times, Oct. 10, 2017, *He Excelled as a Detective, Until Prosecutors*

-5-

*Stopped Believing Him* (accessible at: https://tinyurl.com/3akxhnxe); Goldstein, Joseph, N.Y. TIMES, April 4, 2018, *Detective Convicted of Perjury Receives No Jail Time* (accessible at https://tinyurl.com/4x4hnb5x).

h. *Cordero v. City of New York*, 282 F. Supp. 3d 549, 566 (E.D.N.Y. 2017) (denying summary judgment and allowing *Monell* claim regarding overtime abuse and systemic NYPD perjury to proceed to trial) (with Ms. Fett); *see, e.g.,* Feuer, Alan and Goldstein, Joseph, Feb. 19, 2018, N.Y. TIMES, *The Arrest Was a Bust. The Officers Got Overtime Anyway* (accessible at: https://tinyurl.com/2h95f4tx); Messina, Toni, ABOVE THE LAW, March 5, 2018, *Collars for Dollars: An Unconstitutional Police Practice?* (accessible at: https://tinyurl.com/58yw7d64).

i. *Cordero v. City of New York*, 15 CV 3436 (JBW) (CLP), 2017 WL 2116699, *8 (E.D.N.Y. May 12, 2017) (awarding deposition sanctions); *see* Weiss, Debra Cassens, May 17, 2017, ABA JOURNAL, *Judge sanctions New York City after lawyer makes 600 objections in one deposition* (accessible at: https://tinyurl.com/y65y8thd).

j. *Doe v. United States*, 833 F.3d 192, 193 (2d Cir. 2016), *cert. denied,* 137 S. Ct. 2160, 198 L. Ed. 2d 232 (2017) (on brief for amicus curiae The Association of the Bar of the City of New York in important expungement case).

k. *Gordon v. City of New York*, 15 CV 2439 (CBA) (VMS), 2016 WL 10678073, *8 (E.D.N.Y. July 22, 2016) (denying motion to dismiss).

l. *Harris v. City of New York,* 222 F. Supp. 3d 341, 353 (S.D.N.Y. 2016) (denying summary judgment).

m. *Haylett v. City of New York*, No. 15 CV 0223 (WFK) (PK), 2017 WL 6568170, *3 (E.D.N.Y. Dec. 18, 2017) (denying summary judgment).

15. On April 11, 2013, I was a panelist, along with William Gibney, Director of the Special Litigation Unit of the Legal Aid Society's Criminal Practice, at a CUNY Law School Seminar entitled "Police Misconduct and Civil Liability."

A-4457

16. On April 24, 2013, I lectured at a Continuing Legal Education seminar on the topic of § 1983 litigation attended by staff attorneys at the offices of the Brooklyn Defender Services.

17. On August 15, 2013, I was appointed to the Civil Rights Committee of the New York City Bar Association for a three-year term. My term was extended and I served over five years on the committee. In that capacity, I helped to organize the event "The Future of Police Accountability in New York City," a panel discussion at the House of the Association featuring the Chair of the CCRB, NYPD Inspector General, NYPD Deputy Commissioner for Legal Affairs and other speakers. I also worked on the successful effort to repeal New York Civil Rights Law § 50-a.

18. As mentioned above, in May 2014, I successfully argued before the United States Court of Appeals for the Second Circuit on the issue of qualified immunity in a false arrest case involving the NYPD's controversial "lucky bag" unattended property sting. The Second Circuit affirmed the decision of the Hon. Alvin Hellerstein denying summary judgment, holding that the police lacked even arguable probable cause to arrest my client. *Schwartz v. Marcantonatos*, 567 Fed. App'x 20 (2d Cir. 2014) (Summary Order).

A-4458

19. On October 15, 2014, I presented a Continuing Legal Education seminar entitled "A Criminal Practitioner's Guide to Civil Rights Law" to staff attorneys and supervisors at the offices of the Legal Aid Society's Brooklyn Criminal Defense Division.

20. In January 2017, I was appointed to the New York City Bar Association's Task Force on Mass Incarceration, where I presently serve. I have also served on the New York City Bar Association's Committee on Drugs and the Law.

21. On August 1, 2017, I was a panelist, along with Southern District Mediation Director Rebecca Price and others, at a Federal Bar Association panel on the § 1983 Plan at the 500 Pearl Street courthouse.

22. On November 28, 2018, at the invitation of the Honorable Vera M. Scanlon, I served as a presenter and panelist at the Federal Bar Council's Law Clerk Videoconference Event entitled *Issues in 42 U.S.C. § 1983 Litigation* on the topic of "False Arrest, Malicious Prosecution, Fair Trial & Excessive Force."

23. In the summer of 2018, the law firm I co-founded, Harvis & Fett LLP, merged with Elefterakis, Elefterakis & Panek ("EEP"), a prominent personal injury firm. I joined EEP as a partner and co-chair of the Civil Rights Division.

24. To date, I have appeared as lead counsel in 374 federal civil rights cases in the Southern and Eastern Districts of New York.

25. Since joining EEP, I have achieved important decisions on behalf of civil rights plaintiffs, including in the malicious prosecution, First Amendment, and excessive force contexts. *See Snead v. City of New York*, 463 F. Supp. 3d 386, 390 (S.D.N.Y. 2020) (denying summary judgment), *reconsideration denied sub nom. Snead v. LoBianco*, 16 CV 09528 (AJN); *Bah v. City of New York*, No. 20 CV 263 (AT), 2022 WL 955924 (S.D.N.Y. Mar. 30, 2022) (denying motion to dismiss free expression claims in NYPD hijab-removal litigation); *Rodriguez v. City of New York*, 594 F.Supp.3d 534 (E.D.N.Y. 2022) (denying summary judgment); *see* Denney, Andrew, N.Y. LAW JOURNAL, March 28, 2022, *Judge Clears Way for Trial in Excessive-Force Suit by Man Thrown From Bike in NYPD Vehicle Pursuit* (accessible at: https://tinyurl.com/6u3ffkcd).

26. My current practice is focused on representing exonerees in civil damages actions alleging wrongful conviction claims.

27. Since joining EEP in 2018, I have settled wrongful conviction claims on behalf of clients totaling more than $40 million.

28. Representing exoneree Derrick Hamilton in his wrongful conviction claims against the City of New York and disgraced former NYPD detective Louis Scarcella before the Hon. Carol Bagley Amon in this district, I defeated multiple summary judgment motions and prepared the complex case for trial, resulting in a favorable pre-trial resolution for my client. *See Hamilton v. City of New York*, 15 CV 4574 (CBA)

A-4460

(SJB), 2019 WL 1452013, (E.D.N.Y. Mar. 19, 2019); Feuer, Alan, N.Y. TIMES, Nov. 19, 2019, *Falsely Imprisoned for 23 Years: Now He's Received $7 Million* (accessible at: https://tinyurl.com/4hne768w).

29. In the case of my client-exoneree Johnny Hincapie, whom I had the privilege of representing in the Southern District of New York, I defeated multiple motions to dismiss and for summary judgment, obtaining decisions with significant precedential value for civil rights plaintiffs and paving the way for a substantial settlement for my client. *See Hincapie v. City of New York*, 434 F. Supp. 3d 61 (S.D.N.Y. 2020) (denying motions to dismiss); *Hincapie v. City of New York*, 18 CV 3432 (PAC), 2022 WL 2870411 (S.D.N.Y. July 21, 2022) (denying summary judgment); Weiser, Ben, N.Y. TIMES, Dec. 2, 2022, *Man Exonerated in 1990 Subway Killing of Tourist to Get $18 Million* (accessible at: https://tinyurl.com/36nucx8e).

30. My work before Judge Crotty in *Hincapie* also contributed directly to a recent landmark exoneration. Armond McCloud, Jr., my client, spent more than twenty-eight years wrongfully incarcerated for an alleged murder in Lefrak City before the Queens DA's Conviction Integrity Unit reinvestigated his case and determined that a detective from *Hincapie*, Carlos Gonzalez, had coerced the unreliable "confession" used as the sole evidence to convict. In her motion to overturn the conviction, the District Attorney cited Judge Crotty's *Hincapie* opinion as a key factor supporting vacatur. *See* Meko,

A-4461

Hurubie, N.Y. TIMES, Aug. 24, 2023, *3 Men Exonerated in New York, 30 Years After False Confessions* (accessible at: https://tinyurl.com/5dby68ha). At the invitation of Professor Laura Cohen, Director of the New Jersey Innocence Project at Rutgers Law School, I participated in a panel discussion at the law school on October 2, 2024 with Mr. McCloud and others in honor of Wrongful Conviction Day.

31. In another tragic case involving an innocent man's wrongful conviction claims that is presently pending in this district, *Jackson v. County of Nassau*, 18 CV 3007 (JS), I obtained a reported decision denying a motion to dismiss before Judge Seybert, including on *Monell* claims. *Jackson v. Nassau Cnty.*, 552 F. Supp. 3d 350, 360 (E.D.N.Y. 2021); *see also Jackson v. Nassau Cnty.*, 18 CV 3007 (JS) (AYS), 2024 WL 4252047 (E.D.N.Y. Sept. 20, 2024) (denying summary judgment). Separately, in another reported decision in *Jackson*, the presiding United States Magistrate Judge set my hourly rate at $500 in connection with my successful motion to compel production of the Nassau County DA's reinvestigation file after defendants had unreasonably withheld it. 602 F.Supp.3d 352 (E.D.N.Y. 2022).

32. I have also extensively litigated in this district on behalf my client Josiah Galloway – who is the only person ever exonerated on the basis of innocence by the Nassau County Conviction Integrity Unit – obtaining reported decisions granting leave to assert a *Monell* claim, *Galloway v. Cty. of Nassau*, 538 F. Supp. 3d 248 (E.D.N.Y. 2021),

-11-

A-4462

and disqualifying defense counsel, *Galloway v. Nassau Cnty.*, 569 F. Supp. 3d 143 (E.D.N.Y. 2021), *aff'd sub nom. Galloway v. Cnty. of Nassau*, 589 F. Supp. 3d 271 (E.D.N.Y. 2022). Recently, the District Court denied the Nassau County defendants' motions for summary judgment and reconsideration. 2024 WL 1345634 (E.D.N.Y. Mar. 29, 2024), *denying reconsideration in pertinent part*, 2024 WL 2960532 (E.D.N.Y. June 11, 2024). The parties are presently briefing Nassau County's interlocutory appeal before the Second Circuit.

33. In another wrongful conviction case recently brought in the Southern District of New York, *Peets v. City of New York*, 23 CV 6962 (DLC), I represented an innocent man whose conviction was overturned through a joint investigation by the Innocence Project and the Bronx County District Attorney's office. *See* Max, Samantha, GOTHAMIST, Aug. 15, 2023, *Man freed after 26 years behind bars sues NYPD officers who helped send him to prison* (accessible at: https://tinyurl.com/bdcvn5ww). Within months of filing *Peets*, we were able to resolve the case with a $14.75 million settlement.

## THE UNDERSIGNED'S HOURLY RATE IN THIS DISTRICT IS $575

34. I have submitted nine applications for judicial awards of attorney's fees in federal court. Most recently, before this Honorable Court, I sought an hourly rate of $575 for my work on *Martinez v. City of New York*, 16 CV 79 (NRM) (CLP), which I helped try successfully on behalf of plaintiff Rosie Martinez in December 2022.

-12-

A-4463

35. While the fee application in *Martinez* was pending, defendants agreed to plaintiff's demand and effectively conceded the propriety of the $575 per hour proposed rate for the undersigned.

36. Before that, in a May 2022 decision, the Hon. Anne Y. Shields found my qualifications to amply support a $500 hourly rate following a successful discovery motion in the *Jackson* wrongful conviction litigation. *Jackson*, 602 F. Supp. 3d at 358.

## $550 IS A VERY REASONABLE HOURLY RATE FOR MR. KORENBAUM

37. Before I came to know Mr. Korenbaum personally, I was aware of him through his stellar reputation within the New York City Law Department.

38. When I began my career there nearly twenty years ago, Mr. Korenbaum was already known in that office as among the most skilled and sophisticated of the plaintiff's lawyers against whom the City litigated federal civil rights cases.

39. Time and again, I would review seminal trial and appellate decisions favorable to plaintiffs in the Second Circuit and invariably take note of Mr. Korenbaum's decisive involvement.

40. Thus, in 2014, when it became clear that the City might take an interlocutory appeal in an important matter I was handling in the Southern District, I contacted Mr. Korenbaum to seek his advice in *Schwartz v. Marcantonatos*, 567 Fed. App'x 20 (2d Cir. 2014) (Summary Order).

-13-

A-4464

41. Mr. Korenbaum graciously responded and went well above and beyond ordinary courtesy – he volunteered to work on the appeal and, with immense generosity, patience and skill, guided me to success in my first oral argument before an intimidating Second Circuit panel.

42. Since that time, Mr. Korenbaum has been a friend and mentor, always making time to offer thoughtful and sound advice, despite his busy schedule.

43. I have been consistently impressed with Mr. Korenbaum's knowledge and skill, and the extremely high quality of his advocacy in and out of the courtroom.

44. I am also aware of Mr. Korenbaum's superior reputation amongst the plaintiff's bar, where he is considered among the most competent and capable practitioners and is highly esteemed for successfully handling high-profile and complex civil rights matters at the trial, post-trial and appellate phases. It is not an understatement that Mr. Korenbaum has been responsible for some of the most important civil rights decisions issued by the Second Circuit.

45. For example, in *Darnell v. Pineiro*, Mr. Korenbaum obtained a holding from the Second Circuit that pretrial detainees are not required to establish subjective intent to sustain a deliberate indifference claim, significantly increasing plaintiffs' pathways to victory in cases such as *Martinez*. 849 F.3d 17 (2d Cir. 2017); *see Martinez v. City of New York*, 16 CV 79 (NRM) (CLP), 2023 WL 4627739, *12 n.11 (E.D.N.Y. July 19,

-14-

A-4465

2023), *appeal withdrawn*, No. 23-1175, 2023 WL 9660120 (2d Cir. Nov. 30, 2023) (recognizing the precedential value of *Darnell*). In *Zellner v. Summerlin*, a decision the undersigned has relied upon to defeat summary judgment in more than a dozen cases, Mr. Korenbaum procured a precedential decision from the Second Circuit on the critical proposition that disputed facts preclude qualified immunity. 494 F.3d 344 (2d Cir. 2007). In yet another key case, *Cameron v. City of New York*, 598 F.3d 50 (2d Cir. 2010), Mr. Korenbaum persuaded the Second Circuit to reverse a ruling from Judge Crotty allowing a prosecutor to opine on probable cause – this ruling was instrumental to our ability to overcome defense arguments before Judge Crotty in *Hincapie. See Hincapie v. City of New York*, 434 F. Supp. 3d 61, 73 n.5 (S.D.N.Y. 2020).

46. Mr. Korenbaum is routinely sought out by the best practitioners (such as Mr. Brewington) to secure and preserve important wins. As Your Honor may recall, my firm retained Mr. Korenbaum to handle the post-trial motion practice in the *Martinez* matter.

47. Based upon my experience as a lawyer practicing in this field, my observations and interactions with Mr. Korenbaum over the years and my knowledge of his experience and reputation, I fully support Mr. Korenbaum's proposed hourly rate of $550. I think it is more than reasonable, and in line with the prevailing market rates for an attorney of his caliber, experience and reputation in the Eastern District.

-15-

A-4466

Dated:  November 13, 2024
        Briarcliff Manor, New York

_____
Gabriel P. Harvis

-16-

A-4467

# EXHIBIT 2

A-4468

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ROBERT BESEDIN, SR.,

                              Plaintiff,

          -against-                                    CV-18-819 (NRM) (ST)

COUNTY OF NASSAU, *et al.*,

                              Defendants.
-------------------------------------------------------------X

### DECLARATION OF JONATHAN C. MOORE IN SUPPORT OF PLAINTIFF'S MOTION FOR COSTS AND ATTORNEYS' <u>FEES</u>

JONATHAN C. MOORE declares, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, as follows:

1.      At the request of plaintiff's counsel, Frederick K. Brewington, Esq. and Scott A. Korenbaum, Esq., I submit this declaration in support of Mr. Besedin's motion for discretionary costs and reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. Proc. 54(d)(2), for the work they have performed on his behalf.

2.      I am a senior partner at Beldock Levine & Hoffman LLP, an 18-lawyer firm specializing in civil rights and employment litigation, with offices at 99 Park Avenue, 26th Floor, New York, New York 10016. I am admitted in the United States Supreme Court, Second Circuit Court of Appeals, Seventh Circuit Court of Appeals, Eleventh Circuit Court of Appeals, District of Columbia Court of Appeals, United States District Courts for the Southern, Eastern and Northern Districts of New York, United States District Court for the Northern District of Illinois and the United States District Court for the Southern District of California. I have been admitted *pro hac vice* in the following courts: Northern District of Alabama, Southern District of Florida, District

A-4469

of New Jersey, Eastern District of Wisconsin and the District Court for the District of Columbia.

3.    I graduated from the DePaul University College of Law (J.D. 1977), *magna cum laude*. From 1977 to 1978 I served as a Lecturer at the Wayne State University College of Law in Detroit, Michigan. From 1978 to 1979 I was a staff attorney with the Better Government Association in Chicago, Illinois. From 1979 to 1983 I was a partner in the firm of Hass, Moore, Schmiedel & Taylor in Chicago, Illinois, a firm that specialized in civil rights litigation and criminal defense. I was then a solo practitioner in New York, New York from 1983 until 1995, at which point I became a principal and partner in the law firm of Moore & Williams, LLP, also in New York City. In 1999, I returned to solo practice, which I maintained until March 2003, when I formed the firm of Moore & Goodman, LLP. I have been a full equity partner in BLH since July of 2006.

4.    For more than 40 years I have been continuously engaged in civil rights, employment rights and constitutional law litigation in the federal and state courts. I have represented plaintiffs on employment discrimination and retaliation claims in, without limitation, *Schmeltzly v. Town of Phillipsburg*, et al., Civ. No. 87-270 (GEB) (D. N.J.) (settled for $350,000 Section 1983 claim on behalf of police officer alleging retaliation for having reported other officers for misconduct); *Volpe-Wasserman v. City of New York*, 02 Civ. 2221 (BSJ) (THK) (settled for $150,000 Title VII and state and local human rights law claims on behalf of police captain subjected to sex and pregnancy discrimination); *Rattigan v. Holder*, 04 Civ. 02009 (ESH) (D.D.C.), 2006 WL 4916613; 503 F. Supp.2d 56 (D.D.C. 2007); 604 F. Supp.2d 89, 604 F. Supp.2d 33 (D.D.C. 2009) (obtained $400,000 jury verdict in Title VII retaliation claim by current FBI agent); *Tischmann v. ITT/Sheraton Corp.*, 882 F. Supp. 1358 (S.D.N.Y. 1995) (Co-lead counsel in successful trial on severance claim pursuant to New York Labor Law in

A-4470

employment at-will context); *Raniola v. Bratton*, 96 Civ. 4482; 97 Civ. 2057 (AKH) (S.D.N.Y.) (obtained $470,000 verdict for the plaintiff in a sexual harassment case against New York City Police Department; court awarded $640,902.29 in combined attorneys' fees and costs); *Castro v. City of New York*, 06 Civ. 2253 (KAM)(RER) (EDNY)(Jury awarded Plaintiff $73,000 plus pre and post-judgment interest on Title VII retaliation claim; Court awarded $394,993.75 in fees and $15,592.11 in costs): *Syed v. City of New York*, No. 16-cv-4789 (S.D.N.Y.) (successful class action which led to the NYPD rescinding its "no beard" policy).

5.      I have also represented plaintiffs on First Amendment and police misconduct claims in, without limitation, *American Civil Liberties Union v. City of Chicago*, No. 75 Civ. 3295 (N.D. Ill.) (Section 1983 and *Bivens* class action for unlawful surveillance, informant penetration and disruption of activities of lawful political organizations by FBI and Chicago Police Department); *Hampton v. Hanrahan*, 600 F.2d 600 (7th Cir. 1979) (sustained Section 1983 and 1985(3) and Bivens claims against federal and state law enforcement officials for wrongful death of members of the Black Panther Party); *Carlson v. Green*, 446 U.S. 14 (1980) (established Eighth Amendment Bivens claim for federal prisoners for inadequate medical care; principal author of brief in Supreme Court); *Stewart v Kostick*, et al., No. 86 Civ. 6979 (S.D.N.Y.) (JMW) (settled Section 1983 action for the death of Michael Stewart in the amount of $1,900,000, which, at the time, was the largest wrongful death settlement in a police case in the history of New York City); *King v. Conde* and *Gentile, et al., v. The County of Suffolk*, 121 F.R.D. 180 (E.D.N.Y. 1988) (most widely cited decisions in the Second Circuit and in other Circuits establishing presumptive discoverability of police officer personnel files in Section 1983 action); *Dusenbury v. The City of New York*, 1999 WL 199072 (SDNY) (Memorandum decision holding that state interference in familial association rights is actionable even without permanent physical separation; case settled

A-4471

for $2,750,000. *Vann v. City of New York*, 72 F.3d 1040 (2d Cir. 1995) (successful appeal from grant of summary judgment on plaintiff's claim that the City of New York was deliberately indifferent to the need to monitor abusive police officers who were returned to active duty); *Dwares v. City of New York*, 985 F.2d 94 (2d Cir. 1993) (holding that persons peacefully demonstrating are entitled to police protection from private violence); *Daniels v. City of New York*, 99 Civ. 1695 (S.D.N.Y.) (SAS) (Lead counsel in settled class action on behalf of African-American and Latino men who were subjected to racial profiling by the Street Crime Unit of the NYPD); *McCray, et al., v. The City of New York*, et al., 03 Civ. 9685 (S.D.N.Y.) (DB) (Lead counsel in Section 1983 claim for malicious prosecution on behalf of five young men exonerated of any responsibility for the rape and attempted murder of the Central Park Jogger in 1989; case settled for $41,000,000 in 2014); *Bartholomew v. City of New York*, et al., 00 Civ. 3076 (S.D.N.Y.) (WHP) (settled First and Fourth Amendment challenge to City's policy of detaining individuals arrested at demonstrations for processing through the system rather than releasing them with a Desk Appearance Ticket); *Circulo de la Hispanidad v. City of Long Beach*, et al., 00 Civ.1463 (E.D.N.Y.) (NGG) (ETB) (trial counsel; jury verdict of $475,000 to plaintiff for violation of First Amendment rights); *Mandal, et al. v. The City of New York, et al.*, No. 02 Civ. 1234 (S.D.N.Y.) (WHP) (Lead counsel in 2006 liability verdict on First and Fourteenth Amendment challenge to NYPD's policy of denying individuals arrested at demonstrations consideration for release with a Desk Appearance Ticket or summons); *Burley, et al. v. City of New York*, et al., 03 Civ. 735 (S.D.N.Y.) (WHP) (Lead counsel in settled First and Fourth Amendment challenges to excessive detention of class of demonstrators arrested for minor offenses during the 2002 World Economic Forum); *Haus, et al. v. City of New York*, et al., 03 Civ. 4915 (S.D.N.Y.) (RWS) (MHD) (Lead counsel in class action alleging First and Fourth

A-4472

Amendment violations of class of demonstrators in connection with 2003 anti-war protest); *MacNamara, et al. v. City of New York, et al.,* 04 Civ. 9216 (S.D.N.Y.) (RJS) (JCF) (Lead counsel in First, Fourth and Fourteenth Amendment class action on behalf of a class of 1,800 individuals, including Critical Mass bicyclists, arrested and excessively detained during the 2004 Republican National Convention; total overall settlement in this case was $18,000,000); *Wheeler v. City of New York*, 07 Civ. 03999 (S.D.N.Y.) (LBS) (settled First and Fourth Amendment claims on behalf of legal observer pulled off bicycle by NYPD chief during Critical Mass ride); *Floyd, et al. v. The City of New York, et al.*, 08 Civ. 1034 (S.D.N.Y.) (SAS) (Co-lead counsel in class action challenging NYPD's stop-and-frisk policy; nine week trial resulted in historic judgment finding that the City of New York maintained a policy and practice of racial profiling; judgment affirmed in October, 2014 and since that date counsel has been one of the lead attorneys in the remedial phase of this case which continues to the present.); and *Garner v. City of New York* (case involving victim of choke hold on Staten Island on July 17, 2014; case settled prior to filing of the complaint for $6,700,000).

6. In addition to these case, I have handled hundreds of individual civil rights cases for victims of government misconduct as well as victims of discrimination in employment by governmental and private employers. I maintain an active trial calendar in both federal and state courts. I have taken verdicts as trial counsel in over 50 civil and criminal cases, ninety percent of which have been decided favorably for my clients. I have also argued appeals before state and federal courts, including the Supreme Court of Illinois, the United States Court of Appeals for the Second Circuit, the United States Court of Appeals for the Seventh Circuit, the United States Court of Appeals for the Eleventh Circuit and the United States Court of Appeals for the District of Columbia.

A-4473

7.      Among my other professional activities, I am a founding member (as well as a CLE Lecturer and Advisory Board Member) of the National Lawyers' Guild's National Police Accountability Project (NPAP). I have taught civil rights litigation and trial practice at the City University of New York School of Law and at the Practicing Law Institute. I am also the Founding Editor of the Police Misconduct and Civil Rights Law Report (West Group), and have published a number of scholarly articles on police misconduct litigation.

8.      My current billing rate is $900/hr.  In *Sow, et al., v. City of New York,* 21 Civ. 0533 (S.D.N.Y.) (CM), the class action damages case arising out of the 2020 BLM demonstrations, plaintiffs' counsel negotiated fees with the City of New York.  The City agreed to compensate plaintiffs for the work I performed on their behalf at my requested hourly rate of $900 – the City paid $5,875,000 in fees to four groups of attorneys working on the case.

A. Mr. Brewington's requested hourly rate of $600 is eminently reasonable.

9.      I have known Mr. Brewington for the better part of 35 years.  While we have never worked together, we have frequently consulted with one another over the years.  I state without hesitation that his reputation as one of the finest trial lawyers in New York State is justly deserved.

10.     It is not only Mr. Brewington's history of results that impresses.  It is the nature of his clients and the wide-ranging matters that he tackles in order to bring justice to the residents of Nassau and Suffolk County that is even more impressive.  I identify below just a few of the legions of fabulous results that Mr. Brewington has achieved not just for his clients but for the plaintiffs' civil rights bar as a whole.

11.     For example, in *Goosby v. Town of Hempstead*, 180 F.3d 476 (2d Cir. 1999), Mr. Brewington was lead counsel in a class action commenced under the Voting Rights Act of 1965

A-4474

challenging the 80 year discriminatory process of selecting Town of Hempstead council members that systematically prevented the election of candidates of choice by members of the Town's African-American citizens. The action sought to dismantle the at-large voting system in the largest township in the United States and have it replaced with a councilmanic district system of electing town board members. Following a bench trial resulting in the plaintiffs' favor, the Second Circuit affirmed, thus ensuring that fairer elections were held.

12.    In *NAACP v. Board of Elections*, 90 CV 0306 (Sifton, J.) (EDNY), Mr. Brewington and his co-counsel challenged the purge of minority voters from the voting rolls in Nassau County at a rate twice that of non-minorities. Judge Sifton issued an injunction in the plaintiffs' favor.

13.    In *Coggins v. Buonora*, 776 F.3d 108 (2d Cir. 2015), Mr. Brewington, together with Mr. Korenbaum, was instrumental in establishing one of the most important precedents following the Supreme Court's decision in *Rehberg v. Paulk*, 566 U.S. 356 (2012). In *Coggins*, the Second Circuit made clear that an officer was not entitled to absolute or qualified immunity where the pleadings established misconduct unrelated to his grand jury testimony.

14.    Most recently, in *Gonzalez (Lazo), etc. v. County of Suffolk*, 09 CV 1023 (ST) (EDNY), Mr. Brewington obtained a verdict in excess of $35,000,000 on behalf of his clients in a police misconduct case involving the death of the plaintiffs' spouse. I understand from speaking with both Messrs. Brewington and Korenbaum that the jury found the defendants liable on virtually every theory of liability presented to them, leaving no doubt that the defendants killed Mr. Lazo, and that the jury also found Suffolk County liable on the plaintiffs' Section 1983 claims. As the Court surely appreciates, it is no small feat to convince the jury to hold a municipality liable under Section 1983.

15.    There is no more respected civil rights attorney practicing primarily on Long Island than

A-4475

Mr. Brewington. He is truly one of the lions of the civil rights bar. The citizens of Long Island are fortunate that he is always in their corner. He justly deserves to be compensated at his requested hourly rate of $600.

B. Mr. Korenbaum's requested hourly rate of $550 is also eminently reasonable.

16.    I have known Mr. Korenbaum for the better part of 25 years. We first met after he left the New York City Law Department and began representing victims of police misconduct. Since then, Mr. Korenbaum has justly earned his reputation as one of the go to attorneys for attorneys seeking help at trial and on appeal.

17.    I not only appreciate Mr. Korenbaum's succcess before the Second Circuit, which I discuss below, but I also know Mr. Korenbaum's work as a trial lawyer. While I have never tried a case with Mr. Korenbaum, he has worked closely with one of my partners, David Rankin, Esq.

18.    In *Zabala v. City of New York*, Index No. 3771/2010 (Supreme Ct. Kings Cnty.), Messrs. Korenbaum and Rankin represented Joel Zabala in an excessive force case against members of the NYPD. Mr. Zabala claimed that the defendants' use of force caused him to develop epileptic seizures.

19.    I worked closely with Messrs. Korenbaum and Rankin as the case neared trial. As we discussed trial strategy and focused on lines of examination for the defendant officers, it was clear to me that Mr. Korenbaum was an expert tactician who knew his way around the courtroom. The case settled at jury selection for $3,650,000.

20.    I also worked closely with Messrs. Korenbaum and Rankin as they headed to trial in *Thomas v. Fraszka, et ano.*, 17 Civ. 4025 (JCM). While the results were far different (the jury returned a defendants' verdict), this did not change my opinion about Mr. Korenbaum's talents

A-4476

as a trial attorney.

21.     I was lead trial counsel in *Emamian v. Rockefeller University*, 07 CV3919 (PGG), *aff'd in relevant part*, 971 F.3d (2d Cir. 2020), an action involving claims of race and national origin discrimination, among others.  We obtained a $2,250,000 verdict on behalf of the plaintiff, including a $2,000,000 compensatory damages award that was later remitted to $200,000, While not officially part of the trial team, Mr. Korenbaum frequently assisted us as legal issues arose.  He also provided tremendous assistance with respect to the appeals brought by both parties.

22.     Regarding Mr. Korenbaum's appellate work, it is not an exaggeration to state that he is responsible for a number of the most significant decisions issued by the Second Circuit in the 21st century.  For example, together with Mr. Brewington, Mr. Korenbaum was lead counsel on appeal in *Tolbert v. Queens College*. 242 F.3d 58 (2d Cir. 2001), and *Zellner v. Summerlin*, 494 F.3d 344 (2d Cir. 2007).  *Tolbert* established the standards governing judgment as a matter of law in the wake of *Reeves v. Sanderson Plumbing Prods.* 530 U.S. 133 (2000), in an action

23.brought pursuant to Title VI.  *Zellner* made clear that the issue of qualified immunity was for the Court alone to decide, and that defendants seeking to avail themselves of qualified immunity waive this affirmative defense if they do not request the jury answer special interrogatories concerning disputed issues of fact bearing on the issue of qualified immunity.

24.     As noted, Mr. Korenbaum was lead counsel on appeal in *Coggins*, *supra*.  And in *Darnell v. Pineiro*, 849 F.3d 17 (2d Cir. 2017), Mr. Korenbaum successfully argued, in convincing the Circuit to reverse the district court's grant of summary judgment to defendants regarding the claims of 20 plaintiffs who were subjected to inhumane conditions while awaiting arraignment at Brooklyn Central Booking, that the Second Circuit should extend the holding of *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), to conditions of confinement claims.

A-4477

25.     Because of my own experience as a civil rights litigator who practices regularly in the Eastern District of New York, and my knowledge of the hourly rate charged by other members of the bar who represent civil rights plaintiffs, I am aware of the current prevailing market rate for attorneys of Messrs. Brewington's and Korenbaum's experience, skill, and reputation. Their requested rates of $600 and $550 per hour, respectively, are well within the range of hourly rates charged by attorneys of their skill and experience -- my own rate, as noted, is higher than both Mr. Brewington's and Mr. Korenbaum's.

Date:   New York, New York
        November 14, 2024

By: _____
                Jonathan C. Moore

A-4478

# EXHIBIT 3

A-4479

*Pfail v. County of Nassau, et al.*
16-cv-518 (NRM) (CLP)
MAY 2025 TIME AND EXPENSE ENTRIES FOR SAK

| Date | Time | Description | Charge |
|------|------|-------------|--------|
| 5-5-25 | 1.0 | Review and analyze defs. submissions re motion *in limine* to admit plaintiff's medical history, and the same re mal. process/abuse of process (.80); email to C. Powell re how to respond to defs. arguments re malicious pros./abuse of process (.20). | N/C |
| 5-10-25 | .80 | Review and analyze defs. letter re bifurcation and Dr. Berrill (.20); draft response and email to FKB (.60). | N/C |
| 5-11-25 | 3.1 | Review and analyze defs. letter re motion *in limine* to preclude questioning re Iannucci's d(x) history (.10); tel. calls w/FKB re facts underlying d(x) history (.20); legal research re d(x) history and FRE 608(b) (1.0); draft revise FKB letter re same (1.8). | N/C |
| 5-14-25 | 1.5 | Legal research re FRE 807 and draft letter to Court re admissibility of Det. Ramos' criminal trial testimony. | N/C |
| 5-15-25 | 2.2 | Tel. calls w/FKB re opening statements and whether FKB opened the door to video at BWW and Dr. Berrill's test. (.20); tel. calls w/Cobia P. re same (.30); zoom w/FKB and CP re review of video and FKB's opening stmt. and how to respond (.50); draft letter to Court and email to co-counsel re admission of BWW video, 911 call and Dr. Berrill's testimony (1.2). | N/C |
| 5-17-25 | 1.2 | Tel. calls w/FKB and CP, and tel. call w/FKB re 5-16-25 testimony, spoliation and written submissions re same (.20); review 5-16 trial transcript (1.0). | N/C |
| 5-18-25 | 4.5 | Legal research re adverse inferences (1.2) and draft letter re request for adverse inferences (2.2); zoom with FKB and CP (.60); review 911 call and videos (outside and inside Fairway) (.40); tel. call w/FKB re same (.10). | N/C |
| 5-19-25 | .80 | Lgal research re *Brady/Bagley* obligations (.50); edit letter to Court re adverse inferences (.30). | N/C |

C:\Users\Scott K\OneDrive - korenbaumlaw.com\work files\fkb-pfail\may 2025.wpd

A-4480

| | | | |
|---|---|---|---|
| 5-20-25 | 1.2 | Review Court's proposed jury instructions and email comments to FKB/CP re same (1.0); tel. call w/FKB re same and day's proceedings (.20). | N/C |
| 5-21-25 | .10 | Tel. call w/CP re security guard's inconsistent testimony and potential remedies. | N/C |
| 5-23-25 | .30 | Review letter from M. Cuomo, Esq. re examination of plaintiff's prior medical h(x) and draft response to FKB and CP (.20); tel. call w/FKB re same (.10). | N/C |
| 5-27-25 | 1.2 | Tel. call w/FKB re damages phase of trial and jury instrs. (.10); review Court's proposed damages instructions and email to FKB/CP re comments (.20); draft letter to Court re loss of liberty damages and email to FKB/CP with questions/comments (.70); tel. calls w/CP re same and evidence of loss of liberty (.20). | N/C |

## COSTS AND EXPENSES

| DATE | NATURE OF EXPENSE | AMOUNT |
|---|---|---|
| 5-29-25 | Travel to and from court appearance to meet w/FKB and CP (bus to Port Auth.–$13.80; subway–$5.80). | $19.60 |
| 5/1-31/25 | Photocopying costs for May 2025. | |

C:\Users\Scott K\OneDrive - korenbaumlaw.com\work files\fkb-pfail\may 2025.wpd

A-4481

*Pfail v. County of Nassau, et al.*
16-cv-518 (NRM) (CLP)
JUNE 2025 TIME AND EXPENSE ENTRIES FOR SAK

| Date | Time | Description | Charge |
|------|------|-------------|--------|
| 6-1-25 | .10 | Draft Notice of Appearance. | N/C |
| 6-11-25 | 1.8 | Edit SAK Dec. re costs and fees. | N/C |
| 6-26-25 | .30 | Letter to Court re request to extend time to file motion for costs and fees in light of Notice of Appeal, etc. | N/C |
| 6-30-25 | 4.3 | Review and transcribe 6-13-25 trial transcript (.50); review and transcribe 6-14-25 trial transcript, incl. review of 911 call and video (3.8). | N/C |

## COSTS AND EXPENSES

| DATE | NATURE OF EXPENSE | AMOUNT |
|------|-------------------|--------|
| 6/1-30/25 | Photocopying costs for June 2025. | |

C:\Users\Scott K\OneDrive - korenbaumlaw.com\work files\fkb-pfail\jun 2025.wpd

A-4482

*Pfail v. County of Nassau, et al.*
16-cv-518 (NRM) (CLP)
JULY 2025 TIME AND EXPENSE ENTRIES FOR SAK

| Date | Time | Description | Charge |
|------|------|-------------|--------|
| 7-1-25 | 3.6 | Review and transcribe 5-15-25 trial transcript, incl. review of videos. | N/C |
| 7-3-25 | 1.0 | Begin review and transcription of 5-16-25 trial transcript. | N/C |
| 7-7-26 | 3.2 | Finalize review and transcription of 5-16-25 trial x-script (2.0); begin review and transcription of 5-20-25 trial transcript (1.2). | N/C |
| 7-14-25 | 1.1 | Review and edit FKB declaration re fees (1.0); tel. call w/FKB re his declaration (.10). | N/C |
| 7-15-25 | .10 | Email to FKB re state of FKB declaration. | N/C |
| 7-16-25 | 1.5 | Review and further edit FKB Declaration. | N/C |
| 7-19-25 | 1.2 | Review and further edit FKB Declaration (.60); review and further edit SAK Declaration (.60). | N/C |
| 7-20-25 | 3.4 | Edit memo of law re fees. | N/C |
| 7-21-25 | 1.7 | Revise/finalize SAK declaration re fee application (.50); revise and finalize memo of law in support of fee app. (1.0); revise Notice of Motion re fee application (.20). | N/C |

COSTS AND EXPENSES

| DATE | NATURE OF EXPENSE | AMOUNT |
|------|-------------------|--------|
| 7/1-31/25 | Photocopying costs for July 2025. | |

C:\Users\Scott K\OneDrive - korenbaumlaw.com\work files\fkb-pfail\july 2025.wpd

Case: 25-3129, 04/30/2026, DktEntry: 65.1, Page 234 of 299

Case 2:16-cv-00518-NRM-PCG    Document 163-14    Filed 07/23/25    Page 6 of 6 PageID #: 2698

A-4483

DOCKET NO.: 16-CV-518 (NRM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
BRIAN PFAIL,

Plaintiff,

-against-

COUNTY OF NASSAU, *et al.*,

Defendants
------------------------------------------------------------------X
DECLARATION OF SCOTT A. KORENBAUM WITH EXHIBITS
IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES
AND OTHER DISCRETIONARY COSTS PURSUANT
TO 42 U.S.C.§ 1988 AND FED. R. CIV. PROC. 54(d)

------------------------------------------------------------------X

LAW OFFICES OF
FREDERICK K. BREWINGTON
*Attorneys for Plaintiff*
556 Peninsula Boulevard
Hempstead, New York 11550
(516) 489-6959

A-4484

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

BRIAN PFAIL,                                                    DOCKET NO.: CV-16-518

                Plaintiff,                                    (NRM)

      -against-

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, POLICE OFFICER
JOSEPH MASSARO, in his individual and official
capacity POLICE OFFICER JONATHAN PANUTHOS,
in his individual and official capacity, POLICE OFFICER
KAREN C. O'BRIEN, in her individual and
official capacity, SERGEANT THOMAS IANNUCCI
in his individual and official capacity, and JOHN DOES
1-10 in their individual and official capacities,

               Defendants.

----------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR ATTORNEYS' FEES AND OTHER DISCRETIONARY COSTS PURSUANT TO
42 U.S.C.§ 1988 AND FED. R. CIV. 54(d)**

**LAW OFFICES OF
FREDERICK K. BREWINGTON**
**556 Peninsula Boulevard**
**Hempstead, New York 11550**
**(516) 489-6959**

**SCOTT A. KORENBAUM, ESQ.**
**14 Wall Street, Suite 1603**
**New York, NY 10005**
**(212) 587-0018**

**Attorneys for Plaintiff**

*Filing and Service of this Brief and the related motion was effectuated on July 23, 2025 by
ECF.*

A-4485

## TABLE OF CONTENTS

INTRODUCTION AND PROCEDURAL HISTORY.................................................... 1

STATEMENT OF RELEVANT FACTS......................................................................... 1

ARGUMENT.................................................................................................................... 4

POINT I: MR. PFAIL SHOULD RECOVER HIS FULL COSTS AND ATTORNEYS' FEES FOR THE WORK PERFORMED BY HIS ATTORNEYS................................. 4

A. The "Lodestar" method of determining a reasonable Fee........................................... 4

B. Brewington's hourly rate of $600 is eminently reasonable......................................... 6

C. Korenbaum's hourly rate of $550 is eminently reasonable....................................... 12

D. The requested hourly rates of Brewington Associates are reasonable..................... 15

E. The time expended by Mr. Pfail's counsel was reasonable........................................ 18

      1.     The Time of Brewington and the Staff........................................................ 18

      2.     Korenbaum's Time....................................................................................... 19

F. Fees on fees.................................................................................................................. 20

E. Mr. Pfail is entitled to recover his reasonable out-of-pocket expenses....................... 21

CONCLUSION.............................................................................................................. 22

**TABLE OF AUTHORITIES**

**CASE NAME**

**PAGE NO.**

*A.R V. N.Y. City Dep't of Educ.,*
407 F. 3d 65 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Anderson v Cnty. Of Suffolk.*
2016 U.S. Dist. LEXIS 48891 (E.D.N.Y. April 11, 2016) . . . . . . . . . . . . . . . . . . . . . . 8, 20

*Barbour v. City of White Plains,*
788 F. Supp. 2d 216 (S.D.N.Y. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 15

*Blum v. Stenson,*
465 U.S. 886  (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Cameron v. City of New York,*
598 F.3d 50 (2d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Claud v. Brown Harris Stevens of The Hamptons, LLC,*
2024 U.S. Dist. LEXIS 12007 (E.D.N.Y. Jan. 23, 2024) . . . . . . . . . . . . . . . . . . . . 11, 18

*Coggins v. County of Nassau,*
254 F Supp 3d 500(E.D.N.Y. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*County of Riverside v. Rivera,*
477 U.S. 561 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,22

*Darnell v. Pineiro,*
849 F.3d 17 (2d Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Duke v. County of Nassau,*
2003 U.S. Dist. LEXIS 26536 (E.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Farbotko v. Clinton County,*
433 F.3d 204 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Fisher v. SD Prot. Inc.,*
948 F.3d 593(2d Cir. 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,7

*Gagne v. Maher,*
594 F. 2d 336 (2d Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

A-4487

*Hensley v. Eckerhart,*
461 U.S. 424 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 7, 18

*Jackson v. Town Hempstead,*
98-CV-5635 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Johnson v. Mauro,*
2019 U.S. Dist. LEXIS 193661 (N.D.N.Y. Nov. 7, 2019) . . . . . . . . . . . . . . . . . . . . . . . . 7

*LeBlanc-Sternberg v. Fletcher,*
9 F. Supp 2d 397 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 19,21

*Luca v. County of Nassau,*
698 F. Supp 2d 296 (E.D.N.Y. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 14

*Lunday v. City of Albany,*
42 F.3d 131 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Martinez v. City of New York, et al.,*
16 CV 79 (NRM) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*McDevitt v. County of Suffolk,*
CV 16-4164, 2025 U.S. Dist. LEXIS 89130 (E.D.N.Y. May 9, 2025) . . . . . . . . . . . . . . . . . . 15,16

*Millea v. Metro-North R.R.,*
658 F.3d 154 (2d Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Missouri v. Jenkins,*
491 U.S. 274 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Moore v. Rubin,*
766 F. Supp. 3d 423, 428 (E.D.N.Y. 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Natural Resources Defense Council, Inc. V. Fox,*
129 F. Supp 2d 666 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18,21

*Newman v. Piggie Park Enterprises, Inc.,*
390 U.S. 400, 402 (1968)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*New York State Ass'n for Retarded Children v. Carey,*
711 F.2d 1136 (2d. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 18,20

*Perdue v. Kenny A.,*
559 U.S. 542 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

A-4488

*Reed v. A.W. Lawrence & Co.,*
95 F.3d 1170 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18,20

*Reiter v. MTA N.Y. City Transit Auth.,*
457 F.3d 224 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Rubin v HSBC Bank USA, NA,*
763 F. Supp. 3d 233 (E.D.N.Y. 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Simmons v. New York City Trans. Auth.,*
575 F.3d 170 (2d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 11, 14

*Taylor v. Cooper Power Lighting, et al.*
22-CV-2236, 2025 U.S. Dist. LEXIS 133863, *6-7 (E.D.N.Y. Jul. 14, 2025) . . . . . . . . . . . . 6,17,18

*Townsend v. Benjamin Enters., Inc.,*
679 F.3d 41 (2d Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Tolbert v. Queens College,*
242 F.3d 58(2d. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Trichillo v. Secretary of Health & Human Servs.,*
823 F.2d 702 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19,21

*U.S. Football League v. National Football League,*
887 F.2d 408 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19,21

*Werring v. SUNY Farmingdale, et.al.*
98-CV-5248 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Zellner v. Summerlin,*
494 F.3d 344 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13,14

## STATUES

42 USC §1988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Fed. R. Civ. Proc. 54(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,12

A-4489

## Introduction and Procedural History

Plaintiff Brian Pfail obtained a remarkable result at trial as a result of the extraordinary advocacy of Frederick K. Brewington, Esq.,[1] one of the pre-eminent civil rights attorneys in the State of New York. With the exception of Mr. Pfail's state law claim of assault, the defendants, including the County of Nassau, were found liable for violating Mr. Pfail's federal constitutional rights in a sweeping rejection of their primary claims and defenses. The jury awarded Mr. Pfail $1,860,000 in compensatory damages and punitive damages against each of the individual defendants in a total amount of $1,024,290.

During the course of the trial, Brewington turned to Scott A. Korenbaum, Esq., as he had done numerous times in the past, to assist him with legal issues as they arose. Korenbaum is recognized as one of the premier civil rights appellate advocates in the metropolitan area, whose services are regularly retained by the civil rights plaintiffs' bar. Korenbaum assisted Brewington with the complex evidentiary issues that arose pre=trial and during trial, and with the Court's proposed jury instructions.

There is no doubt that Mr. Pfail is a prevailing party. *See* 42 U.S.C. § 1988(b). He submits this memorandum of law in support of his motion for costs and reasonable attorneys' fees.

## Statement of Relevant Facts

The Court is familiar with the facts underlying this action as it presided over eleven days of trial plus jury selection. Representing Mr. Pfail required special skills from Brewington. In addition to the legal work required by the criminal and civil litigations, Brewington had to address the needs of a man who twice suffered the ravages of traumatic brain injuries (TBI). Mr. Pfail was 25 years

---

[1] Mr. Pfail's references to Brewington include Frederick K. Brewington and the associates from the Law Offices of Frederick K. Brewington who worked on this matter.

A-4490

old at the time the defendants attacked him. He was 35 years old at the time of trial. Through their years of working with him, it was apparent to Brewington that Mr. Pfail has suffered tremendous emotional, neurological and psychological harm. The dramatic impact of Mr. Pfail's Post-Traumatic Stress, Depression and Anxiety all fed into a confluence of factors that challenged him and Brewington as a team. In this matter the concept of justice being delayed brought with it an educational impact and respect for this young man who continues to suffer.

Brewington's work began with taking up the defense of Mr. Pfail in response to the criminal charges lodged against him by the individual defendants, each of whom were members of the Nassau County Police Department. That matter went to trial and resulted in a Jury verdict of not guilty on all charges except the criminal mischief charges, which related to the breaking of the glass door at Buffalo Wild Wings, and which the Court knows Mr. Pfail was willing to plead guilty to. Given that the complainants against Mr. Pfail were Nassau County police officers charging him with Felony Assault and Resisting Arrest, the level of advocacy and concentration of intensity carried over into this civil matter. Declaration of Frederick K. Brewington in Support of Plaintiff's Motion for Attorneys' Fees and Other Discretionary Costs Pursuant to 42 U.S.C.§ 1988 and Fed. R. Civ. Proc. 54(d) ("Brewington Dec."), dated July 22, 2025, at ¶¶ 3-4.

Mr. Pfail formally retained Brewington on or about November 2, 2015. From the time of being retained and counseling Mr. Pfail about the treatment to which he had been subjected to the present, Brewington has expended a vast amount of time and effort for nearly a decade. The scope of Brewington's work has included such activities as, among other things, initial intake; investigation; collection of evidence; appearing as counsel in the criminal proceedings; securing and protecting Mr. Pfail's rights in Federal Court; conferencing with prosecutors; trying the criminal

-2-

A-4491

matter to verdict; public education; legal research; drafting and filing correspondence and pleadings; meeting with treating doctors; interviewing family members; corresponding with the County and Police Department officials; obtaining records; speaking with health care providers; consulting with opposing counsel; preparing initial disclosures; drafting and conducting discovery; conducting depositions; attending court conferences; addressing discovery disputes; interfacing with family members; drafting, responding to, and arguing motions *in limine*; preparing for trial; conducting trial; and preparing this fee application. Brewington Dec. at ¶¶ 5-7.

As trial neared, the defendants were represented by three separate firms, which led to an increased amount of work performed. Pre-trial, defendants moved to reopen expert discovery and for other relief. Defendants filed multiple *in Limine* motions, which included attempts to seek summary judgment through their *in Limine* motions. The claims that went to trial and were decided by the Jury were federal claims sounding in excessive force, malicious prosecution, and abuse of process, and parallel state law claims for assault, battery and abuse of process. Brewington Dec. at ¶ 8.

Trial commenced on May 12, 2025, with jury selection. Because the Court had bifurcated the proceedings, the presentation and the receipt of testimony was severed. The jury returned its liability verdict on May 23, 2025, and its verdict on damages on May 29, 2025.

On May 23, 2025, the jury made the following findings:

- Excessive Force (§1983/Federal) against Joseph Massaro, Jonathan Panuthos, and Thomas Iannucci;

- Malicious Prosecution (§1983/Federal) against Joseph Massaro, Jonathan Panuthos, Thomas Iannucci, Karen C. O'Brien;

- Abuse of Process (§1983/Federal) against Joseph Massaro, Jonathan Panuthos,

A-4492

Thomas Iannucci;

- Abuse of Process (State) against Nassau County; and

- Battery (State) against Nassau County.

1. The Jury then awarded damages on May 29, 2025 as follows:

- $1,860,000 in compensatory damages against all defendants;

- $293,580 in punitive damages from Joseph Massaro;

- $293,580 in punitive damages from Jonathan Panuthos;

- $293,580 in punitive damages from Thomas Iannuci; and

- $143,550 in punitive damages from Karen C. O'Brien.

Brewington Dec. at ¶¶ 9-11.[2]

## **Argument**

**Mr. Pfail should recover his full costs and attorneys' fees for
the work performed by his attorneys**

**A. The "Lodestar" method of determining a reasonable Fee.**

42 U.S.C. § 1988 provides, in relevant part, that in any § 1983 action, a court may award

"a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). In *Hensley v. Eckerhart*,

461 U.S. 424 (1983), the Supreme Court adopted the lodestar approach to assist courts in

calculating "a reasonable attorney's fee." The lodestar approach requires trial courts to

determine "the number of hours reasonably expended on the litigation multiplied by a reasonable

hourly rate. This calculation provides an objective basis on which to make an initial estimate

of the value of the lawyer's services." *Hensley*, 461 U.S. at 433. *See Perdue v. Kenny A.*, 559

---

[2] The jury returned a verdict in favor of the defendants on Mr. Pfail's state law claim of assault.

-4-

A-4493

U.S. 542, 553 (2010) (one of the lodestar's "chief virtues" is that it provides "a calculation that is objective").

The Supreme Court instructs district courts to calculate a reasonable hourly rate based upon the "prevailing market rate," that is the rate "prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 & n.11 (1984) (citation omitted). In calculating a reasonable hourly rate, the district court must undergo a case-specific inquiry that includes the evidence proffered by the parties regarding "prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel." *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005). The district court can also rely on its own understanding of market rates. *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012) (citation omitted).

A reasonable hourly rate is one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue*, 559 at 551 (citation omitted). It is also "one that grants the successful civil rights plaintiff a fully compensatory fee, comparable to what is traditional with attorneys compensated by a fee-paying client." *Missouri v. Jenkins*, 491 U.S. 274, 286 (1989). The relevant community for a fee determination is the judicial district in which the trial court sits – here, the Eastern District of New York. *Simmons v. New York City Trans. Auth.*, 575 F.3d 170, 174 (2d Cir. 2009). Courts should consider the quality of the attorney's representation in determining the reasonable hourly rate; "the most critical factor" in determining the reasonableness of a fee award "is the degree of success obtained." *Hensley*, 461 U.S. at 435. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606-07 (2d Cir. 2020) (quotation omitted). *See also Millea v. Metro-North R.R.*, 658 F.3d 154, 168 (2d Cir.

-5-

A-4494

2011) ("The quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate used to calculate the lodestar initially.") (citation omitted).

Fee awards in civil rights cases are to be governed by the same standards governing other complex federal civil litigation:

> Congress expressly recognized that a plaintiff who obtains relief in a civil rights lawsuit "'does so not for himself alone but also as a 'private attorney general,' vindicating a policy that Congress considered of the highest importance.'" House Report, at 2 (quoting *Newman* v. *Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968)). "If the citizen does not have the resources, his day in court is denied him; the congressional policy which he seeks to assert and vindicate goes unvindicated; and the entire Nation, not just the individual citizen, suffers." 122 Cong. Rec. 33313 (1976) (remarks of Sen. Tunney).
>
> Because damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief. Rather, Congress made clear that it "intended that the amount of fees awarded under [§ 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases. . . .

*County of Riverside v. Rivera*, 477 U.S. 561, 575 (1986).[3]

**B. Brewington's hourly rate of $600 is eminently reasonable.**

Frederick K. Brewington requests that Mr. Pfail be awarded fees for the work he performed on his behalf at the hourly rate of $600. In *Taylor v. Cooper Power Lighting, et al.*, 22-CV-2236, 2025 U.S. Dist. LEXIS 133863, *6-7 (E.D.N.Y. Jul. 14, 2025), Magistrate Judge

---

[3] The *Riverside* Court's reference to the amount of an attorneys' fees recovery not being dependent on a substantial monetary recovery was made in the context of its rejection of a rule of proportionality. *Rivera*, 477 U.S. at 575-76. *See Barbour v. City of White Plains*, 700 F.3d 631, 634-35 (2d Cir. 2012).

A-4495

Locke recommended that plaintiff be awarded fees for the work he performed at an hourly rate of $600.[4] Myriad factors should convince the Court to follow suit.

As noted, the most significant factor in determining reasonable attorneys' fees is the plaintiff's degree of success. *Hensley*, 461 U.S. at 435; *Fisher* 948 F.3d at 606-07. Here, Brewington achieved an extraordinary result on behalf of Mr. Pfail with the jury awarding almost $2,900,000 in compensatory and punitive damages. *See, e.g., Lunday v. City of Albany*, 42 F.3d 131, 133-35 (2d Cir. 1994) (affirming the magistrate judge's finding that a recovery of $25,000 in compensatory damages and $10,000 in punitive damages against one of four police officers on only one of plaintiff's myriad claims represented a "substantial success"); *Johnson v. Mauro*, 16-cv-00622, 2019 U.S. Dist. LEXIS 193661, *13 (N.D.N.Y. Nov. 7, 2019) ("The Court finds that the result here—a compensatory damages award of $25,000 along with a punitive damages award of $10,000—indicates that Plaintiff's attorneys obtained an excellent result.") (citing *Hensley*).

Brewington's success in this matter should surprise no one, least of all this Court, which has presided over two trials conducted by Brewington within the last year in which Brewington has obtained multi-million dollar verdicts on behalf of the clients. In addition to this matter, in *Besedin v. County of Nassau*, 18-cv-0819 (NRM) (ST), the jury returned a verdict totaling $2,360,000 in compensatory and punitive damages on behalf of Brewington's client. Brewington's success is not of recent vintage. For almost 25 years the judges in this district have repeatedly recognized Brewington as one of the premier civil rights attorneys. In October 2000, in *Werring v. SUNY Farmingdale, et.al.* 98-CV-5248, Magistrate Judge Boyle recognized

---

[4] To date, no objections have been filed to the R&R. Brewington Dec. at ¶ 36.

A-4496

Brewington as "a skillful and seasoned civil rights litigator who actively practices in the United States District Court[s] in the Eastern and Southern Districts of New York." Brewington Dec. at ¶ 28. In *Duke v. County of Nassau*, 97-CV-1495, 2003 U.S. Dist. LEXIS 26536, *6 (E.D.N.Y. Apr. 14, 2003), Judge Seybert held that "$300 per hour is a reasonable rate for the work of an attorney with Brewington's skill, experience and expertise, particularly in light of the success achieved in the instant case." Brewington Dec. at ¶ 29.

In *Jackson v. Town Hempstead*, 98-CV-5635, Judge Block viewed "Mr. Brewington as being that special type of attorney who is particularly skilled in these type of cases. . . ." Brewington Dec. at ¶ 30. In *Luca v. County of Nassau*, 698 F.Supp.2d 296, 301-02 (E.D.N.Y. 2010), Judge Block described Mr. Brewington as follows:

> Brewington has over 25 years' experience as a lawyer. In 1987, he started his own firm, specializing in plaintiffs-side civil rights cases; according to docket searches, he has handled roughly 180 such cases in the Eastern District of New York and another 20 in the Southern District. His peers recognize him as an authority in his specialty, as evidenced by his numerous teaching and speaking engagements.
>
> * * *
>
> The caliber of Brewington's performance against a tenacious adversary was outstanding and resulted in an extremely favorable result for his client.

Brewington Dec. at ¶¶ 32. And in *Anderson*, CV 09-1913, 2016 U.S. Dist. LEXIS 48891, at *10-11 (E.D.N.Y. Apr. 11, 2016), then Magistrate Judge Brown recognized that Brewington was one of the "expert trial attorneys with extensive experience before the federal bar, who specialize in the practice of civil rights law and are recognized by their peers as leaders and experts in their fields." Brewington Dec. at ¶ 35.

-8-

A-4497

The judiciary is not alone in recognizing Brewington's talents. He is recognized by his peers as one of, if not the preeminent civil rights attorney in the metropolitan area. Brewington Dec. at Exh. 7 (Declaration of Rick Ostrove, Submitted in Support of Plaintiffs' Application for Attorneys' Fees and Costs, dated June 15, 2018, at ¶ 7), Exh. 6 (Declaration of Randolph M. McLaughlin, Submitted in Support of Plaintiffs' Application for Attorneys' Fees and Costs, dated June 15, 2018). As Howard Glickstein, the Dean Emeritus and Professor of Law at the Touro Law Center, once noted,

> Mr. Brewington's role as a civil rights attorney on Long Island is unique. There are very few attorneys on Long Island who handle civil rights cases, despite the fact that Long Island is the tenth most segregated metropolitan area in the United States. I believe it is undebatable that among attorneys who handle civil rights cases, Mr. Brewington ranks as number one. He personifies the 'private attorney general' that has become such an important part of our civil rights enforcement mechanisms.

Brewington Dec. at Exh. 5 (Declaration of Howard A. Glickstein, Submitted in Support of Plaintiffs' Application for Attorneys' Fees and Costs, dated June 11, 2018, at ¶ 7).

Perhaps no attorney in the State of New York has done more for its citizens in protecting their civil rights than Brewington. In June 2017, the New York State Bar Association identified him as the top civil rights attorney in New York State, awarding him its Hayward Burns Award. The Hayward Burns Award honors an individual, not necessarily a lawyer, who has contributed to New York State in a manner that reflects Dean Burns' commitment to the struggle for justice and the qualities that made him an outstanding advocate for civil rights and the empowerment of the powerless. Brewington Dec. at ¶ 32. Or as Jonathan C. Moore, Esq., himself a lion of the civil rights bar, notes, "[t]here is no more respected civil rights attorney practicing primarily

-9-

A-4498

on Long Island than Mr. Brewington. He is truly one of the lions of the civil rights bar. The citizens of Long Island are fortunate that he is always in their corner. He justly deserves to be compensated at his requested hourly rate of $600." Brewington Dec. at Exh. 8 (Declaration of Jonathan C. Moore in Support of Plaintiff's Motion for Costs and Attorneys' Fees ("Moore Dec."), dated November 14, 2024, at ¶ 15.[5]

Brewington's requested hourly rate of $600 falls comfortably within the hourly rates prevailing in this District. In *Rubin v HSBC Bank USA, NA*, 763 F. Supp. 3d 233 (E.D.N.Y. 2025), Judge Block recognized that the hourly rates most frequently awarded by the judges in this district were archaic. Detailing their static nature, which were awarded regardless of the nature of the claims and which had not changed in well over a decade, Judge Block noted how "[t]imes have changed. '[A]ttorney's fees, like other goods and services, increase in cost with inflation.' . . . Retaining the same rates as far back as at least 2012 is no longer sustainable. Moreover, it runs counter to the admonition of the Supreme Court that the lodestar should be current rather than historic hourly rates.'" *Rubin*, 763 F. Supp. 3d at 242 (citations omitted). Turning to what the hourly rates should be, Judge Block determined that, after taking inflation into account, the forum rates in the Eastern District should "now be $450-$650 for partners, $300-$450 for senior associates, $150-$300 for junior associates, and $100-$150 for paralegals." *Id.* at 243-44 (footnote omitted). *See Moore v. Rubin*, 766 F. Supp. 3d 423, 428 (E.D.N.Y.

---

[5] The Moore declaration was submitted in connection with plaintiff's fee application in *Besedin*, *supra*. Mr. Moore has authorized Brewington and Korenbaum to resubmit his declaration in this matter. Declaration of Scott A. Korenbaum in Support of Plaintiff's Motion for Attorneys' Fees and Other Discretionary Costs Pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. Proc. 54(d) ("Korenbaum Dec"), dated July 21, 2025, at ¶ 6 & n.1.

A-4499

2025) (agreeing with Judge Block that Courts should consider the effects of inflation on the relevant hourly rates) (Cogan, J.);

In *Claud v. Brown Harris Stevens of The Hamptons, LLC*, 18-cv-01390, 2024 U.S. Dist. LEXIS 12007 (E.D.N.Y. Jan. 23, 2024), this Court awarded Oliver Koppell, Esq. an hourly rate of $550 for the work he performed on his client's behalf – Koppell had sought between $650-$800/hr.  In doing so, this Court rejected the defendant's argument that "the hourly rates Plaintiff seeks are 'significantly higher than "comparator" rates in this District for civil rights cases, indeed almost double, even allowing for inflation[,]'" *id.* at *8-9, and noted, among other things,

> a rate of $550 per hour is consistent with the high-end of recent prevailing hourly rates used to calculate fee awards for experienced litigators in this District. "Courts in this District have recently awarded hourly rates ranging from the 'high $500s' to the 'low $600s' to civil rights attorneys" with experience similar to Mr. Koppell's experience. *HVT, Inc. v. Port Auth. of New York & New York and New Jersey*, No. 15-cv-5867, 2023 U.S. Dist. LEXIS 148714, 2023 WL 5441898, at *5 (E.D.N.Y. Aug. 22, 2023), *report and recommendation adopted*, 2018 U.S. Dist. LEXIS 27132 (E.D.N.Y. Sept. 15, 2023) (awarding Plaintiff's lawyers with thirty years of experience and fifty-three years of experience litigating relevant cases an hourly rate of $630 per hour); *see Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, No. 10-cv-2262, 2019 U.S. Dist. LEXIS 102840, 2019 WL 2870721, at *10 (E.D.N.Y. June 18, 2019), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 111538, 2019 WL 2869150 (E.D.N.Y. July 3, 2019) (awarding Plaintiff's lawyer with a more than fifty-year career litigating similar cases with successful results and teaching and publishing in relevant field an hourly rate of $600 per hour).

*Id.* at *12-13.

In awarding Koppell $550/hr., this Court noted that his "'experience, reputation, and ability' could certainly garner a higher hourly rate than the amount awarded here." *Id.* at 13. In declining to do so, this Court identified a number of factors absent here. For example, Koppell's role in the litigation was relatively limited. Having presided over this litigation for approximately two years, the Court knows this is not the case with Brewington. Similarly, this Court "note[d] the 'absence of any additional evidence, such as affidavits from peer attorneys, statistical evidence, or past retainer agreements, indicating that [the requested] hourly rate,' which exceeds those customarily granted in this District, 'is in fact reasonable in this case.'" *Id.* (citation omitted). Here, the Court has before it, as detailed above, testaments from the judiciary and practitioners alike attesting that Brewington commands his requested hourly rate.

Mr. Pfail demonstrates above that no reason exists to deny Brewington's requested hourly rate of $600. Brewington's skill, as acknowledged time and again by judges in this district and his peers in the community, merits such an award. And the results he obtained on behalf of Mr. Pfail in this matter certainly merit it. Simply put, every objective factor militates in favor of the Court awarding Mr. Pfail fees for the work performed by Brewington at the hourly rate of $600.

**C. Korenbaum's hourly rate of $550 is eminently reasonable.**

When determining the prevailing market rate, "current rates, rather than historical rates, should be applied in order to compensate for the delay in payment." *A.R. v. N.Y. City Dep't of Educ.*, 407 F.3d 65, 83 (2d Cir. 2005) (quoting *LeBlanc-Sternberg*, 143 F.3d at 764); *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006). Korenbaum's requested hourly rate of $550 is lower than the customary rate of $650 that he charges in his civil rights retainer

agreements in the event he is to be compensated on a *quantum meruit* basis (*e.g.*, if he were to be discharged by a client who was ultimately successful in the litigation). Korenbaum Dec. at ¶ 28.

Korenbaum has practiced law for almost 37 years, thirty-five of which he has specialized in the area of civil rights litigation in general, and police misconduct litigation in particular. Korenbaum Dec. at ¶¶ 5-15. He is recognized by his colleagues as one of the most able appellate counsel in matters relating to civil rights litigation – he is also a talented trial attorney. Korenbaum Dec. at ¶¶ 15-26, Exh. 1 (Harvis Dec.); Exh. 2 (Moore Dec. at ¶¶ 16-23). Notable civil rights practitioners, in addition to Brewington, routinely retain his services to handle their appellate work and to assist at trial. Korenbaum Dec. at ¶¶ 21-26. In fact, whether working with Brewington or others, Korenbaum is responsible for many of the most significant civil-rights decisions issued by the Second Circuit in the 21st century, including *Tolbert v. Queens College*, 242 F.3d 58 (2d Cir. 2001), *Zellner v. Summerlin*, 494 F.3d 344 (2d Cir. 2007), *Cameron v. City of New York*, 598 F.3d 50 (2d Cir. 2010), *Coggins v. Buonora*, 776 F.3d 108 (2d Cir. 2015), and *Darnell v. Pineiro*. 849 F.3d 17 (2d Cir. 2017). Korenbaum Dec. at ¶¶ 37-38, 41; Moore Dec. at ¶¶ 22-23.

Michael L. Spiegel, Esq., one of the premier police misconduct litigators in the metropolitan area, routinely requests that Korenbaum assist him at trial. Together, they were responsible for one of this still young century's most important decisions in the area of police misconduct litigation, *Cameron v. City of New York*, 598 F.3d 50 (2d Cir. 2010). Korenbaum Dec. at ¶ 22.

-13-

A-4502

Korenbaum's talents were recognized by the Honorable Frederick Block in *Luca v. County of Nassau*, 698 F. Supp. 2d 296 (E.D.N.Y. 2010). Referring to Korenbaum's success in *Zellner v. Summerlin*, 494 F.3d 344 (2d Cir. 2007), and on appeal in *Luca v. County of Nassau*, Docket No. 08-3384, 2009 U.S. App. LEXIS 18631 (2d Cir. Aug. 19, 2009), Judge Block wrote the following:

> In *Zellner*, after the district court vacated a jury verdict in favor of the plaintiff, Korenbaum prevailed upon the Second Circuit to reverse the district court and reinstate the jury's verdict. . . . The scope of this victory attests to Korenbaum's appellate skills and supports the proposition that a reasonable paying client would seek him out and pay him a substantial fee to defend a favorable verdict on appeal.
>
> In this case, Korenbaum achieved a total victory over his adversary on all the substantive issues raised by the County's appeal. The only issue resolved in the County's favor--the fee remand--derived from the intervening opinion in *Simmons*. The issuance of a Summary Order by the appellate court succinctly disposing of all the County's substantive claims is testament to Korenbaum's appellate skills.
>
> The Court therefore finds that a reasonable, paying client would be willing to pay Korenbaum's requested rate of $ 350 per hour for his appellate services. *Once again, Korenbaum functioned as a partner, not a senior associate; the hourly rate of $ 350 is solidly within the current range of rates for partners in the Eastern District.*

*Luca*, 698 F. Supp. 2d at 304-05 (emphasis added). Korenbaum Dec. at ¶31.[6]

More than fourteen years ago, in *Barbour v. City of White Plains*, 07 Civ. 3014 (RPP), an action brought against the City of White Plains and members of its Police Department for

---

[6] In *Luca*, even though his customary rate at the time plaintiff submitted her supplemental fee application was $400/hr., Korenbaum only requested $350/hr. because *Luca* was an Eastern District case, thereby requiring the application of Eastern District rates even though his office was in the Southern District. Korenbaum Dec. at ¶ 30. *See, Simmons, supra*; *Luca*, 698 F. Supp. 2d at 300, 303-04.

-14-

A-4503

violations of plaintiffs' rights to be free from false arrest and malicious prosecution, Judge Patterson awarded plaintiffs' fees for the work Korenbaum performed on their behalf at the hourly rate of $450, *see Barbour v. City of White Plains*, No. 07 Civ. 3014, 2011 U.S. Dist. LEXIS 55796 (S.D.N.Y. May 24, 2011), which hourly rate was upheld on appeal. *Barbour v. City of White Plains*, 700 F.3d 631 (2d Cir. 2012). An hourly rate of $450 in May 2011 translates to more than $642/hr. in today's dollars. Korenbaum Dec. at ¶ 32.

The Court is familiar with Korenbaum's abilities. In *Martinez v. City of New York, et al.*, 16 CV 79 (NRM), Gabriel Harvis, Esq. and his firm, Elefterakis Elefterakis & Panek, retained his services to oppose the defendants' post-trial motion seeking a remittitur. Adopting in large measure the arguments Korenbaum crafted, the Court denied the defendants' motion in its entirety. Korenbaum Dec. at ¶ 26. In *Besedin v. County of Nassau, et al.*, CV-18-819 (NRM) (ST), Brewington called upon Korenbaum to assist the firm during trial and to handle the post-trial motion practice. ¶¶ 3-4.

Most recently, Judge Brown awarded Korenbaum $500/hr. for the work he performed in *McDevitt v. County of Suffolk*, CV 16-4164, 2025 U.S. Dist. LEXIS 89130 (E.D.N.Y. May 9, 2025). Judge Brown described Korenbaum's fee application as "a veritable model of professionalism. His hourly rate of $500 per hour is supported not only by the results of the case, but specifically by a sworn declaration of Fred Brewington, Esq. - a lawyer well known to, and respected by, this Court. Mr. Brewington extols Mr. Korenbaum's experience of 35 years, devoted almost exclusively to civil rights and police misconduct litigation. . . . Mr. Brewington describes Mr. Korenbaum as 'recognized in the civil rights community as one of the pre-eminent appellate attorneys.' . . . Mr. Brewington surveys the current market rates of civil rights counsel,

-15-

A-4504

concluding that Mr. Korenbaum's rate of $500 per hour is reasonable. . . . Moreover, Mr. Korenbaum exercised billing judgment in limiting his hours to compensable matters." *Id.* at *7 (footnote omitted). Korenbaum Dec. at ¶ 35.[7]

Korenbaum's clients in civil rights cases are overwhelmingly unable to afford the services of a lawyer on an hourly basis. Few, if any, have enough money to pay even a minimal retainer. He takes these cases on a contingency basis, and is compensated based on the portion of any judgment or settlement obtained, or through fee petitions. The instant matter is no different. Korenbaum will be compensated on the basis of the instant fee petition. Moreover, civil rights cases are extremely risky and involve arcane issues of law. The New York City Law Department has described civil rights law as "the Constitution of the United States and the vastly complex area of Federal law specific to 42 U.S.C. § 1983 . . . , a complex, ever-changing area of law." (New York City Law Department Annual Report 2006, at 25.) Because the chances of losing police misconduct cases is high, Korenbaum and other civil rights lawyers in New York depend on the availability of a full "lodestar" recovery if they do prevail. Korenbaum Dec. at ¶¶ 53-54.

Exhibit 1 to the Korenbaum Dec. is the declaration of Gabriel Harvis, Esq., whose work this Court is familiar with. Mr. Harvis attests that his own hourly rate exceeds the hourly rate sought by Korenbaum herein. Mr. Harvis believes that Korenbaum's requested rate of $550 per hour "is considerably lower than the prevailing rates for attorneys of similar skill and experience." (Korenbaum Dec. at Exh. 1, ¶ 27). Jonathan Moore agrees. Moore Dec. at ¶ 25.

---

[7] Korenbaum sought $500/hr. in *McDevitt* because Judge Brown sits in Central Islip. Korenbaum Dec. at ¶ 35.

-16-

A-4505

Mr. Pfail does not suggest that Mr. Harvis or anyone else referenced in this memorandum of law deserves less than their awarded hourly rate. Rather, the rates previously awarded to attorneys with less experience than Korenbaum demonstrate the merit in awarding fees to Mr. Pfail at Korenbaum's requested hourly rate given his reputation as one of the finest civil rights advocates in the Eastern and Southern Districts of New York. Korenbaum Dec. at Exh. 1, ¶ 29 (Harvis Dec.); Exh. 2,¶ 25 (Moore Dec.).

**D. The requested hourly rates of Brewington associates are reasonable.**

Albert D. Manuel, Esq., Cathryn Harris-Marchesi, Esq., Cobia M. Powell, Esq., and Dennis Swanson, Esq., each of whom were or remain associated with Brewington, contributed to the overall success of the litigation. Brewington Dec. at ¶ 61. The Brewington Declaration details their respective experience and the work they performed on this matter. Brewington Dec. at ¶¶ 61-83. Mr. Pfail requests that Mr. Manuel, who has eight years experience, be compensated at an hourly rate of $300. Brewington Dec. at ¶¶ 64-66. Mr. Pfail requests that Ms. Harris-Marchesi, who has more than 18 years experience, be compensated at an hourly rate of $350. Brewington Dec. at ¶¶ 74-78. He requests that Mr. Powell, who has three years experience and with whom the Court interacted daily at trial, be compensated at an hourly rate of $250. Brewington Dec. at ¶¶ 67-70. He requests that Mr. Swanson, who has more than three years experience, be compensated at an hourly rate of $200. Brewington Dec. at ¶¶ 79-80. Each of these requested rates are reasonable in light of the results achieved, the work they performed and their experience. In *Taylor, supra*, Magistrate Judge Locke recommended these hourly rates for Messrs. Manuel, Powell and Swanson. 2025 U.S. Dist. LEXIS 133863, *7-11.

-17-

A-4506

Mr. Pfail also seeks compensation for the work performed by Ms. Lockett, who is an attorney even though she is not barred. As described in the Brewington Declaration, Ms. Lockett straddles the role between paraprofessional and attorney. Given the multi-hats she wears, the Court should approve her requested hourly rate of $150. Brewington Dec. at ¶ 71-73. In *Taylor*, Magistrate Judge Locke recommended this same hourly rate. 2025 U.S. Dist. LEXIS 133863, *9. Finally, Mr. Pfail seeks compensation for the work performed by the following legal assistants: Tammi Mitchell, Lavern Van Ommeren, Christina Portee and Diesha Sconiers. Each wore the hat of paralegal and provided invaluable assistance to Mr. Pfail. He requests that their services be compensated at the rate of $100 per hour. Brewington Dec. at ¶¶ 81-83. In *Claud*, *supra*, this Court agreed that $100/hr. was an appropriate rate for paralegals in this district. *Claud*, 2024 U.S. Dist. LEXIS at *15.

**E. The time expended by Mr. Pfail's counsel was reasonable**

The Supreme Court has noted that a reasonable hourly fee will normally encompass all hours reasonably expended on the litigation. *Hensley*, 461 U.S. at 435. A party seeking fees bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous time records. *See New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983).

**1.     The Time of Brewington and the Staff**

As this Court is aware, and as indicated in the Brewington Declaration, trial work in court on this case was performed by Mr. Brewington with the assistance of Cobia Powell. The pre-trial work was done largely by Mr. Brewington, Mr. Powell (Brewington Dec. at ¶ 67), and Ms. Harris-Marchesi ((Brewington Dec. at ¶ 77), with the assistance of other associates and staff

-18-

A-4507

identified in the Brewington declaration. Mr. Brewington details above his trial experience in both the New York State Courts and the Federal District Courts in the Second Circuit, he has litigated scores of civil rights cases in the Eastern and Southern Districts of New York.

As provided in his Declaration, Brewington and his office worked together as a team in preparing the case and the legal arguments upon which the presentation of this case could be made to the jury. As he had done in the past, Brewington called upon Korenbaum to assist him with legal issues as they arose during trial. The attorneys working for Mr. Pfail carefully avoided duplication of work effort and instead concentrated on their particular areas of expertise in achieving these results.

In short, all the hours expended by counsel on behalf of Mr. Pfail were and continue to be reasonable and proper. It cannot be denied that successful litigation of §1983 cases against governmental defendants and officers requires skilled attorneys who know what they are doing. Counsel for Mr. Pfail pooled their skills in an effective manner that brought efficiency to what would have otherwise been a daunting case. Mr. Pfail's case was defined and limited to the proof that was relevant and swiftly completed in eight trial days. As the Court saw, the examination of the police officer witnesses showed the skill of Brewington as a trial attorney; the pretrial work evidenced by Brewington, Powell and Harris-Marchesi, among others, showed an efficient and practical use of time in the successful administration of this case.

2.    **Korenbaum's Time**

Exhibit 3 to the Korenbaum Dec. are accurate, detailed and contemporaneous time records maintained by Korenbaum. The records are sufficiently specific and detailed so that the Court can determine the nature of the work performed in the successful prosecution of this case.

-19-

A-4508

In *Anderson*, *supra*, then Magistrate Judge Brown found Korenbaum's time entries to be satisfactory. 2016 U.S. Dist. LEXIS 48891, *24. He did the same in *McDevitt*. 2025 U.S. Dist. LEXIS 89130 , *7. Korenbaum spent 29.1 hours of work, representing 17.9 hours during trial and 11.2 hours on the fee application. At Korenbaum's hourly rate of $550, Mr. Pfail requests compensation of $16,005 in attorneys' fees for his work. Korenbaum Dec. at ¶¶ 50-51 and Exh. 3.

The work performed by Korenbaum proved invaluable to Brewington in two principal ways. First, it insured that he had the relevant legal arguments at his fingertips when addressing the complex evidentiary issues that arose throughout this trial, and during the charge conferences when the Court and counsel discussed the relevant legal principles governing Mr. Pfail's claims. Second, it freed Mr. Brewington to continue his focus on the examinations of witnesses and his closing arguments instead of having to focus on such issues. Korenbaum Dec. at ¶¶ 48-49.

**F. Fees on fees.**

The attorneys' fees sought herein include compensation for the time spent preparing the instant fee application. It is well-settled that attorneys should be compensated for "'time reasonably spent by plaintiff's attorneys in establishing their fee' pursuant to fee-shifting statutes, such as § 1988." *Davis*, 156 F.R.D. at 560 (quoting *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979), *aff'd*, 448 U.S. 122 (1980)); *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183-84 (2d Cir. 1996); *New York State Ass'n for Retarded Children*, 711 F.2d at 1148. As noted, the time submitted for this fee application is 11.2 hours by Korenbaum. Together with the eight (8) hours spent by Brewington (Brewington Dec. at ¶ 84), this is approximately 2.8% of the total

-20-

A-4509

attorney time claimed for work on this case. The Second Circuit has upheld fee awards where the time spent on the fee application was up to 24% of the total time claimed ... [and] other courts within this Circuit have awarded fee application awards in the range of 8 to 24 percent of the total time claimed. *Natural Resources Defense Council, Inc. v. Fox*, 129 F. Supp. 2d 666, 675 (S.D.N.Y. 2001) (quotations and citations omitted); *see Trichilo v. Secretary of Health & Human Servs.*, 823 F.2d 702 (2d Cir. 1987), *reaff'd and extended*, 832 F.2d 743 (2d Cir. 1987) (approved fee application constituted 24% of total time claimed).[8]

**E. Mr. Pfail is entitled to recover his reasonable out-of-pocket expenses**

Pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d), Mr. Pfail seeks an award of reasonable out-of-pocket expenses in this case. As a prevailing party, he is entitled to recover such expenses incurred during the litigation that would normally be charged to a fee-paying client. Attached as Exhibit I to the Brewington Dec. is an invoice for the expenses of the litigation, and documentation supporting the major underlying expenses. These expenses are of the type routinely billed by attorneys to fee-paying clients and were actual and necessary costs incurred to prosecute this case. *See, e.g., LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998); *U.S. Football League v. National Football League*, 887 F.2d 408, 416 (2d Cir. 1989). The total of out-of-pocket expenses incurred by plaintiff is $22,048.56. Brewington Dec. at ¶ 86 and Exh. I.

---

[8] If necessary, Mr. Pfail will supplement his request for fees and costs to reflect all work done on this matter from this point forward – such as responding to defendants' opposition to this motion, opposing defendants' post-trial motions or work performed in response to the Court's actions with respect to the parties' post-trial motions, including any appeal the parties may take. Brewington Dec. at ¶ 87; Korenbaum Dec. ¶ 52.

-21-

A-4510

### Conclusion

The purpose of 42 U.S.C. § 1988(b) is to insure that competent and experienced counsel are available to civil rights plaintiffs. To accomplish that goal, the Supreme Court has made clear that attorneys' fees are to be awarded as in other types of complex federal litigation. *County of Riverside v. Rivera, supra.* Here, Mr. Pfail achieved a fabulous result at trial because of the efforts of the Law Offices of Frederick K. Brewington. Accordingly, Mr. Pfail respectfully requests that the Court award him costs and fees in the total amount of $397,408.56, broken down as follows:

> a. Attorneys' fees of the Law Offices of Frederick K. Brewington in the amount of $359,355.00;
> b. Attorney's fees of Scott A. Korenbaum, Esq. in the amount of $16,055.00;
> c. Expenses in the amount of $22,048.56; and
> d. such other and further relief as is just and proper, including a hearing to address the reasonableness of the requests for costs and fees.

Dated: Hempstead, New York
      July 22, 2025

Respectfully submitted,

LAW OFFICES OF FREDERICK K. BREWINGTON
556 Peninsula Boulevard
Hempstead, New York 11550
(516) 489-6959

SCOTT A. KORENBAUM, ESQ.
14 Wall Street, Suite 4C
New York, NY 10005
(212) 587-0018
*Attorneys for Plaintiff*

SCOTT A. KORENBAUM, ESQ.,
FREDERICK K. BREWINGTON, ESQ.,
    of Counsel

-22-

A-4511

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1(c), I certify that this memorandum of law, which was prepared using Time New Roman 12-point typeface, contains 6,733 words, as counted by the word count function in Word Perfect 2021, exclusive of the addressee, page headings, paragraph headings, the date and signature block, and otherwise complies with the applicable provisions of the Local Civil Rules.

Dated: July 22, 2025
      New York, NY

FREDERICK K. BREWINGTON

-23-

A-4512

# United States District Court
# Eastern District of New York

-------------------------------------------------- X

BRIAN PFAIL,

                         Plaintiff,

    -against-

COUNTY OF NASSAU,
NASSAU COUNTY POLICE DEPARTMENT,
POLICE OFFICER JOSEPH MASSARO,
in his individual and official capacity,
POLICE OFFICER JONATHAN PANUTHOS,
in his individual and official capacity,
POLICE OFFICER KAREN C. O'BRIEN,
in her individual and official capacity,
SERGEANT THOMAS IANNUCCI,
in his individual and official capacity, and
JOHN DOES 1-10, in their individual and official capacities,

                         Defendants.

**2:16-cv-0518 (NRM)**

-------------------------------------------------- X

### DECLARATION OF JOHN CARNEVALE IN SUPPORT OF DEFENDANTS' RULE 50 and 59 MOTIONS

    John Carnevale, an attorney duly admitted to practice before the Courts for the United States District Court for the Eastern District of New York, declares the following to be true under the penalties of perjury:

    1.  I am a Deputy County Attorney in the office of the Nassau County Attorney Thomas A. Adams, attorney for Defendants Panuthos, O'Brien and the County of Nassau in the within action.

    2.  The purpose of this Declaration is to introduce and include the relevant portion of the trial transcript as **Exhibit A** and the relevant portion of the criminal trial transcript as **Exhibit B** to Defendants' motions.

DATED:     August 1, 2025
              Mineola, New York

                                  *JCarnevale*
                              John Carnevale, Esq.
                              Deputy County Attorney

A-4513

# United States District Court
# Eastern District of New York

-------------------------------------------------- X

BRIAN PFAIL,

<div align="center">Plaintiff,</div>

        *-against-*

COUNTY OF NASSAU,
NASSAU COUNTY POLICE DEPARTMENT,
POLICE OFFICER JOSEPH MASSARO,
in his individual and official capacity,
POLICE OFFICER JONATHAN PANUTHOS,
in his individual and official capacity,
POLICE OFFICER KAREN C. O'BRIEN,
in her individual and official capacity,
SERGEANT THOMAS IANNUCCI,
in his individual and official capacity, and
JOHN DOES 1-10, in their individual and official capacities,

<div align="center">Defendants.</div>

-------------------------------------------------- X

**2:16-cv-0518 (NRM)**

<div align="center">

**DEFENDANTS' COMBINED MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO RULE 50 AND FOR A NEW TRIAL OR REMITTITUR PURSUANT TO RULE 59**

</div>

A-4514

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................ 1

STANDARD OF REVIEW .............................................................................. 1

I.  FOUR OF THE COURT'S EVIDENTIARY RULINGS CAUSED A SERIOUSLY ERRONEOUS RESULT AND A MISCARRIAGE OF JUSTICE.................................. 3

   A.  Erroneous Liability Rulings........................................................................ 4

   B.  Erroneous Damages Rulings....................................................................... 12

II.  DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S MALICIOUS PROSECUTION CLAIM, OR THE VERDICT SHOULD BE SET ASIDE ........................................................................................ 24

   A.  Probable Cause To Charge Brian Pfail With Resisting Arrest ..................... 26

   B.  Probable Cause To Charge Brian Pfail With Assault On Police Officers ..... 27

   C.  The Officers Are Entiteld to Qualified Immunity......................................... 28

   D.  Grand Jury Indictment Created Unrebutted Presumption of Probable Cause .............. 30

III.  DEFENDANTS SHOULD BE GRANTED JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S DUE PROCESS CLAIMS, OR THEY SHOULD BE SET ASIDe ........ 31

IV.  DEFENDANTS SHOULD BE GRANTED JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S EXCESSIVE FORCE CLAIMS, ASSAULT, AND BATTERY CLAIMS, OR THEY SHOULD BE SET ASIDE FOR QUALIFIED IMMUNITY ......................... 33

V.  THE JURY'S AWARD OF COMPENSATORY DAMAGES IS EXCESSIVE, UNSUPPORTED BY EVIDENCE, AND SHOULD BE SET ASIDE OR, ALTERNATIVELY, REDUCED ................................................................... 35

VI.  THE JURY'S AWARD OF PUNITIVE DAMAGES IS EXCESSIVE AND SHOULD BE VACATED OR, ALTERNATIVELY, SUBSTANTIALLY REDUCED................. 38

   CONCLUSION................................................................................... 41

## TABLE OF AUTHORITIES

**Cases**

*MacLeod v. Town of Brattleboro*, 548 F. App'x 6, 8 (2d Cir. 2013)........................................... 41

*Tretola v. Cnty. of Nassau*, 14 F. Supp. 3d 58, 75 (E.D.N.Y. 2014). ......................................... 29

*Alter v. Rocky Point Sch. Dist.*, 2014 U.S. Dist. LEXIS 141020, at *12
    (E.D.N.Y. Sept. 30, 2014)........................................................................................................ 12

*Amorgianos v. AMTRAK*, 303 F.3d 256, 266 (2d Cir. 2002).......................................................... 15

*Anderson Group, LLC v. City of Saratoga Springs*, 805 F.3d 34, 51 (2d Cir. 2015) ................... 44

*Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987) ..................................................................... 39

*Berman v. Silver, Forrester & Schisano*, 549 N.Y.S.2d 125, 127 (2d Dept. 1989) ..................... 36

*BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 574–75 (1996) .......................................................... 46

*Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21 (2d Cir. 1996)............................................. 14

*Cardoza v. City of New York*, 139 A.D.3d 151, 1st Dept. (2016)................................................... 48

*Carson v. Lewis*, 35 F.Supp.2d 250, 263 (E.D.N.Y.1999) ............................................................. 30

*Cerrone v. Brown*, 246 F.3d 194, 203 (2d Cir.2001)..................................................................... 34

*Champagne v. Columbia Dental PC*, 22-911-CV, 2023 U.S. App. LEXIS 24647, at *3-4
    (2d Cir. Sept. 18, 2023)............................................................................................................ 21

*Chepilko v. Henry*, 2024 WL 1328236, at *10 (S.D.N.Y. Mar. 28, 2024) ................................... 11

*Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 162 (2d Cir. 2012).......................................... 20

*Chrysler Corp. v. Fedders Corp.,* 540 F. Supp. 706, 727 (S.D.N.Y. 1982) ................................. 38

*Colon v. New York,* 60 N.Y.2d 78, 82, 468 N.Y.S.2d 453, 455 N.E.2d 1248 (1983).................... 30

*Cook v. Sheldon,* 41 F.3d 73, 80 (2d Cir.1994) .............................................................................. 36

*Curiano v. Suozzi*, 63 N.Y. 2d 113 (1984).................................................................................... 38

*DeRienzo v. Metro. Transp. Auth.*, 694 F. Supp. 2d 229, 236 (S.D.N.Y. 2010)........................... 16

*DiSorbo v. Hoy*, 343 F.3d 172 (2d Cir. 2003)............................................................... 48

*DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 133 (2d Cir. 1988) ............................... 2

*Doctor's Associates, Inc. v. Weible*, 92 F.3d 108 (2d Cir. 1996) ................................... 38

*Doe v. Hartford Sch. Dist.*, 2018 WL 1064572, at *6 (D. Vt, Feb. 26, 2018)............................. 20

*Drummond v. Castro*, 522 F. Supp. 2d 667, 677 – 678 (S.D.N.Y. 2007).................................... 30

*Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004) .................................... 24

*Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) .................................... 35

*Felix v. City of N.Y.*, 408 F. Supp. 3d 304, 311 (S.D.N.Y. 2019).................................... 41

*Fleet Cap. Corp. v. Yamaha Motor Corp.*, U.S.A., 01-CV-1047, 2002, U.S. Dist. LEXIS 17502, at *2 (S.D.N.Y. Sept. 19, 2002) .................................... 22

*Fujitsu Ltd. v. Fed'l Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001)........................................ 10

*G.E. v. Joiner*, 522 U.S. 136, 146 (1997) .................................... 15

*Gibeau v. Nellis*, 18 F.3d 107, 110 (2d Cir. 1994)........................................ 44

*Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991). ................................ 35

*Haas v. Del. & Hudson Ry. Co.*, 282 Fed. Appx. 84, 86 (2d Cir. 2008) .................................... 24

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), .......................................... 39

*Izzo v. ING Life Ins. & Annuity Co.*, 235 F.R.D. 177, 186 (E.D.N.Y. 2005)................................ 20

*Johnson v. United States*, No. 21-CV-2851, 2024 WL 1246503 (E.D.N.Y. Jan. 16, 2024) ........ 17

*Jones v. Parmley*, 465 F.3d 46, 63 (2d Cir. 2006) .......................................... 39

*Jones v. Treubig*, 963 F.3d 214, 226 (2d Cir. 2020) .................................... 40

*Ketchuck v. Boyer*, No. 10-cv-870 (TJM), 2011 WL 5080404, at *8 (N.D.N.Y. Oct. 25, 2011). 37

*King v. Macri*, 993 F.2d 294 (2d Cir. 1993) .................................... 48

*Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018).............................................................. 40

*Klonoski v. Mahlab*, 156 F.3d 255 (1st Cir. 1998) ......................................................... 24

*Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998)) ...................................... 10

*Kumho Tire Company Ltd. v. Carmichael*, 526 U.S. 137, 142 (1999) .......................... 14

*Lee v. Edwards*, 101 F. 3d 805 (2d Cir. 1996)................................................................ 46

*Lowth v. Town of Cheektowaga*, 82 F.3d 563, 572 (2d Cir. 1996)................................. 35

*Lujan v. Cabana Management Inc.*, 284 F.R.D. 50, 71 (E.D.N.Y. 2012) ..................... 25

*Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008) ............. 14

*Malley v. Briggs*, 475 U.S. 335, 341 (1986)).................................................................. 34

*Mandell v. County of Suffolk*, 316 F. 3d 368 (2d Cir. 2003)........................................... 33

*Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010)............................. 29

*Mangino v. Inc. Vill. of Patchogue*, 814 F. 3d. 951 (2d Cir. 2015). .............................. 37

*Manley v. AmBase Corp.*, 337 F.3d 237, 244-45 (2d Cir. 2003) ...................................... 2

*Marini v. Adamo*, 995 F. Supp. 2d 155, 180 (E.D.N.Y. 2014). ...................................... 16

*Marshall v. Port Auth. of NY*, No. 19-cv-2168, 2022 WL 17491006, at *26
    (S.D.N.Y. Dec. 5, 2022),........................................................................................... 12

*Martinez v. City of New York*, No. 16-cv-79 (NRM), 2023 WL 4627739, at *18
    (E.D.N.Y. July 19, 2023) ........................................................................................... 47

*Matthews v. Hewlett-Packard* Co., No. 15-CIV. 3922 (DAB), 2017 WL 6804075, at *5
    (S.D.N.Y. Dec. 2017) (Batts, J.) ................................................................................ 16

*McDevitt v. Suffolk County*, 16-cv-4164 (GRB), 2024 WL 1270811
    (E.D.N.Y. Mar. 26, 2024) ........................................................................................... 47

*McKenzie v. City of N.Y.*, No. 18-CV-6913, 2021 WL 3375613, at *6 (S.D.N.Y.) ...................... 41

*Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251, 61
    S. Ct. 189, 194, 85 L. Ed. 147 (1940) ......................................................................... 2

iv

*Moore v. Andreno*, 505 F.3d 203, 214 (2d Cir. 2007) .................................................... 34

*Myers v. Patterson*, 819 F.3d 625, 632 (2d Cir. 2016.................................................... 34

*N. Am. Soccer League, LLC v. United States Soccer Fed'n,, Inc.* 2025
    U.S. Dist. LEXIS 86428, *29-30 (2d Cir. 2017) .......................................................... 3

*Newmont Mines Ltd. v. Hanover Ins. Co.*, 784 F.2d 127, 133 (2d Cir. 1986) ................................ 2

*Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006). ........................................... 24

*People v. Inoa*, 25 N.Y.3d 466, 472 (2015).................................................................. 17

*People v. Oliver*, 45 Misc.3d 765, 777 (Sup. Ct. Kings Cty. 2014) ............................................. 17

*Pinter v. City of New York*, 976 F. Supp. 2d 539, 570 (S.D.N.Y. 2013) ................................ 37, 38

*Poux v. Cty. of Suffolk*, 2012 WL 1020302, at *1-36 (E.D.N.Y. Mar. 23, 2012) ......................... 29

*Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002).......... 20, 21

*Richardson v. McMahon*, 2023 WL 3102910, at *1 (2d Cir. Apr. 27, 2023)......................... 34, 35

*Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 8 (2021). ....................................................... 40

*Rohman v. N.Y. City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000)........................................ 29

*Rothstein v. Carriere*, 373 F.3d 275, 284 (2d Cir. 2004)................................................. 35

*Ruggerio v. Warner-Lambert Co.*, 424 F. 3d 249, 253 (2d Cir. 2005) ........................................ 15

*Saucier v. Katz*, 533 U.S. 194, 202-03; 121 S.Ct. 2151 (2001) ..................................... 33

*Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir.2003)). ............................................... 12, 29

*Schloerb v. Nat'l R.R. Passenger Corp.*, 2025 U.S. Dist. LEXIS 4231, *36-37
    (W.D.N.Y. 2025.............................................................................................. 21

*Shambreskis v. Bridgeport & Port Jefferson Steamboat Co.*, 2008 WL 2001877
    (E.D.N.Y. May 8, 2008) ...................................................................................... 17

*Shuford v. Cardoza*, 2023 WL 2706255, at *17 (E.D.N.Y. Mar. 30, 2023)................................ 46

*Smith v. Cnty. of Nassau*, 2024 WL 4407007, at *5 (E.D.N.Y. Sept. 10, 2024) ......................... 38

*Smith v. Wade*, 461 U.S. 30, 56 (1983).......................................................................... 45

*State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003) ....................................... 45

*Tang Cap. Partners, LP v. BRC Inc.,* 2025 U.S. Dist. LEXIS 122831, *12 (S.D.N.Y. 2025) (Fed. R. Evid. 404(a)(3), 607). .......................................................... 7

*Tardif v. City of NY*, 344 F. Supp. 3d 579, 601 (S.D.N.Y. 2018) ................................................. 16

*Tchatat v. O'Hara*, 249 F. Supp. 3d 701, 708-9 (S.D.N.Y. 2017)................................................. 11

*Tesser v. Bd. of Educ. of City Sch. Dist. of City of N.Y.*, 190 F. Supp. 2d 430, 440 (E.D.N.Y. 2002)................................................................................................................... 2

*United States v. Cummings,* 858 F.3d 763, 774 (2d Cir. 2017) ...................................................... 3

*United States v. Jones*, 965 F.3d 149, 162 (2d Cir. 2020). ............................................................ 17

*United States v. Morgan*, 675 F. App'x. 53, 55 (2d Cir. 2017) ..................................................... 15

*United States v. Rodriguez,* 2025 U.S. App. LEXIS 12455, *5 (2d Cir. 2025)............................. 3

*Update Art, Inc. v. Modiin Publ'g, Ltd,* 843 F.2d 67, 71 (2d Cir. 1988) ...................................... 20

*Valente v. Textron Inc.*, 931 F. Supp. 2d 409, 415 (E.D.N.Y. 2013)............................................ 14

*White v. Pauly*, 580 U.S. 73, 79 (2017) ....................................................................................... 39

**Statutes**

NYPL §§ 120.05(3) ....................................................................................................................... 32

A-4520

## PRELIMINARY STATEMENT

The jury verdict and award rendered in this matter on represent a manifest injustice, and the Court must set aside the verdict and grant a new trial as to all Defendants pursuant to Fed. R. Civ. P. §§ 50 and 59. Specifically, pursuant to Rule 50, Defendants contend that Plaintiff failed to establish that any Defendant engaged in malicious prosecution or abuse of process, or used excessive force or assaulted or battered him. And the individual Defendants are entitled to qualified immunity on these claims.  In addition, pursuant to Rule 59, Defendants contend that: (1) there is insufficient evidence to find that any officer maliciously prosecuted Plaintiff or abused process against him; (2) both officers are entitled to qualified immunity with regard to Plaintiff's claims; (3) the Court's evidentiary rulings caused a seriously erroneous result; and (4) the jury's damages award is not supported by the evidence and must be set aside.  At the very least the jury's damage awards were intrinsically excessive and not within a reasonable range of comparable jury verdicts and must be substantially reduced.  Thus, the jury's verdict must be set aside.

## STANDARD OF REVIEW

Under Rule 50, judgment as a matter of law is available when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." F. R. Civ. P. 50(a)(1); *see also Cash v. Cnty. Of Erie*, 654 F.3d 324, 333 (2d Cir. 2011).

Pursuant to Rule 59(a) of the Federal Rules of Civil Procedure, "[t]he court may, on motion, grant a new trial on all or some of the issues – and to any party…after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." *Fed. R. Civ. P. 59(a)*. "A motion for a new trial, pursuant to Rule 59, may be granted when the district court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage

1

of justice." *Tesser v. Bd. of Educ. of City Sch. Dist. of City of N.Y.*, 190 F. Supp. 2d 430, 440 (E.D.N.Y. 2002) (citation and quotation marks omitted). Put another way, "[a] new trial may be granted…when the jury's verdict is against the weight of the evidence." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 133 (2d Cir. 1988). This standard is less stringent than the standard under Rule 50 in two significant respects: (1) a new trial under Rule 59(a) may be granted even if there is substantial evidence supporting the jury's verdict, and (2) a trial judge is free to weigh the evidence herself and need not view it in the light most favorable to the verdict winner. *Manley v. AmBase Corp.*, 337 F.3d 237, 244-45 (2d Cir. 2003) "Accordingly, it is appropriate to grant a new trial where the jury's verdict is against the weight of the evidence or otherwise manifestly erroneous." *Rasanen v. Brown*, 841 F. Supp. 2d 687, 697 (E.D.N.Y. 2012). Whether to grant a motion for a new trial lies within the discretion of the trial court. *See, Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251, 61 S. Ct. 189, 194, 85 L. Ed. 147 (1940); *Newmont Mines Ltd. v. Hanover Ins. Co.*, 784 F.2d 127, 133 (2d Cir. 1986).

When a Rule 59 motion is based upon improper evidentiary rulings a new trial is warranted "when a substantial right of a party is affected, as when a jury's judgment would be swayed in a material fashion by the error." *N. Am. Soccer League, LLC v. United States Soccer Fed'n,, Inc.* 2025 U.S. Dist. LEXIS 86428, *29-30, quoting *Restivo v. Hessemann*, 846 F.3d 547, 573 (2d Cir. 2017). When the court makes an erroneous ruling on the admissibility of evidence it is only "'harmless if [we] can conclude with fair assurance that the evidence did not substantially influence the jury.'" *United States v. Rodriguez,* 2025 U.S. App. LEXIS 12455, *5 (2d Cir. 2025) quoting *United States v. Cummings,* 858 F.3d 763, 774 (2d Cir. 2017).

In this bifurcated trial, the Court committed four errors as to the evidence to be heard by the jury which likely substantially improperly influenced the jury in Plaintiff's favor in both the

2

liability and damages phases of the trial. Two of those errors occurred in the liability phase and two occurred in the damages phase.  The consequential errors in the liability phase were, (i) the Court's failure to allow defendants to call Dr. Berrill to testify about the Plaintiff's preexisting TBI to testify how that rendered  Plaintiff unable to control his behavior, and (ii) the Court's refusal to Preclude plaintiff from offering evidence about the sweatshirt and the witness video, or to give the jury a curative instruction that the Officers had no legal duty to preserve that information. Both of those errors on their own likely substantially influenced the jury, in an adverse fashion to Defendants, and together clearly resulted in the jury rendering an improper liability verdict.

The consequential errors in the damages phase were, (i) The Court's failure to grant defendants motion in limine to preclude Dr. Berrill's testimony and the continued error of refusing to strike the testimony after it was complete, and (ii) the Court's Discovery sanction precluding the use of Dr. Grix's records including their use in an examination of Dr. Grix and cross examinations of Plaintiff and Dr. Berrill. Both of those errors on their own likely substantially influenced the jury, in an adverse fashion to Defendants, and together clearly resulted in the jury rendering an improper damages verdict.

## I.  FOUR OF THE COURT'S EVIDENTIARY RULINGS CAUSED A SERIOUSLY ERRONEOUS RESULT AND A MISCARRIAGE OF JUSTICE

In this bifurcated trial, the Court committed four errors as to the evidence to be  heard by the jury which substantially influenced the jury in Plaintiff's favor in both the liability and damages phases of the trial. Two of those errors occurred in the liability phase and two occurred in the damages phase.  The consequential errors in the liability phase were, (i) the Court's failure to allow Defendants to call Dr. Berrill to testify that Plaintiff's preexisting TBI rendered  Plaintiff unable to control his behavior, and (ii) the Court's refusal to Preclude plaintiff from offering evidence

3

A-4523

about the sweatshirt and the witness video, or to give the jury a curative instruction that the Officers had no legal duty to preserve that information. Both of those errors standing alone substantially influenced the jury against Defendants. The cumulative effect of both errors conclusively demonstrates that there is no fair assurance that the jury was not substantially influenced against the Officers, as a result of the Court's errors.

The consequential errors in the damages phase were, (i) the Court's denial of Defendants' motion in limine to preclude Dr. Berrill's testimony and the compounding of that error by refusing to strike the testimony after it was completed, and (ii) the Court's discovery sanction precluding the use of Dr. Grix's records including their use in an examination of Dr. Grix and cross examinations of Plaintiff and Dr. Berrill. Both of those errors standing alone substantially influenced the jury against Defendants. The cumulative effect of both errors conclusively demonstrates that there is no fair assurance that the jury was not substantially influenced against the Officers, as a result of the Court's errors.

## A. ERRONEOUS LIABILITY RULINGS

### 1. *Had the Officers been able to call and question Dr. Berrill about his criminal trial testimony, the jury would have been swayed materially in the Officers' favor.*

At the criminal trial, to avoid the intent elements of various crimes charged against him, Plaintiff deployed Dr. Berrill to testify as an expert regarding how his pre-existing TBI affected his ability to control his actions. Dr. Berrill opined, to a reasonable degree of clinical psychological and forensic neuropsychological certainty, that Plaintiff would strike out impulsively. Ex. B, p. 606:25 to 607:18). Indeed, Dr. Berrill specifically testified that if someone with Plaintiff's pre-existing condition were frustrated or anxious or angry that it would be "consistent with his condition that there would be this impulsive, perhaps, angry, acting out that, you know, almost

4

A-4524

might describe it as reflective [sic]. It is not thought through. It is a consequence of not having that filter or that stop/start mechanism that we all rely upon to help us with our lives." Ex. B, p. 60:11-18.

Questioned about the ways in which frustration and impulse control manifest themselves in persons, like Plaintiff, who have a pre-existing traumatic brain injury, Dr. Berrill answered "they might yell or they might hit. They might hit someone or hit a wall or hit themselves, depending on how impulsive they are.  It is not unheard of."  Ex. B. p. 612:11-13).  When questioned whether these types of things are spontaneous or otherwise, Dr. Berrill answered "No, it is a spontaneous – I used the word before – reflexive. It is not like it is thought through.  It is when one experiences frustration and before you know it, you punched the wall, or you were in a fight with someone or you are saying stuff that you would rather not say. It is not thought through at all. It is very spontaneous." Ex. B. p. 613:1-7.

Dr. Berrill also testified that Plaintiff might find it "very difficult, quickly, to apprehend what is going on."  Ex. B. p. 614:6.  Tying it all up for the criminal trial jury, Dr. Berrill testified, within a reasonable degree of certainty in his fields that Plaintiff was, at the time of the subject incident, suffering from the affects of the pre-existing traumatic brain injury, the resulting post-traumatic stress disorder from the original 2007 incident where he suffered the brain injury, depression and anxiety and all of those things were operating simultaneously in him on the date of the subject incident. Ex. B. p. 615:10-14. Dr. Berrill was asked a question with regard to Plaintiff's impulse control and frustration and whether those were affected on the subject date, November 3, 2014 and Dr. Berrill answered unequivocally "Yes, definitely."  Ex. B. p. 615:18.

The Court's bifurcation order was largely predicated upon the fact that there were other instances of violence and this Court was concerned, that although clearly admissible as to damages

5

might create a propensity problem with respect to the jury's liability determination. Thus, the Court, relying upon Rule 404 bifurcated the trial. But the propensity problem does not exist here as Defendants' intent to elicit testimony from Dr. Berrill in the civil trial based upon the testimony he previously gave in the criminal trial did not implicate Rule 404.

Pursuant to Rule 404(b) in order to determine the admissibility of evidence of other crimes, wrongs or acts, the Court is obligated to conduct a three-part inquiry. *Huddleston v. United States*, 485 U.S. 681, 691 (1988). The Court must consider whether the evidence (1) is offered for a proper purpose; (2) is relevant to a material issue in dispute; and (3) has probative value such that it substantially outweighs its prejudicial effect. *Id*. at 691-92. Initially, this analysis is not directly applicable because the proposed Dr. Berrill testimony was about the subject incident – not a prior act or acts. However, the evaluation required by the Supreme Court is still instructive in this matter.

To the extent Plaintiff's pre-existing TBI and the symptoms he experienced as a result thereof were the equivalent of character or a trait such "evidence is, however, admissible for challenging witness credibility." *Tang Cap. Partners, LP v. BRC Inc.,* 2025 U.S. Dist. LEXIS 122831, *12 (S.D.N.Y. 2025) (Fed. R. Evid. 404(a)(3), 607). Defendants' intent to elicit from Dr. Berrill a general restatement of his criminal trial testimony was offered for a proper purpose - challenging Plaintiff's credibility in the civil trial and giving the jury additional evidence to use when weighing the accounts given by the Officers and Plaintiff.  Next, the substance of Dr. Berrill's criminal testimony on behalf of Plaintiff was directly relevant in the civil matter. If the jury had heard Plaintiff's expert testify that Plaintiff simply could not help himself the jury would likely have been swayed to arrive at a different determination as to excessive force which likely would have led to different determinations as to malicious prosecution and abuse of process. Finally, the probative value substantially outweighs the prejudicial effect.  Plaintiff cannot claim

6

Case 2:16-cv-00518-NRM-PCG   Document 164-1   Filed 08/01/25   Page 14 of 49 PageID #: 2776

that the substance of Dr. Berrill's criminal trial testimony, which Defendants sought to elicit in the civil trial, was unfairly prejudicial to the Plaintiff in view of the fact that Plaintiff had used that very same testimony in defense of the criminal charges against him.

However, notwithstanding this Court's reliance upon Rule 404 and apart from the fact that a Rule 404(b) analysis should have resulted in admissibility this was not, at base, a Rule 404 issue. In the criminal trial, it was Plaintiff who sought to introduce the existence of his character or traits (to the extent the symptoms associated with his pre-existing TBI are character traits or traits) to undermine the intent element of the crimes charged against him. Dr. Berrill's testimony during this civil case, would not have violated Rule 404(a)(1) because the Defendants were not attempting to use a person's character or trait to prove, in opposition to Plaintiff's position, that Plaintiff acted in a certain way when he encountered Defendants. Instead, Plaintiff took that position and presented evidence in the criminal trial that he acted impulsively and without control because of his pre-existing condition. Rule 404(a)(1) cannot be read as prohibiting Defendants from producing evidence that Plaintiff's TBI caused him to act a certain way on the subject even when he had previously presented that very same evidence in his own defense at the criminal trial. In other words, Plaintiff admitted in the criminal trial, by eliciting sworn testimony from Dr. Berrill, that he disregarded the Officers instructions and fought with them because, for medical reasons, he could not stop himself from doing so. Further, Rule 404(b) did not apply because the Defendants were not seeking to use prior bad acts but were simply seeking to use, in the same way Plaintiff did in his criminal trial, Dr. Berrill's opinion testimony that Plaintiff's actions that night were reflexive and could not be controlled.

This evidence would have been particularly crucial to the jury. The Officers all testified that they identified themselves and that they were wearing their shields around their necks. They

7

also testified that Plaintiff, verbally, challenged their authority and indicated that he would not comply with their lawful order. Conversely, Plaintiff claimed he could not remember what the Officers said to him (thus not directly denying that they identified themselves as police) and denied challenging them. These conflicting accounts and the fact that the videos did not contain audio left the jury to weigh the testimony of the parties. However, the substance of Dr. Berrill's criminal trial, had that same testimony been elicited in the civil trial, would likely have swung the balance in favor of the Officers as Dr. Berrill's criminal trial testimony lends credence to the Officers' version of the initial interaction with Plaintiff. The Officers' claim that Plaintiff verbally challenged them is in keeping with Dr. Berrill's criminal trial testimony that the TBI may have caused Plaintiff to say things he did not mean to say. The Officers' claim that Plaintiff physically challenged them by throwing punches as they approached is also in keeping with Dr. Berrill's criminal trial testimony.

The use of Dr. Berrill's testimony by Defendants in the civil trial was not correctly evaluated by the Court as a Rule 404 problem. Instead, that evidence was admissible and was directly relevant. That the jury was not allowed to hear that evidence is not a harmless error and this Court cannot conclude with fair assurance that the lack of that evidence did not substantially influence the jury in Plaintiff's favor. (*United States v. Rodriguez*, *supra*). Standing on its own the absence of the Dr. Berrill testimony during the civil trial warrants a new trial on liability for Defendants.

### 2. *The jury was improperly influenced by the improperly admitted testimony about the sweatshirt and the witness video.*

Although this Court correctly denied Plaintiff's motion for sanctions as to the sweatshirt and the witness video, Plaintiff was still allowed to present this "missing," but irrelevant and highly

8

prejudicial "evidence" to the jury. Defendants had no duty to preserve any of this alleged evidence and it was immaterial. The Court should have precluded Plaintiff from presenting this evidence or at the very least should have provided a curative instruction to the jury that there was no duty to preserve the evidence. The Court's denial of Defendants' request to charge materially prejudiced the Officers and likely swayed the jury to Plaintiff's side.

Defendants had no duty to preserve the materials in question—whether for litigation or police purposes—and Plaintiff offered no evidence or law to support such a duty. As the Second Circuit held, "[t]he duty to preserve evidence arises when the party has notice that the evidence is relevant to litigation or should have known that the evidence may be relevant to future litigation." *Fujitsu Ltd. v. Fed'l Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001). Here, Defendants had no such notice, so there was no such duty. Indeed, this Court recognized, when refusing to strike or give a curative charge that it did not find "any clear authority saying that an obligation to preserve in a criminal case even if it existed necessarily, permitted, or required spoliation instruction or establish the duty to preserve for civil litigation purposes. So the question then is, whether the obligation to preserve in the civil case had attached to these individuals at the time it was destroyed." Ex. A, p. 1015:16-23. This Court then recognized that the duty to preserve in a civil context most commonly arises when the party has been given express notice that the evidence is relevant to the litigation (*Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998)) and then went on to acknowledge "some cases in which a duty to preserve is attached when a party has filed a letter requesting preservation and the like." Ex. A, p. 1016:9-11.

In this case, the alleged failure to preserve occurred almost immediately before any of those triggering mechanisms for preservation existed. Indeed, courts emphasize that routine police action (like making an arrest or issuing a summons) does not automatically trigger a litigation-hold. For

9

A-4529

example, a court recently declined to find any preservation duty from a police summons, noting, "[n]o case law supports the notion that an arrest invariably triggers a duty to preserve evidence of the arrest for potential civil litigation." *Chepilko v. Henry*, 2024 WL 1328236, at *10 (S.D.N.Y. Mar. 28, 2024) (citing *Tchatat v. O'Hara*, 249 F. Supp. 3d 701, 708-9 (S.D.N.Y. 2017). Likewise, the *Chepilko* court found that a simple street summons gave no clear reason to "anticipate litigation" and thus no duty arose before the evidence was destroyed. *See id.*

Based upon the facts and law the Court correctly decided there was no duty to preserve. However, even though there was no duty to preserve the Court allowed Plaintiff to continue the misleading and highly prejudicial drumbeat alleging a conspiracy to hide important evidence. Once this Court correctly determined that there was no duty to preserve and thus no basis for a spoliation sanction, the Court was duty bound to prevent Plaintiff from presenting the "evidence" to the jury or at the very least, was obligated to tell the jury that, notwithstanding Plaintiff's counsel's drum beat of conspiracy, that there was absolutely no legal duty for the Officers to have preserved this information. The Court left the jury struggling, mistakenly, over the significance of the evidence.

Further, the Court's green light allowing Plaintiff to continue presenting a conspiracy theory about the sweatshirt and video further mislead and confused the jury as Plaintiff presented absolutely no cogent argument regarding how this purported evidence was material. In *Marshall v. Port Auth. of NY*, No. 19-cv-2168, 2022 WL 17491006, at *26 (S.D.N.Y. Dec. 5, 2022), the court held that, "[e]ven assuming that a duty to preserve evidence for a criminal case can be imported to create a duty to preserve that evidence for a civil case giving rise to spoliation sanctions, there is no reason to believe that any evidence that was discarded here was 'potentially useful' either to the criminal case or Plaintiff's civil case or that the police acted in 'bad faith.'

10

A-4530

Likewise, in *Savino v. City of New York*, 331 F.3d 63, 77–78 (2d Cir. 2003), the court rejected that plaintiff's argument that the destruction of a criminal file supported a malicious prosecution claim or adverse inference. The court explained that even if the file had been preserved, it would not have helped the plaintiff's case absent a clear showing of exculpatory content or misconduct in its destruction. When seeking a spoliation charge a party must show "the destroyed [evidence] would have been of the nature alleged"– not just that it might *possibly* help. *See Residential Funding Corporation*, 306 F.3d 99; *Chan v. Triple 8 Palace, Inc.*, 2005 U.S. Dist. LEXIS 16520, at *7 (S.D.N.Y. Aug. 11, 2005) ("The moving party must show that the lost information would have been favorable to it."); *Alter v. Rocky Point Sch. Dist.*, 2014 U.S. Dist. LEXIS 141020, at *12 (E.D.N.Y. Sept. 30, 2014) ("Relevance cannot be established solely on the basis of conjecture.").

If the items, a sweatshirt and a cell phone video that did not capture the incident, were not shown to contain exculpatory or material content, not only was a spoliation sanction speculative but the evidence was also highly confusing and unduly prejudicial to the Officers. Having allowed the improper testimony over the course of several days the Court was obligated, at the very least, to provide a robust curative charge to the jury as requested by the Officers. The failure to provide that curative charge adversely swayed the jury against the Officers' position. The unfounded and highly prejudicial conspiracy theory about the sweatshirt and cell phone video which the Court improperly allowed Plaintiff to present to the jury, standing on its own, adversely and improperly swayed the jury particularly with respect to the claims of abuse process and malicious prosecution. This improperly admitted evidence, and the refusal to give a curative charge regarding the evidence, in combination with the Court's refusal to allow the jury to hear admissible and relevant evidence from Dr. Berrill almost certainly caused the verdict against the Officers on liability. There

11

is simply no view of the liability trial, in light of the Court's errors, that the Officers have a fair assurance that the improper preclusion and presentation of evidence did not substantially, and adversely, influence the jury. Defendants are entitled to a new trial on liability

## B. ERRONEOUS DAMAGES RULINGS

### 1. *The Court should have precluded Dr. Berrill's damages testimony or, at the very lease should have stricken it from the record after it was completed.*

The Court should have not allowed Dr. Berrill to testify. The pre-trial motion in limine should have been granted. However, the Court allowed Dr. Berrill to testify and his testimony in front of the jury, like his reports and deposition before the trial testimony, demonstrated that the data he possessed was merely subjective and was insufficient to support any opinions, to a reasonable degree of certainty in his fields, that there had been an exacerbation of or a new TBI sustained by Plaintiff in the subject encounter.  Likewise, the missing Grix records rendered Dr. Berrill's opinion, that there was PTSD directly related to the subject encounter as opposed to all of the other violent episodes involving Plaintiff, without any connection to objective data.  The Court should not have allowed Dr. Berrill to testify on damages and was obligated to strike his testimony at its conclusion. The failure to do so, swayed the jury to find either a new or exacerbated TBI and/or an exacerbation of PTSD related solely to  the subject incident.  The Court's ruling allowed unsupported opinion testimony to give Plaintiff's self-reports the imprimatur of an expert thus seriously misleading and confusing the jury.

Although the Court is afforded "broad latitude when it decides how to determine reliability" of expert testimony (*Valente v. Textron Inc.*, 931 F. Supp. 2d 409, 415 (E.D.N.Y. 2013) citing, *Kumho Tire Company Ltd. v. Carmichael*, 526 U.S. 137, 142 (1999) (emphasis in original)) expert testimony must be excluded if it is "speculative or conjectural." Id. at 415, *Major League*

12

A-4532

*Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008) (quoting *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21 (2d Cir. 1996)). When the "expert's opinion is based upon data or methodologies 'that are simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony.'" *Valente*, 931 F. Supp. 2d at 415 quoting, *Ruggerio v. Warner-Lambert Co.*, 424 F. 3d 249, 253 (2d Cir. 2005) (citation omitted).

If there is nothing connecting the opinion to existing data, the "Court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *G.E. v. Joiner*, 522 U.S. 136, 146 (1997). Expert opinions "based on data, a methodology, or studies that are simply inadequate to support the conclusions reached" must be excluded as unreliable under Daubert and Fed. R. Evid. 702. *Amorgianos v. AMTRAK*, 303 F.3d 256, 266 (2d Cir. 2002). Every step of an expert's analysis must be reliable. See *United States v. Morgan*, 675 F. App'x. 53, 55 (2d Cir. 2017) ("[i]ndeed 'any step that renders the expert's analysis unreliable under the *Daubert* factors renders the expert's testimony inadmissible as a whole") (internal citations omitted).

In determining reliability, district courts consider "[1] the facts on which the expert relies, [2] the method by which the expert draws an opinion from those facts, and [3] how the expert applies the facts and methods to the case at hand." *Amorgianos*, 303 F. 3d at 267. Concerning the facts on which the expert relies, Rule 702 requires expert testimony to be "based on sufficient facts or data." Fed. R. Evid. 702(b). The reliability prong "requires that there be a sufficient. . . connection between the methodology and the expert's conclusions for such conclusions to be admissible." *Marini v. Adamo*, 995 F. Supp. 2d 155, 180 (E.D.N.Y. 2014). Expert evidence should be excluded if the methodological flaw is large enough that the expert lacks good grounds for their conclusions. *Amorgianos*, 303 F. 3d at 267.

13

Further, the Advisory Committee's Notes to Fed. R. Evid. 702 state "[w]hether the expert has adequately accounted for obvious alternative explanations" for a plaintiff's condition is a consideration within the reliability inquiry. See Fed. R. Evid. 702 Advisory Committee's Note to 2000 Amendment. An expert's testimony must "at least address obvious alternative causes and provide a reasonable explanation for dismissing specific alternate factors identified by the defendant." *Matthews v. Hewlett-Packard* Co., No. 15-CIV. 3922 (DAB), 2017 WL 6804075, at *5 (S.D.N.Y. Dec. 2017) (Batts, J.) (quoting *DeRienzo v. Metro. Transp. Auth.*, 694 F. Supp. 2d 229, 236 (S.D.N.Y. 2010) (Leisure, J.)). Dr. Berrill's evaluation was unreliable because it is based entirely on cherrypicked, incomplete, and unreliable data. See also *Tardif v. City of NY*, 344 F. Supp. 3d 579, 601 (S.D.N.Y. 2018) (holding a psychologist's belief she had enough information to conduct an evaluation without reviewing prior psychiatric records to be unreliable methodology under *Daubert*).

Essentially, Dr. Berrill's reports and deposition testimony, and then his trial testimony, claimed that Plaintiff's TBI and PTSD were exacerbated because Plaintiff says they were exacerbated (See *Shambreskis v. Bridgeport & Port Jefferson Steamboat Co.*, 2008 WL 2001877 (E.D.N.Y. May 8, 2008) ("It is apparent that the doctors' attribution of Plaintiff's maladies to the ... accident are based solely upon plaintiff's claim that these symptoms began after, and were caused by, the ferry incident."); *see also Johnson v. United States*, No. 21-CV-2851, 2024 WL 1246503 (E.D.N.Y. Jan. 16, 2024) (finding doctor's opinions on causation speculative and conjectural when based solely on Plaintiff's inaccurate subjective reports of her history) (quoting *United States v. Jones*, 965 F.3d 149, 162 (2d Cir. 2020). Dr. Berrill's testimony was impermissible bolstering dressed up as an expert opinion. When an expert testifies "upon matters well within the grasp of lay jurors" they become "summation witnesses." *People v. Inoa*, 25 N.Y.3d 466, 472

14

(2015). This was improper because Dr. Berrill's testimony dressed up Plaintiff's claims "with an unwarranted 'aura of expertise.'" *Id. see also People v. Oliver*, 45 Misc.3d 765, 777 (Sup. Ct. Kings Cty. 2014) (precluding defense expert in part because her report "is filled with …advocacy rather than expertise.")

During his trial testimony and without objective data, the Court still allowed Dr. Berrill to opine that there was a second TBI. Ex. A, pp. 1644-50. After giving that objective data free testimony or direct examination, Dr. Berrill admitted during cross examination that he did not compare objective testing data from before and after the subject incident and thus could not diagnose a new or exacerbated TBI based upon objective data.  The Court erred in the first instance in allowing Dr. Berrill to take the stand.  This error likely had a monumental impact on the jury's assessment of damages as the jury was allowed to treat the allegations of the new or exacerbated traumatic brain injury as supported by an expert opinion even though the Court was aware, based upon the pre-trial reports and the pre-trial deposition, that Dr. Berrill had no objective data to render that opinion. The Court then compounded that error by refusing to strike the testimony regarding a second TBI or exacerbation of a TBI in the absence of any objective data supporting such an opinion by this purported expert. The Court's error allowed the jury to speculate as to a new TBI or exacerbation which factored into their large verdict on compensatory damages.

The same is true of Dr. Berrill's opinion related to exacerbation of PTSD. Dr. Berrill seemed to have been provided, by Plaintiff's legal team, with only selected information from the treating psychologist, Dr. Grix. Dr. Berrill was unaware of: the incident in March 2013 where Plaintiff punched a wall in his home and broke his hand and the incident involving Plaintiff's mother and the police encounter at Dr. Grix's office in July 2013. Indeed, Dr. Berrill was so unaware that when defense counsel, during cross-examination, questioned him about the July 2013

15

incident with the Garden City police (as capsulized in Plaintiff's complaint against the Village of Garden City), Dr. Berrill mistakenly thought that it was a description of the subject incident. Likewise, Dr. Berrill was unaware of the alleged assault by Plaintiff against his brother that occurred in December 2014.

The fact that Dr. Berrill was provided with cherry-picked information prevented him from addressing potential obvious alternative causes for exacerbation of PTSD (see Fed. R. Evid. 702 – Advisory Committee's Note 2000 Amendment and *Matthews v. Hewlitt Packard Co., supra*). The Court ignored the reliability issue raised by the other events that could have been causes of worsening PTSD. And in light of those events, unknown to Dr. Berrill but which were all in keeping with Dr. Berrill's criminal trial testimony about Plaintiff, there is no reasonable basis to find Dr. Berrill's testimony reliable enough to be heard by the jury.

The Court's preclusion of Dr. Grix's records (discussed below) further sanitized and rendered unreliable Dr. Berrill's testimony as to an exacerbation of PTSD. Dr. Grix's communications with Plaintiff's counsel, via letters dated May 5, 2018 and July 26, 2018 further highlight the unreliability of Dr. Berrill's opinion as to PTSD.[1] Notwithstanding this absence of data, he Court allowed Dr. Berrill to provide an opinion that there was an exacerbation of PTSD directly related to and perhaps only related to the subject incident although Dr. Berrill was unaware

---

[1] On May 5, 2018 Dr. Grix wrote a letter to Mr. Brewington (see Grix records at "Grix 365-366"). Although that letter notes post traumatic stress disorder, it also notes that Plaintiff had been suffering from both psychiatric and psychosocial sequelae of head injury since he was the victim of an assault in April 2007. There was no specific mention of the November 3, 2014 encounter with Defendants nor was there any specific mention, in a letter to Mr. Brewington, that there was any new TBI, exacerbation of a TBI or exacerbation of pre-existing PTSD. Then, 2 months later on July 26, 2018 (see Grix records at "Grix 360-361"), Dr. Grix finally, nearly 4 years after the accident and in correspondence with Plaintiff's attorney in the civil matter added to her May 5, 2018 opinion and mentioned the subject encounter with the police suggesting that there has been some exacerbation of the PTSD as a result of the subject encounter.

16

of the other incidents and was unaware of the evaluation made by the actual treating psychologist, Dr. Grix.

Allowing Dr. Berrill to proffer his half-baked, speculative opinions on Plaintiff's physical and psychological conditions and their causes was "highly prejudicial" and likely caused and have the potential to confusion on and "mislead the jury as to the role of an expert witness, the limits of his or her knowledge, and interpose the risk that a jury would find such opinions by a[n] . . . expert such as [Dr. Berrill] conclusive." *Doe v. Hartford Sch. Dist.*, 2018 WL 1064572, at *6 (D. Vt, Feb. 26, 2018). Dr. Berrill lent undue weight and credibility to Plaintiffs' allegations, stamping an "expert" imprimatur on allegations and diagnoses that he never subjected to systematic critical evaluation or reliable expert scrutiny. As a result Defendants are entitled to a new trial on damages.

## 2. *The Court erred in precluding the use of the Dr. Grix records.*

Because the ruling precluding the admission of Dr. Grix's records and their use in cross-examination of Plaintiff and Dr. Berrill, was styled a discovery sanction the initial evaluation on this motion is whether the Court abused its discretion (*Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 162 (2d Cir. 2012); see *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002) (abuse of discretion is shown when the ruling is based upon  "on an erroneous view of the law or on a clearly erroneous assessment of the evidence.")). Preclusion is a "harsh remedy" that "should only be imposed in rare situations." *Izzo v. ING Life Ins. & Annuity Co.*, 235 F.R.D. 177, 186 (E.D.N.Y. 2005) (quoting *Update Art, Inc. v. Modiin Publ'g, Ltd,* 843 F.2d 67, 71 (2d Cir. 1988)). …" A district court abuses its discretion when it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002).

17

The Court's order precluding the admission and use of the Grix records was based upon an erroneous view of the law as the Court ignored the fact that this alleged Rule 37(c)(1) "failure to disclose" was either, actually harmless or that the Court failed and refused to require Plaintiff to make a demonstration that the "late disclosure" of Plaintiff's own treating psychologist's records unfairly prejudiced Plaintiff in presenting his claim which was largely predicated upon a claim of psychological injury. Defendants made efforts to create a record that any failure to disclose was harmless by inquiring what Dr. Grix records Plaintiff had and the Court improperly stymied those efforts during argument on the motion. Even though this was Plaintiff's application to preclude the Grix records the Court did not require Plaintiff to demonstrate that he was surprised by the existence of the records and that he did not have the records, his own treatment records, in advance of trial.

On this very issue"… courts have found no prejudice resulting from late disclosures where the other party was aware of the identity of the witness. *Schloerb v. Nat'l R.R. Passenger Corp.*, 2025 U.S. Dist. LEXIS 4231, *36-37 (W.D.N.Y. 2025 citing *Champagne v. Columbia Dental PC*, 22-911-CV, 2023 U.S. App. LEXIS 24647, at *3-4 (2d Cir. Sept. 18, 2023) (summary order) (finding no prejudice where a party received the medical records at issue two years prior and had an opportunity to depose the nurse practitioner who created them); *Fleet Cap. Corp. v. Yamaha Motor Corp.*, U.S.A., 01-CV-1047, 2002, U.S. Dist. LEXIS 17502, at *2 (S.D.N.Y. Sept. 19, 2002) ("[A] failure to disclose witness information is harmless if the other party was well aware of the identity of the undisclosed witness and the scope of their knowledge well before trial.")… *Schloerb v. Nat'l R.R. Passenger Corp.*, 2025 U.S. Dist. LEXIS 4231, *36-37.

The Court's order precluding the admission and use of the Grix records was based upon an erroneous view of the law, as the Court ignored the fact that this alleged Rule 37(c)(1) "failure to

18

disclose" was either actually harmless or that the Court failed and refused to require Plaintiff to make a demonstration that the "late disclosure" of Plaintiff's own treating psychologist's records unfairly prejudiced Plaintiff in presenting his claim which was largely predicated upon a claim of psychological injury. Defendants made efforts to create a record that any failure to disclose was harmless by inquiring what Dr. Grix records Plaintiff had and the Court improperly stymied those efforts during argument on the motion. Even though this was Plaintiff's application to preclude the Grix records the Court did not require Plaintiff to demonstrate that he was surprised by the existence of the records and that he did not have the records, his own treatment records, in advance of trial.

On this very issue, "… courts have found no prejudice resulting from late disclosures where the other party was aware of the identity of the witness. *Schloerb v. Nat'l R.R. Passenger Corp.*, 2025 U.S. Dist. LEXIS 4231, *36-37 (W.D.N.Y. 2025 citing *Champagne v. Columbia Dental PC*, 22-911-CV, 2023 U.S. App. LEXIS 24647, at *3-4 (2d Cir. Sept. 18, 2023) (summary order) (finding no prejudice where a party received the medical records at issue two years prior and had an opportunity to depose the nurse practitioner who created them); *Fleet Cap. Corp. v. Yamaha Motor Corp.*, U.S.A., 01-CV-1047, 2002, U.S. Dist. LEXIS 17502, at *2 (S.D.N.Y. Sept. 19, 2002) ("[A] failure to disclose witness information is harmless if the other party was well aware of the identity of the undisclosed witness and the scope of their knowledge well before trial.")… *Schloerb v. Nat'l R.R. Passenger Corp.*, 2025 U.S. Dist. LEXIS 4231, *36-37.

Because these were Plaintiff's own treating psychologist's records, the Court was obligated, even though the Defendants may have been the proponent of the evidence for purposes of trial, to explore whether the proponent of the motion to preclude, Plaintiff, was actually surprised or prejudiced by the content of his own treating psychologist" records. In trying to avoid

19

A-4539

this issue of whether there was actual prejudice or surprise or whether the purported "late disclosure" by Defendants was sanctionable, the Court completely obfuscated by suggesting that Plaintiff may have had access to his own records through his expert, Dr. Berrill.  The Court stated: "There's also no dispute that, of course, he had or at least have access to secondhand through his retained expert, Dr. Berrill, some portions of those records because Dr. Berrill indicated in 2020 that he had those records." Ex. A, p. 1240:9-13. This Court's statement completely ignores the fact that Dr. Berrill testified that he never communicated with Dr. Grix and that any Grix records he received, he received via Plaintiff's counsel.  The Court's suggestion that Plaintiff may have had some of the Dr. Grix records via his retained expert was simply wrong on the facts and sanitized the issue of harm or prejudice without ever developing what Grix records Plaintiff had in advance of trial. Without that factual determination, there was simply no basis for any sanction; there was no factual predicate that surprise had occurred and prejudice would ensue.

Under Rule 37 rubric, the Court otherwise abused its discretion in issuing the preclusion order. The Court was required to assess "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."…"*Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006). "The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence." *Haas v. Del. & Hudson Ry. Co.*, 282 Fed. Appx. 84, 86 (2d Cir. 2008) quoting *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004)" *Haas V. Del. & Hudson Ry. Co.*, 282 Fed. Appx. 84, 86. In this matter, the Court failed to develop a record which demonstrated that sandbagging had occurred.  However, as discussed below, the cases relied upon the Court in issuing the sanction all clearly contained actual surprise and sandbagging and thus

20

A-4540

implicated the purpose of the Rule which is to prevent sandbagging and surprise and the prejudice that travels with it.

Sandbagging was clearly present in *Haas* where the plaintiff relied upon a witness affidavit from a witness never previously disclosed, in opposition to the defendant's summary judgment motion. That prejudicial surprise, or sandbagging, was also present in *Klonoski v. Mahlab*, 156 F.3d 255 (1st Cir. 1998) because "[n]either Dr. Klonoski nor his attorneys knew of the existence of the letters prior to this time, despite a court order requiring disclosure of such information prior to trial. We find that this constituted trial by ambush.…" *Klonoski*, 156 F.3d 255, 257. Likewise, the witnesses disclosed in *Patterson* were "surprise" witnesses (*Patterson*, 440 F.3d at 118) not identified and disclosed by defendant Balsamico until 10 days before trial. The same is true in *Lujan v. Cabana Management Inc.*, 284 F.R.D. 50, 71 (E.D.N.Y. 2012) where the plaintiff move to preclude exhibits to a declaration as those documents had never previously been disclosed in discovery. Those documents were new to the plaintiff. Similarly, in *Design Strategy, Inc. v. Davis* the plaintiff failed to explain why it omitted "lost profits" as a category of damages in its initial disclosure. This resulted in severe "prejudice to the defendants in having to prepare for this evidence… as discovery would have had to be reopened to determine whether Design's calculations were proper. …" *Design Strategy, Inc. v. Davis,* 469 F.3d 284, 297.

The cases relied upon by the Court in its order of preclusion all deal with actual surprise, related to new documentation or witnesses, to the party opposing the use of the evidence. That is not what happened in this case. Here, Plaintiff knew about Dr. Grix – she was his treating mental health care provider for 10 years and he listed her as a witness. Before applying the test set forth in *Patterson, supra* the Court should have first looked to the text of Rule 37(c)(1) regarding the

21

A-4541

fact that there should be no sanction when the failure to disclose is harmless which is exactly the situation in this case.[2]

Looking, however, at the factors set forth in *Patterson* they all break sharply in favor of Defendants because, (i) Dr. Grix was Plaintiff's treating psychologist for 10 years, (ii) Mr. Brewington and his office had contact with Dr. Grix in 2018 and 2019, (iii) Plaintiff listed Dr. Grix as a trial witnesses and did not remove Dr. Grix from the witness list until approximately 2 weeks before trial.  Definitionally there could be no harm to Plaintiff as he was in control of this witness and had every right and opportunity to secure, if he never actually did, his own records from Grix.

Further, the Grix records were incredibly important and would have provided the jury with significant evidence related to whether there was any proof that Plaintiff sustained an exacerbation of the pre-existing TBI, a new TBI or whether there was any measurable increase in the symptoms associated with PTSD specifically related to the subject occurrence as opposed to numerous incidents involving Plaintiff: (i) March 2013 – punching the wall, (ii) July 2013 – striking his mother and being arrested by the Garden City police at Dr. Grix's office, and (iii) December 2014 – alleged assault on his brother. These are records that Dr. Berrill was not provided, and they were significant in undermining any claim of any measurable difference attributable to the subject incident of Plaintiff's PTSD symptoms.

Indeed, Dr. Grix's office notes from January 2, 2013 to February 2, 2017 (*see* Dr. Grix records at pages "Grix 228-296") demonstrate absolutely no evidence of a new TBI or exacerbation

---

[2] The Court spent a great deal of time questioning defense counsel for their litigation strategy, particularly noting that the Defendants undertook the deposition of Berrill without having obtained the Grix records. Yet, the Court never seriously questioned why a Plaintiff claiming a new TBI or an exacerbation of an existing TBI and new or exacerbated PTSD would come to trial without theoretically having reviewed the records of the 10 years worth of records for Plaintiff's treating psychologist.

A-4542

of a TBI. Further, there is scant evidence from Dr. Grix, the treating psychologist for 10 years, that Plaintiff's PTSD symptoms were worsened specifically as a result of his encounter with the Officers in November 2014. Additionally, the Grix records contained "Rage Questionnaires" from before the subject incident (in between the March 2013 punching of the wall and the July 2013 striking of his mother and being arrested by the Garden City police) (see Dr. Grix records at pages Grix 282-286 and then again after the subject incident) (see Dr. Grix records at pages Grix 269-273). These Rage Questionnaires certainly undermine Plaintiff's self-reports that his PTSD was much worse after the subject incident as they are largely equivalent or even suggest that the Plaintiff was even more rage filled before the subject incident occurred.  But as a result of the Court's improper sanction, the jury never heard this crucial evidence.  Put in its simplest form, the Grix records were crucial to the jury in actually assessing whether the Plaintiff sustained a new TBI or an exacerbation of his pre-existing TBI or any measurable difference in his PTSD symptoms because the Grix records were contemporaneous from the treating psychologist and differed in many respects from the opinions offered by Dr. Berrill. In this matter, the Court's discovery sanction did not protect Plaintiff from surprise but instead protected Plaintiff from the truth – that Plaintiff did not suffer a new TBI or an exacerbation of the existing one and that there was no objective data linking worsened PTSD symptoms to the subject encounter.

Turning to the third element, prejudice or actual surprise, this Court, as demonstrated, failed to require a demonstration by Plaintiff that he would somehow be unfairly prejudiced by these records. The Court ignored that obligation even though the Court was aware of letters from Dr. Grix to Plaintiff's counsel in 2018 and the fact that Plaintiff's counsel had processed an authorization to Dr. Grix's office in 2019.  The Court did its best to avoid an assessment of how Plaintiff might be prejudiced by refusing to require Plaintiff, the party seeking the sanction, to

23

A-4543

demonstrate how he  would be prejudiced by the use of his own psychological treatment records Ex. A, pp. 1239-1243.

The preclusion of the Grix records and their use in the examination of Dr. Grix and/or the cross-examinations of Dr. Berrill and Plaintiff materially affected Defendants' ability to defend the damages claims. Had the jury been able to review the records, hear from Dr. Grix and hear and observe how those records affected Plaintiff and Dr. Berrill's testimony it would have likely reached a different conclusion in terms of the damages. The Court's erroneous decision took that opportunity from Defendants and the Court's decision precluding the Grix records, on its own, requires a new trial on damages.  However, in conjunction, the jury was simply allowed to speculate based upon Dr. Berrill's testimony, which was not based upon objective data, and was not allowed to see the actual treating psychologist's records which undermine many of the claims made by Plaintiff.  There is no fair assurance for Defendants that the erroneous rulings did not substantially effect the jury's decision. It is highly likely that the jury's significant award on compensatory damages was supported by the Court's erroneous rulings as to the Dr. Grix records and Dr. Berrill testimony.  The Defendants are entitled to a new trial on damages.

## II. DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S MALICIOUS PROSECUTION'S CLAIM, OR THE VERDICT SHOULD BE SET ASIDE

The evidence presented at trial failed to establish the necessary elements of a claim for malicious prosecution.  As such, Defendants are entitled to judgement as a matter of law. Alternatively, the jury verdict with respect to this claim should be set aside.

To establish a malicious prosecution claim under a plaintiff must prove "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice

24

as a motivation for defendant's actions." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010). Since the four elements are in the conjunctive, the failure to establish any one of the four is fatal to the plaintiff's claim. *Tretola v. Cnty. of Nassau*, 14 F. Supp. 3d 58, 75 (E.D.N.Y. 2014). A malicious prosecution claim under § 1983 also requires showing "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Rohman v. N.Y. City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000)

Plaintiff is barred from recovery from any Defendant because all Defendants had probable cause to prosecute Plaintiff for the crimes charged—resisting arrest and second degree assault. "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York." *Id*. (citing *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir.2003)). In the context of a malicious prosecution claim, probable cause under New York law is the knowledge of facts, actual or apparent, to justify a reasonable man in the belief that "he has lawful grounds for prosecuting the defendant in the manner complained of." *Rounseville v. Zahl,* 13 F.3d 625, 629–30 (2d Cir.1994); *Poux v. Cty. of Suffolk*, 2012 WL 1020302, at *1-36 (E.D.N.Y. Mar. 23, 2012); *see also Colon v. New York,* 60 N.Y.2d 78, 82, 468 N.Y.S.2d 453, 455 N.E.2d 1248 (1983) (holding that probable cause to prosecute consists of 'such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty.") Probable cause for malicious prosecution purposes is assessed "at the time the prosecution was initiated." *Drummond v. Castro*, 522 F. Supp. 2d 667, 677 – 678 (S.D.N.Y. 2007) (citing *Carson v. Lewis*, 35 F.Supp.2d 250, 263 (E.D.N.Y.1999)).

## A. PROBABLE CAUSE TO CHARGE BRIAN PFAIL WITH RESISTING ARREST

The record amply demonstrates probable cause to charge Plaintiff with resisting arrest. Under New York law, a person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person. NYPL §§ 205.30

The information available to the officers at the time Plaintiff was charged provided ample, objective probable cause to charge him with resisting arrest. When Massaro, Panuthos, and Iannucci exited their vehicle and approached Plaintiff, they had their badges around their necks, identified themselves, and said they wanted to speak with Plaintiff. Ex. A, pp. 208, 465, 709. Notably, Plaintiff does not deny this; he admitted hearing something but didn't recognize it. Ex. A, p. 861. And for their part, the officers had no reason to think Plaintiff did not hear them.

The officers saw Plaintiff "juke" to the left, turning "like he's going to run." Ex. A, pp. 208:2-13; 246:1-17. And Plaintiff does not deny this. *Tr. 863* ("I'm not sure.") Plaintiff swung his fist out in their direction. Ex. A, pp. 129, 707, 865-66. He then turned back and took a fighting stance. Ex. A, pp. 208; 780 (Plaintiff admitting he put his hand "in a fighting position"). The video corroborates this account.

The officers took Plaintiff to the ground in the Fairway vestibule and tried to place him in handcuffs, but he fought and resisted their efforts. Officers instructed Plaintiff numerous times to put his hands behind his back and stop resisting. Ex. A, pp. 472; 560. It took about three minutes and five people working together to get Plaintiff into handcuffs. According to Massaro, "[Plaintiff] didn't put his hands behind his back. He was kicking his legs up. He was pushing us off of him. You could see throughout the video that I keep getting stood up because Mr. Pfail was standing

26

A-4546

me up. His strength was outrageous… That is resisting arrest instead of cooperating and allowing us to handcuff you." Ex. A, p. 246:1-17.  O'Brien testified: "The officers were yelling at Mr. Pfail to stop resisting, to give us your hand… They had one cuff on the defendant's hand while they were attempting to pull out his other arm and restrain him." Ex. A, p. 561:135–143.

Plaintiff acknowledged physically struggling with the officers, trying to fend them off, trying to free his hands, pick his head up off the floor, and "defend" himself. Ex. A, pp. 870-71, 881, 888.

Plaintiff denied knowing the officers were police and claimed his actions were instinctual, defensive, or rooted in confusion and fear, but Plaintiff's subjecting experience of the event is irrelevant to the probable cause analysis. The analysis focuses on what was known to the officers at the time—Plaintiff's *mental state* and *awareness* were unknown to the officers.

### B. PROBABLE CAUSE TO CHARGE BRIAN PFAIL WITH ASSAULT ON POLICE OFFICERS

The record also demonstrates probable cause to charge Plaintiff with assault in the second degree.  Under New York law a person is guilty of assault in the second degree when with intent to prevent a police officer from performing a lawful duty, he causes physical injury to such police officer.  NYPL §§ 120.05(3)

Here, all four Defendant officers had probable cause to charge Plaintiff with assault in the second degree because all four suffered physical injuries in their efforts to place the Plaintiff under arrest. There is no dispute Massaro suffered an injury to his nose, which was bloodied while the officers tried to arrest Plaintiff. Ex. A, pp. 238-39; 537; 559; Defendants' Trial Ex. IIII. And Massaro believed that it was Plaintiff that struck him in the face because, "prior to approaching Mr. Pfail, my nose was fine … and upon getting bit, I looked down and I saw the blood dripping

27

from my nose… I know that none of my partners that I recall punched me in the face or struck me in the face. And I was under the belief that it was Mr. Pfail while I was tackling him to the ground." Ex. A, pp. 247-48; 365. And Plaintiff bit Massaro on his upper arm, leaving a bite mark that was still visible later that night. Ex. A, pp. 138; 712. Defandants' Trial Ex. DDDDD.

Panuthos had probable cause to charge Plaintiff because Plaintiff punched Panuthos in the face: "Q: And, sir, you say that when Mr. Panuthos reached Mr. Pfail, Mr. Pfail punched him, correct? A: Correct." Ex. A, pp. 111:17-21 (Massaro). Panuthos suffered swelling to the left side of his face, an injury already visible when Officer O'Brien arrived on the scene. Ex. A, pp. 435-36, 560.

O'Brien had probable cause to charge Plaintiff because Plaintiff intentionally kicked her three times in the abdomen: "He did a donkey kick … he continued to keep kicking… three times total." Ex. A, pp. 550:43–63 "Yes, sir, he did [kick me three times]." Ex. A, pp. 552, 549-50. Plaintiff could not deny this account; he testified he could not recall what happened outside. Ex. A, pp. 875-76.

Iannucci had probable cause because his head and hand were injured as Plaintiff physically resisted Iannucci's efforts to place him under arrest. Ex. A, pp. 618-20; 709-710 ("And during the struggle, he was able to pull that hand back and under him. So this hand felt like it was overextended and caused pain. And then it went under him with that metal cuff in my hand and under his body and that struggle between the ground, and it hurt more. So, between those three things -- I'm not trying to give more weight to one or the other, it caused the pain to my hand.")

### C. The Officers Are Entiteld to Qualified Immunity

Even if there is some doubt about the existence of probable cause, the Defendant Officers are entitled to qualified immunity. At the very least there was *arguable* probable cause to prosecute

28

A-4548

Plaintiff for all the charges brought against him. Under the doctrine of qualified immunity, a government official performing discretionary functions is "shielded from liability for civil damages if his conduct did not violate plaintiff's clearly established rights or if it would have been objectively reasonable for the official to believe that his conduct did not violate plaintiff's rights." *Mandell v. County of Suffolk*, 316 F. 3d 368 (2d Cir. 2003). The "clearly established" inquiry requires that "if the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Saucier v. Katz*, 533 U.S. 194, 202-03; 121 S.Ct. 2151 (2001). "In the false-arrest and malicious-prosecution contexts, 'qualified immunity protects an officer if he had arguable probable cause to arrest the plaintiff.'" *Richardson v. McMahon*, 2023 WL 3102910, at *1 (2d Cir. Apr. 27, 2023) (quoting *Myers v. Patterson*, 819 F.3d 625, 632 (2d Cir. 2016)).

The Second Circuit has held that "arguable probable cause" exists:

> when a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed in the light of well established law. It is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials— like other officials who act in ways they reasonably believe to be lawful—should not be held personally liable.

*Cerrone v. Brown*, 246 F.3d 194, 203 (2d Cir.2001) (internal quotation marks and citations omitted) (emphasis in original). The Second Circuit has emphasized that "[n]ormally, it is only the 'plainly incompetent or those who knowingly violate the law'—those who are not worthy of the mantle of the office—who are precluded from claiming the protection of qualified immunity." *Moore v. Andreno*, 505 F.3d 203, 214 (2d Cir. 2007) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

29